UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOSH TEWALT, Director, Idaho Department of Correction, in his official Capacity; TYRELL DAVIS, Warden, Idaho Maximum Security Institution, in his official capacity; and Unknown Employees, Agents, or Contractors of the Idaho Department of Correction, in their official capacities, <br><br> Defendants. | Case No. 1:21-cv-00359-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I.    INTRODUCTION

Plaintiff Gerald Pizzuto brought this case as a death-row inmate requesting that this Court enjoin his execution. Dkt. 13. On February 4, 2022, in a separate proceeding, Idaho state court Judge Gaskill entered an order changing Pizzuto's death sentence to life in prison without parole. *State v. Pizzuto*, CR-1985-22075 (Idaho Dist. Ct. Feb. 4, 2022); Dkt. 26-6 (copy of Judge Gaskill's order). The State appealed that decision to the Idaho Supreme Court. Dkt. 26-7.

In light of the state court proceedings, this Court ordered the parties to brief two issues: (1) whether this case remains justiciable in the interim period between Judge Gaskill's order and the Idaho Supreme Court's forthcoming decision; and (2) if it is

MEMORANDUM DECISION AND ORDER - 1

justiciable, whether this case should be stayed pending the appeal in state court. Dkt. 23. Upon review, the Court agrees with the parties that this case remains justiciable but should be stayed pending resolution of the state court appeal.

## II. BACKGROUND

In this case, Pizzuto brings a claim under the Eighth Amendment to the Constitution, arguing that execution by administration of the drug pentobarbital is unconstitutional. On February 10, 2022, after learning of the state court's decision to change Pizzuto's death sentence to life in prison without parole, the Court ordered briefing on the justiciability and stay issues. Dkt. 23.

The state court case regards Pizzuto's commutation petition. On May 18, 2021, Judge Gaskill stayed Pizzuto's execution because the Idaho Commission of Pardons and Parole (the "Commission") granted a hearing on Pizzuto's commutation petition and set it for November of 2021. Dkts. 26-2; 26-3. After the hearing, the Commission voted to recommend commuting Pizzuto's sentence from death to life in prison without the possibility of parole. Dkt. 26-3. The Commission sent their recommendation to Idaho Governor Brad Little, who rejected it. Dkt. 26-4. Pizzuto then filed a motion in state court under Idaho Criminal Rule 35 to correct his death sentence to life, arguing that Governor Little had no power to intervene because the state constitution gives the Commission sole authority over commutations. Dkt. 26-5. Judge Gaskill agreed with Pizzuto's theory and changed Pizzuto's sentence to life in prison without parole. Dkt. 26-6. The State appealed the decision to the Idaho Supreme Court. Dkt. 26-7

In addition to the Idaho Criminal Rule 35 proceeding before Judge Gaskill, Pizzuto is pursuing the same argument regarding the commutation in a post-conviction action in Idaho County in case number CV25-22-004, and in a habeas petition in Ada County in case number CV01-22-888. Judge Gaskill granted relief in the Idaho County post-conviction action as well, and the State is also appealing that decision. The Idaho Supreme Court has consolidated and expedited the appeals, which remain pending and are scheduled for oral argument in June of 2022. Dkts. 27-1; 27-2.

### III.  DISCUSSION

During the state court appeal, this case remains justiciable. If Judge Gaskill's order correcting Pizzuto's sentence was a final order, then this case would be moot. However, under Idaho law, a new sentence that is appealed does not become final until remittitur issues from the higher court. *Peregrina v. State*, 354 P.3d 510, 513 (Idaho Ct. App. 2015); *see also* Idaho App. R. 38(b), (c); *State v. Young*, 406 P.3d 868, 871 (Idaho 2017) ("A remittitur was issued . . . , at which time Rios-Lopez' judgment of conviction became final by operation of Idaho Appellate Rule 38(c).").

While the case is not moot, the Court finds it appropriate to stay the case pending the resolution of the state court appeal. Both parties agree. If the Idaho Supreme Court affirms the lower court decision changing Pizzuto's sentence to life in prison without parole, then this case will be moot. The Court will not proceed in determining Pizzuto's constitutional claim during the pendency of the state court appeal, which may render this case moot. Thus, under the Court's inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), the Court STAYS this case pending the resolution of the state court appeal. Upon resolution of that appeal, the parties should notify the Court of the outcome, and the stay will be lifted.

## IV.  ORDER

The Court HEREBY ORDERS:

1. This case is STAYED pending the Idaho Supreme Court's decision regarding Pizzuto's sentence.

2. The parties shall file a notice with this Court within seven (7) days of the Idaho Supreme Court's ruling to inform this Court of the outcome.

DATED: April 19, 2022

_____
David C. Nye
Chief U.S. District Court Judge