Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho, 702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:    Jonah_Horwitz@fd.org
        Christopher_M_Sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700; Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1650 Market Street, Suite 500, Philadelphia, PA 19103
Telephone: (215) 656-2438
ECF: sarah.kalman@dlapiper.com

Caleb Lin, California Bar No. 316869
(admitted *pro hac vice*)
DLA PIPER LLP (US)
555 Mission St., Ste. 2400, San Francisco, CA 94105-2933
Tel: (415) 836-2500; ECF:  caleb_lin@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | **CASE NO. 1:21-cv-00359-DCN** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MOTION FOR** |
| v. | ) | **EXCESS PAGES** |
| | ) | |
| **JOSH TEWALT**, et al., | ) | **Execution Scheduled for December** |
| | ) | **15, 2022** |
| Defendants. | ) | |
| | ) | |

MOTION FOR EXCESS PAGES – Page 1

For the reasons set forth below, Plaintiff Gerald Ross Pizzuto, Jr. respectfully asks for permission to file a roughly thirty-seven-page memorandum[1] in support of his motion for a preliminary injunction (hereinafter "the Motion"), which is seventeen pages over the twenty-page limit established in Local Rule 7.1(b)(1).

This is a complicated case with high stakes involving the death penalty. As will be detailed in the Motion, the request for a preliminary injunction implicates difficult scientific matters concerning Mr. Pizzuto's long and voluminous medical history, as well as the chemical properties of the execution drug. Undersigned counsel have endeavored to make the Motion as succinct as possible, and have taken text out from earlier drafts in order to do so. However, they cannot adequately explore the difficult legal and factual questions presented within the twenty pages afforded by the local rules.

When execution-related litigation has taken place in the past, the Court has granted motions for excess pages submitted by both sides. *See Pizzuto v. Little*, No. 1:20-cv-114, Dkt. 62; *Creech v. Reinke*, 1:12-cv-173, Dkt. 36 at 54; *Rhoades v. Reinke*, 1:11-cv-445, Dkts. 9, 36. The local rules also allow for pleadings in capital habeas cases that are longer than the typical civil filings, *see* Dist. Idaho Loc. Civ. R. 9.2(g)(3)(A), (B), which likewise recognizes the need for greater thoroughness in matters involving the death penalty, *see California v. Ramos*, 463 U.S. 992, 998–99 (1983) (discussing the demand for especially searching review in capital cases).

In Mr. Pizzuto's most recent prior execution-related litigation, he asked for excess pages on a preliminary-injunction motion on the same day the motion was submitted. *See Pizzuto v.*

---

[1] As referenced below, and in keeping with the Court's instructions, Mr. Pizzuto is filing the instant motion before he submits his request for a preliminary injunction. Given the fast-paced nature of the litigation, Mr. Pizzuto may need to revise his motion for a preliminary injunction before it is filed, which could affect its length.

MOTION FOR EXCESS PAGES – Page 2

*Little*, No. 1:20-cv-114, Dkts. 55, 56.  This Court granted the motion but observed that Mr. Pizzuto filed his overlarge memorandum before he had permission to do so.  *See id.*, Dkt. 62.  The Court further "note[d] its disfavor of this practice."  *Id.*  "Motions for leave to file excess pages," the Court admonished, "should be filed before a party proceeds to file its overlength brief."  *Id.* Consistent with the Court's directive, Mr. Pizzuto is filing the instant motion in advance of his request for a preliminary injunction.  However, given the urgency of the case, Mr. Pizzuto notifies the Court that, absent any judicial directive to the contrary, he will plan on filing his motion for a preliminary injunction this evening after business hours or tomorrow at the latest.  Based on the same urgency, and the complexity and gravity of the case, Mr. Pizzuto also respectfully asks the Court waive the page limits for all filings by either party in the action while the death warrant is pending.  In the alternative, Mr. Pizzuto requests that the Court at least revisit its prior ruling and allow the parties to seek excess pages on the same day that they file their overlarge pleadings, as it has routinely done in capital habeas cases over the course of many years.  *See, e.g.*, *Creech v. Pasket*, D. Idaho, No. 1:99-cv-224, Dkts. 168–71, 243–47, 261–64, 270–73, 315–22, 334, 336, 345, 354, 355, 360, 361, 362, 365.  Either approach would allow the parties and the Court to spend their limited time focusing on the challenging legal issues presented rather than the ancillary matter of page limits.  Unless there are extraordinary circumstances, Mr. Pizzuto does not intend to object to any motion for excess pages filed by Defendants.

In light of the above, Mr. Pizzuto respectfully requests that the Court grant this motion for excess pages.

DATED this 21st day of November 2022.

MOTION FOR EXCESS PAGES – Page 3

/s/ Jonah J. Horwitz
 Jonah J. Horwitz
Christopher M. Sanchez
Federal Defender Services of Idaho

/s/ Stanley J. Panikowski
 Stanley J. Panikowski
Sarah E. Kalman
Caleb Lin
DLA PIPER LLP (US)

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
krschind@idoc.idaho.gov

/s/ Jonah J. Horwitz
Jonah J. Horwitz

MOTION FOR EXCESS PAGES – Page 4