Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho Street, Suite 900, Boise, ID 83702-8929
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF: jonah_horwitz@fd.org
      christopher_m_sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700; Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 500, Philadelphia, PA 19103-7301
Telephone: (215) 656-2438; Facsimile: (215) 656-3301
ECF: sarah.kalman@dlapiper.com

Caleb Lin, California Bar No. 316869
DLA PIPER LLP (US)
555 Mission Street, Suite 2400, San Francisco, CA 94105-2933
Telephone: (415) 836-2500; Facsimile: (415) 659-7390
ECF: caleb.lin@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br><br>　　　　Plaintiff,<br>v.<br><br>**JOSH TEWALT**, Director, Idaho Dept. of Correction, et al.<br><br>　　　　Defendants.[1] | **CASE NO. 1:21-cv-00359-DCN**<br><br>**NOTICE REGARDING PENDING MOTIONS** |

---

[1] Tim Richardson should be substituted in as a defendant in place of Tyrell Davis. *See* Dkt. 62 at 1 n.1.

NOTICE REGARDING PENDING MOTIONS – Page 1

The posture of the instant case changed substantially when Defendants indicated that they would allow the present death warrant to expire without carrying out an execution. *See* Dkt. 63. Therefore, Plaintiff Gerald Ross Pizzuto, Jr. files this notice to advise the Court of his position on the status of the pending motions.

First, Mr. Pizzuto withdraws his motion for an administrative stay, Dkt. 51, and motion for a preliminary injunction, Dkt. 54, in both cases without prejudice to his ability to assert the same or similar arguments and submit similar filings if and when the State obtains a new death warrant.

Second, Mr. Pizzuto withdraws without prejudice his motion to waive the Court's mediation requirements, Dkt. 60, and his motion to compel discovery, Dkt. 61. As undersigned counsel have explained, they filed their motion to compel before utilizing the Court's informal mediation process because of the exigency created by the active death warrant. *See* Dkt. 60 at 2. Now that the warrant will expire without an execution, there is more time for the parties' current discovery disputes to follow the normal course, including informal mediation. *See* Dkt. 43 at 5. Furthermore, Defendants recently resumed providing discovery. Consequently, it would be more economical for the Court and the parties if the litigants continue to work together on discovery and address disagreements through the informal processes articulated in the scheduling order before seeking the Court's authorization to file formal discovery motions and written briefing.

Third and finally, prior to the issuance of the death warrant, Mr. Pizzuto previously filed a motion for an All Writs Act injunction precluding Defendants and any other state actor from obtaining a death warrant until the discovery process in the case is complete. *See* Dkt. 47. After the warrant issued, Defendants argued in their response that the All Writs motion should be denied as moot, *see* Dkt. 57 at 6, but also substantively responded to Mr. Pizzuto's arguments, *see id.* at 6–12. Mr. Pizzuto's reply, filed a day before Defendants informed Mr. Pizzuto and the Court that

the current death warrant would be allowed to expire, agreed that the motion was moot because the Court could no longer prevent the warrant's issuance, *see* Dkt. 62 at 2, but also substantively responded to the Defendants' other arguments, *see id.* at 3–10.  Because the current warrant will now expire without an execution, and because discovery remains ongoing, the motion for an All Writs Act injunction is no longer moot.  For that reason, and because the parties have both briefed the merits, Mr. Pizzuto respectfully asks that the Court disregard the mootness arguments in the parties' briefing and rule on the merits of Mr. Pizzuto's motion for an All Writs Act injunction.

DATED this 2nd day of December 2022.

/s/ Jonah J. Horwitz
Jonah J. Horwitz
Christopher M. Sanchez
Federal Defender Services of Idaho

/s/ Stanley J. Panikowski
Stanley J. Panikowski
Sarah E. Kalman
Caleb Lin
DLA PIPER LLP (US)

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
kscchind@idoc.idaho.gov

/s/ Julie Hill
Julie Hill