**LAWRENCE G. WASDEN**
ATTORNEY GENERAL OF IDAHO

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Department of Correction

**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone (208) 658-2097
Facsimile (208) 327-7485
E-mail:  kmagnell@idoc.idaho.gov
E-mail:  krschind@idoc.idaho.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br><br>    Plaintiff,<br>v.<br><br>**JOSH TEWALT**, Director, Idaho Dept. of Correction, in his official capacity; and **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution**,**<br><br>    Defendants. | CASE NO. 1:21-cv-00359-DCN<br><br>**STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES** |

COME NOW, the parties, Plaintiff Gerald Ross Pizzuto, Jr., by and through his attorneys, Jonah J. Horwitz, Christopher M. Sanchez, Stanley J. Panikowski, Sarah Kalman, and Caleb Lin, and Defendants, by and through their attorneys, Office of the Attorney General, and, pursuant to Federal Rule of Civil Procedure 16(b)(4), hereby stipulate to modify the scheduling order deadlines set forth in the Court's Scheduling Order (Dkt. 43).

The parties advise the Court that they are actively engaged in ongoing discovery, which includes significant ediscovery, including email disclosures. The parties further advise the Court

STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES – Page 1

that certain discovery disputes exist that may require informal discovery mediation, a discovery conference with the Court, and/or Court order to resolve. *See* Dkt. 43, ¶10c. Additionally, the parties acknowledge the change in circumstances in this expedited proceeding as set forth in Defendant Tewalt's Memorandum, dated November 30, 2022. (Dkt. 63-1). The parties specifically stipulate that the modifications requested herein are appropriate given the current status of Plaintiff's execution. The parties specifically stipulate and agree the Court should find good cause for the modification in this case in light of ongoing discovery, discovery disputes, and the change in circumstances.

By way of this Stipulation, the parties acknowledge that modification of the scheduling order herein may give rise to certain inferences regarding the parties' respective approach to this litigation. Defendants do not concede or agree to any adverse implication arising from their stipulation to the modifications herein. Defendants do not make any representation or concession regarding the possible reissuance of a death warrant in *State v. Pizzuto*, Idaho County Idaho Case No. CR-1985-22075. Defendants retain all defenses and arguments related to Defendants' transparency and diligence in their defense of this case. Plaintiff does not concede or agree to any adverse implication arising from the scheduling modification herein. Plaintiff retains all defenses and arguments related to his diligence in the prosecution of this case. Plaintiff reserves the right to seek expedited discovery and whatever other measures become necessary if a new death warrant is signed.

Therefore, based on the foregoing, the parties respectfully request that the Court enter an order modifying the discovery and dispositive motion deadlines by extending each date by ninety days as follows:

- Dispositive Motion deadline: 6/22/23 (*See* Dkt. 43, ¶1)

- Cut-off for factual discovery and deadline for Plaintiff expert disclosures: 4/13/23 (*See* Dkt. 43, ¶¶5, 6a)
- Deadline for Defendant expert disclosures: 4/27/23 (*See* Dkt. 43, ¶6b)
- Deadline for Plaintiff disclosure of rebuttal experts: 5/11/23 (*See* Dkt. 43, ¶6c)
- Cut-off for all expert discovery: 5/25/23 (*See* Dkt. 43, ¶6d)

DATED this 16th day of December 2022.

/s/ *Kristina M. Schindele*
KRISTINA M. SCHINDELE
Deputy Attorney General
Attorney for Defendants

/s/ *Jonah J. Horwitz*
JONAH J. HORWITZ
Federal Defender Services of Idaho
Capital Habeas Unit
Attorney for Plaintiff