**RAÚL LABRADOR**
ATTORNEY GENERAL OF IDAHO

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction
**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorney General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail:  kmagnell@idoc.idaho.gov
             krschind@idoc.idaho.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR**.,<br>      Plaintiff,<br><br>v.<br><br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity**,**<br>      Defendants. | Case No. 1:21-cv-359-BLW<br><br>**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL (DKT. 82)** |

COME NOW, Defendants Josh Tewalt and Tim Richardson ("Defendants"), by and through their counsel of record, the Idaho Office of Attorney General, and hereby respond to Plaintiff's second motion to compel discovery (Dkt. 81) previously filed herein.

### BACKGROUND

Defendants contend the short delays in responding to Plaintiff's discovery requests were due to excusable neglect and ask the Court to find good cause to excuse the late disclosures. Defendants would be substantially prejudiced by a waiver of the statutory privilege. Defendants acknowledge the parties have a legitimate dispute as to the application of Idaho Code § 19-2716A

to this federal discovery dispute. Defendants respectfully submit the Idaho shield law applies to the contested discovery requests addressed in this motion.

The Court is aware of the procedural history of this case. In brief, Plaintiff initially filed his complaint on September 9, 2021, Dkt. 1, and Defendants moved to dismiss for failure to state a claim, Dkt. 11. In response, Plaintiff filed an amended complaint on November 16, 2021. Dkt. 13. Defendants then filed their answer on December 13, 2021. Dkt. 16. The parties agreed to a discovery plan, Dkt. 21, and then stipulated to hold the deadlines in abeyance, Dkt. 24, based on state court proceedings to determine the legality of Plaintiff's death sentence. The Court entered a stay on April 19, 2022, Dkt. 29, which was lifted on September 28, 2022, Dkt. 39.

The parties entered an amended discovery plan on October 7, 2022, Dkt. 41, which has been subsequently amended, Dkts. 65 and 78. The Court modified the scheduling order on March 16, 2023. Dkt. 80. Factual discovery and Plaintiff's expert disclosures shall be completed by July 12, 2023; Defendants must disclose their experts by August 9, 2023; and dispositive motions must be filed by September 20, 2023. *Id.* The parties continue to exchange discovery. Since the Court lifted the stay in this case on September 28, 2022, Defendants have responded to a motion for an all writs act injunction, Dkt. 47, a motion for an administrative stay of execution, Dkt. 51, and an emergency motion for preliminary injunction, Dkt. 54, while also producing approximately 12,000 pages of discovery.

Defendants submit they have fully complied with the Plaintiff's propounded discovery requests, subject to the reasonable objections set forth therein. This is not a case where Defendants have refused to engage in discovery, erected unreasonable roadblocks, or used dilatory tactics to thwart Plaintiff's investigation into the facts of his case. Rather, Defendants have been open and responsive to Plaintiff's requests, subject to Idaho statutory law that prohibits the disclosure of the

RESPONSE TO MOTION TO COMPEL DISCOVERY - 2

identities of the members of the agency's escort and medical teams, the source of an execution chemical, and/or any person or entity that provides medical supplies or equipment. *See* I.C. § 19-2716A. While the responses may have been late, they fall well within the discovery deadlines and have not prejudiced Plaintiff. As such, the Court should excuse the delays in response. *See also* Declaration of Kristina M. Schindele (describing the circumstances encountered during the relevant time periods).

With respect to the substantive issue presented in this motion, Defendants respectfully submit Idaho Code § 19-2716A is a reasonable limit on Plaintiff's due process right to investigate his claims. In this case, Plaintiff claims the use of pentobarbital in his execution will violate his Eighth Amendment right to be free from cruel and unusual punishment by causing him pain given his medical conditions and prescriptions. Most of the discovery requests to which Defendants have objected do not affect Plaintiff's ability to confirm the reliability – meaning the potency and purity – of the chemical to be administered or the expertise of the personnel involved in his execution. Defendants respectfully submit the chemical will speak for itself and staff have received adequate training to comport with Eighth Amendment standards. The Court should balance Plaintiff's right to information against Defendants' obligation to carry out a lawful death sentence in compliance with state and federal law. The balance tips in Defendants' favor.

## RESPONSE

The decision to grant or deny a motion to compel discovery lies within the discretion of the court. *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995); *see also Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (holding that district court has broad discretion to control discovery). In this matter, Defendants have complied with Plaintiff's extensive documentary discovery requests, subject to their reasonable state statutory and other objections. The issues presented in

this motion are whether the Court should excuse Defendants' slight delay in responding to Plaintiff's discovery requests and whether Defendants have properly objected to requests to produce information that is privileged and confidential under Idaho law. Defendants respectfully submit the answer to both questions is yes.

1. **Because Plaintiff cannot establish any prejudice resulting from the delayed discovery responses, the Court should excuse the delay in Defendants' discovery responses.**

The Federal Rules of Civil Procedure govern the scope of discovery. After being served with interrogatories, requests for admission or requests for production, the responding party must serve its answers and any objections within 30 days. F.R.C.P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Generally speaking, the failure to timely respond constitutes a waiver of any objection thereto. F.R.C.P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure); *Sprague v. Financial Credit Network, Inc.*, 2018 WL 4616688 *2 (E.D. Cal. 2018) (citations omitted) (Rules 34 and 36 generally incorporate the waiver provision explicitly set out in Rule 33).

Courts retain broad discretion in determining whether good cause exists to excuse a late discovery response. *Id.* at 2-3. Even in the absence of good cause, a Court retains discretion to find that a waiver is not warranted under the circumstances. *Id.* at 4. The Ninth Circuit has rejected a per se waiver rule that deems a privilege waived in the absence of a specific objection to the requested production within the 30-day time period. *Burlington Northern & Sante Fe Ry Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.), *cert. denied* 546 U.S. 939 (2005) (specifically holding that boilerplate or blanket objections are insufficient to assert a privilege, identifying a privilege log as one method of identifying the privilege, and discussing the failure to provide notice of the basis for objection within the 30-day period). The Ninth Circuit

identified several factors to guide the trial court's exercise of discretion:

> [U]sing the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format.

*Id.* In addition, the Ninth Circuit has identified a four-part balancing test for excusable neglect including: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993)).

Defendants recognize that trial courts have variously excused a delay in response and declined to find good cause in circumstances similar to those presented here. *Compare Davis v. Kissinger*, 2008 WL 2682809 *2 (E.D. Cal. July 2, 2008) (court found excusable neglect for a delay of more than two months – from March to June – due to counsel's inadvertence and granted an additional 30 days to respond to discovery following the July order); *Sprague*, 2018 WL 4616688 *4 (court excused 15-day delay as to certain privileges and objections "[g]iven the detrimental effect that an order deeming all meritorious objections waived could have on a party", but deeming other objections waived) *with Asurea Wholesale Ins. Servs., Inc. v. Mountain*

RESPONSE TO MOTION TO COMPEL DISCOVERY - 5

*Financial Network*, 2020 WL 12309499 * (C.D. Cal. October 5, 2020) (court declined to excuse a three week delay and deemed all objections except attorney-client privilege to be waived).

In this matter, Plaintiff served his Request for Admissions, Interrogatories, Request for Inspection and Request for Production of Documents on October 14, 2022. Dkt. 54-31. Respondents served their latest responses to these requests four days late on November 18, 2023. Dkts. 54-13, 54-19, 54-32, 54-19. Plaintiff served his Second Request for Production of Documents on October 28, 2023. Respondents served their response two days late on November 30, 2022. Plaintiff served his Second Set of Interrogatories on November 27, 2022. Respondents sent Plaintiff a meet and confer letter, identifying their objection to the Second Set of Interrogatories on December 1, 2022, within the 30-day response period. Dkt. 82-11. Respondents served their response to the interrogatories on January 17, 2023, restating their objection based on Idaho Code 19-2716A. Dkt. 82-3, ¶15 Response. Plaintiff served his Second Set of Requests for Admissions and Third Set of Interrogatories on January 20, 2023, and Defendants served their response to Second Set of Admissions on February 22, 2023 – one day late. Dkt. 82-7. Defendants served their response to the Third Set of Interrogatories on March 22, 2023. Dkt. 82-5. While Defendants asserted Idaho Code § 19-2716A in an objection to Interrogatory 19, Defendants provided the information requested to Plaintiff. *Id.*, ¶19 Response.

Plaintiff concedes he has not suffered prejudice from the four-day (first set of interrogatories and requests for admission) and one-day (second request for admissions) delays in Defendants' discovery responses. Dkt. 82-1, p.3. Rather, Plaintiff seeks an order waiving Defendants' statutory privilege based on other delays in responding to discovery over the course of the past seven months, even when Defendants have not asserted any objections and provided disclosures in those other discovery responses. The largest delay at issue in Defendants' assertion

RESPONSE TO MOTION TO COMPEL DISCOVERY - 6

of the Idaho statutory privilege – the 21-day delay in Defendants' response to Plaintiff's Second Set of Interrogatories – does not involve an untimely objection. Defendants actually served Plaintiff with notice of their objection to Interrogatory 15 in their December 1, 2022, meet and confer correspondence – sent mere days after being served with the Second Set of Interrogatories. Defendants reiterated and relied upon that objection in their formal response to the Interrogatory.

The record contains no evidence of bad faith, dilatory tactics, or efforts to obfuscate. Rather, Defendants have made great effort to comply with their discovery obligations. Counsel, attempting to provide responses among other duties in this case and otherwise, inadvertently overlooked or missed the deadlines. Particularly with respect to the month of November 2022, counsel responded to multiple discovery requests while also engaging in motion practice and preparing IDOC staff for scheduled depositions. Based on the totality of the circumstances, the Court should excuse Counsel's neglect.

In the event the Court determines the delays should not be excused for acceptable neglect, Defendants submit the Court should exercise its discretion to excuse the delays based on the harm to Defendants waiver would affect. Plaintiff's discovery requests involve inquiries with questionable relevance to the issues presented in this litigation. Plaintiff seeks information about Defendants' efforts to locate a chemical source, including the names of potential sources that have rejected Defendants' requests. Chemical sources who decline to provide execution chemicals have little to no relevance to Plaintiff's challenge to the use of pentobarbital in his execution. Additionally, the identities of execution team members bear little relevance to Plaintiff's Eighth Amendment challenge – Plaintiff has received substantial documentation of the training conducted by the escort and medical teams. Their qualifications have been disclosed.

In addition, Idaho Code § 19-2716A was widely publicized and well known. IDOC's

RESPONSE TO MOTION TO COMPEL DISCOVERY - 7

efforts to conceal the identity of execution team members and the source of execution chemicals have been broadly reported. *See* Declaration of Kristina M. Schindele, ¶12. Defendants reasonably relied on Idaho Code § 19-2716A, a statute that was enacted precisely to protect the information sought by Plaintiff. Based on a holistic approach to this inquiry, the totality of the circumstances warrants the Court excusing Defendants' delays in issuing their objections to disclosure in their discovery responses to Plaintiff's October 10, 2022, and January 20, 2023, requests.

For these reasons, the Court should consider the merits of the privilege granted by Idaho Code § 19-2716A.

   **2. Defendants properly asserted Idaho's statutory shield law as a privilege against disclosure in discovery in this proceeding.**

   a. The Court should recognize Idaho Code § 19-2716A as a state law privilege prohibiting disclosure of identity information for team members, chemical suppliers, as well as medical equipment and supply providers.

Federal Rule of Civil Procedure 26(b) provides, "Parties may obtain discovery regarding nay nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." F.R.C.P. 26(b)(1); *see Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant") (citation omitted). The United States Supreme Court has held that privileges recognized under Rule 26(b) can spring from statutes. *Baldrige v. Shapiro*, 455 U.S. 345, 360 (1982). Federal statutes have provided discovery privileges. Statutory privileges should be strictly construed and "do not bar judicial discovery absent an express prohibition against such disclosure." *Hassan v. U.S.*, 2006 WL 681038 (W.D. Wash. March 15, 2006) (internal citations omitted). The statutory privilege is not limited to federal law:

> The question of privilege is determined by reference to the Federal Rules of Evidence. *See Campbell v. Gerrans*, 592 F.2d 1054, 1056 (9th Cir. 1979). Generally, questions of privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501; *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987) ("At the outset it is important to emphasize that in a civil rights case brought under federal statutes questions of privilege are resolved by federal law"). This does not mean, however, "that federal courts should wholly ignore state laws, or rights recognized by state governments, when analyzing privilege issues in civil rights cases." *Kelly*, 114 F.R.D. at 655. Rather, it is appropriate for the court to conduct a balancing test, slightly pre-weighted in favor of disclosure, balancing the public interest in disclosure against the interest of maintaining the security of the prison, its staff and inmates as well as the defendant's right to privacy. *See Kelly*, 114 F.R.D. at 661-663.

*Calhoun v. Robinson*, 2009 WL 3326760, at *2 (W.D. Wash. Oct. 13, 2009).

Some federal courts have applied state "shield laws" to quash subpoenas or deny motions to compel, while others have not. One court has issued conflicting decisions regarding the same state shield law. In federal securities litigation, the court relied upon a Michigan shield law in part to deny a motion for compliance with a third-party subpoena. *In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 395, 406–07 (E.D. Mich. 2003); *see also Compuware Corp. v. Moody's Investors Services, Inc.*, 222 F.R.D. 124, 132-134 (E.D. Mich. 2004) (court determines New York's statutory shield law will apply to documents in motion to compel and ordering *in camera* review). That same court later denied a *per se* application of the Michigan shield law in *Convertino v. U.S. Dep't of Just.*: "Since [Plaintiff] has only federal claims, evidentiary privileges are determined solely by federal law. See Fed. R. Evid. 501. The court agrees that Michigan's public policy of providing reporters protection from disclosure should not be ignored, but this factor – like the potential danger to reporters' First Amendment interests – can be given adequate weight in [the requisite] Rule 26 analysis. Harm resulting from [the reporter's] reliance on the protection of Michigan's shield law is part of the 'burden' imposed by [Plaintiff's] discovery request. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii)." *Convertino v. U.S. Dep't of Just.*, 2008 WL 4104347 at *6 (E.D. Mich. Aug. 28,

RESPONSE TO MOTION TO COMPEL DISCOVERY - 9

2008). The court then ordered the reporter to submit to a deposition rather than limit discovery where Plaintiff's allegation was that the reporter's source violated federal law by publicizing confidential information, holding, "A reporter should not be allowed to use a state law to shield himself from disclosing his sources when the communication sought to be protected is a violation of federal law. Such reliance should not be encouraged by the court." *Id.* at *9.

As to the general question of whether federal rules preempt state statutes, the United States Supreme Court has held that the Federal Rules will preempt inconsistent state law when the federal rule answers the entire question presented. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398-399 (2010) (Federal Rule 23 governing class action certification in federal proceedings governs over an inconsistent state statute limiting certification because it seeks to answer the same question as the federal rule). If the federal and state rules "can be reconciled," then no conflict exists, and both may be applied. *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 585 (9th Cir. 2022); *see also CoreCivic, Inc. v. Candide Group, LLC*, 46 F.4th 1136, 1140-1141 (9th Cir. 2022) (in the absence of a "direct collision" between state law and the federal rules of civil procedure, state statute may be applied by federal court). Rule 26(b) only allows discovery of "nonprivileged matter." The Court should find that the confidentiality provisions set forth in Idaho Code § 19-2716A create a state statutory "privilege" against disclosure. Because Idaho Code § 19-2716A and Rule 26(b) are compatible with, not in opposition to, one another, the Federal Rules do not preempt the state statute. Idaho Code § 19-2716A should be incorporated into Rule 26(b).

Federal courts have recognized that states have encountered increasing difficulties in their efforts to obtain execution chemicals. "[A] practical obstacle [to carrying out the death penalty] soon emerged [to the use of pentobarbital] as anti-death-penalty advocates pressured

RESPONSE TO MOTION TO COMPEL DISCOVERY - 10

pharmaceutical companies to refuse to supply the drugs used to carry out death sentences." *Glossip v. Gross*, 576 U.S. 863, 869-870 (2015). In response to the shift toward pentobarbital, "[a]nti-death-penalty advocates lobbied the Danish manufacturer of the drug to stop selling it for use in executions. That manufacturer opposed the death penalty and took steps to block the shipment of pentobarbital for use in executions in the United States." *Id.* at 870 (citations omitted). "States have taken two approaches to losing suppliers of manufactured pentobarbital. First, States [] have acquired pentobarbital from compounding pharmacies that have attempted to keep their identity secret. Other states [] have turned to midazolam, a sedative in the benzodiazepine family of drugs." *McGehee v. Texas Department of Criminal Justice*, 2018 WL 3996956 *2 (S.D. Tex. August 21, 2018) (*McGehee I).*

*McGehee I* presents questions similar to the present motion. The federal district court was asked to compel disclosure of information concerning the source of Texas' execution chemical. The court discussed the Texas confidentiality statute: "Concerned about identity of compounding pharmacies, the Texas Legislature in 2015 exempted from [the public records act] disclosure of 'identifying information … including that of: (1) any person who participates in an execution procedure, including a person who uses, supplies, or administers a substance during the execution; and (2) any person or entity that manufactures, transports, tests, procures, compounds, prescribes, dispenses, or provides a substance or supplies used in an execution." *Id.* (citing Tex. Gov't Cod. Ann. § 552.1081 and Tex. Code Crim. Proc. Ann. Art. 43.14(b)). Both the Texas Supreme Court and the Fifth Circuit have denied requests for disclosure of the chemical source. *See Texas Dept. of Crim. J. v. Levin, et al.*, 572 S.W.3d 671 (Tex. 2019); *see McGehee I*, 2018 WL 3996956 at *6 (citing Fifth Circuit cases); *see also Jordan v. Comm., Miss. Dept. of Corr.*, 947 F.3d 1322, 1330 (11th Cir. 2020) (discussing the resistance to disclosure of execution chemical suppliers and their

RESPONSE TO MOTION TO COMPEL DISCOVERY - 11

reliance on "assurances of absolute confidentiality"); *McGehee v. Neb. Dept. of Corr. Svcs.*, 2019 WL 266423 (D. Neb. January 17, 2019) (*McGehee II*) (discussing other efforts to discover the identities of execution chemical suppliers).

While *McGehee I* and *II* involved Arkansas death row inmates' third-party efforts to seek information concerning another state's chemical supplier, *Martin v. Ward*, 2021 WL 1186749 (N.D. Ga March 30, 2021), addresses the same issue presented here – efforts of a death row inmate to gain information concerning his state's execution chemical supplier. The federal court sustained the state's efforts to retain confidentiality:

> The Court cannot ignore the profound impact disclosure would have on Georgia's interest in enforcing its laws. One cannot read *Jordan* without understanding that completely. The Court, however, has the authority under Rule 26(c) to specify terms for discovery, prescribe the method, and require that confidential information only be revealed in a specified way. The Court concludes it can balance Plaintiff's need for some information regarding the compounded pentobarbital and the other information sought about Georgia's Protocol with Defendants' legitimate need to protect information that could jeopardize Georgia's ability to enforce its laws.
> The Court thus concludes Defendants have good cause to protect from disclosure the identities of pharmacies and pharmacists who have provided compounded substances for use in Georgia's lethal injection Protocol (Interrogatory No. 5) and the identities of manufacturers, suppliers, distributers, procurement officers, and providers of substances for use in the Protocol (Interrogatory No. 4). The Court reaches the same conclusion with respect to Plaintiff's request for the identification of each person involved in the administration of Georgia's current lethal injection Protocol (Interrogatory No. 2 and Request No. 6) and the identification of every supplier and manufacturer of equipment used in Georgia's Protocol (Interrogatory No. 3).

*Id.* at *8–9.

Based on the foregoing, Defendants respectfully submit the Court should determine that Idaho Code § 19-2716A presents an enforceable privilege against disclosure of certain documents and information in discovery in this case. Defendants properly invoked the confidentiality provisions of Idaho execution information shield law.

RESPONSE TO MOTION TO COMPEL DISCOVERY - 12

      b.  <u>Defendants have reasonably invoked Idaho Code § 19-2716A to prohibit disclosure in each of Plaintiff's requests.</u>

Idaho Code § 19-2716A provides:

For purposes of carrying out the provisions of section 19-2716, Idaho Code, the identities of any of the following persons or entities involved in the planning, training, or performance of an execution shall be confidential, shall not be subject to disclosure, and shall not be admissible as evidence or discoverable in any proceeding before any court, tribunal, board, agency, or person:
    (a) The on-site physician and any member of the escort team or medical team; and
    (b) Any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution or that provides the medical supplies or medical equipment for the execution process.

I.C. § 19-2716A.

    Defendants understand Plaintiff contends Idaho Code § 19-2716A applies only to disclosure of "the identities" of the enumerated persons. Plaintiff claims Defendants must produce all other information outside of directly identifying confidential persons and entities, including information that would lead him to discover the identities. This position is untenable. Confidentiality means confidentiality. Section 19–2716A precludes discovery or disclosure of any information that would allow identification of a team member, the source of the chemical, or medical equipment supplier by any indirect means, as well as any direct means.

    In addition, the identity of the team members and the source of the chemical are irrelevant to the issues raised by Plaintiff in this case. The execution chemical will speak for itself. Testing will verify purity and potency. The actual source of the chemical, and its regulatory history, is then rendered completely irrelevant. Likewise, if IDOC's execution team members have proper qualifications and training, then their identities are completely irrelevant. Defendants will provide evidence of the reliability of the chemical and the team members before Plaintiff is executed.

    Turning to Plaintiff's specific requests, Defendants' objections properly invoke the

RESPONSE TO MOTION TO COMPEL DISCOVERY - 13

protections of the statutory privilege. Plaintiff, as required by Dist. Idaho Loc. Civ. R. 37.2, sets out the disputed discovery requests and Defendants' respective responses in his memorandum, Dkt. 82-1, pp.5-7, and Defendants do not repeat them here. Defendants contest Plaintiff's claim that "a great deal of the information sought in these discovery requests does not relate to anyone's identity." Dkt. 82-1, p.9.

With respect to requests for information regarding how IDOC chose the specific drug and chemical source to be used in Plaintiff's execution, Defendants respectfully submit that the response initially clarifies that they could not answer as no source had been identified. However, if a source becomes available, the efforts to locate and secure a chemical source will certainly lead to the identification of the source. Defendants aver that information concerning who was contacted, how they were contacted, where they were contacted, and any other information concerning the search for a chemical source narrows the possibilities of the chemical source. Defendants advised Plaintiff that designated staff have used available means of communication to contact possible sources of execution chemicals. Anything more specific risks the identification of the chemical source. In fact, the primary interest Plaintiff could have in this information is to identify the source. Testing of the chemical itself will address any concerns about purity and potency, demonstrating the reliability of the chemical.

Likewise, with respect to Plaintiff's challenge to Defendant's disclosure of the circumstances of Medical Team Member 1. Defendants disclosed that Medical Team Member 1 left the team because the member retired. Defendants confirmed the member was not removed for any reason and they are not aware of any qualification, certification, or other issue with the team member. It is not clear what other information Plaintiff seeks – except information that could lead to the identity of Medical Team Member 1.

Defendants reiterate their objection to Interrogatory 15. They have addressed their concerns with providing any information regarding their search for chemicals. Plaintiff claims "identity" can only mean a name or address or information that "distinguishes a person." Dkt. 82-1, p.10. Defendants reiterate that the requirement in Idaho Code § 19-2716A to keep "identities" confidential necessarily includes information that could lead to the identification of the protected persons and entities. However, in citing the dictionary definition, Plaintiff has seemingly agreed with Defendants, recognizing that "identity" includes information that could distinguish a person from other persons. Name and address are simply examples of such distinguishing information. Defendants have not provided details concerning their search for execution chemicals in their effort to prevent the disclosure of information that could distinguish the supplier. Rather, Defendants have directed Plaintiff to the types of chemicals authorized by the execution protocol and reiterated that they have limited their inquiries to persons and entities authorized to provide the execution chemicals. Defendants submit disclosure of details concerning the search for chemicals creates a high potential that the source of the chemical would be discovered and used for an improper purpose. Disclosure of the source of the chemical would frustrate Idaho's ability to carry out lawful criminal judgments. Documented incidents have shown that this risk is real – not mere speculation. Loss of confidentiality puts individuals' safety at risk, and Idaho law has taken specific steps to protect them. *See Martin*, 2021 WL 1186749 at *5-7 (discussing risk of even inadvertent disclosure of source identity).

Defendants recognize that at least one other Idaho statute added the language "information which could lead to the identification of the child", *see* Dkt. 82-1, p.10 (citing I.C. § 16-1626). However, this statute governs access to court records and does not issue blanket protection over the identity of a class of individuals. Idaho Code § 19-2716A states that "the identities of any of

RESPONSE TO MOTION TO COMPEL DISCOVERY - 15

the following persons … shall be confidential, shall not be subject to disclosure, and shall not be admissible as evidence or discoverable in any proceeding….” Defendants submit their interpretation of Idaho Code § 19-2716A is reasonable on its face. The Idaho legislature took great pains to protect the identities of people or entities involved in an execution; the privilege does not cite names and addresses only. Such broad protection should not be thwarted by disclosure of information that could lead to a name, address or other information that could lead to identification of protected persons.

Additionally, Defendants have advised Plaintiff they continue to seek any execution chemical authorized under the execution protocol. Defendants reject Plaintiff's efforts to limit their options by identifying the chemical they have sought and detailing the specific steps taken. Defendants also decline the invitation to explain how they have progressed with their search. Plaintiff's claims that some chemical suppliers are unreliable is not sufficient to render his request for details about Defendants' search for execution chemicals relevant. To the extent this information could lead to the identification of an execution chemical source, it is privileged. Defendants respectfully submit the only reason to seek this information is to determine who Defendants have secured through a process of elimination. Plaintiff is not entitled to direct disclosure of the source of the execution chemical. He is likewise not entitled to an indirect path to that information.

With respect to Requests for Admission 54 and 89, Defendants respectfully submit the information sought falls within the ambits of Idaho Code § 19-2716A. The shield law protects the persons or entities involved in the manufacture of the chemical. Clearly the manufacturer of the API for the chemical (if it is compounded) is protected by the statute. In addition, the statute retains confidentiality for persons or entities involved in the planning, training, or performance of an

RESPONSE TO MOTION TO COMPEL DISCOVERY - 16

execution. Defendants submit the person or entity who provides technical assistance as required by the execution protocol is clearly involved in the performance of an execution. Defendants understand Plaintiff contends subsections (a) and (b) provide an all-inclusive list of those persons protected by the statute. Defendants respectfully submit that construing the statute by implication from silence is not reasonable. The statute makes it clear that persons involved in the performance of an execution should be protected from disclosure.

Finally, Plaintiff requests an order compelling disclosure of an unredacted copy of document 5996. Plaintiff seems to acknowledge that information concerning the rescue doctor is not subject to disclosure. Defendants contend the redacted information concerns the potential source of execution chemicals, which is protected by Idaho Code § 19-2716A. To the extent the basis for the redaction was not clear at the time the motion to compel was filed, Defendants submit the basis has been clarified. *See* Declaration of Kristina M. Schindele, Exhibit A. The redactions discuss then-Deputy Chief Ross Castleton's efforts to secure execution chemicals and comply with Idaho Code § 19-2716A's prohibition against disclosure of information that could identify a source.

## CONCLUSION

Defendants respectfully request the Court excuse their neglect in tardily asserting their objections to certain discovery responses. Further, Defendants ask the Court to find Idaho Code § 19-2716A provides a privilege against disclosure of information that would identify the members of the execution teams, chemical suppliers, and persons or entities that provide medical equipment and supplies for use during an execution. Finally, Defendants submit they have properly asserted the statutory privilege against disclosure as to each of Plaintiff's requests at issue herein and respectfully request the Court deny the motion to compel.

Respectfully submitted this 4th day of May 2023.

By: <u>   /s/ Kristina M. Schindele          </u>
KRISTINA M. SCHINDELE
Deputy Attorney General
Counsel for IDOC Defendants

# CERTIFICATE OF SERVICE

I certify that on this 4th day of May 2023, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com
Sarah E. Kalman: sarah.kalman@dlapiper.com

<u>/s/ Kristina M. Schindele</u>
Kristina M. Schindele
Counsel for Defendants

RESPONSE TO MOTION TO COMPEL DISCOVERY - 18