**RAÚL LABRADOR**
**ATTORNEY GENERAL OF IDAHO**

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction
**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorney General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail:  kmagnell@idoc.idaho.gov
         krschind@idoc.idaho.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.**, <br>  Plaintiff, <br><br> v. <br><br> **JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity**,** <br>   Defendants. | Case No. 1:21-cv-359-BLW <br><br> **DECLARATION OF KRISTINA M. SCHINDELE IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTION TO COMPEL** |

KRISTINA M. SCHINDELE, being duly sworn upon her oath, deposes and says:

1. I am one of the Deputy Attorneys General assigned to this matter through the Idaho Office of Attorney General and am over the age of eighteen and competent to testify to the matters herein. I make this declaration based upon my personal knowledge as counsel of record for the Defendants.

2. I have been responsible for most litigation related tasks in the above-entitled matter. I have been solely responsible for drafting discovery responses and reviewing discovery documents. I have disclosed more than 12,000 pages of discovery to counsel for Mr. Pizzuto.

Declaration in Support of Response to Second to Compel Discovery - 1

3. Due to my current workload, the complexity of the allegations against the named defendants, and continuing efforts to investigate the claims, I inadvertently missed some discovery deadlines. I did not serve responses tardily in any effort to gain an upper hand or hinder Mr. Pizzuto's rights.

4. Plaintiff served his Request for Admissions, Interrogatories, Request for Inspection and Request for Production of Documents on October 14, 2022. I served Defendants' response to the Request for Admissions on November 15, 2022. Mr. Horwitz graciously emailed me on November 15, 2022, inquiring about Defendants' responses. I advised him I thought I had sent the Response to Request for Admissions on November 14, 2022, had realized I did not send them and immediately produced them on November 15. I further advised that the chief of prisons had been unavailable, and I was working diligently on the Response to the Request for Inspection. I served that Response to the Request for Inspection on November 17, 2022. I then served the Response to Interrogatories and Request for Production of Documents four days late on November 18, 2022. I was diligently working on the responses and promptly served discovery once it was reviewed and approved by my clients.

5. Plaintiff served his Second Request for Production of Documents on October 28, 2022. I served Defendants' response two days late on November 30, 2022. This response was submitted amidst a flurry of other litigation-related tasks precipitated by the state trial court issuing a death warrant on November 16, 2022.

6. After receiving Plaintiff's Second Request for Production of Documents, I received a motion for an all writs act injunction on November 3, 2022. After the death warrant issued, Plaintiff filed a motion for an administrative stay on November 21, 2022, and a motion for a preliminary injunction on November 28, 2022. The court ordered expedited briefing, to be due on

November 25, 2022, for the all writs act motion and November 28, 2022, for the motions for administrative stay and preliminary injunction. All responses were filed timely. I received assistance from Karin Magnelli, Lead Deputy Attorney assigned to IDOC and Dayton Reed, who was assigned to civil litigation at that time. Mr. Reed subsequently left the Office of the Attorney General. Ms. Magnelli continues to assist as her schedule permits, but we have not been assigned additional attorney resources.

7. Plaintiff filed notices of depositions for Tim Richardson, Josh Tewalt, and Liz Neville on November 21, 2022, as well. These were scheduled for the first week of December 2022. While the depositions were later withdrawn, I met with my clients to prepare for the depositions.

8. The parties scheduled the F Block inspection for December 2, 2022. The inspection was later cancelled.

9. Plaintiff served his Second Set of Interrogatories on November 27, 2022. On December 1, 2022, DAG Magnelli sent Plaintiff a meet and confer letter, identifying Defendants' objection to Interrogatory 15 in the Second Set of Interrogatories, within the 30-day response period. The parties conducted a meet and confer on December 19, 2022. I served Defendants' response to the Second Set of Interrogatories on January 17, 2023, restating their objection to Interrogatory 15 based on Idaho Code § 19-2716A.

10. On November 30, 2022, Defendants filed a notice that IDOC did not have the execution chemicals and were unable to proceed with the execution scheduled. This notice prompted the withdrawal of the notices of deposition and cancellation of the F Block inspection.

11. Plaintiff served his Second Set of Requests for Admissions and Third Set of Interrogatories on January 20, 2023, and Defendants served their response to Second Set of

Admissions on February 22, 2023 – one day late. Defendants served their response to the Third Set of Interrogatories on March 22, 2023. While Defendants asserted Idaho Code § 19-2716A in an objection to Interrogatory 19, Defendants provided the information requested to Plaintiff.

12. The Idaho Legislature amended Idaho Code § 19-2716A to prohibit the disclosure of the identity of members of the medical and escort teams, source of the chemical, and persons or entities that provide medical supplies and equipment. This "shield law" was highly publicized. A simple google search for "Idaho execution secrecy law" produces several news articles:

https://deathpenaltyinfo.org/news/idaho-expands-execution-secrecy-after-senate-committee-reconsiders-failed-vote

https://www.acluidaho.org/en/legislation/2022-hb-658-execution-secrecy

https://www.courthousenews.com/idaho-governor-signs-bill-boosting-secrecy-of-execution-drugs

https://idahocapitalsun.com/2022/02/24/idaho-house-passes-bill-granting-confidentiality-in-executions

https://www.ktvb.com/article/news/local/capitol-watch/idaho-governor-signs-new-law-to-boost-execution-drug-secrecy-house-bill-658/277-2e5c8762-5cb8-4e94-bee4-4c726112ecd5

13. I agree that the parties have met and conferred on the discovery issues presented in Plaintiff's Motion to Compel.

14. On April 14, 2023, I provided an updated privilege log to Plaintiff. I thought I had provided the updated log on March 22, 2023, but I had lost the updated data I added to the log. I had to redo the privilege log. I have attached the updated privilege log as Exhibit A to this declaration.

15. Based on the foregoing circumstances, I ask the Court to excuse my neglect in failing to comply with the strict 30-day time limit for discovery responses.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted May 4, 2023. By: /s/ Kristina M. Schindele
Kristina M. Schindele
Deputy Attorney General
Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that on May 4, 2023, I caused to be served a true and correct copy of the foregoing via CM/ECF Electronic Notification:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com
Sarah E. Kalman: sarah.kalman@dlapiper.com

Counsel for Plaintiff

/s/ Kristina M. Schindele