Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:   Jonah_Horwitz@fd.org
       Christopher_M_Sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700; Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1650 Market Street, Suite 500
Philadelphia, PA 19103
Telephone: (215) 656-2438
ECF: sarah.kalman@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | **CASE NO. 1:21-cv-00359-BLW** |
| | ) | |
| Plaintiff, | ) | **THIRD STIPULATION TO** |
| v. | ) | **MODIFY SCHEDULING ORDER** |
| | ) | **DEADLINES** |
| **JOSH TEWALT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16(b)(4), the parties hereby stipulate to modify the deadlines set forth in the Court's most recent scheduling order for the reasons summarized below. *See* Dkt. 80.

THIRD STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES – Page 1

The parties are actively engaged in ongoing discovery, and several requests have not yet been responded to. Certain discovery disputes exist that require mediation and litigation, a process that has begun, *see* Dkts. 82, 84, 85, and which the parties expect to continue. An inspection of the execution facilities is scheduled for July 17, 2023.

The parties specifically stipulate that the modifications requested herein are appropriate given the present status of Plaintiff's execution, including the stay of execution the Court entered in a separate case – *Pizzuto v. Richardson*, Case No. 22-cv-00452-BLW – on March 9, 2023. The parties specifically stipulate and agree the Court should find good cause for the modification in this case in light of ongoing discovery and discovery-related disputes. It is further stipulated that the parties expect the Court's upcoming ruling regarding the application of Idaho Code § 19-2716A to the discovery issues in this case in connection with the pending motion to compel, Dkt. 82, to have a substantial impact on the scope of depositions and other discovery matters. Therefore, the parties agree that if the Court issues its ruling near in time to, or after, the date proposed below for the close of factual discovery, Plaintiff may conduct any or all of his depositions within forty-five (45) days after the date of the Court's ruling, or as otherwise agreed to by the parties or as ordered by the Court.

The parties acknowledge that Plaintiff has, as the Court directed during the informal discovery dispute conference held April 3, 2023, submitted a list of questions to Defendants relating to the chemicals to be used at Mr. Pizzuto's execution in an attempt to resolve outstanding discovery disputes related to the Idaho executions conducted in 2011 and 2012. *See* Dkt. 85-1 at 4–5. Defendants have not yet responded to Plaintiff's questions but intend to engage in good faith efforts to resolve this issue. The parties specifically agree that if the parties are unable to informally resolve this issue, Plaintiff may file a motion to compel, and Defendants reserve the right to defend

THIRD STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES – Page 2

against any such motion. The parties specifically agree to not raise any adverse implication related to any delay associated with the parties' efforts to informally resolve this outstanding issue. The parties agree that, if Plaintiff is successful on his motion, Plaintiff will be entitled to seek limited discovery as ordered by the Court or agreed to by the parties. The parties agree that if the Court issues its ruling on such a motion near in time to, or after, the date proposed below for the close of factual discovery, Plaintiff may conduct any or all of his depositions within forty-five (45) days after the date of the Court's ruling, or as otherwise agreed to by the parties or as ordered by the Court.

By way of this stipulation, the parties agree that each party retains and preserves any right or remedy available to it under the Federal Rules of Civil Procedure. The parties agree that any delays related to the parties' attempts to informally resolve discovery disputes will not be used as evidence to argue against either party's diligence in conducting discovery related to the disputed issues, limit either party's right to move the Court for relief as appropriate, or to prejudice either party in any way. Further, the parties acknowledge that the requested modification of the scheduling order may give rise to certain inferences regarding the parties' respective approach to this litigation. Defendants do not concede or agree to any adverse implication arising from their stipulation to the modifications. Furthermore, by entry of this stipulation, Defendants do not make any representation or concession regarding the possible reissuance of a death warrant in *State v. Pizzuto*, Idaho County Case No. CR-1985-22075, or the Department's ability to carry out an execution. Defendants retain all defenses and arguments related to their transparency and diligence in the defense of this case. Plaintiff does not concede or agree to any adverse implication arising from the requested scheduling modification. Additionally, Plaintiff retains all defenses and arguments related to his diligence in the prosecution of this case. And Plaintiff reserves the right

THIRD STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES – Page 3

to seek expedited discovery and whatever other measures become necessary if a new death warrant is signed.

Therefore, based on the foregoing, the parties respectfully request that the Court enter an order modifying the discovery and dispositive motion deadlines by extending each date by sixty days as follows:

- Cut-off for factual discovery and deadline for Plaintiff's expert disclosures: September 11, 2023.  *See* Dkt. 80 at 1.

- Deadline for Defendants' expert disclosures: September 25, 2023.  *See id.*

- Deadline for Plaintiff's disclosure of rebuttal experts: October 9, 2023.  *See id.*

- Cut-off for all expert discovery: October 23, 2023.  *See id.* at 2.

- Dispositive motion deadline: November 20, 2023.  *See id.*

DATED this 28th day of June 2023.

| | |
|---|---|
| */s/ Kristina M. Schindele* | */s/ Jonah J. Horwitz* |
| Kristina M. Schindele | Jonah J. Horwitz |
| Deputy Attorney General | Federal Defender Services of Idaho |
| Attorney for Defendants | Attorney for Plaintiff |