RAÚL LABRADOR
ATTORNEY GENERAL OF IDAHO

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction
**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorney General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail:  kmagnell@idoc.idaho.gov
         krschind@idoc.idaho.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.**, Plaintiff, v. **JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity, Defendants. | Case No. 1:21-cv-359-BLW<br><br>**DEFENDANTS' RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES** |

COME NOW, Defendants Josh Tewalt and Tim Richardson ("Defendants"), by and through their counsel of record, the Idaho Office of Attorney General, and hereby respond to Plaintiff's motion for leave to serve additional interrogatories.

## BACKGROUND

Defendants have answered 22 interrogatories. Plaintiff served his Fifth Set of Interrogatories on August 3, 2023, propounding interrogatories 23-31. Defendants have agreed to answer interrogatories 23-25, as permitted by Federal Rule of Civil Procedure 33(a)(1) and as included in the parties' amended discovery plan. *See* Dkt. 41, p.4. On August 21, 2013, the Court

RESPONSE TO MOTION FOR LEAVE TO
SERVE ADDITIONAL INTERROGATORIES - 1

authorized the parties to proceed with a motion to expand discovery and submit simultaneous briefing. The parties agreed to submit the matter to the Court by September 1, 2023.

**Because Plaintiff cannot demonstrate good cause to extend discovery and permit additional interrogatories, his request must be denied.**

The circumstances of this matter do not warrant expansion on the number of interrogatories to be served on Defendants. The issues presented by this litigation, while important, are not complex. In summary, Plaintiff has asserted that any attempt to execute him by lethal injection, specifically the use of pentobarbital, would violate the Eighth Amendment. The Court is well familiar with Plaintiff's burden – he must demonstrate that the use of pentobarbital in his execution would result in superadded pain.

The Federal Rules of Civil Procedure govern the scope of discovery. Federal Rule of Civil Procedure 33 expressly limits a party to 25 interrogatories. Fed. R. Civ. P. 33(a)(1). Consistent with Rule 33, the parties jointly proposed 25 interrogatories in their discovery plans. Dkts. 21, p.4; 41, p.4. The Court may grant leave to serve additional interrogatories "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). "Discovery in excess of the limitations imposed by Fed. R. Civ. P. 33(a)(1) requires that the discovery be 'relevant to any party's claim or defense and proportional to the needs of the case….'" *United States v. Howe*, 19-cv-00421-DCN-CWD, 2022 WL3227736 * 4 (D. Idaho August 10, 2022). The party seeking to expand discovery must demonstrate good cause to amend the court's scheduling order. *Id.* n.11. Whether to expand discovery by permitting additional interrogatories is committed to the Court's discretion. *Atkinson v. Denton Pub. Co.*, 84 F.3d 144, 149 (5th Cir. 1996).

Rule 26(b)(1) lists the factors that determine the scope of relevant discovery in a given case, including the needs of the case, the importance of the issues at stake in the action, the amount in controversy, and whether the burden or expense of the proposed discovery outweighs its likely

RESPONSE TO MOTION FOR LEAVE TO
SERVE ADDITIONAL INTERROGATORIES - 2

benefit. *See* Fed. R. Civ. P. 26(b)(1).

In discovery, Plaintiff has engaged in repeated efforts to explore IDOC's actions during the 2011 and 2012 executions of Paul Rhoades and Richard Leavitt, respectively. Defendants have repeatedly submitted that the question presented to this Court comes down to the reliability of the execution chemical that will *actually be used* during Plaintiff's execution. This question can be addressed by testing the substance once obtained and providing details regarding the training and credentials of the execution team members. Defendants have provided training records of the medical team members and confirmed the basic credentials held by the members. Plaintiff has not demonstrated a valid reason for the Court to expand discovery and permit additional interrogatories.

At the heart of this dispute is Plaintiff's express and implied efforts to obtain information concerning the identities of Defendants' chemical source and execution team members. Defendants acknowledge the parties have an ongoing dispute concerning the confidentiality of this information. Defendants have repeatedly relied upon the Idaho Legislature's determination that this information must be maintained in confidence. *See* I.C. 19-2716A(4). The parties expended significant effort related to the disclosure of information that could identify or lead to the identification of these protected persons and entities. In an order issued July 25, 2023, granting in part and denying in part Plaintiff's motion to compel discovery, this Court recognized that it was "join[ing] a host of other federal courts in concluding that requiring Defendants to disclose the identities of their execution team members and execution-drug supplier would seriously harm their interest in enforcing Idaho's death penalty laws." Dkt. 88, p.23.

Plaintiff's decision to propound various interrogatories related to the more than decade old prior executions as well as the confidential identities of IDOC's chemical suppliers and execution

RESPONSE TO MOTION FOR LEAVE TO
SERVE ADDITIONAL INTERROGATORIES - 3

team members should have a consequence. At least 2 of the 6 additional interrogatories Plaintiff seeks to serve on Defendants involve just such information. *See* Dkt. 91-3, pp.5-6. Plaintiff has had the opportunity to pursue legitimate lines of inquiry but has chosen to instead pursue unreasonable attempts to pierce the confidential veil accorded to persons and entities involved in Idaho's executions. Any argument that the current additional interrogatories are necessary to follow up on Defendants' discovery responses, does not obviate his prior use of interrogatories to explore issues unrelated to the heart of this dispute – the use of pentobarbital in Plaintiff's execution would result in superadded pain.

Plaintiff's requests do not meet the Rule 26 factors for expanded discovery. The additional interrogatories are not necessary for Plaintiff's investigation into the facts. Additional discovery tools are available to obtain some of the information sought. As agreed to during the informal discovery dispute mediation conducted by the Court on April 3, 2023, Defendants intend to respond to Plaintiff's list of questions related to chemicals and engage in a good faith effort to resolve issues related to reliability of the chemical during the 30-day pre-execution window. This process is in addition to formal discovery efforts. Plaintiff's questions related to the prior executions and identification of protected persons and entities bears little importance to the issue at stake in this action – the use of pentobarbital in Plaintiff's execution would result in superadded pain. Finally, the proposed additional interrogatories provide no benefit to the resolution of this litigation.

## CONCLUSION

Defendants respectfully request the Court deny Plaintiff's request to serve additional interrogatories. Plaintiff's decision to seek information with limited impact on the issue presented in this litigation should not justify the request to expand discovery.

Respectfully submitted this 1st day of September 2023.

By:    /s/ Kristina M. Schindele
KRISTINA M. SCHINDELE
Deputy Attorney General
Counsel for IDOC Defendants

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of September 2023, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com
Sarah E. Kalman: sarah.kalman@dlapiper.com

/s/ Kristina M. Schindele
Kristina M. Schindele
Counsel for Defendants