Pizzuto v. Tewalt et al.
21-cv-359
Response to Motion for Leave to Serve
Additional Interrogatories

Exhibit C

**RAÚL LABRADOR**
**ATTORNEY GENERAL OF DAHO**

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction

**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorneys General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail: kmagnell@idoc.idaho.gov
   krschind@idoc.idaho.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br>      Plaintiff,<br><br>v.<br><br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity,<br>      Defendants. | Case No. 1:21-cv-359-DCN<br><br>DEFENDANTS RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES |

Defendants by and through their attorneys of record, the Idaho Attorney General's Office, pursuant to Federal Rule of Civil Procedure 33, hereby respond to the Plaintiff's Second Set of Interrogatories as follows

### Interrogatories

15. Describe in detail every step you have taken from August 23, 2022 to the present to locate a source of chemicals for Mr. Pizzuto's execution. If you invoke Idaho Code § 19-2716A in

Defendants' Response to Plaintiff's Second Set of Interrogatories – Page 1

responding to this Interrogatory, please provide every piece of responsive information that is not assertedly exempted by the statutory provision. Please also characterize with as much specificity as possible the information that is being withheld pursuant to § 19-2716A. Note that the relevant text of § 19-2716A only applies to "the identities" of various persons and entities. (Emphasis added.) To the extent that a response calls for information other than identity, the information should be provided. By way of non-exhaustive example, Defendants should set forth what types of people are being contacted for chemicals, what mediums the communications are taking, what specifications are being provided to potential sources, what information is being sought from potential sources, what research is being done to identify and screen potential sources, and so on.

**RESPONSE:**

**Defendant Tewalt responds**: On December 1, 2022, counsel for IDOC objected to this interrogatory. Director Tewalt continues to object to this interrogatory on the grounds that Idaho Code § 19-2716A(4) requires that the identities of any person or entity providing the chemicals or substances for use in an execution remain confidential. Disclosure of the specific steps taken during the search for execution chemicals creates a high potential for indirect identification of the source of execution chemicals. Once execution chemicals are secured, the chemicals can be tested for purity and potency; verification of purity and potency of the chemicals to be used in an execution satisfies 8th Amendment requirements. As such, IDOC objects to this interrogatory requesting details regarding its efforts to secure execution chemicals as such information is not relevant to the 8th Amendment claims in this matter.

Notwithstanding this objection, Director Tewalt responds that IDOC staff have contacted people or entities likely to have in their possession chemicals or substances authorized for use in an execution pursuant to SOP 135 and *Execution Chemicals Preparation and Administration*. IDOC staff have used various forms of communication in their efforts to lawfully secure execution chemicals.

**Defendant Richardson responds**: he does not have primary responsibility to obtain lethal injection chemicals. He defers to Director Tewalt to respond to this Interrogatory.

16. Describe and explain how near in time to the scheduled execution IDOC will continue searching for chemicals before determining that it cannot carry out the execution on December 15, 2022 as set by the death warrant.

    **RESPONSE**:

    **Defendant Tewalt responds**: IDOC received a death warrant in the matter of State of Idaho v. Gerald Pizzuto on November 16, 2022, scheduling Mr. Pizzuto's execution for December 15, 2022. IDOC continued its efforts to secure lethal injection chemicals after receipt of the death warrant. On November 30, 2022, acknowledging that IDOC had not yet secured lethal injection chemicals, Director Tewalt made the decision to allow the death warrant to expire and stand down execution preparations. Director Tewalt exercised his professional judgment in taking that action. Director Tewalt asserts his November 30, 2022, decision took into consideration the totality of the circumstances. Director Tewalt denies any inference that his decision sets any specific precedent concerning the required timing of chemical acquisition in any future execution. IDOC has continued its efforts to lawfully source legal injection chemicals as identified in IDOC SOP 135.02.01.001, Execution Procedures, and Department

Defendants' Response to Plaintiff's Second Set of Interrogatories – Page 3

document entitled Execution Chemicals Preparation and Administration. IDOC takes its statutory responsibility to carry out a lawfully entered criminal sentence.

**Defendant Richardson responds**: he does not have primary responsibility to obtain lethal injection chemicals. He defers to Director Tewalt to respond to this Interrogatory.

17. Describe in detail which aspects of SOP 135 have been suspended or otherwise made ineffective as a result of the action taken by Director Tewalt on November 16, 2022, and which aspects of SOP 135, if any, remain in force.

    **RESPONSE**:

    **Defendant Tewalt responds**: As noted in his November 16, 2022, communication to IDOC staff, Director Tewalt suspended implementation of SOP 135.02.01.001, Execution Procedures (SOP 135), except for those steps necessary to protect Mr. Pizzuto's due process rights. Upon receipt of the death warrant, Chief Page and Warden Richardson developed and implemented a housing plan for Mr. Pizzuto consistent with Idaho Code.

    Director Tewalt also directed IDOC staff to comply with the following procedures set forth in SOP 135:

    - Conduct training as required

    - Start and maintain the IMSI Warden's execution log

    - Deliver a copy of the death warrant to and meet with Mr. Pizzuto

    - Keep Mr. Pizzuto in solitary confinement as required by Idaho Code § 19-2705

    - Mr. Pizzuto was afforded the following rights and/or privileges while housed in solitary confinement: continual visual observation by staff, daily recreation, shower and telephone

Defendants' Response to Plaintiff's Second Set of Interrogatories – Page 4

access, property and commissary, non-contact visitation with his spiritual advisor and immediate family, and contact visits with staff

- Start and maintain an observation log
- Appoint a staff liaison for Mr. Pizzuto
- Notify state and local government officials
- Notify victims' representatives
- Notify and maintain contact with Mr. Pizzuto's witnesses
- Confirm continuing qualifications to serve on Medical Team with Medical Team members
- Check status of execution chamber equipment and supplies

On November 30, 2022, Director Tewalt ordered IDOC staff to stand down all execution procedures and directed Mr. Pizzuto to remain housed consistent with Idaho Code pending expiration of the death warrant on December 15, 2022.

**Defendant Richardson responds**: SOP 135.02.01.001 provides, "This SOP is subject to revision at the discretion of the Director of the IDOC. The Director may revise, suspend, or rescind any procedural steps, at any time, at the Director's sole discretion." As such, Warden Richardson defers to Director Tewalt to respond to this Interrogatory. Warden Richardson started an execution log and met with Mr. Pizzuto as required by SOP 135.

DATED this 17th day of January 2023.

By: /s/ Kristina M. Schindele
KRISTINA M. SCHINDELE
Deputy Attorney General
Counsel for Defendants Tewalt and Richardson

Pursuant to 28 U.S.C. § 1746 "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on:

DATED this 17th day of January 2023.

By: /s/ Josh Tewalt
Josh Tewalt

Pursuant to 28 U.S.C. § 1746 "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on:

DATED this 17th day of January 2023.

By: /s/ Tim Richardson
Tim Richardson

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of January 2023, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com
Sarah E. Kalman: sarah.kalman@dlapiper.com
Caleb Lin: caleb.lin@dlapiper.com

/s/ Kristina M. Schindele
Kristina M. Schindele