UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity, TIMOTHY RICHARDSON, Warden, Idaho Maximum Security Institution, in his official capacity, <br><br> Defendants. | Case No. 1:21-cv-00359-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are Defendants' Motion to Quash Non-Party Subpoena (Dkt. 89) and Plaintiff's Motion for Leave to Serve Additional Interrogatories (Dkt. 91). For the reasons explained below, the Court will deny Defendants' motion but partially grant Plaintiff's motion.

## BACKGROUND

In this case, a death-row inmate, Plaintiff Gerald Ross Pizzuto, claims that using compounded Pentobarbital to execute him would constitute cruel and unusual punishment in violation of the Eighth Amendment. Discovery is ongoing and the parties disagree on various discovery matters. Two of those disagreements

MEMORANDUM DECISION AND ORDER - 1

are before the Court here: (1) the relevance of information about two executions that the State of Idaho carried out in 2011 and 2012; and (2) the number of interrogatories Pizzuto is allowed.

In late July 2023, Pizzuto served a subpoena on a non-party testing laboratory, Professional Compounding Centers of America (PCCA), requesting production of various communications and documents related to the testing of drugs—including Pentobarbital—in cooperation with three Idaho state entities[1] between January 1, 2011, and January 1, 2013. After receiving notice of the non-party subpoena, Defendants timely filed a motion asking this Court to quash the subpoena under Rule 45 and Rule 26 of the Federal Rules of Civil Procedure. Pizzuto filed a response and Defendants' time to reply expired on September 5, 2023.

In early August 2023, Pizzuto served his fifth set of interrogatories on Defendants, including Interrogatories 23 to 31. Dkt. 91-3. Defendants agreed to respond only to Interrogatories 23 to 25, noting that the parties' court-approved stipulated discovery plan limited each party to twenty-five interrogatories. Dkt. 91-4. The parties reached an impasse and the Court requested simultaneous briefs outlining the parties' positions on Pizzuto's request for additional interrogatories.

---

[1] The Idaho Department of Corrections, Idaho Attorney General's Office, and Idaho Department of Health and Welfare. *See* Dkt. 89-3 at 4.

**MEMORANDUM DECISION AND ORDER - 2**

# MOTION TO QUASH NON-PARTY SUBPOENA

1. **Legal Standard**

Federal Rule of Civil Procedure 45 authorizes and requires courts to quash subpoenas served on non-parties under certain circumstances. FED. R. CIV. P. 45(d)(3)(A) & (B). For example, a court must quash a subpoena if the responding non-party demonstrates that the subpoena seeks "privileged or other protected matter," or if responding would subject the non-party to an "undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii) & (iv).

But not just anyone can ask a court to quash a non-party subpoena. "The general rule is that a *party* has no standing to quash a subpoena served upon a *third party*, except as to claims of privilege relating to the documents being sought." *Read v. Teton Springs Golf & Casting Club, LLC*, No. CV 08-cv-099, 2010 WL 2697596, at *4 (D. Idaho July 6, 2010) (quoting *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)) (emphasis added); *Thao v. Lynch*, No. 2:21-cv-731, 2023 WL 2480860, at *2 (E.D. Cal. Mar. 13, 2023); *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp.*, No. 04-cv-1199, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007); *see also United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005). There is an exception, however, where a party shows that "its own interests are jeopardized by discovery sought from a third party and [it] has standing under Rule 26.'" *Nelson-Ricks Cheese Co., Inc. v. Lakeview Cheese Co., LLC*, No. 4:16-CV-

00427-DCN, 2017 WL 4839375, at *3 (D. Idaho Oct. 26, 2017) (quoting *In re REMEC, Inc. Sec. Litig.*, No. CIV 04CV1948 JLS AJB, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008)); *see also Read*, 2010 WL 2697596, at *4. Rule 26(c), in turn, authorizes courts to issue protective orders when necessary to protect parties from suffering "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

In sum, a *party* has standing to object to a subpoena served on a *non-party* only when the non-party's response would reveal the party's privileged material or would impose "annoyance, embarrassment, oppression, or undue burden or expense" on the objecting party itself. FED. R. CIV. P. 26(c)(1).

## 2. Analysis

Defendants seek to quash a subpoena that Pizzuto served on PCCA, a non-party. They argue that the information sought in the subpoena—communications and documents related to PCCA's testing of execution drugs for Idaho's 2011 and 2012 executions—is not relevant to this case. The details of those executions, they argue, "have no bearing on the risk of added pain posed by Plaintiff's potential execution using compounded pentobarbital." *Def.'s Memo. in Supp.* at 3, Dkt. 89.

Pizzuto offers two grounds for denying Defendants' motion. First, he argues that Defendants lack standing to seek to quash a subpoena served on a non-party.

And second, he argues that even if Defendants had standing, their relevance objection is meritless.

The Court agrees that Defendants lack standing to challenge Pizzuto's non-party subpoena. As Pizzuto notes, Rule 45 motions to quash ordinarily must be brought by the party or non-party from whom the information or production is sought. *See Read*, 2010 WL 2697596, at *4; *In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, at *1. While there is an exception for parties whose own interests are at risk, that exception does not apply here. Defendants cite only their broad "interest in making sure any discovery pursued in this matter is related to the issues raised by this litigation." *Def.'s Memo. in Supp.* at 4, Dkt. 89. But that interest could be asserted by any party in any litigation, and therefore cannot possibly be sufficient to displace the general rule that parties lack standing to challenge non-party subpoenas.

Defendants lack standing to object to Pizzuto's non-party subpoena on PCCA because they have not shown that they will suffer "annoyance, embarrassment, oppression, or undue burden or expense" because of PCCA's discovery response. FED. R. CIV. P. 26(c)(1). The Court will therefore deny the motion and leave the merits of Defendants' relevancy objection for another day.

Defendants offer one additional reason to quash Pizzuto's non-party subpoena: the responsive material could reveal the identities of Idaho's execution-

drug providers, equipment providers, and execution-team members. *Def.'s Memo. in Supp.* at 4, Dkt. 89. This Court previously held that Defendants have a strong interest in protecting the identities of those who supply Idaho's execution drugs and execution equipment, and members of the State's execution team. *Mem. Decision & Order* at 22-23 & n.7, Dkt. 88. But there is no indication here that PCCA's response to the subpoena will contain any information that might reveal any of those identities. To the extent that such material does exist, Defendants would have standing to object to the subpoena based on their interest in confidentiality, and they could, if necessary, seek a protective order under Rule 26(c). Defendants have not done so here, however, and the Court will not speculate how it would rule if such a motion were filed.[2]

## MOTION FOR LEAVE TO FILE ADDITIONAL INTERROGATORIES

**1.  Legal Standard**

Under Federal Rule of Civil Procedure 33 and the parties' stipulated discovery plan, Pizzuto is entitled to serve Defendants with twenty-five written interrogatories. Consistent with Rule 33, the Court may grant leave to serve

---

[2] In response to Defendants confidentiality concerns, Pizzuto acknowledged that redactions may be necessary and appropriate to protect the identities of the State's execution-drug suppliers, equipment providers, and execution-team members. Before a protective order is sought, the parties must confer regarding any such stipulations or informal resolutions of this dispute.

MEMORANDUM DECISION AND ORDER - 6

additional interrogatories "to the extent consistent with Rule 26(b)(1) and (2)." FED. R. CIV. P. 33(a)(1).

Rule 26(b), in turn, provides a list of factors for courts to consider in determining the scope of discovery. These include: the importance of the issues at stake in the case; the amount in controversy; the parties' relative access to relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Ultimately, after reviewing these factors, the Court has discretion to determine whether a party has shown good cause to amend the scheduling order and serve additional interrogatories. *Schuman v. IKON Office Sols., Inc.*, 232 Fed. Appx. 659, 664 (9th Cir. 2007); *United States v. Howe*, Case No. 2:19-cv-421, 2022 WL 3227736, at *4 n.11 (D. Idaho Aug. 10, 2022).

**2.    Analysis**

Pizzuto asks the Court to allow him six additional interrogatories. To begin, he argues that several "developments occurring after the filing of the discovery plan" have "necessitated additional interrogatories." *Pl.'s Brief in Supp.* at 3, Dkt. 91-1. First, Defendants have not yet complied with the Court's direction to indicate what information they will provide about the lethal injection drugs they obtain for Pizzuto's execution. Pizzuto explains that additional interrogatories seeking

MEMORANDUM DECISION AND ORDER - 7

information about the 2011 and 2012 executions are necessary to "make up for the dearth of information." Id. at 3. But Pizzuto's request—to authorize additional interrogatories—does not follow from his premise that Defendants have not yet complied with a Court directive. If Pizzuto wishes to challenge Defendants' non-compliance with a Court directive, there are ways of doing so, such as by filing a motion to compel or for contempt.

Pizzuto highlights several other recent developments that he believes support his request for additional interrogatories, including Idaho's enactment of a firing squad statute, Deputy Chief of Prisons Ross Castleton's retirement, and the Court's Memorandum Decision and Order on Pizzuto's Motion to Compel. But none of Pizzuto's six additional interrogatories appear related to those recent developments.

Turning to the Rule 26(b)(1) factors, Pizzuto has not demonstrated good cause to serve all six additional interrogatories. Although much is at stake in capital cases like this one, and Pizzuto's access to relevant information is limited by Defendants' confidentiality interests, the Court does not see Interrogatories 26, 28, 30, or 31 as especially important to resolving the issues in this case. Rather, all four are customary inquires in the same vein as Pizzuto's first twenty-five interrogatories. The Court does not find good cause to allow Pizzuto these additional bites of the apple.

Interrogatories 27 and 29 are different. First, both follow up on responses Defendants gave to Pizzuto's previous discovery requests. That helps to explain why they come so late in the game. Second, both interrogatories seek information about Defendants' methods of storing and testing the chemicals that will be used for Pizzuto's execution—methods that are highly relevant to Pizzuto's claims. The information Pizzuto is requesting could substantially assist him in proving his case, while the burden on Defendants of responding is light. For these reasons, and considering the irreversible nature of Pizzuto's stake in this capital case, the Court finds good cause to allow Pizzuto these two additional interrogatories: Interrogatories 27 and 29.

## ORDER

IT IS ORDERED that:

1. Defendants' Motion to Quash Non-Party Subpoena (Dkt. 89) is **DENIED**; and

2. Plaintiff's Motion for Leave to Serve Additional Interrogatories (Dkt. 91) is **GRANTED in part and DENIED in part**, as set forth in this Order.

DATED: October 24, 2023

B. Lynn Winmill
U.S. District Court Judge