Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho Street, Suite 900, Boise, ID 83702-8929
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF: jonah_horwitz@fd.org
    christopher_m_sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700; Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 500, Philadelphia, PA 19103-7301
Telephone: (215) 656-2438; Facsimile: (215) 656-3301
ECF: sarah.kalman@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSH TEWALT**, Director, Idaho Dept. of Correction, et al.<br><br>Defendants. | CASE NO. 1:21-cv-00359-BLW<br><br>**MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL DISCOVERY (date of drug acquisition)** |

For the reasons that follow, and pursuant to Fed. R. Civ. P. 37, Plaintiff Gerald Ross Pizzuto, Jr. asks that the Court order the defendants to provide the discovery described below.

MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL – Page 1

## I. The discovery requests and responses

Pursuant to Dist. Idaho Loc. Civ. R. 37.2, the relevant discovery requests that Mr. Pizzuto posed, and the defendants' objections, are provided verbatim below (with emphasis retained from the original).

### A. Requests for Admission (RFAs)

> 146. Admit or deny that IDOC identified a source of Execution Drugs prior to October 10, 2023.
>     DEFENDANT TEWALT'S INITIAL ANSWER: Defendant Tewalt objects to this RFA.  Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution.  Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals.  Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals could lead to the identity of the source of execution chemicals.  Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.
>     DEFENDANT TEWALT'S DECEMBER 7, 2023 SUPPLEMENTAL ANSWER: Defendant Tewalt stands on the objection he proffered regarding Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1).  Notwithstanding this objection, Defendant Tewalt acknowledges that he had identified a *potential* source of chemical on or about October 12, 2023, which he admitted in RFAs 148 and 149. However, as you are aware, the fact that IDOC identified a potential source of execution chemical was of little significance prior to Director Tewalt's ability to certify that an execution by lethal injection was available.  The *potential* source could have withdrawn from consideration at any time.  That actually happened in 2019 or 2020, which was previously disclosed to you in discovery in this case.  *See* IDOC00005996A.  IDOC and Defendant Tewalt submit that the burden imposed by disclosure of the specific date that a *potential* source of execution chemical was obtained far outweighs the limited benefit disclosure would provide.

MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL – Page 2

147. Admit or deny that IDOC identified a source of Execution Drugs prior to October 11, 2023.

   DEFENDANT TEWALT'S INITIAL ANSWER: [Identical to Defendant Tewalt's initial answer to RFA 146, reproduced above.]

   DEFENDANT TEWALT'S DECEMBER 7, 2023 SUPPLEMENTAL ANSWER: [Identical to Defendant Tewalt's December 7, 2023 supplemental answer to RFA 146, reproduced above.]

150. Admit or deny that IDOC obtained Execution Drugs prior to October 10, 2023.

   DEFENDANT TEWALT'S INITIAL ANSWER: Defendant Tewalt objects to this RFA.  Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution.  Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals.  Defendant Tewalt asserts disclosure of the date that IDOC obtained the execution chemicals could lead to the identity of the source of execution chemicals.  Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

   DEFENDANT TEWALT'S DECEMBER 7, 2023 SUPPLEMENTAL ANSWER: Defendant Tewalt stands on the objection he proffered regarding Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1).  IDOC submits that disclosure of the date that [the] execution chemical was obtained will likely lead to disclosure of the identity of the source of [the] chemical.  Further, the burden imposed by disclosure of the specific date that chemical was obtained far outweighs the limited benefit disclosure would provide.

151. Admit or deny that IDOC obtained Execution Drugs prior to October 11, 2023.

   DEFENDANT TEWALT'S INITIAL ANSWER: [Identical to Defendant Tewalt's Initial Answer to RFA 150, reproduced above.]

   DEFENDANT TEWALT'S DECEMBER 7, 2023 SUPPLEMENTAL ANSWER: [Identical to Defendant Tewalt's December 7, 2023 Supplemental Answer to RFA 150, reproduced above.]

### B. The purchase order

On November 10, 2023, the undersigned sent opposing counsel a letter in which they requested that the defendants provide supplemental productions of documents with various records relating to preparations for the execution of Thomas Creech, for whom a death warrant was signed in October 2023. *See* Ex. 1. The defendants responded to the letter on December 11, 2023. *See* Ex. 2. At that time, the defendants produced the purchase order reflecting the acquisition of execution chemicals primarily intended for Mr. Creech. *See* Ex. 3. The defendants redacted the date of the purchase order on the ground that it "could lead to the identification of the source of execution chemical." Ex. 2 at 1. A revised privilege log provided on the same date stated: "Purchase Order includes information deemed confidential per Idaho Code 19-2716A. Information could identify a source of execution chemicals." Ex. 4 at 15. The privilege log also recited the following language: "Document includes information that could lead to the identity of an execution supplier. Specifically, the date of purchase order has been redacted. IDOC submits the date can be used to trace the supplier of the chemical." *Id.*

## II. The defendants' reliance on Idaho Code § 19-2716A is misplaced.

Turning to the substance of the issue, § 19-2716A is not implicated by the discovery requests, which the defendants can easily answer without even remotely jeopardizing the identity of their drug suppliers.[1]

---

[1] The defendants referenced Federal Rule of Civil Procedure 26(b)(1) in their supplemental response to the sixth set of RFAs, dated December 11, 2023. *See* Ex.

MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL – Page 4

This Court has set forth the test that it will apply to secrecy objections made by the defendants in response to discovery requests: whether the information "would, to a reasonable degree of certainty, identify any person or entity involved in preparing for, supplying drugs for, or administering the death penalty in Idaho." Dkt. 88 at 4–5. The information sought here poses no such risk.

Mr. Pizzuto's discovery requests seek information about two different dates: the date that a drug source was identified and the date that the chemicals were obtained. *See supra* at Part I. The defendants' challenge to the requests is best summed up in their privilege log, where they contend that such dates "can be used to trace the supplier of the chemical." Ex. 4 at 15. Nevertheless, the defendants have never explained how, and the fear is unfounded.

To begin, the defendants have not—and, Mr. Pizzuto believes, cannot— establish that the announcement of a purchase date subjects the supplier to any meaningful danger of exposure, let alone one discernable "to a reasonable degree of certainty." Dkt. 88 at 4–5. The D.C. Circuit recently delivered an instructive

---

5 at 5. However, the defendants did not cite Rule 26 in their initial response to the RFAs. *See* Ex. 6. The supplemental response was provided after the thirty-day deadline lapsed. *See* Ex. 5 at 6; Ex. 7 at 7; Fed. R. Civ. P. 36(a)(3). Mr. Pizzuto therefore assumes that the defendants invoked Rule 26 in the supplemental response only because that is technically the source of law the Court has identified for the confidentiality restrictions it has imposed on discovery, rather than Idaho Code § 19-2716A. *See* Dkt. 88 at 4. If the defendants meant to add a new kind of objection through their allusion to Rule 26 in the supplemental response that is distinct from their § 19-2716A theory, the argument would be untimely and waived. *See Puget Sound Underwriters, Inc. v. Inlet Fisheries, Inc.*, 232 F.R.D. 609, 610–11 (D. Alaska 2005). Mr. Pizzuto will elaborate on the point in his reply if it is necessary in light of the defendants' response to the instant motion.

MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL – Page 5

opinion on the topic.  *See Citizens for Resp. and Ethics in Wash. v. DOJ*, 58 F.4th 1255 (D.C. Cir. 2023).[2]  There, a non-profit sent a public record request to the federal Bureau of Prisons, seeking a variety of records relating to executions.  *See id.* at 1260.  The Bureau withheld a substantial amount of information, including "dates of purchase."  *Id.*  On appeal, the D.C. Circuit found that the government's conclusory assertion of confidentiality interests was inadequate.  *See id.* at 1270–71.  The court remanded to invite the Bureau to prove "that detailed and specific information demonstrates that the" information at issue "could in fact reveal the identities of the Bureau's pentobarbital contractors," rather than "rely[ing] on conclusory, vague, or sweeping assertions."  *Id.* at 1271.  Although the case dealt with a different legal framework, its logic applies here, and it underscores how the defendants' unsupported and self-serving attestations about risk are insufficient.

The experience in other jurisdictions further reflects how unfounded the defendants' anxieties are.  In Arizona, for example, the state's correctional agency made public the purchase order for execution drugs while leaving the date entirely unredacted.  *See* Ex. 8.  The Arizona Department of Corrections redacted only the name of the vendor and various identifying numbers.  *See id.*  Tennessee's Department of Corrections has likewise turned over invoices concerning execution-drug purchases in which truly identifying information, like the seller's name, is redacted, but where the date is not.  *See* Ex. 9.  These are states that have carried

---

[2] Unless otherwise noted, all internal quotation marks and citations are omitted, and all emphasis is added.

MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL – Page 6

out dozens of executions in the modern era, as compared to Idaho's three. *See*

Death Penalty Information Center, Execution Database, available at

[https://deathpenaltyinfo.org/database/executions?state=Arizona&state=Tennessee&federal=No](https://deathpenaltyinfo.org/database/executions?state=Arizona&state=Tennessee&federal=No). There is plainly nothing about the date of an execution-drug purchase

that jeopardizes a state's ability to put inmates to death.[3]

### III.   Conclusion

Mr. Pizzuto respectfully asks that the Court order the defendants to comply with the discovery requests outlined above.

DATED this 15th day of December 2023.

/s/ Jonah J. Horwitz
Jonah J. Horwitz
Christopher M. Sanchez
FED. DEF. SERVICES OF IDAHO

/s/ Stanley J. Panikowski
Stanley J. Panikowski
Sarah E. Kalman
DLA PIPER LLP (US)

ATTORNEYS FOR PLAINTIFF

---

[3] In their response to the sixth set of RFAs, the defendants lodged a general objection "to Plaintiff's requests for admission related to the execution of Thomas Creech." Ex. 6 at 2. The defendants did not pose this objection to any of the specific discovery requests at issue here. Mr. Pizzuto therefore contends that any such objection has not been adequately preserved. *See, e.g., Daedalus Blue, LLC v. MicroStrategy Inc.*, No. 2:20-cv-551, 2021 WL 11709428, at *4 n.4 (E.D. Va. May 3, 2021) (noting that "[g]eneralized, boilerplate objections . . . are highly disfavored" and should typically be overruled). In any event, the objection is meritless. The defendants have admitted that they would potentially use the execution chemicals in their possession on Mr. Pizzuto. *See* Ex. 6 at 8. As such, any information about the drugs is obviously germane to Mr. Pizzuto.

MEMORANDUM IN SUPPORT OF THIRD MOTION TO COMPEL – Page 7

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of December 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

    Michael Elia
    mje@melawfirm.net

    Kristina Schindele
    kscchind@idoc.idaho.gov


                                      /s/ Julie Hill
                                    Julie Hill