*Gerald Ross Pizzuto, Jr. v. Josh Tewalt, et al.*
Case No. 1:21-cv-00359-BLW

# EXHIBIT 5

**(Defendant Tewalt's Supplemental Responses to Plaintiff's Requests for Admission Nos. 146, 147, 150, 151, and 163, dated Dec. 11, 2023)**

**RAÚL LABRADOR**
**ATTORNEY GENERAL OF DAHO**

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction

**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorneys General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail:kmagnell@idoc.idaho.gov
        krschind@idoc.idaho.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br>      Plaintiff,<br><br>v.<br><br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity,<br>      Defendants. | Case No. 1:21-cv-359-DCN<br><br>DEFENDANT TEWALT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION NOs. 146, 147, 150, 151 AND 163 |

Defendant Tewalt, by and through his attorney of record, the Idaho Attorney General's Office, hereby supplements his responses to Plaintiff's Request for Admission Numbers 146, 147, 150, 151 and 163.

### Requests for Admission

146. Admit or deny that IDOC identified a source of Execution Drugs prior to October 10, 2023.

   **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds,

Defendant Tewalt's Supplemental Response to Plaintiff's Certain RFAs – Page 1

synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

**Defendant Tewalt's December 7, 2023 Supplemental Answer:** Defendant Tewalt stands on the objection he proffered regarding Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1). Notwithstanding this objection, Defendant Tewalt acknowledges that he had identified a *potential* source of chemical on or about October 12, 2023, which he admitted in RFAs 148 and 149. However, as you are aware, the fact that IDOC identified a potential source of execution chemical was of little significance prior to Director Tewalt's ability to certify that an execution by lethal injection was available. The *potential* source could have withdrawn from consideration at any time. That actually happened in 2019 or 2020, which was previously disclosed to you in discovery in this case. *See* IDOC00005996A. IDOC and Defendant Tewalt submit that the burden imposed by disclosure of the specific date that a *potential* source of execution chemical was obtained far outweighs the limited benefit disclosure would provide.

147. Admit or deny that IDOC identified a source of Execution Drugs prior to October 11, 2023.

    **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds,

synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

**Defendant Tewalt's December 7, 2023 Supplemental Answer:** Defendant Tewalt stands on the objection he proffered regarding Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1). Notwithstanding this objection, Defendant Tewalt acknowledges that he had identified a *potential* source of chemical on or about October 12, 2023, which he admitted in RFAs 148 and 149. However, as you are aware, the fact that IDOC identified a potential source of execution chemical was of little significance prior to Director Tewalt's ability to certify that an execution by lethal injection was available. The *potential* source could have withdrawn from consideration at any time. That actually happened in 2019 or 2020, which was previously disclosed to you in discovery in this case. *See* IDOC00005996A. IDOC and Defendant Tewalt submit that the burden imposed by disclosure of the specific date that a *potential* source of execution chemical was obtained far outweighs the limited benefit disclosure would provide.

150. Admit or deny that IDOC obtained Execution Drugs prior to October 10, 2023.

**Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds,

Defendant Tewalt's Supplemental Response to Plaintiff's Certain RFAs – Page 3

synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC obtained the execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

**Defendant Tewalt's December 7, 2023 Supplemental Answer:** Defendant Tewalt stands on the objection he proffered regarding Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1). IDOC submits that disclosure of the date that execution chemical was obtained will likely lead to disclosure of the identity of the source of chemical. Further, the burden imposed by disclosure of the specific date that chemical was obtained far outweighs the limited benefit disclosure would provide.

151. Admit or deny that IDOC obtained Execution Drugs prior to October 11, 2023.

    **Answer:** Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC obtained the execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC identified the source

of execution chemicals would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

**Defendant Tewalt's December 7, 2023 Supplemental Answer:** Defendant Tewalt stands on the objection he proffered regarding Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1). IDOC submits that disclosure of the date that execution chemical was obtained will likely lead to disclosure of the identity of the source of chemical. Further, the burden imposed by disclosure of the specific date that chemical was obtained far outweighs the limited benefit disclosure would provide.

163. Admit or deny that the Execution Chemicals currently in IDOC's possession have not yet been tested in the fashion described on pages 2–3 of SOP 135.

**Defendant Tewalt Answer**: Deny.

**Defendant Tewalt's December 7, 2023 Supplemental Answer:** Defendant Tewalt admits he has ensured that appropriate testing of the execution chemical has occurred. IDOC does not intend to engage in further testing.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of December 2023.

Signed: /s/ Josh Tewalt
Josh Tewalt

Defendant Tewalt's Supplemental Response to Plaintiff's Certain RFAs – Page 5

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of December 2023, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com
Sarah E. Kalman: sarah.kalman@dlapiper.com

/s/ Kristina M. Schindele
Kristina M. Schindele