RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GERALD R. PIZZUTO,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, et al.,<br><br>    Defendants. | Case No. 1:21-cv-359-BLW<br><br>**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102]** |

COME NOW Defendants, by and through their undersigned counsel, and hereby submit this Response to Plaintiff's Third Motion to Compel Discovery as follows:

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 1**

## INTRODUCTION

Defendants have rightfully objected to Plaintiff's discovery requests concerning the source of execution-drugs and withheld such information. As the Court has noted, "disclosing the identity of an execution-drug supplier seriously jeopardizes a state's ability to obtain execution-drugs in the future." (Dkt. 88, p. 23 (citing *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 803 F.3d 565, 569 (11th Cir. 2015); *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1341 (11th Cir. 2020))). And thus, as the Court concluded, "requiring Defendants to disclose the identities of their execution team members and execution-drug supplier would seriously harm their interests in enforcing Idaho's death penalty laws." (*Id.* (citing *Virginia Dep't of Corr. v. Jordan*, No. CV 3:17MC02, 2017 WL 5075252, at *17 (E.D. Va. Nov. 3, 2017), *aff'd, 921 F.3d 180* (4th Cir. 2019)).

The Court has previously decided the proper test for determining whether an undue burden exists to justify the non-disclosure of persons or entities involved in the preparation, supply, or administration of the death penalty in Idaho: whether the information would identify such person or entity to a reasonable degree of certainty. (Dkt. 88, p. 4). Plaintiff's requested information will reasonably and very likely lead to the disclosure of people and entities involved in the State's administration of the death penalty. Consequently, Plaintiff's Motion should be denied.

## LEGAL STANDARD

"Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed "except 'upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 2**

relevant to any party's claim or defense and *proportional to the needs of the case*." (emphasis added). "The party seeking to compel discovery has the burden of establishing that its request satisfies the requirements of Rule 26." *Apple Inc. v. Wi-LAN Inc.*, No. 14CV2235-DMS (BLM), 2017 WL 11680855, at *2 (S.D. Cal. Nov. 28, 2017). "Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified." *Hammler v. Clark*, No. 1:19-CV-00373-AWI-SAB (PC), 2020 WL 8483914, at *2 (E.D. Cal. Dec. 11, 2020) (citations omitted).

"When a district court considers a motion to compel brought pursuant to Rule 37, it must, 'on motion or on its own,' evaluate such factors as relevance, timeliness, good cause, utility, materiality, and whether the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Valenzuela v. City of Calexico*, No. 14-CV-481-BAS-PCL, 2015 WL 2184304, at *3 (S.D. Cal. May 11, 2015) (citing Fed. R. Civ. P. 26(b); *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992 (7th Cir.1995)).

## ARGUMENT

The subject requests for admissions seek two dates: the date the execution-drug source was identified and the date the execution-drug was obtained. (Dkt. 102-1, p. 5). Defendants have objected to the requests as they impose an undue burden because it can reasonably be expected that disclosure of said information will lead to the disclosure of people and entities involved in the State's administration of the death penalty. Defendants have provided Plaintiff with a purchase order for Pentobarbital with only the date of purchase redacted and admitted that Defendant Tewalt had identified a potential source for the execution-drug on October 12, 2023. If the Court were to grant Plaintiff's Motion, it would allow individuals or entities to file public records requests and

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 3**

receive information identifying the State's supplier as well as the State's employees and the supplier's employees involved in administering the death penalty.

In recognition of the undue burden accompanying the identification of execution-drug suppliers and personnel, the Idaho Legislature enacted Idaho Code § 19-2716A.  In proposing the confidentiality provision, the Bill's statement of purpose provided, ". . . The absence of these protections renders the currently approved means of administering the death penalty *impossible to carry out*."[1]  Similarly, this Court has acknowledged the undue burden placed on the State if forced to disclose the identities of execution-drug suppliers and personnel.  (*See* Dkt. 88, pp. 19-24).  Other courts have come to the same conclusion.  *See Jordan*, 947 F.3d at 1340; *In re Missouri Dep't of Corr.*, 839 F.3d 732, 736 (8th Cir. 2016); *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 238-39 (6th Cir. 2016); *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019); *see also Martin v. Ward*, No. 1:18-CV-4617-MLB, 2021 WL 1186749 at *9 (N.D. Ga. Mar. 30, 2021); *McGehee v. Texas Dep't of Crim. Just.*, No. MC H-18-1546, 2018 WL 3996956, at *9-10 (S.D. Tex. Aug. 21, 2018); *Jordan v. Hall*, No. 3:15CV295HTW-LRA, 2018 WL 1546632, at *8-12 (S.D. Miss. Mar. 29, 2018).

While specific information, including information likely to identify an execution drug supplier, is protected under Idaho law, collateral information which could be subject to a public records request and would reveal the source's identity, will likely not be identified and treated with the same required confidentiality; not all records related to executions are controlled by IDOC.  For instance, expenditure reports and other records are kept with other departments.   By way of example, an individual or organization would be able to submit a public records request for information pertaining to the dates in question, but not directly or clearly in connection with the

---

[1] A copy of Idaho House Bill 633's Statement of Purpose can be found at: https://legislature.idaho.gov/wp-content/uploads/sessioninfo/2022/legislation/H0633SOP.pdf.

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 4**

acquisition of the drug. Such a request would not state on its face that the requestor seeks execution-related records, or even mention what the purpose of the request is. *See* Idaho Code §§ 74-102, 74-103. The only identification information a requester must provide is its name, mailing address, e-mail, and telephone number. Idaho Code § 74-102(4). Thus, a person or organization would be able to make a request to a different Idaho department or agency, and the person compiling and disclosing the information would likely not know it pertains to an execution or is confidential under Idaho Code § 19-2716A. Hence, while information compiled in anticipation of a lawsuit is not subject to disclosure, the possibility that a requestor submits a request to a department other than IDOC for information which is not clearly connected to the execution-drug (such as travel records, communications records, etc.) makes inadvertent disclosure reasonably expected—particularly when considering the history of pressure against such suppliers. *See Glossip v. Gross*, 576 U.S. 863, 869-71 (2015) (explaining the vigorous lobbying by death penalty opponents to make execution drugs unavailable); *see also Jordan*, 947 F.3d at 1326 (same).

The information Plaintiff seeks is similar to what news sources have used to uncover information regarding confidential settlements entered into with the State and its political subdivisions. For example, a settlement entered in connection with the lawsuit against the State Legislature concerning former Idaho State Representative Aaron von Ehlinger was uncovered with information listed with Transparent Idaho. *See* Ruth Brown, *Lawsuit dismissed in ex-legislative intern's lawsuit after $200,000 settlement*, ID. Cap. Sun, Jan. 12, 2023, https://idahocapitalsun.com/2023/01/12/lawsuit-dismissed-in-ex-legislative-interns-lawsuit-after-200000-settlement/.

In the present case, Plaintiff has been provided with a purchase order which sets forth the price for which the State obtained the chemical. If Plaintiff were provided the date of purchase,

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 5**

an individual or organization who came into possession of the information would be able to cross-reference Idaho's databases, lodge public records requests, and obtain the identity of people and entities involved in the State's death penalty administration.  Therefore, if Defendants were required to disclose the dates at issue, the effect will be that the identities of execution-drug providers and connected personnel will be discovered.  Consequently, the Court should deny Plaintiff's Motion.

Furthermore, being that Defendants have provided the actual substantive information responsive to the requests, the dates are not useful.  Defendants admitted that they had identified a potential source on October 12, 2023, (*see* Dkt. 102-1, pp. 2-3) and provided Plaintiff a copy of the purchase order with only the date redacted.  Defendant Tewalt characterized the identification as a potential source because other sources have previously cancelled similar agreements with the State—as was explained in the responses.  Thus, the question arises of what Plaintiff seeks to learn from the requested date other than the identity of the provider?  Facially, this is a request for the identity of the provider under the guise of a request for dates of obtainment.

Moreover, Plaintiff's reliance on *Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*, 58 F.4th 1255 (D.C. Cir. 2023), is misplaced.  That case concerned a dispute under the Freedom of Information Act's fourth exception which "allows federal agencies to withhold 'trade secrets and commercial or financial information obtained from a person and privileged or confidential.'"  *Id.* at 1262 (citing 5 U.S.C. § 552(b)(4)).  That exception requires the agency to "demonstrate that the withheld information is '(1) commercial or financial, (2) obtained from a person, and (3) privileged or confidential.'"  The sole issues on appeal were whether the names of the contractors were "commercial information" and whether certain contract terms, such as quantities and expiration dates, were "confidential commercial information." *Id.*  Importantly,

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 6**

the appellant there did *not* dispute "that the names are confidential and that the contract terms are commercial." *Id*. Conversely, Plaintiff argues here that the date, which will in-turn disclose an identity, is not confidential or entitled to secrecy.

Plaintiff's argument concerning Arizona's and Tennessee's purchase orders has no bearing on this case or whether the disclosure will lead to an identification. There may be various reasons why, in those states, the parties chose to disclose the dates of purchase. Here, however, such disclosure will easily lead to the identification of the State's source.

Plaintiff's argument concerning Defendant's Rule 26 objections are misplaced. Defendants' original responses included objections explaining how the requested information requested by Plaintiff placed an undue burden on Defendants. While, admittedly, Defendants did not characterize its objection as an undue burden, they explained and specified the reasons for the undue burden. The purpose of objections are to explain or show how a discovery request is improper and objectionable. *See Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 656 (D. Mont. 2018). For that reason, boilerplate objections are generally not tolerated. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Conversely, adequately articulating the basis for objecting constitutes an objection.

Defendants' responses sufficiently encapsulated the undue burden objection under Rule 26. Defendants laid out their reasons for not disclosing information and pointed to state statutory authority for further support. Thus, Defendants did not change the nature of its objection when supplying their amended responses, but rather, named the undue burden objection and identified the same considerations as submitted in their initial responses.

## CONCLUSION

For the reasons stated above, Defendants requests the Court deny Plaintiff's Motion.

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 7**

Respectfully submitted this 5th day of January, 2024.

                    MOORE ELIA & KRAFT, LLP

                    */s/ Tanner J. Smith*
                    Tanner J. Smith
                    Attorneys for Defendants

                    OFFICE OF THE ATTORNEY GENERAL

                    */s/ Karin Magnelli*
                    Karin Magnelli
                    Lead Deputy Attorney General
                    Attorneys for Defendants

**RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY [DKT. 102] - 8**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 5th day of January, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jonah J. Horwitz<br>Christopher M. Sanchez<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Ste. 900<br>Boise, Idaho 83702 | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ E-Mail: Jonah_horwitz@fd.org,<br>Christopher_m_sanchez@fd.org,<br>stanley.panikowski@dlapiper.com,<br>sarah.kalman@dlapiper.com |
| Stanley J. Panikowski<br>DLA Piper LLP<br>401 B St., Ste. 1700<br>San Diego, CA 92101 | |
| Sarah E. Kalman<br>DLA Piper LLP<br>One Liberty Place<br>1650 Market St., Ste. 500<br>Philadelphia, PA 19103 | |

*Attorneys for Plaintiff*

                                          */s/ Tanner J. Smith*
                                          Tanner J. Smith