RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | **CASE NO. 1:21-cv-00359-BLW** |
| | ) | |
| Plaintiff, | ) | **NINTH STIPULATION TO** |
| v. | ) | **MODIFY SCHEDULING ORDER** |
| | ) | **DEADLINES** |
| **JOSH TEWALT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16(b)(4), the parties hereby stipulate to modify the deadlines set forth in the Court's most recent scheduling order for the reasons summarized below.  *See* Dkt. 107.

The parties are actively engaged in ongoing discovery, and several requests have not yet been responded to.  Certain discovery disputes exist that require mediation and litigation, a process that has begun, *see* Dkts. 102, 104, 105, 108, 109, and which the parties expect to continue.

The parties specifically stipulate that the modifications requested herein are appropriate given the present status of Plaintiff's execution, including the stay of execution the Court entered in a separate case—*Pizzuto v. Richardson*, Case No. 1:22-cv-452—on March 9, 2023.  The parties specifically stipulate and agree the Court should find good cause for the modification in this case in light of ongoing discovery and discovery-related disputes.

The parties acknowledge that Plaintiff has, as the Court directed during the informal discovery dispute conference held April 3, 2023, submitted a list of questions to Defendants relating to the chemicals to be used at Mr. Pizzuto's execution in an attempt to resolve outstanding discovery disputes related to the Idaho executions conducted in 2011 and 2012.  *See* Dkt. 85-1 at 4–5.  Defendants responded to Plaintiff's questions on October 23, 2023.  The parties intend to continue to engage in good faith efforts to resolve this issue.  The parties specifically agree that if the parties are unable to informally resolve this issue, Plaintiff may file a motion to compel, and Defendants reserve the right to defend against any such motion.  The parties specifically agree to not raise any adverse implication related to any delay associated with the parties' efforts to informally resolve this outstanding issue.  The parties agree that, if Plaintiff is successful on his motion, Plaintiff will be entitled to seek limited discovery as ordered by the Court or agreed to by the parties.  The parties agree that if the Court issues its ruling on such a motion near in time to, or

after, the date proposed below for the close of factual discovery, Plaintiff may conduct any or all of his depositions within forty-five (45) days after the date of the Court's ruling, or as otherwise agreed to by the parties or as ordered by the Court.

The parties are also in discussions concerning a proposed deposition of IDOC's medical team leader. Plaintiff submitted his proposal to Defendants on December 18, 2023. Defendants are preparing their response and expect to submit it to Plaintiff soon. The parties agree to continue to engage in good faith efforts to resolve this issue. The parties specifically agree that if the parties are unable to informally resolve this issue, the parties may litigate the matter. The parties agree not raise any adverse implication related to any delay associated with the parties' efforts to informally resolve this outstanding issue concerning the medical team leader deposition. The parties agree that if the parties litigate the deposition issue, Plaintiff may conduct the deposition within forty-five (45) days after the date of the Court's ruling, or as otherwise agreed to by the parties or as ordered by the Court.

By way of this stipulation, the parties agree that each party retains and preserves any right or remedy available to it under the Federal Rules of Civil Procedure.  The parties agree that any delays related to the parties' attempts to informally resolve discovery disputes will not be used as evidence to argue against either party's diligence in conducting discovery related to the disputed issues, limit either party's right to move the Court for relief as appropriate, or to prejudice either party in any way.  Further, the parties acknowledge that the requested modification of the scheduling order may give rise to certain inferences regarding the parties' respective approach to this litigation.  Defendants do not concede or agree to any adverse implication arising from their stipulation to the modifications.  Furthermore, by entry of this stipulation, Defendants do not make any representation or concession regarding the possible reissuance of a death warrant in *State v.*

NINTH STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES – Page 3

*Pizzuto*, Idaho County Case No. CR-1985-22075, or the Department's ability to carry out an execution. Defendants retain all defenses and arguments related to their transparency and diligence in the defense of this case. Plaintiff does not concede or agree to any adverse implication arising from the requested scheduling modification. Additionally, Plaintiff retains all defenses and arguments related to his diligence in the prosecution of this case. And Plaintiff reserves the right to seek expedited discovery and whatever other measures become necessary if a new death warrant is signed.

Therefore, based on the foregoing, the parties respectfully request that the Court enter an order modifying the discovery and dispositive motion deadlines by extending each date by thirty days as follows:

- Cut-off for factual discovery and deadline for Plaintiff's expert disclosures: Friday, March 15, 2024. *See* Dkt. 107.

- Deadline for Defendants' expert disclosures: Friday, March 22, 2024. *See id.*

- Deadline for Plaintiff's disclosure of rebuttal experts: Monday, April 9, 2024. *See id.*

- Cut-off for all expert discovery: Monday, April 22, 2024. *See id.*

- Dispositive motion deadline: Friday, May 17, 2024. *See id.*

DATED this 12th day of February 2024.


*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorney for Defendants

*/s/ Jonah J. Horwitz*
Jonah J. Horwitz
Federal Defender Services of Idaho
Attorney for Plaintiff


NINTH STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES – Page 4