UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity, TIMOTHY RICHARDSON, Warden, Idaho Maximum Security Institution, in his official capacity,<br><br>    Defendants. | Case No. 1:21-cv-00359-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Gerald Ross Pizzuto, Jr.'s Motion to Consolidate (Dkt. 119). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Plaintiff Gerald Ross Pizzuto, Jr. is an inmate on Idaho's death-row. He filed this lawsuit in September of 2021 to prevent the State of Idaho from executing him with pentobarbital. *See generally Am. Compl.*, Dkt. 13. Pointing to his health conditions and medical history, Pizzuto claims that using pentobarbital would substantially increase the risk that he will suffer severe pain during the execution.

MEMORANDUM DECISION AND ORDER - 1

*Id.* ¶¶ 194–262. Further, he alleges, the lack of adequate minimum qualifications for medical team members exacerbates that risk to a degree constituting cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. *Id.* ¶¶ 263–286. The parties have already engaged in extensive discovery in this case. *See Def.'s Memo. in Opp.* at 4, Dkt. 124 ("Pizzuto has served more than the maximum number of interrogatories, over 200 requests for admission, and extensive requests for production."). And, over the course of this litigation, the Court has mediated and ruled on various discovery disputes. *See* Dkts. 88, 97, & 123.

Thomas Eugene Creech is another death-row inmate in the custody of the Idaho Department of Correction (IDOC). He filed a lawsuit in March of 2020. *Creech v. Tewalt*, No. 1:20-cv-114-AKB. The operative Second Amended Complaint (Dkt. 119) in that case sets forth three claims. First, Creech alleges Eighth Amendment violations stemming from (1) the State's anticipated use of compounded pentobarbital, (2) "problems" with Standard Operating Procedure 135.02.01.001 (SOP 135), including deficient minimum qualifications for medical personnel, and (3) the lack of direct observation by medical personal during the execution. *Sec. Am. Compl.* at § VI(A)(2), ¶¶ 320, 373, 386, 401, & 403, Dkt. 119. Creech also asserts due process claims based upon the IDOC's allegedly "outdated" execution procedures and the "deprivation of accurate information"

MEMORANDUM DECISION AND ORDER - 2

about the execution chemicals. *Id.* at § VI(B), ¶¶ 424, 427; § VI(C), ¶ 491. Discovery in Creech's case has not yet begun.

On January 30, 2024, a death warrant issued scheduling Creech's execution for February 28, 2024. Creech immediately sought to stay or enjoin the execution, but this Court rejected each of Creech's claims and denied his Motion for Preliminary Injunction. *See Memo. Decision & Order*, Dkt. 142, No. 1:20-cv-114-AKB. On appeal, the Ninth Circuit Court of Appeals affirmed this Court and allowed the execution to proceed, as scheduled. *Creech v. Tewalt*, 94 F.4th 859, 863 (9th Cir. 2024).

The IDOC attempted Creech's execution on February 28, 2024. However, when the medical team was unable to adequately insert an IV catheter to inject the lethal injection drug, the execution was cancelled, and the death warrant was allowed to expire.

Following the execution attempt, Pizzuto filed a Motion to Consolidate (Dkt. 119), seeking to join Creech's pending case—which is currently before Judge Amanda K. Brailsford as Case No. 1:20-cv-114-AKB—and this one—which is before Judge B. Lynn Winmill. Defendants oppose the Motion, which is now fully briefed and ripe for decision.

## LEGAL STANDARDS

A federal court may consolidate two cases that "involve a common question of law or fact." FED. R. CIV. P. 42(a). But courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). In exercising that discretion, courts should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g*, 753 F.2d 1081 (9th Cir. 1984). Ultimately, "[t]he party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice." *Idaho Wool Growers Assoc. v. Schafer*, No. CV-08-394-S-BLW, 2009 WL 73738, at *1 (D. Idaho Jan. 8, 2009).

## ANALYSIS

Consolidation is not warranted. To be sure, these two cases bear some similarities when viewed from thirty-thousand feet. Pizzuto and Creech are both death-row inmates who claim that Idaho's execution procedures and anticipated use of compounded pentobarbital violate the Eighth Amendment. *See Am. Compl.*, Dkt. 13; *Sec. Am. Compl.*, Dkt. 119, No. 1:20-cv-114-AKB. Notwithstanding those

common factual and legal issues, however, consolidation would do more harm than good.

First, each plaintiff's Eighth Amendment claim is based upon his own unique purported health conditions and medication histories. *See Am. Compl.* ¶¶ 181–262, Dkt. 13; *Sec. Am. Compl.* ¶¶ 320–396, Dkt. 119, No. 1:20-cv-114-AKB. Thus, although these two cases share an underlying legal theory, the merits of each plaintiff's claim depends upon separate evidence pertaining to each plaintiff's unique history and condition. That is, while the cases admittedly involve common questions of law, there is relatively little overlap.

Second, Judge Brailsford has already invested substantial time in reviewing the evidence and arguments surrounding Creech's three claims. *See Mem. Decision & Order*, Dkt. 142, No. 1:20-cv-114-AKB. Consolidating the cases now would necessitate a duplication of those efforts by another judge. Indeed, the defendants' Motion for Judgment on the Pleadings (Dkt. 155), which is currently pending in Creech's case, is based largely upon Judge Brailsford's prior Memorandum Decision and Order (Dkt. 142) denying Creech's Motion for Preliminary Injunction (Dkt. 123). Judicial economy is served best by allowing Judge Brailsford—who is already intimately familiar with the disputed issues and evidence—to resolve that pending motion and, if necessary, future ones like it.

**MEMORANDUM DECISION AND ORDER - 5**

Finally, although consolidation would marginally increase efficiency in the context of discovery, that benefit would not outweigh the above-described harm to judicial economy. True, as Pizzuto explains, there will be some overlap between discovery sought by both plaintiffs related to the State's execution procedures and acquisition of execution drugs. Absent consolidation, the parties in both cases will duplicate effort to some degree by separately exchanging information. Still, two factors minimize the degree of inefficiency that will exist absent consolidation. First, at this stage, substantial discovery has already occurred in Pizzuto's case, and this Court has issued decisions on various discovery disputes. Although not binding, those decisions will serve as a backdrop to the discovery process in Creech's case and, presumably, will help to streamline the resolution of any disputes that arise in that case. *See, e.g.*, *Mem. Decision & Order* at 17–18, Dkt. 142, No. 20-cv-114-AKB (relying on discovery decision in Pizzuto's case as "authority" for interpreting Idaho Code § 19-2716A). Second, as modified, the Protective Order in this case allows "Creech's counsel, experts, and agents to access all discovery materials obtained in this action for purposes of litigating *Creech v. Tewalt et al.*, 1:20-cv-114." *Order Modifying Protective Order*, Dkt. 117. Although Creech and Pizzuto must still separately engage in discovery, the modified Protective Order does facilitate a degree of cooperation that may help to streamline the discovery process in Creech's case.

Ultimately, though consolidation would marginally increase efficiency in discovery, that benefit is outweighed by the countervailing harm that consolidation would have on judicial economy. Consolidation is not warranted, and Pizzuto's Motion will be denied.

## ORDER

**IT IS ORDERED that** Plaintiff Gerald Ross Pizzuto, Jr.'s Motion to Consolidate (Dkt. 119) is **DENIED**.

DATED: April 26, 2024

_____
B. Lynn Winmill
U.S. District Court Judge