UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR.,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity, TIMOTHY RICHARDSON, Warden, Idaho Maximum Security Institution, in his official capacity,<br><br>   Defendants. | Case No. 1:21-cv-00359-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion to Extend Time to Comply With Disclosures Ordered by the Court in Docket 123 (Dkt. 131). For the reasons explained below, the Court will deny the Motion.

## BACKGROUND

On March 28, 2024, the Court partially granted Plaintiff Gerald Ross Pizzuto, Jr.'s Motions to Compel Discovery (Dkts. 102, 108 & 116) and ordered Defendants to respond to the disputed discovery requests within fourteen days (that is, no later than April 11, 2024). *See generally Mem. Decision & Order*, Dkt. 123 ("the Discovery Order"). On April 10, 2024, Defendants timely filed a Notice of

Appeal (Dkt. 130) as to the Discovery Order. The following day, Defendants filed a motion entitled "Motion to Extend Time to Comply With Disclosures Ordered by the Court in Docket 123." Dkt. 131. According to Defendants, the filing of the Notice of Appeal "effectively stayed" the Discovery Order and deprived this Court of jurisdiction to enforce the disclosure deadlines imposed by that Order. *See generally Def.'s Memo. in Supp.*, Dkt. 131-1. "In an abundance of caution," however, Defendants now ask the Court to affirm their rationale and "extend" the time for compliance with the Discovery Order "until the appeal is resolved." *Id.* Pizzuto objects to Defendants' request on several grounds. *See Pl.'s Resp.*, Dkt. 132.

## LEGAL STANDARDS

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *McClatchy Newspapers v. Central Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982). Accordingly, "[w]hen a matter is on appeal, the district court is precluded from expanding the order appealed from[.]" *Park v. Cas Enterprises, Inc.*, No. 08-cv-385, 2009 WL 5125670, at *1–2 (S.D. Cal. Dec. 18, 2009) (quoting 20 *Moore's Federal Practice* § 308.11 (3d ed.)). "But it is equally clear that the vitality of that judgment is undiminished by pendancy of the appeal. Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the

judgment remains operative." *Deering v. Milliken, Inc. v. F.T.C.*, 647 F.2d 1124, 1128–29 (D.D.C. 1978) (citing *Hovey v. McDonald*, 109 U.S. 150, 161 (1883)); *id.* at 1129 ("[N]on-issuance of the mandate by the appellate court has no impact on the trial court's powers to enforce its unstayed judgment *since the latter court has retained that power throughout the pendancy of the appeal*.") (emphasis added); *see also Kelley v. C.I.R.*, 45 F.3d 348, 351 n.5 (9th Cir. 1995) ("Thus, while a federal district court may be deprived of jurisdiction over a case upon the timely filing of a notice of appeal, it would still retain a limited equitable jurisdiction to enforce its orders."). As the United States Supreme Court explained in *Maness v. Meyers*:

> [i]f a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

419 U.S. 449, 458 (1975).

The standard for obtaining a stay pending appeal is well-established. Courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nkhen v. Holder*, 556 U.S. 418, 434 (2009); *see also Hilton v. Braunskill*, 481 U.S.

770, 776 (1987). "The first two factors . . . are the most critical;" the last two are reached only "[o]nce an applicant satisfies the first two factors." *Nkhen*, 556 U.S. at 434–35. Ultimately, it is the applicant's burden to show that the factors support a stay. *Id.* at 433–34.

## ANALYSIS

Defendants begin by arguing that their filing of a notice of appeal automatically divested this Court of jurisdiction over the disputed discovery issues. Pivoting, they then ask this Court to inject itself into the matter by modifying the deadlines imposed by the very order they are appealing. Defendants' position is self-defeating and premised on a misunderstanding of appellate procedure. Moreover, even if generously construed as a request for a stay, Defendants' Motion falls short.

To begin, Defendants' jurisdictional argument is flawed. They believe that their filing of a notice of appeal "effectively stayed" the Discovery Order by "divest[ing] this Court of jurisdiction to enforce" it. *Def.'s Memo. in Supp.* at 2, Dkt. 131-1. But the legal authority they cite does not support that conclusion. In *Griggs v. Provident Consumer Discount Co.*, the United States Supreme Court held that, under the amended version of Federal Rule of Appellate Procedure 4(a),

a prematurely filed notice of appeal is "a nullity." 459 U.S. 56, 61 (1982).[1] In the process of explaining the rationale behind the 1979 amendments to Rule 4(a), the Court noted that "[t]he filing of a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* at 58. Accordingly, the Court explained, a district court lacks jurisdiction "to entertain a motion to vacate, alter, or amend a judgment after a notice of appeal [i]s filed." *Id.*

But *Griggs* does not state or imply that the filing of a notice of appeal automatically stays the appealed order or deprives the district court of authority to enforce that order. Indeed, there is abundant legal authority to the contrary. *See Maness*, 419 U.S. at 458; *Kelley*, 45 F.3d at 351 n.5; *Hovey*, 109 U.S. at 161; *see also Park*, 2009 WL 5125670, at *1–2; *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007) ("Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment."). To be sure, Congress has authorized

---

[1] Although it makes no difference in this case, it is worth noting that the central holding of *Griggs* has since been superseded. Pursuant to the 1993 amendments to Rule 4(a)(4), "a notice of appeal filed while a Fed.R.Civ.P. 59 motion is pending is no longer a nullity, but, rather, is merely held in abeyance until the motion is resolved." *Leader Nat. Ins. Co. v. Industrial Indem. Ins. Co.*, 19 F.3d 444, 445 (9th Cir. 1994).

automatic stays in certain specific legal contexts. *See, e.g.*, 11 U.S.C. § 362(a) (bankruptcy); 8 C.F.R. § 1003.6(a) (immigration). But in ordinary cases, a valid court order will remain effective and enforceable, despite an appeal, unless and until the order is stayed.[2]

Next, although this Court retains limited jurisdiction to enforce the Discovery Order, it cannot modify that Order while an appeal is pending. The Court is therefore somewhat perplexed by Defendants' request. If, as they say, initiating an appeal divests this Court of jurisdiction over the disputed discovery issues, how can Defendants now ask the Court to step back in the ring and modify the Discovery Order? The Court cannot and will not do so.

Finally, Defendants have not shown that they are entitled to a stay pending appeal. Indeed, they have not even expressly asked for one. To be fair, Defendants' request to "extend" the deadlines set in the Discovery Order is functionally similar to a request for a stay pending appeal. Yet, even if the Court liberally construes Defendants' Motion, it cannot find that they have carried their burden of showing that a stay is justified.

---

[2] Defendants also cite *United States v. Sadler* to support their jurisdictional argument. 480 F.3d 932 (9th Cir. 2007). Like *Griggs*, however, *Sadler* addressed a separate and discrete issue, and this Court finds nothing in that decision to support Defendants' assertion that filing a notice of appeal triggers an automatic stay.

**MEMORANDUM DECISION AND ORDER - 6**

First and foremost, Defendants have not shown that they are likely to succeed on appeal.[3] They make only one passing reference to their position on the underlying issues being appealed. *Def.'s Memo. in Supp.* at 3, 131-1. In fact, it is not even clear which aspect(s) of the Discovery Order they intend to challenge before the Ninth Circuit. Without knowing that, at the very least, it is impossible to evaluate Defendants' likelihood of success on appeal. Simply put, it would be absurd for this Court to find a likelihood of success based solely upon the fact that Defendants intend to appeal some unidentified portion of the Discovery Order.

Admittedly, the second stay factor presents a closer question. Defendants note in passing that the harm caused by publicly identifying their execution drug supplier would be irreversible. *Id.* at 4. The Court agrees that the potential prejudice to Defendants is greater here than in other cases involving, for example, information subject to the attorney-client privilege. *See Pl.'s Resp.* at 8–9, Dkt. 132 (discussing *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 103 (2009)). As explained in this Court's prior Memorandum Decision and Order (Dkt 88), requiring Defendants to identify their supplier would likely "make it more difficult—or

---

[3] To be clear, this requirement is relatively lenient. The Ninth Circuit has held that stay applicants do not need to show that they are "more likely than not" to succeed on appeal. *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). "[A]t a minimum," a stay applicant must show that "she has a substantial case for relief on the merits." *Id.*

impossible—to obtain execution drugs in the future." *Id.* at 22. The potential prejudice to Defendants therefore extends beyond this litigation alone.

Finally, Defendants leave the third and fourth stay factors almost entirely unaddressed. *See generally Def.'s Memo. in Supp.*, Dkt. 131-1. Because the Court will deny their Motion for other reasons—namely, the lack of any request for a stay and Defendants' failure to address the first and primary stay factor—the Court need not analyze the last two factors at this time.

In sum, the Court is not ruling out the possibility that a stay pending appeal is appropriate under these circumstances. But Defendants have not asked for one, and, in any case, have not carried their burden of showing that the stay factors justify one. The Court will therefore deny Defendants' Motion (Dkt. 131) without prejudice to the filing of a motion for stay pending appeal.

## ORDER

**IT IS ORDERED that** Defendants' Motion to Extend Time to Comply With Disclosures Ordered by the Court in Docket 123 (Dkt. 131) is **DENIED**.

DATED: April 26, 2024

B. Lynn Winmill
U.S. District Court Judge