Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho, 702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:  Jonah_Horwitz@fd.org; Christopher_M_Sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700; Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1650 Market Street, Suite 500
Philadelphia, PA 19103
Telephone: (215) 656-2438
ECF: sarah.kalman@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**  )  <br>  ) <br> Plaintiff,   ) <br> v.  ) <br>   ) <br> **JOSH TEWALT, et al.,**  ) <br>   ) <br> Defendants.  ) <br>   ) <br> _____ ) | CASE NO. 1:21-cv-00359-BLW <br><br> **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE EVIDENCE** |

For the reasons set forth below, and pursuant to 28 U.S.C. § 1651, Plaintiff

Gerald Ross Pizzuto, Jr., respectfully asks the Court to enter an order precluding the

MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE – Page 1

defendants from destroying evidence favorable to Mr. Pizzuto by executing Thomas Eugene Creech during the pendency of the instant litigation.

I. **Argument**

Given the botched execution attempted by the defendants on February 28, 2024, Mr. Creech is a uniquely singular witness in Mr. Pizzuto's case. The defendants should not be permitted to destroy evidence unfavorable to them by executing Mr. Creech while Mr. Pizzuto's case is pending.

In general, litigants have a "duty to preserve material evidence[.]" *Silvestri v. GMC*, 271 F.3d 583, 591 (4th Cir. 2001); *see also Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998).[1] This duty is recognized by both state and federal statutes, *see, e.g.*, Idaho Code § 18-2603 (prohibiting willful destruction of evidence); *see also* 18 U.S.C. § 1512 (prohibiting killing a witness), as well as the Idaho Rules of Professional Conduct, I.R.P.C. 3.4. However, in the event a litigant does not fulfill their duty to preserve evidence—or if there is concern a litigant will fail to fulfill their duty—federal courts may step in.

Federal courts have "the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Additionally, "[u]nder the All Writs Act, 28 U.S.C. § 1651, all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and

---

[1] Unless otherwise noted, all internal quotation marks and citations are omitted, and all emphasis is added.

MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE – Page 2

agreeable to the usages and principles of law." *Hall v. Davis*, Case No. 1:18-cv-00218, 2022 WL 16574136, at *2 (D. Idaho Nov. 1, 2022). Thus, federal courts may order litigants to preserve evidence in appropriate cases. *Id.* at *6–7. Such an order is appropriate in this case.

Relying on *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429 (W.D. Penn. 2004), this Court has previously applied the following three-factor balancing test to evidence preservation requests:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

*Hall*, 2022 WL 16574136 at *6. As discussed below, each of these three factors weighs heavily in Mr. Pizzuto's favor. Accordingly, this Court should grant his request and order the defendants not to destroy evidence by executing Mr. Creech.

**A. There is risk of destruction absent a preservation order.**

The first factor weighs heavily in Mr. Pizzuto's favor. In the absence of an order directing the defendants to preserve evidence, there is a danger that they will attempt to execute Mr. Creech a second time. The day after the botched execution attempt, Defendant Tewalt told the Idaho House Judiciary Committee that the Idaho Department of Correction ("IDOC") was "looking for . . . secondary methods and

alternatives" to the process used during the botched attempt, "as it relates to lethal injection with Mr. Creech specifically[.]" Ex. 1 at 7.

The defendants are currently in the process of revising the execution protocol. Ex. 2 at 17. Although they maintain they will not attempt another execution before the revision of the execution protocol is complete, *id.*, the defendants have informed Mr. Pizzuto that they have obtained new execution drugs, *id.* at 7, and continue to seek to acquire more, *id.* Further, because Defendant Tewalt retains broad discretion as to revising the execution protocol, *see Pizzuto v. Idaho Dep't of Corr.*, 508 P.3d 293, 294–97 (Idaho 2022), the decision as to when a revised protocol will be completed— and thus when an execution may proceed—is entirely under the defendants' control.

While these facts imply a danger that the defendants intend to execute Mr. Creech sooner rather than later, the information should also be considered in the context in which IDOC views the role of the botched execution in this lawsuit. The defendants maintain that the botched execution attempt is "unique to Mr. Creech" and, as such, is "not relevant" to Mr. Pizzuto's lawsuit. Ex. 2 at 2. The defendants' erroneous perspective means that they likely do not believe it is their duty to preserve Mr. Creech as material evidence in this lawsuit. *See Silvestri*, 271 F.3d at 591 (explaining that litigants have a "duty to preserve material evidence" during litigation). Accordingly, the Court should be concerned that, without a preservation order, the defendants will seek to execute Mr. Creech and thus destroy evidence favorable to Mr. Pizzuto. Therefore, the first factor weighs heavily in Mr. Pizzuto's favor.

MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE – Page 4

**B. Absent an order, Mr. Pizzuto will likely be irreparably harmed.**

The second factor also tips in Mr. Pizzuto's favor. If the defendants execute Mr. Creech, Mr. Pizzuto will likely be irreparably harmed. Mr. Creech is a singularly unique witness to the botched execution attempt of February 28, 2024. Contrary to the defendants' assertion, the circumstances surrounding the botched execution are highly relevant to the issues in the instant case.

Simply because "Mr. Creech's medical condition is different from [Mr. Pizzuto's] condition[,]" Ex. 2 at 2, does not render Mr. Creech's experience irrelevant to Mr. Pizzuto's case. The execution team tried and failed—multiple times—to establish vein access during the attempted execution of Mr. Creech. These failures make it more likely that the execution team will fail to access Mr. Pizzuto's veins during an execution, which is a component of his claim. *See* Dkt. 13 at 18–19. Mr. Creech's experience on the execution table is thus relevant here; it is that simple.

Even if that weren't enough on its own, the defendants made Mr. Creech's experience relevant due to their responses in their Answer. For example, the defendants there denied "that IDOC staff will make serious mistakes during [Mr. Pizzuto's] execution or subject him to a torturous death" due to those mistakes. Dkt. 16 at 8. The defendants also denied that the execution team members lacked the training to administer the execution chemicals "while accurately evaluating the possibility that the inmate is conscious, sensate, or in pain when the individual has the kind of complicated medical status that Mr. Pizzuto does." *Compare* Dkt. 13 at 28, *with* Dkt. 16 at 11.

MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE – Page 5

Mr. Creech had a front row seat to the preparation for and attempted execution on February 28, 2024. He is a witness to the execution team assessing his veins prior to the execution attempt. Ex. 2 at 15. He is a witness to everything that occurred in the execution chamber on February 28 from the condemned's point of view. The testimony of a witness so close to the entire process would be instrumental in a determination of whether the execution team made "serious mistakes" during the botched execution attempt, which is highly relevant to whether such mistakes will also be made at Mr. Pizzuto's execution. Additionally, only Mr. Creech knows the full extent of the pain and suffering he felt that day, as the members of the execution team—the same people that remain on the team, Ex. 2 at 12–13—attempted multiple times to establish vein access. As such, his testimony is indispensable to this Court determining whether the execution team members adequately detected whether Mr. Creech was in pain during the botched execution, which is highly relevant to whether the execution team would be able to accurately assess Mr. Pizzuto's pain level during a subsequent execution attempt. Given this background, it is clear that Mr. Creech's testimony regarding the botched execution attempt will aid this Court in making its ultimate determination on Mr. Pizzuto's claims—regardless of whether Messrs. Creech and Pizzuto share the same medical condition.

In the same regard, it is significant that while the two men do not have all of the same ailments, they are alike in one key respect: old age. Mr. Pizzuto is 68 years old, and Mr. Creech is 73. A recent report found age to be a major factor in whether an execution is botched or not. *See Lethal Injection in the Modern Era: Cruel, Unusual*

*and Racist*, Reprieve.org (April 2024), https://reprieve.org/wp-content/uploads/sites/2/2024/04/2024_04_17_PUB-Botched-lethal-injection-report-FINAL.pdf at *9. The two are consequently situated quite similarly in many ways, further underscoring how central a witness Mr. Creech is to Mr. Pizzuto's case.

If the defendants are permitted to destroy Mr. Pizzuto's opportunity to present this Court with the testimony of Mr. Creech by executing him, Mr. Pizzuto faces irreparable harm. Without Mr. Creech's testimony regarding the events leading up to and through the botched execution attempt, Mr. Pizzuto will be hamstrung in proving his claims. Without Mr. Creech's testimony, the defendants can simply assert, as they previously have, that the execution team will make no mistakes during Mr. Pizzuto's execution. *See, e.g.*, Dkt. 16 at 8. Deprived of Mr. Creech's testimony, the defendants' assertions would be more difficult to challenge, potentially leading to the erroneous dismissal of Mr. Pizzuto's claims.[2] If that happens, Mr. Pizzuto will be subjected to an unconstitutional execution, a harm which has no remedy.

Additionally, once the defendants complete their revision of the execution protocol, and as further discovery becomes available, there may be additional questions Mr. Pizzuto will need to ask Mr. Creech. Mr. Pizzuto has no way of knowing

---

[2] Notably, the defendants made the same assertion in Mr. Creech's Eighth Amendment lawsuit, calling Mr. Creech's vein-access concerns "unfounded" and stating that "medical professionals of all levels [are] able to easily and routinely insert IVs in persons of similar age and medical conditions, e.g., nursing homes." *See Creech v. Tewalt*, D. Idaho, Case No. 1:20-cv-114, Dkt. 132 at 16. Yet despite the defendants' assurances, the execution team could not manage to establish vein access a mere two weeks later.

MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE – Page 7

which parts of the current protocol the defendants will retain or alter, and thus no way of predicting what he would need to ask Mr. Creech on the stand at trial.

The same is true with respect to discovery. Mr. Pizzuto is actively seeking information from the defendants in this case regarding the failed execution of Mr. Creech. *See, e.g.*, Ex. 2; Dkts. 90, 123. As counsel review such materials, they will gain far greater insight into the events of February 28, and by the same token will be able to question Mr. Creech more knowledgeably if and when he testifies in the present case.

Considering the irreparable harms likely to result to Mr. Pizzuto absent an order directing preservation, the second factor weighs heavily in Mr. Pizzuto's favor.

**C. The defendants are more than capable of preserving the evidence.**

Additionally, the third and final factor weighs in Mr. Pizzuto's favor. Mr. Creech has been on death row in Idaho for decades. *See State v. Creech*, 670 P.2d 463 (Idaho 1983). Mr. Creech has been and continues to be completely within the defendants' control. Thus, to preserve the evidence Mr. Pizzuto requests, all the defendants need do is continue on as they have for the past 40-plus years and keep Mr. Creech alive and confined.

Because the defendants are more than capable of maintaining the evidence at issue, this factor—like the other two factors—weighs heavily in favor of Mr. Pizzuto. Accordingly, this Court should enter a preservation order, precluding the defendants from executing Mr. Creech while Mr. Pizzuto's case is pending.

MEMORANDUM IN SUPPORT OF MOTION TO PRESERVE – Page 8

## II. Conclusion

In light of the above, Mr. Pizzuto respectfully asks that this Court enter an order directing the defendants to preserve evidence important to his case by not again attempting to execute Mr. Creech during the pendency of the instant case.

DATED this 3rd day of May 2024.

>  */s/ Jonah J. Horwitz*
> Jonah J. Horwitz
> Christopher M. Sanchez
> Federal Defender Services of Idaho
>
> */s/ Stanley J. Panikowski*
> Stanley J. Panikowski
> Sarah E. Kalman
> DLA PIPER LLP (US)
>
> *Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
krschind@idoc.idaho.gov

Mary Karin Magnelli
kmagnell@idoc.idaho.gov

Michael Elia
mje@melawfirm.net

>  */s/ Julie Hill*
> Julie Hill