Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:   Jonah_Horwitz@fd.org
       Christopher_M_Sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700; Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1650 Market Street, Suite 500
Philadelphia, PA 19103
Telephone: (215) 656-2438
ECF: sarah.kalman@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**     )<br>                                                         )<br>           Plaintiff,                              )<br>v.                                                    )<br>                                                         )<br>**JOSH TEWALT, et al.,**                )<br>                                                         )<br>           Defendants.                         )<br>                                                         )<br>_____ ) | CASE NO. 1:21-cv-00359-BLW<br><br>**THIRTEENTH STIPULATION TO MODIFY SCHEDULING ORDER DEADLINES** |

Through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16(b)(4), the parties hereby stipulate to modify the deadlines set forth in the Court's most recent scheduling order for the reasons summarized below. *See* Dkt. 144.

The parties are actively engaged in ongoing discovery, and several requests have not yet been responded to. Certain discovery disputes exist that require litigation and potentially mediation, a process that is in progress, *see, e.g.*, Dkts. 121, 127, 128, 134, 135, and which the parties expect to continue. There is also now pending an appeal at the Ninth Circuit in which the defendants are challenging this Court's ruling on a motion to compel discovery. *See Pizzuto v. Tewalt*, 9th Cir., No. 24-2275.

The parties specifically stipulate that the modifications requested herein are appropriate given the present status of Plaintiff's execution, including the stay of execution the Court entered in a separate case—*Pizzuto v. Richardson*, Case No. 1:22-cv-452—on March 9, 2023 and the preliminary injunction that it entered in *Pizzuto v. Tewalt*, Case No. 1:23-cv-081. The parties specifically stipulate and agree the Court should find good cause for the modification in this case in light of ongoing discovery and discovery-related disputes.

The parties acknowledge that Plaintiff has, as the Court directed during the informal discovery dispute conference held April 3, 2023, submitted a list of questions to Defendants relating to the chemicals to be used at Mr. Pizzuto's execution in an attempt to resolve outstanding discovery disputes related to the Idaho executions conducted in 2011 and 2012. *See* Dkt. 85-1 at 4–5. Defendants responded to

Plaintiff's questions on October 23, 2023. The parties intend to continue to engage in good faith efforts to resolve this issue. The parties specifically agree that if the parties are unable to informally resolve this issue, Plaintiff may file a motion to compel, and Defendants reserve the right to defend against any such motion. The parties specifically agree to not raise any adverse implication related to any delay associated with the parties' efforts to informally resolve the outstanding issue. The parties agree that, if Plaintiff is successful on his motion, Plaintiff will be entitled to seek limited discovery as ordered by the Court or as agreed to by the parties. The parties agree that if the Court issues its ruling on such a motion near in time to, or after the date proposed below for the close of factual discovery, Plaintiff may conduct any or all of his depositions within forth-five days after the date of the Court's ruling, or as otherwise agreed to by the parties or as ordered by the Court.

The parties are also in discussions concerning a proposed deposition of the medical team leader. Plaintiff submitted his proposal to Defendants on December 18, 2023. Defendants are preparing their response and expect to submit it to Plaintiff soon. The parties agree to continue to engage in good faith efforts to resolve this issue. The parties specifically agree that if the parties are unable to informally resolve this issue, the parties may litigate the matter. The parties agree not to raise any adverse implication related to any delay associated with the parties' efforts to informally resolve this outstanding issue concerning the medical team leader deposition. The parties agree that if the parties litigate the deposition issue, Plaintiff

may conduct the deposition within forty-five days after the date of the Court's ruling, or as otherwise agreed to by the parties or as ordered by the Court.

By way of this stipulation, the parties agree that each party retains and preserves any right or remedy available to it under the Federal Rules of Civil Procedure. The parties agree that any delays related to the parties' attempts to informally resolve discovery disputes will not be used as evidence to argue against either party's diligence in conducting discovery related to the disputed issues, limit either party's right to move the Court for relief as appropriate, or to prejudice either party in any way. Further, the parties acknowledge that the requested modification of the scheduling order may give rise to certain inferences regarding the parties' respective approach to this litigation. Defendants do not concede or agree to any adverse implication arising from their stipulation to the modifications. Furthermore, by entry of this Stipulation, Defendants do not make any representation or concession regarding the possible reissuance of a death warrant in *State v. Pizzuto,* Idaho County Case No. CR-1985-22075, or the Idaho Department of Correction's ability to carry out an execution. Defendants retain all defenses and arguments related to their transparency and diligence in the defense of this case. And Plaintiff reserves the right to seek expedited discovery and whatever other measures become necessary if a new death warrant is signed.

Therefore, based on the foregoing, the parties respectfully request that the Court enter an order modifying the discovery and dispositive motion deadlines by extending each date by thirty days as follows:

- Cut-off for factual discovery and deadline for the plaintiff's expert disclosures: July 15, 2024.

- Deadline for the defendants' expert disclosures: July 22, 2024.

- Deadline for the plaintiff's disclosure of rebuttal experts: August 9, 2024.

- Cut-off for all expert discovery: August 21, 2024.

- Dispositive motion deadline: September 16, 2024.

DATED this 12th day of June 2024.

| | |
|---|---|
| */s/ Kristina M. Schindele* | */s/ Jonah J. Horwitz* |
| Kristina M. Schindele | Jonah J. Horwitz |
| Deputy Attorney General | Federal Defender Services of Idaho |
| Attorney for Defendants | Attorney for Plaintiff |