RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR**., | |
| Plaintiffs, | Case No. 1:21-CV-359-BLW |
| v. | ANSWER TO SECOND AMENDED COMPLAINT (Dkt. 153) |
| **JOSH TEWALT**, Director, Idaho Department of Correction in his official capacity; **RANDY VALLEY**, Warden, Idaho Maximum Security Institution, in his official capacity; **LIZ NEVILLE**, Deputy Chief of Prisons, Idaho Department of Correction, in her official capacity, | |
| Defendants. | |

Defendants Josh Tewalt, Director, Idaho Department of Correction, Randy Valley,

Warden, Idaho Maximum Security Institution, and Liz Neville, Deputy Chief of Prisons, (hereafter collectively referred to as "Defendants") by and through their counsel of record, the Idaho Attorney General's Office, hereby submit Defendants' Answer to Second Amended Complaint for Equitable, Declaratory and Injunctive Relief (Dkt. 153) in this matter as follows:

Unless specifically admitted in this Answer, Defendants deny all factual and legal allegations set forth in the Second Amended Complaint that require a response.

## I.      Nature of the Action

1.      Admitted to the extent that Plaintiff is subject to a judgment and sentence imposing a sentence of death in Idaho County, Idaho, case number CR-1985-22075, filed May 27, 1986, and has filed the instant Amended Complaint. Defendants deny that Plaintiff has stated a claim upon which relief can be granted with respect to the claims asserted in this paragraph.

2.      Paragraph 2 is admitted.

## II.      Justiciable Case or Controversy

3.      Paragraph 3 is denied.

4.      Paragraph 4 calls for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegation.

## III.      Jurisdiction and Venue

5.      With respect to Paragraph 5, Defendants admit that Plaintiff has filed the instant Amended Complaint under the cited statute and Constitutional provisions.

6.      Paragraphs 6-9 are admitted.

## IV.      Parties

7.      Paragraph 10 is admitted.

8.      Paragraph 11 is admitted to the extent that Plaintiff has been committed to the

custody of the State Board of Correction, which operates by and through the Department of Correction.

9.     Paragraphs 12 and 13 are admitted.

10.     Paragraph 14 is admitted to the extent that Idaho Code § 19-2705 directs the death warrant be directed and delivered to the Director, Idaho Code § 19-2715 requires the Warden to execute the judgment of death, and Idaho Code § 19-2716 provides that the Director "shall determine the procedures to be used in any execution."

11.     Paragraphs 15-17 are admitted.

12.     Paragraph 18 is admitted to the extent that the Warden assigned to IMSI serves as the official executioner for inmates under a sentence of death in Idaho.

13.     Paragraph 19 is admitted.

14.     With respect to Paragraph 20, Defendants admit that the Administrative Team is responsible for coordinating the training, rehearsals and performance of the IDOC Medical Team. Defendants admit Deputy Chief Neville monitors the training, rehearsals and performance of the Medical Team.

15.     With respect to Paragraph 21, Defendants admit that the Administrative Team responsible for verifying the professional qualifications of the IDOC Medical Team Members. Defendants admit Deputy Chief Neville confirms the qualifications and reports to the Administrative Team.

16.     Defendants admit Paragraph 22 to the extent IDOC SOP 135.02.01.001 defines the IDOC Medical Team's duties as "inserting IV catheters, ensuring the line is functioning properly throughout the procedure, mixing the chemicals, preparing the syringes, monitoring the condemned person (including the level of consciousness), and administering the chemicals as

described in *Execution Chemicals Preparation and Administration*."

17.     With respect to Paragraph 23, Defendants admit the Administrative Team is responsible for consulting with the IDOC Medical Team to ensure all equipment and medical supplies necessary to conduct the execution is on site, immediately available for use, functioning properly and not expired. Defendants admit Deputy Chief Neville is tasked to confirm that equipment is available for the execution.

18.     With respect to Paragraph 24, Defendants admit the Administrative Team is responsible for ensuring that equipment used during an execution is in working order. Defendants admit Deputy Chief Neville is tasked with confirming that equipment is available for the execution.

19.     Paragraph 25 is admitted.

20.     Paragraphs 26-29 are admitted.

**V.     General Factual Allegations**

21.     Paragraph 30 does not require an admission or denial. To the extent a response is deemed necessary, Defendants incorporate their corresponding responses.

22.     Paragraphs 31 and 32 are admitted.

23.     With respect to Paragraph 33, Defendants admit a state court judge issued Death Warrants in *State of Idaho v. Gerald Ross Pizzuto, Jr.*, Idaho County Case Number CR-1985-22075, on May 6, 2021; November 16, 2022; and February 24, 2023.

24.     Defendants admit Paragraph 34.

25.     With respect to Paragraph 35, in the event an authorized court issues another Death Warrant, Defendants admit they will comply with their constitutional and statutory duties to carry out an execution as directed by the duly entered Death Warrant.

26.     With respect to Paragraph 36, Defendants admit Idaho Code § 19-2716 provides,

"The punishment of death shall be inflicted by continuous, intravenous administration of a lethal quantity of a substance or substances approved by the director of the Idaho department of correction until death is pronounced by a coroner or a deputy coroner."

27.     With respect to Paragraph 37, Defendants admit Idaho Code § 19-2716 provides the Director "shall determine the procedures to be used in any execution."

### A.     Procedural History

28.     Paragraph 38 is admitted.

29.     With respect to paragraph 39, Defendants admit that the Director approved Standard Operating Procedure ("SOP") 135.02.01.001 on March 30, 2021, where said document represents version 4 since its adoption in 1998 (hereinafter "Protocol").

30.     Paragraph 40 does not require an admission or denial.

### B.     General Problems with Executions

31.     Paragraph 41 states a factual and legal conclusion to which no response is required. To the extent a response is necessary, any factual allegations are denied.

32.     Paragraph 42 states a factual and legal conclusion to which no response is required. To the extent a response is necessary, any factual allegations are denied.

33.     Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is necessary, any factual allegations are denied.

34.     Paragraph 44 states a factual and legal conclusion to which no response is required. To the extent a response is necessary, any factual allegations are denied. Further, Defendants deny.

### 1.     Other States' Use of Unreliable Sources for Execution Drugs

35.     Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions in paragraphs 45-60, and therefore they are denied.

ANSWER TO SECOND AMENDED COMPLAINT – Page 5

36.     Defendants are without sufficient knowledge to admit or deny the allegation about other states' execution practices in paragraph 61, and therefore it is denied. Paragraph 61 states factual and legal conclusions regarding Idaho's execution practices to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants deny Plaintiff will suffer an execution in violation of the Eighth Amendment.

## 2.     IDOC'S Conduct in 2011 and 2012

37.     Paragraphs 62-63 are admitted.

38.     With respect to Paragraph 64, Defendants admit Mr. Zmuda was appointed and served as the Deputy Director in 2018 and 2019.

39.     With respect to Paragraph 65, Defendants deny that Mr. Zmuda served as the Deputy Director in 2008 and 2009. Defendants further deny that trial proceedings in *Cover v. Idaho Bd. of Corr.*, Ada County Case Number CV01-18-3877, occurred in 2008 and 2009.

40.     Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 66 about the substance or content of Mr. Zmuda's testimony in *Cover*, and therefore they are denied. Defendants admit the compounding pharmacy from whom chemicals were obtained in Mr. Leavitt's execution is no longer a viable source of chemicals.

41.     Paragraph 67 states a factual and legal conclusion to which no response is required. To the extent a response is necessary, any factual allegations are denied.

42.     In answering Paragraphs 68-81, Defendants state that the prior execution of Richard Leavitt is not at issue in this case. Therefore, Defendants do not believe any answer is required with respect to these allegations. To the extent a response is necessary, Defendants deny these allegations. Defendants specifically deny that IDOC staff engaged in misconduct with respect to Mr. Leavitt's execution.

43.     In answering Paragraph 82, Defendants admit Kevin Kempf served as the IDOC Director from December 2014 to December 2016. Defendants also admit Defendant Tewalt has served as the IDOC Director from December 1, 2018, to the present. Defendants deny any inference that either appointment was related to the involvement of Mr. Kempf or Defendant Tewalt in the execution of Mr. Leavitt.

44.     Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraphs 83-85, and therefore they are denied.

45.     Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraphs 86-88, and therefore they are denied. Defendants specifically denied that the chemicals used in Mr. Leavitt's execution were not stored in a safe and appropriate manner.

46.     Paragraphs 89-91 are admitted.

47.     With respect to Paragraphs 92-93, Defendants admit Mr. Kempf has served as the Executive Director of the Correctional Leaders Association since December 2016.

48.     Defendants are without sufficient knowledge to admit or deny the allegations about Correctional Leaders Association contained in Paragraph 94, and therefore they are denied.

49.     Paragraph 95 is admitted.

50.     With respect to Paragraph 96, Defendants deny that IDOC staff engaged in misconduct with respect to Mr. Leavitt's execution. Further, Defendants deny they will acquire unreliable chemicals for use in Plaintiff's execution.

51.     Paragraph 97 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that IDOC obtained chemicals from questionable sources related to the

executions of Mr. Rhoades or Mr. Leavitt.

52.    In answering Paragraphs 98-105, Defendants state that prior communications with Chris Harris are not at issue in this case. Therefore, Defendants do not believe any answer is required with respect to these allegations. To the extent a response is necessary, Defendants deny these allegations. Defendants admit Mr. Harris has not provided chemicals to IDOC for use in executions.

53.    Paragraph 106 is admitted.

54.    Defendants are without sufficient knowledge to admit or deny the allegations about Kimela Burkes and Union Avenue Compounding Pharmacy contained in Paragraphs 107-110, and therefore they are denied.

55.    Paragraphs 111 and 112 are admitted.

56.    Paragraph 113 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

57.    Defendants are without sufficient knowledge to admit or deny the allegations about University Pharmacy contained in Paragraphs 114-123, and therefore they are denied.

58.    With respect to Paragraph 124, Defendants admit Professional Compounding Centers of America (PCCA) completed testing of the compounded pentobarbital used in the 2011 execution of Paul Ezra Rhoades and the 2012 execution of Richard Leavitt.

59.    With respect to Paragraphs 125-127, Defendants admit only that neither counsel for Mr. Rhoades nor counsel for Mr. Leavitt reviewed the test results for the compounded pentobarbital used in their respective clients' executions. Defendants further admit only that neither counsel for Mr. Rhoades nor counsel for Mr. Leavitt requested to review the test results. Defendants deny any inference that the compounded pentobarbital was not tested or that the test

results were not available for review in 2011 and 2012.

60.     Defendants are without sufficient knowledge to admit or deny the allegations about PCCA and Eagle Analytics contained in Paragraphs 128-133, and therefore they are denied.

### C.     Human Error at Executions

61.     Paragraph 134 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

62.     Defendants deny that IDOC staff will make serious mistakes during Plaintiff's execution or subject him to a torturous death as alleged in Paragraph 135.

63.     Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions contained in Paragraphs 136-151, and they are therefore denied.

64.     Defendants are without sufficient knowledge to admit the allegations about IV access and lines contained in Paragraphs 152-154, and the same are therefore denied.

65.     Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions contained in Paragraphs 155-158, and the same are therefore denied.

## VI.   Claims

### A.     Claim One – The Use of Compounded Pentobarbital at Mr. Pizzuto's Execution Violates the Eighth Amendment

#### 1.     Mr. Pizzuto's Health Concerns

66.     Paragraph 159 contains no factual allegations or legal conclusions. To the extent that it incorporates statements and allegations set forth elsewhere in the Amended Complaint, those allegations have been addressed.

67.     Paragraph 160 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants

specifically deny that IDOC's execution protocol poses a substantial risk of serious pain and suffering.[1] Further, Defendants deny Plaintiff will suffer an execution in violation of the Eighth Amendment.

68.     Paragraph 161 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

69.     Paragraph 162 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

70.     Paragraph 163 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that the use of pentobarbital creates a risk of cruelly superadding pain during Plaintiff's execution.

71.     Defendants are without sufficient knowledge to admit or deny the allegations about Plaintiff's health concerns contained in Paragraphs 164-166, and therefore they are denied.

### a.     Mr. Pizzuto's Heart Condition

72.     Defendants are without sufficient knowledge to admit or deny the allegations about Plaintiff's heart condition contained in Paragraphs 167-170, and therefore they are denied.

73.     Paragraph 171 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that use of pentobarbital during Plaintiff's execution creates a substantial risk of serious harm.

---

[1]Defendants note that United States Supreme Court precedent requires Plaintiff to establish (1) the existence of a "known and available alternative method of execution" to IDOC's legal injection protocol and (2) that the alternative would "significantly reduce a substantial risk of severe pain" in contrast to IDOC's protocol. *Glossip v. Gross*, 576 U.S. 863, 877-78 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 52 (2008)). At various points in this Amended Complaint, Plaintiff occasionally characterizes an improper legal standard. Regardless, in response to this Amended Complaint, Defendants specifically deny IDOC's execution protocol creates a substantial risk of severe pain as prohibited by the Eighth Amendment.

ANSWER TO SECOND AMENDED COMPLAINT – Page 10

74.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraphs 172-184, and therefore they are denied.

75.     Paragraphs 185 and 186 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that Plaintiff will experience cruel and unusual pain and suffering during his execution.

76.     With respect to Paragraph 187, Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions, and therefore they are denied. Defendants specifically deny that Plaintiff faces a risk of cruel and unusual pain and suffering during his execution.

77.     Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions contained in Paragraphs 188-193, and therefore they are denied.

78.     Paragraph 194 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that use of pentobarbital during Plaintiff's execution creates a significant risk of pain greater than that to be otherwise expected incidental to the mechanism of death.

79.     Defendants are without sufficient knowledge to admit or deny the allegations about Plaintiff's diabetes condition contained in Paragraphs 195-204, and therefore they are denied.

80.     Paragraph 205 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that use of pentobarbital during Plaintiff's execution creates a significant risk of pain greater than that to be otherwise expected incidental to the mechanism of death.

81.     Defendants are without sufficient knowledge to admit or deny the allegations about

Plaintiff's hypertension contained in Paragraphs 206-209, and therefore they are denied.

82.     Paragraph 210 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that use of pentobarbital during Plaintiff's execution creates a risk of pain greater than that to be otherwise expected incidental to a death.

### b.     Mr. Pizzuto's Medication History

83.     Paragraph 211 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that the use of pentobarbital during Plaintiff's execution creates a substantial risk of serious harm.

84.     Defendants are without sufficient knowledge to admit or deny the allegations about Plaintiff's medication history contained in Paragraphs 212-221, and therefore they are denied.

85.     Paragraphs 222-23748 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that Plaintiff would suffer significant additional pain during his execution.

### c.     Mr. Pizzuto's Veins.

86.     Paragraphs 238 and 239 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that Plaintiff's venous access creates a substantial risk of serious harm.

87.     With respect to Paragraph 240, Defendants admit Thomas Creech was secured in the execution chamber on February 28, 2024.

88.     With respect to Paragraphs 241 and 242, Defendants admit that the IDOC Medical Team attempted to attain venous access and insert intravenous catheters at approximately eight

locations on Mr. Creech's body. Defendants admit these attempts were not successful. Defendants

deny any inference that the IDOC Medical Team caused Mr. Creech to suffer significant pain.

89.    Defendants are without sufficient knowledge to admit or deny the allegations

contained in Paragraphs 243-244, and therefore they are denied.

90.    With respect to Paragraph 245, Defendants admit IDOC Medical Team Members

designated M2-M7 continue to serve on the IDOC Medical Team.

91.    With respect to Paragraph 246, Defendants admit Deputy Chief Neville is tasked to

confirm that the IDOC Medical Team receives adequate training, written instruction, and practice.

92.    Paragraph 247 is admitted.

93.    With respect to Paragraphs 248-250, Defendants admit that Defendants Tewalt,

Valley, and Neville do not have formal medical or pharmaceutical education or experience beyond

the education or experience they have received based on their current positions with IDOC.

94.    Defendants are without sufficient knowledge to admit or deny the allegations about

venous access contained in Paragraphs 251-252, and therefore they are denied.

95.    With respect to Paragraph 253, Defendants admit Plaintiff was born in 1956.

96.    Defendants are without sufficient knowledge to admit or deny the allegations

contained in Paragraphs 254-255, and therefore they are denied.

97.    Paragraph 256 is denied.

98.    Paragraphs 257-260 contain factual and legal conclusions to which no response is

required. To the extent a response is necessary, any factual allegations are denied. Defendants

specifically deny any inference that the events that occurred on February 28, 2024, with respect to

Mr. Creech create a substantial risk of serious harm to Plaintiff during Plaintiff's execution.

99.    Defendants are without sufficient knowledge to admit or deny the allegations about

other states contained in Paragraphs 261 and 262, and therefore they are denied.

100.     Paragraph 263 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny any allegation or inference that IDOC engaged in flawed execution processes on February 28, 2024, or is attempting to avoid accountability for the events that occurred on February 28, 2024.

101.     Paragraphs 264-269 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny any inference that venous access to Plaintiff creates a substantial risk of serious harm to Plaintiff or violates the Eighth Amendment.

102.     Defendants are without sufficient knowledge to admit or deny the allegations about Mr. Creech's actions, thoughts and feelings contained in Paragraphs 270 and 271, and therefore they are denied.

### 2.      Problems with the Protocol

103.     Paragraph 272 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that Plaintiff will suffer an execution in violation of the Eighth Amendment.

104.     Paragraph 273 is admitted to the extent IDOC SOP 135.02.01.001 defines the Medical Team's duties as "inserting IV catheters, ensuring the line is functioning properly throughout the procedure, mixing the chemicals, preparing the syringes, monitoring the condemned person (including the level of consciousness), and administering the chemicals as described in *Execution Chemicals Preparation and Administration*.

105.     Paragraph 274 is admitted to the extent IDOC SOP 135.02.01.001 requires

members of the Medical Team to have:

>     *       At least three years of medical experience as an emergency medical
> technician (EMT), licensed practical nurse (LPN), military corpsman,
> paramedic, phlebotomist, physician assistant, physician, registered nurse
> (RN), or other medically trained personnel including those trained in the
> United States military.
> • Have current venous access proficiency, current pharmacodynamics
> proficiency (i.e., understand medical orders, can read, and understand
> medical labels, draw medications, and deliver medications through either
> an injection or IV), and be certified in CPR

106.    Paragraphs 275 and 276 are denied.

107.    In answering Paragraphs 277-278, Defendants admit that the current protocol does not require that any member of the IDOC Medical Team be a physician or an anesthesiologist.

108.    In answering Paragraph 279, Defendants admit that the current composition of the Medical Team does not include a practicing anesthesiologist.

109.    In answering Paragraphs 280 and 281, Defendants deny that Medical Team members designated M2-M7 will insert a central line. Defendants admits IDOC will use an appropriately licensed and credentialed volunteer to insert a central line. Defendants further admit insertion of a central line is within that person's scope of practice. So far, the volunteer who will place the central line has not been given a designation.

110.    Defendants are without sufficient knowledge to admit or deny Paragraphs 282-289, and therefore they are denied.

111.    Paragraph 290 is admitted.

112.    In answering Paragraph 291, Defendants admit IDOC will not use a brain consciousness monitor during Plaintiff's execution.

113.    Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraph 292, and therefore they are denied.

114.    Paragraphs 293-296 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Further, Defendants specifically deny that Plaintiff faces a substantial risk of significant pain or will suffer an execution in violation of the Eighth Amendment.

115.    Paragraphs 297 and 298 are admitted.

116.    Paragraphs 299-303 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Further, Defendants specifically deny that IDOC has engaged in conduct inconsistent with the execution protocol. Defendants further deny that IDOC's execution protocol creates a substantial risk of significant pain.

117.    With respect to Paragraph 304, Defendants admit Idaho Code § 19-2716(6) provides, "The director shall determine the procedures to be used in any execution." Defendants admit the Board of Correction does not make execution procedures rules as set out in Idaho Code § 20-212.

118.     Paragraph 305 contains a factual and legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny any factual allegation.

119.    With respect to Paragraph 306, Defendants admit the Board of Correction met on February 24, 2023, and March 25, 2024.

120.    With respect to Paragraph 307, Defendants admit Idaho Code § 20-207 requires the Idaho Board of Correction to meet no less than quarterly.

121.    With respect to Paragraph 308 and 309, Defendants admit a death warrant for Plaintiff was in effect from February 24, 2023, to March 23, 2023. Defendants admit death warrants for Mr. Creech were in effect from October 12, 2023, to October 19, 2023; and from

January 30, 2024, to February 28, 2024. Defendants admit the IDOC Medical Team attempted to establish venous access for Mr. Creech on February 28, 2024, in an effort to administer a legally imposed death sentence.

122.    Paragraphs 310-313 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegation or inference that the Idaho Board of Correction, or its individual members, are indifferent to their duties.

### 3.    Problems With Visibility

123.    Paragraph 314 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations or inferences that IDOC's execution facilities are flawed.

124.    Paragraph 315 uses the term "directly observe". This term is not defined. As this term is vague, ambiguous, and otherwise uncertain, Defendants do not know what Plaintiff alleges and deny the same. Defendants specifically deny that IDOC's Medical Team will not be able to watch, monitor, or observe the administration of execution chemical to Plaintiff.

125.    Paragraphs 316-320 are admitted.

126.    Paragraph 321 uses the term "remote injection". This term is not defined. As this term is vague, ambiguous, and otherwise uncertain, Defendants do not know what Plaintiff alleges and deny the same. Defendants specifically deny that Plaintiff's execution will occur by "remote injection".

127.    Paragraph 322 contains a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations or inferences that IDOC's execution procedures are not appropriate.

128.    Paragraph 323 uses the term "directly observe". This term is not defined. As this

term is vague, ambiguous, and otherwise uncertain, Defendants do not know what Plaintiff alleges and deny the same. Defendants specifically deny that IDOC's Medical Team will not be able to watch, monitor, or observe the Plaintiff and the venous access sites during Plaintiff's execution.

129. Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraphs 324 and 325, and therefore they are denied. In addition, Paragraph 325 uses the term "direct physical observation". This term is not defined. As this term is vague, ambiguous, and otherwise uncertain, Defendants do not know what Plaintiff alleges and deny the same.

130. Paragraphs 326-330 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations or inferences that the IDOC's execution procedures and execution facilities create a risk that Plaintiff will suffer substantial pain during his execution. In addition, Paragraphs 326 and 327 use the term "direct physical observation". This term is not defined. As this term is vague, ambiguous, and otherwise uncertain, Defendants do not know what Plaintiff alleges and deny the same.

### 4. Problems With A Central Line

131. Paragraph 331 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations or inferences that Plaintiff will suffer an unconstitutional degree of pain and suffering during his execution.

132. Paragraph 332 is admitted.

133. With respect to Paragraph 333, Defendants admit the IDOC Medical Team did not establish venous access and insert intravenous catheters in Mr. Creech on February 28, 2024.

134. Defendants do not have sufficient knowledge to admit or deny the allegations

contained in Paragraphs 334 and 335, and therefore they are denied.

135.    With respect to Paragraph 336, Defendants admit IDOC Medical Team Members designated M2-M7 continue to serve on the IDOC Medical Team.

136.    Paragraphs 337-346 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations.

137.    In answering Paragraph 347, Defendants admit IDOC is renovating its execution unit.

138.    Paragraph 348 uses the term "direct line of sight". This term is not defined. As this term is vague, ambiguous, and otherwise uncertain, Defendants do not know what Plaintiff alleges and deny the same. Defendants specifically deny that witnesses will not be able to watch, monitor, or observe placement of a central line during Plaintiff's execution.

139.    Paragraph 349 is denied.

140.    Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraph 350, and therefore they are denied.

141.    Paragraph 351 is admitted.

142.    Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraphs 352-356, and therefore they are denied.

143.    Paragraph 357 is denied.

144.    Paragraphs 358 and 359 are admitted.

145.    Paragraph 360 is denied.

146.    Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraph 361, and therefore they are denied.

147.    Paragraph 362 is admitted.

148.    Defendants do not have sufficient knowledge to admit or deny the allegations about other states contained in Paragraph 363, and therefore they are denied.

149.    Paragraphs 364 and 365 are admitted.

150.    Defendants do not have sufficient knowledge to admit or deny the allegations about other states contained in Paragraphs 366-376, and therefore they are denied.

151.    Paragraph 377 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants specifically deny that IDOC uses unreliable drugs and Plaintiff will suffer severe pain in violation of the Eighth Amendment during his execution.

### 5.    The Firing Squad

152.    Paragraph 378 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations.

153.    In answering Paragraph 379, Defendants admit Idaho Code § 19-2716(4) provides, "If the director [of the Idaho Department of Correction] does not certify that lethal injection is available, fails to file a certification as required pursuant to subsection (2) of this section, or otherwise determines that lethal injection is unavailable, the method of execution shall be firing squad."

154.    Paragraph 380 is denied.

155.    In answering Paragraph 381, Defendants admit only that Idaho Code § 19-2716 authorizes an execution by firing squad.

156.    Paragraph 382 is denied.

157.    In answering Paragraph 383, Defendants admit Idaho Code § 19-2716(4) provides, "If the director [of the Idaho Department of Correction] does not certify that lethal injection is

available, fails to file a certification as required pursuant to subsection (2) of this section, or otherwise determines that lethal injection is unavailable, the method of execution shall be firing squad." Defendants admit that the Idaho Legislature has authorized the use of a firing squad as a method of execution. Defendants deny that IDOC currently has facilities available to carry out an execution by firing squad.

158.    Defendants do not have sufficient knowledge to admit or deny Paragraph 384, and therefore it is denied.

159.    In answering Paragraphs 385 and 386, Defendants admit IDOC staff have toured Utah's firing squad facilities. Defendants deny all other factual allegations. Defendants do not have sufficient knowledge to admit or deny Paragraphs 387-390 discussing the use of firing squad in other jurisdictions, and therefore they are denied.

160.    Defendants do not have sufficient knowledge to admit or deny Paragraphs 391-393, and therefore they are denied. Further, Paragraphs 391-393 contain legal argument and/or conclusions to which no response is required. To the extent a response is necessary, Defendant deny the factual allegations.

161.    Paragraph 394 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

162.    Defendants admit Paragraphs 395-398 to the extent that IDOC maintains a firearms range and armories and IDOC SOP 507.02.01.011 provides for firearm certification and qualification requirements.

163.    Paragraph 399 is admitted.

164.    Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraphs 400-417, and therefore they are denied. Further, Paragraphs 400-

417contain factual conclusions or opinions as well as legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations.

165.     Paragraphs 418-421 contain legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants also specifically deny that execution by firing squad would significantly reduce any risk of pain compared to IDOC's current execution protocol.

## VII.   Prayer for Relief

166.     To the extent a response is necessary to Plaintiff's Prayer for Relief, Defendants affirm Plaintiff has not and cannot demonstrate a Constitutional violation as asserted in this Second Amended Complaint. Defendants request this case be dismissed.

167.     To the extent a response is necessary to Plaintiff's Prayer for Relief, Defendants respectfully request the Court deny Plaintiff's requests for declaratory judgment and requested injunctive relief as Plaintiff is not entitled to any such relief. Defendants affirm IDOC's execution protocol is Constitutional, and Plaintiff has not and cannot demonstrate any Constitutional violation.

168.     To the extent a response is necessary to Plaintiff's Prayer for Relief, Defendants respectfully request that, in lieu of providing Plaintiff with discovery, an evidentiary hearing and other relief, the Court dismiss this case.

## **<u>DEFENSES</u>**

The Defendants have not been able to engage in sufficient discovery to learn the facts and circumstances relating to the matters described in the Second Amended Complaint and therefore request the Court to permit the Defendants to amend their Answer and assert additional affirmative

defenses or abandon affirmative defenses once discovery has been completed.

### FIRST AFFIRMATIVE DEFENSE

That the Plaintiff's Second Amended Complaint fails to state a cause of action against the Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

That the allegations contained in the Plaintiff's Second Amended Complaint do not rise to the level of a deprivation of rights that are protected by the Constitution or any of the legal provisions referred to in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The Defendants in this matter are immune, or have qualified immunity, to the allegations contained in Plaintiff's Second Amended Complaint, including immunity under the 11th Amendment of the U.S. Constitution, which is not waived.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the extraordinary remedy of equitable relief.

### FIFTH AFFIRMATIVE DEFENSE

All general immunities statutory or otherwise applicable.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust the available administrative remedies, and otherwise failed to comply with available administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

That the Plaintiff has failed to join one or more parties that are indispensable to this proceeding.

ANSWER TO SECOND AMENDED COMPLAINT – Page 23

## <u>EIGHTH AFFIRMATIVE DEFENSE</u>

To the extent Plaintiff is seeking a mandatory injunction, Defendants are entitled to a

fulltrial on the merits of Plaintiff's claims

Respectfully submitted August 9, 2024.

OFFICE OF THE ATTORNEY GENERAL


*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorneys for Defendants

MOORE ELIA KRAFT & STACEY, LLP


*/s/ Tanner J. Smith*
Tanner J. Smith
Attorneys for Defendants

CERTIFICATE OF SERVICE

I certify that on August 9, 2024, I caused to be served a true and correct copy of the foregoing Answer to Second Amended Complaint via CM/ECF Electronic Notification:

Counsel for Plaintiffs:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com


/s/ Kristina M. Schindele

**ANSWER**- 25