Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho Street, Suite 900, Boise, ID 83702-8929
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF: jonah_horwitz@fd.org
　　　christopher_m_sanchez@fd.org

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,** <br><br> Plaintiff, <br><br> v. <br><br> **JOSH TEWALT**, Director, Idaho Dept. of Correction, et al. <br><br> Defendants. | CASE NO. 1:21-cv-359-BLW <br><br> **BRIEF REGARDING LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND SEVENTH MOTION TO COMPEL DISCOVERY** |

  Plaintiff Gerald Ross Pizzuto, Jr. respectfully requests leave to serve Interrogatories 32, 35, and 36 and asks the Court to compel the defendants to respond to them.

  The Court's scheduling order limits the parties to twenty-five interrogatories each. *See* Dkt. 21 at 4; Dkt. 22 at 3. "Good cause" is the standard for both additional interrogatories under Rule 33(a)(1), *see McClellan v. Kern Cnty. Sheriff's Off.*, No. 1:10-cv-386, 2015 WL 5732242, at *1 (E.D. Cal. Sept. 28, 2015), and for modification of the discovery plan, *see United States v. Howe*, No. 2:19-cv-421, 2022 WL 3227736, at *4 n.11 (D. Idaho Aug. 10, 2022). There is good cause here because each of the interrogatories at issue was necessitated by recent developments.

BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL INTERROGATORIES – Page 1

Interrogatory 32 asks the defendants for information related to the revision of their execution protocol.  *See* Ex. 1 at 2.[1]  It was on April 17, 2024 that the Idaho Department of Correction (IDOC) informed Mr. Pizzuto that it was amending the execution protocol.  *See* Dkt. 141-3 at 17.  Interrogatory 35 calls for the defendants to describe their renovation of the execution facilities between February 28, 2024 and the present.  *See* Ex. 1 at 4.  The renovation that the interrogatory deals with did not begin until at least May 2024.  *See* Ex. 2 at 5.  It appears the renovation has been prompted chiefly by IDOC's desire—after botching its attempt to put Thomas Creech to death—to become the first state in the country to move part, or perhaps all, of its executions into a space that witnesses can only see through a closed-circuit television feed.  *See* Ex. 3 at 16; Ex. 4.

Finally, Interrogatory 36 demands that the defendants provide Mr. Pizzuto with information related to central-line executions.  *See* Ex. 1 at 4.  The defendants regarded central line executions as out of the question until IDOC failed to put Mr. Creech to death while seeking access to his peripheral veins.  *See* Dkt. 141-2 at 13.  It was only after that unsuccessful experiment that IDOC has begun exploring in earnest the prospect of a central-line execution.  *See* Ex. 3 at 16.  Indeed, as late as September 3, 2024, IDOC indicated that the construction of the central-line facility was not complete because certain equipment had not yet been delivered.  *See* Ex. 5 at 5.

---

[1] Given the extremely short page limits imposed by the Court on the present brief, *see* Ex. 6, Mr. Creech has not reproduced in full the interrogatories and the responses to them here.  However, Mr. Creech has attached the interrogatories and the responses as Exhibit 1.  Insofar as it is necessary, Mr. Creech respectfully asks the Court to excuse him from strict compliance with Local Civil Rule 37.2.

BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL INTERROGATORIES – Page 2

In short, each of these interrogatories were prompted by events that took place only in recent months, long after the original discovery plan was adopted. As such, there is good cause for all of them and the Court should grant leave to serve them.[2]

The Court should also compel the defendants to respond to the interrogatories. As an initial matter, the defendants' objections to all three interrogatories are inadequately developed. The defendants simply copied and pasted the same identical sentence beneath each interrogatory, in which they asserted without any elaboration that the query "creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case." Ex. 1 at 2. Such "boilerplate objections are presumptively insufficient." *Burlington N. & Santa Fe. Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). IDOC's perfunctory approach is especially inappropriate because it was foreseeable that the Court would again instruct the parties to submit simultaneous briefs on the discovery dispute, as it has done in the past. *See* Dkt. 116-10. Simultaneous briefing deprives Mr. Pizzuto of any ability to engage with the reasoning behind the conclusory discovery objections the defendants have so far tendered. The objections are properly overruled on that basis alone.

If the Court's analysis proceeds further, the result remains the same.

---

[2] Rule 33(a)(1) states that "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." For its part, Rule 26(b)(1) calls for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The provision takes into account "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). These factors are all addressed below in the section of the brief detailing the motion to compel, and they are incorporated by reference here.

BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL INTERROGATORIES – Page 3

With respect to Interrogatory 32, the defendants' first objection is that it places an undue burden on IDOC. *See* Ex. 1 at 2. That is incorrect. The interrogatory pursues basic information about IDOC's revision of the execution protocol that could easily be provided by opposing counsel. As for IDOC's relevance and proportionality objections, they are frivolous. Relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any" claim. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Mr. Pizzuto is here challenging the defendants' plans for how they will execute him. *See generally* Dkt. 153. It would be fantastical to imagine in such a case that the defendants' literal execution plan—its protocol—is irrelevant. The defendants' proportionality objection fares no better. Mr. Pizzuto has no access to the information, it speaks directly to his claim, and the defendants' burden in producing it is minimal. *See* Dkt. 123 at 21.

The defendants lodge the same three undeveloped objections to Interrogatory 35, the execution-renovation question. *See* Ex. 1 at 4. And the same basic flaws are inherent in the objections. The only point for Mr. Pizzuto to add is that the physical layout of the execution chamber is already an explicit component of his claim. *See* Dkt. 153 at 31–32. Thus, the information is plainly relevant. Lastly, Interrogatory 36 is in the same posture as the previous discovery request. It concerns the central line, which has become a direct target of attack in the second amended complaint. *See id.* at 32–36. There is no question that the information is relevant. It is also exclusively known by the defendants and can be revealed by them with little difficulty. As to the importance of the issues at stake in the action, they could not be greater. Mr. Pizzuto seeks to ensure that he is not subjected to cruel and unusual punishment as he is executed by the State. *See generally* Dkt. 153. An execution is an "irremediable and unfathomable" act, *Ford v.*

BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL INTERROGATORIES – Page 4

*Wainwright*, 477 U.S. 399, 411 (1986), and if Mr. Pizzuto suffers excruciating pain during it there will be no way to remedy the injury after the fact.

Furthermore, to the uncertain extent that the defendants meant in the discovery responses to invoke any secrecy concerns, they are misplaced.  The three interrogatories at issue do not ask for any information related to the identity of people or entities in the execution supply chain.  Rather, the interrogatories pursue information that defendants can with ease reveal at a high enough level of generality that personal identities are shielded.  Consequently, answers to the interrogatories would not, "to a reasonable degree of certainty," Dkt. 123 at 3, risk any protected individual's anonymity.  The only individuals even remotely connected to the interrogatories are the people consulted on the revision of the protocol, *see* Ex. 1 at 4, but Mr. Pizzuto has not asked for any identifying information about them whatsoever.

Finally, it should be clear from the discussion above that Mr. Creech's botched execution, IDOC's subsequent revision of its execution protocol, Idaho's pivot toward a central-line execution, and so forth are all developments that call for substantial additional discovery beyond the requests at issue here.  With that in mind, and in the interest of avoiding piecemeal litigation, Mr. Pizzuto respectfully asks the Court to provide leave for him to serve an addition fifteen interrogatories on any factual areas implicated by the events of February 28, 2028 or those that flowed from them.

In summary, the defendants' objections to the three interrogatories are insubstantial, and they ought to be compelled to answer them.

DATED this 13th day of September 2024.

   /s/ Jonah J. Horwitz
Jonah J. Horwitz
Christopher M. Sanchez
FEDERAL DEFENDER SERVICES OF IDAHO

BRIEF IN SUPPORT OF MOTION FOR ADDITIONAL INTERROGATORIES – Page 5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
kscchind@idoc.idaho.gov

Mary Karin Magnelli
kmagnell@idoc.idaho.gov

Michael J. Elia
mje@melawfirm.net

Tanner J. Smith
tanner@melawfirm.net

     /s/ L. Hollis Ruggieri
L. Hollis Ruggieri