*Gerald Ross Pizzuto, Jr. v. Josh Tewalt,* Case No. 1:21-cv-00359-BLW
Submitted in Support of Seventh Motion to Compel Discovery

# EXHIBIT 1

**(Defendants' Responses to Plaintiff's Sixth Set of Interrogatories,** *Pizzuto v. Tewalt***, Case No. 1:21-cv-359, June 10, 2024)**

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br>    Plaintiff,<br>v.<br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity,<br>    Defendants. | Case No. 1:21-cv-359-DCN<br><br>DEFENDANTS RESPONSES TO PLAINTIFF'S SIXTH SET OF INTERROGATORES |

Defendants by and through their attorneys of record, the Idaho Attorney General's Office, pursuant to Federal Rule of Civil Procedure 33, hereby respond to the Plaintiff's Interrogatories 27 and 29.

Defendants' Response to Sixth Set of Interrogatories – Page 1

**9 116785**

**General Objection**

Defendants object to Plaintiff's Sixth Set of Interrogatories in their totality. In the Discovery Plan and Amended Discovery Plan, the parties agreed to limit the number of discovery tools to 25 Interrogatories per party. *See* Dkt. 21, p.4, ¶IV(a) and Dkt. 41, p.4, ¶IV(a). Plaintiff has not sought leave to serve additional interrogatories. The Court previously granted in part and denied in part Plaintiff's motion for leave to serve additional interrogatories, directing Defendants to answer two additional interrogatories. Dkt. 97, p. 9. Defendants answered the additional interrogatories as ordered by the Court. Defendants request a meet and confer conference to address the specific Interrogatories below.

**Interrogatories**

32. Describe the anticipated timeline for the revision of SOP 135, as well as the plan and process for consulting on the revisions. Please include details not limited to: which kinds of professionals will be consulted, whether independent experts will be reviewing the protocol, and whether independent experts will be reviewing the details of the Creech Execution.

> **Defendants' Response**: Defendants object to Interrogatory 32 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

33. Provide all disclosable information about any New Execution Drugs in IDOC's possession, including but not limited to their quantity, expiration date(s), the type of container(s) they are in, the process and materials used during the manufacturing/compounding process, compliance with regulatory and quality standards, the quality and safety of the execution chemicals, and so forth.

Defendants' Response to Sixth Set of Interrogatories – Page 2

9 116786

    **Defendants' Response**: Defendants object to Interrogatory 33 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1) on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

33. Describe the status of the pentobarbital that IDOC placed in a disposal bag, as noted in Defendants' response to Request for Admission 220, including whether it is in a separate container within the bag and if so what type of container.

    **Defendants' Response**: Defendants object to Interrogatory 34 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1) on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

34. Explain what, if anything, occurred at or in preparation for the Creech Execution with respect to dopamine, including but not limited to whether there was an attempt to administer it, how much was attempted to be administered or actually administered, for what purpose it was used or considered, and so forth.

    **Defendants' Response**: Defendants object to Interrogatory 35 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1) on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

35. Describe any efforts related to the renovation of IMSI's execution facilities undertaken after February 28, 2024 or contemplated for the future, including but not limited to the purpose and nature of the work, the anticipated timeline for its completion, and so forth.

>**Defendants' Response**: Defendants object to Interrogatory 36 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1) on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

36. Outline all experience, qualifications, training, licensure, certifications, and so forth that each member of the Medical Team has with respect to Central Lines, in the medical and/or execution settings.

>**Defendants' Response**: Defendants object to Interrogatory 37 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1) on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

>Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

>DATED this 10th day of June 2024.

>Signed: /s/ Josh Tewalt
>Josh Tewalt

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 10th day of June 2024.

Signed: /s/ Tim Richardson<br>Tim Richardson

## CERTIFICATE OF SERVICE

I certify that on this 10th day of June 2024, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org

/s/ Kristina M. Schindele<br>Kristina M. Schindele

Defendants' Response to Sixth Set of Interrogatories – Page 5

9 116789