# EXHIBIT 3

**(Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission, *Pizzuto v. Tewalt*, Case No. 1:21-cv-359, June 10, 2024)**

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br>Plaintiff,<br><br>v.<br><br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity,<br>Defendants. | Case No. 1:21-cv-359-DCN<br><br>DEFENDANT'S RESPONSES TO PLAINTIFF'S ELEVENTH SET OF REQUESTS FOR ADMISSION |

Defendants Tewalt and Richardson, by and through their attorneys of record, the Idaho

Attorney General's Office, hereby respond to Plaintiff's Eleventh Set of Requests for Admission.

Defendant Tewalt and Defendant Richardson deny each and every allegation contained in

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 1

9 116790

Plaintiff's Eleventh Set of Requests for Admissions unless specifically and expressly admitted herein.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendant Tewalt and Defendant Richardson object to any instructions, requests, or procedures set forth in Plaintiff's Eleventh Set of Requests for Admission that are contrary to the Federal Rules of Civil Procedure. Defendant Tewalt and Defendant Richardson will respond to these requests in accordance with the Federal Rules of Civil Procedure.

### Objections

Defendants object to Plaintiff's Eleventh Set of Requests for Admission as they pertain to the February 28, 2024, attempt to execute Thomas Eugene Creech. The circumstances Mr. Creech and IDOC staff and team members encountered on February 28, 2024, were unique to Mr. Creech. These issues are not relevant to the *as applied* Eighth Amendment method of execution challenge Plaintiff has filed. Mr. Creech's medical condition is different from Plaintiff's condition. Notwithstanding this objection, Defendants Tewalt and Richardson will answer these requests to the extent they apply to IDOC's implementation of SOP 135. 02.01.001, including the Execution Chemicals Preparation and Administration document ("Chemicals Protocol").

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 2

**Defendant Richardson's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Eleventh Set of Requests for Admission.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 10th day of June 2024.

Signed: /s/ Tim Richardson
Tim Richardson

**Defendant Tewalt's Responses to Eleventh Set of Requests for Admission ("RFA")**

277.    Admit or deny that the New Execution Drugs are pentobarbital.[1]

   **Answer:**    Admit.

278.    Admit or deny that the New Execution Drugs were Manufactured.

   **Answer:**    Admit.

279.    Admit or deny that the Old Execution Drugs were Manufactured.

   **Answer:**    Admit.

280.    Admit or deny that the New Execution Drugs were Manufactured by a company listed in the Orange Book.

   **Answer:**    Defendant Tewalt specifically objects to answering RFA 280 under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals

---

[1] All references to chemicals here include both the generic and any associated brand-name versions.  For example, a reference to pentobarbital includes Nembutal.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 3

or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from which IDOC acquired execution chemicals and/or any person or entity who manufactured the execution chemicals. Defendant Tewalt asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who manufactured the execution chemicals. Defendant Tewalt asserts answering this RFA creates an undue burden on IDOC, especially where the burden on Defendants, IDOC and the State of Idaho is disproportionate to Plaintiff's needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources. A response to this RFA will narrow the possible manufacturer of the "Old Execution Drugs" and lead to the unlawful identification of IDOC's source of execution chemical.

Notwithstanding the objections noted herein, Defendant Tewalt **admits** that the manufacturer of the "New Execution Drugs" is listed in the FDA's Orange Book.

281. Admit or deny that the Old Execution Drugs were Manufactured by a company listed in the Orange Book.

**Answer:** Defendant Tewalt objected to this RFA in his supplemental response to RFA 209, submitted May 23, 2024. Defendant incorporates herein his prior response. Notwithstanding his prior objection, Defendant **admits**.

282. Admit or deny that the New Execution Drugs were Manufactured by Akorn.

**Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 4

9 116793

disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from which IDOC acquired execution chemicals and/or any person or entity who manufactured the execution chemicals. Defendant Tewalt asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who manufactured the execution chemicals.

Defendant Tewalt further objects to this RFA as the information requested is irrelevant as well as immaterial to the claims at hand; its use to Plaintiff, if any, is disproportionate to his needs, and Plaintiff's interest is otherwise outweighed by the State's interest in protecting its sources and employees. Moreover, Defendants will produce the chemicals' Certificate of Analysis which documents the results of scientific testing completed on the execution chemicals, details the process and materials used during manufacturing, confirms compliance with regulatory and quality standards, and otherwise establishes the quality and safety of the execution chemicals.

Defendant Tewalt acknowledges the Court ordered disclosure of RFA 203, which asked Defendants to admit or deny that Akorn manufactured the Old Execution Drugs. Dkt. 123. Defendant has appealed the order granting Plaintiff's motion to compel a response to RFA 203. Defendant acknowledges the Ninth Circuit's decision on the order to compel will inform Defendant's obligation to answer this RFA.

283.   Admit or deny that the New Execution Drugs were Compounded.

**Answer:**      Deny.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 5

284.    Admit or deny that the Old Execution Drugs were Compounded.

      **Answer:**     Deny.

285.    Admit or deny that the New Execution Drugs were Made by an Outsourcing Facility.

      **Answer:**     Deny.

286.    Admit or deny that the Old Execution Drugs were Made by an Outsourcing Facility.

      **Answer:**     Deny.

287.    Admit or deny that the New Execution Drugs comprise ten grams.

      **Answer:**     Defendant Tewalt objects to this RFA as he is not clear what the phrase "comprise ten grams" means. To the extent Plaintiff means IDOC has acquired 10 grams of "New Execution Drugs", Defendant denies.

288.    Admit or deny that the New Execution Drugs have an expiration date.

      **Answer:**     Admit.

289.    Admit or deny that the New Execution Drugs have an expiration date in or of February 2025.

      **Answer:**     Deny.

290.    Admit or deny that the New Execution Drugs have an expiration date later than February 28, 2025.

      **Answer:**     Admit.

291.    Admit or deny that the New Execution Drugs are in liquid form.

      **Answer:**     Admit.

292.    Admit or deny that the New Execution Drugs are stored in a glass container or vessel.

      **Answer:**     Admit.

293.    Admit or deny that the New Execution Drugs came with a package insert.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 6

**Answer:**    Admit.

294.   Admit or deny that the New Execution Drugs were made for veterinary use.

**Answer:**    Defendant Tewalt objects to this RFA as Plaintiff has not defined "made for veterinary use". Defendant Tewalt does not have sufficient information upon which to admit or deny whether the New Execution Drugs are suitable for use in veterinary medicine.

295.   Admit or deny that IDOC obtained the New Execution Drugs from a Veterinary Source.

**Answer:**    Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

Defendant Tewalt acknowledges the Court ordered disclosure of RFA 190, which asked Defendants to admit or deny the Old Execution Drugs "came from a veterinary source." Dkt. 123. Defendant has appealed the order granting Plaintiff's motion to compel

9 116796

a response to RFA 190. Defendant acknowledges the Ninth Circuit's decision on the order to compel will inform Defendant's obligation to answer this RFA.

296.   Admit or deny that IDOC obtained the New Execution Drugs from a Hospital.

    **Answer:**    Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

    Defendant Tewalt acknowledges the Court ordered disclosure of RFA 191, which asked Defendants to admit or deny the Old Execution Drugs "came from a hospital." Dkt. 123. Defendant has appealed the order granting Plaintiff's motion to compel a response to RFA 191. Defendant acknowledges the Ninth Circuit's decision on the order to compel will inform Defendant's obligation to answer this RFA.

297.   Admit or deny that IDOC obtained the New Execution Drugs from a Domestic Source.

    **Answer:**    Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue

burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

Notwithstanding the objection above, Defendant Tewalt admits the source from which IDOC directly obtained the New Execution Drugs is located in the United States.

298. Admit or deny that IDOC obtained the New Execution Drugs from a Foreign Source.

**Answer:**    Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 9

specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

Notwithstanding the objection above, Defendant Tewalt denies that the source from which IDOC directly obtained execution chemicals is located outside the United States

299. Admit or deny that the New Execution Drugs were Manufactured or Compounded in the United States.

**Answer:**     Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts this RFA is intended to narrow down the possible alternatives in an impermissible and unduly burdensome effort to identify the manufacturer of the execution chemicals IDOC has acquired. Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

300. Admit or deny that the New Execution Drugs were Manufactured or Compounded outside the United States.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 10

**Answer:**      Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts this RFA is intended to narrow down the possible alternatives in an impermissible and unduly burdensome effort to identify the manufacturer of the execution chemicals. IDOC has acquired Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

301.   Admit or deny that IDOC obtained the New Execution Drugs from a Wholesaler or Distributor.

**Answer:**      Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislator enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 11

9 116800

or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

Defendant Tewalt acknowledges the Court ordered disclosure of RFA 194, which asked Defendants to admit or deny the Old Execution Drugs "were sold by a wholesaler/distributor." Dkt. 123. Defendant has appealed the order granting Plaintiff's motion to compel a response to RFA 194. Defendant acknowledges the Ninth Circuit's decision on the order to compel will inform Defendant's obligation to answer this RFA.

302.   Admit or deny that IDOC obtained the New Execution Drugs from a Pharmacy or Pharmacist.

**Answer:**   Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 12

specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

Defendant Tewalt acknowledges the Court ordered disclosure of RFA 195, which asked Defendants to admit or deny the Old Execution Drugs "were sold by a pharmacy." Dkt. 123. Defendant has appealed the order granting Plaintiff's motion to compel a response to RFA 195. Defendant acknowledges the Ninth Circuit's decision on the order to compel will inform Defendant's obligation to answer this RFA.

303.    Admit or deny that the New Execution Drugs were imported into the United States from another country.

**Answer:**    Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

Notwithstanding the above objection, Defendant Tewalt denies IDOC imported anything. Defendant Tewalt acknowledges the Court ordered disclosure of RFA 196, which

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 13

9 116802

asked Defendants to admit or deny the Old Execution Drugs "were imported." Dkt. 123. Defendant has appealed the order granting Plaintiff's motion to compel a response to RFA 196. Defendant acknowledges the Ninth Circuit's decision on the order to compel will inform Defendant's obligation to answer this RFA.

304. Admit or deny that IDOC could potentially use both the Old Execution Drugs and the New Execution Drugs at Mr. Pizzuto's execution.

**Answer:**    Admit.

305. Admit or deny that IDOC could potentially use either the Old Execution Drugs or the New Execution Drugs at Mr. Pizzuto's execution.

**Answer:**    Admit.

306. Admit or deny that the certificate of analysis filed in this case as Dkt. 108-3 was prepared by the Manufacturer of the pentobarbital.

**Answer:**    Admit.

307. Admit or deny that you have obtained a certificate of analysis for the New Execution Drugs.

**Answer:**    Admit.

308. Admit or deny that you are aware that Akorn has expressed opposition to the use of its products in executions.

**Answer:**    Deny.

309. Admit or deny that you are aware that Hikma Pharmaceuticals has expressed opposition to the use of its products in executions.

**Answer:**    Deny.

310. Admit or deny that you are aware that Sagent Pharmaceuticals has expressed opposition to the use of its products in executions.

9 116803

**Answer:**      Deny.

311.   Admit or deny that Liz Neville has the same general supervisory responsibilities with respect to executions that she had prior to February 28, 2024.

**Answer:**      Admit.

312.   Admit or deny that IMSI staff attempted to assess Mr. Creech's veins for execution purposes between 11 AM on February 28, 2024 and 11:59 PM on February 29, 2024.

**Answer:**      Deny.

313.   Admit or deny that dopamine was drawn in connection with the Creech Execution on February 28, 2024.

**Answer:**      Defendant Tewalt admits that the rescue doctor drew dopamine in preparation for the rescue doctor's responsibilities on February 28, 2024.

314.   Admit or deny that dopamine was administered to Mr. Creech in connection with the Creech Execution on February 28, 2024.

**Answer:**      Deny.

315.   Admit or deny that dopamine was used in connection with a training held to prepare the Medical Team for the Creech Execution.

**Answer:**      Deny.

316.   Admit or deny that IDOC will potentially use a Cut-Down Procedure at a future execution.

**Answer:**      Deny.

317.   Admit or deny that a Cut-Down Procedure would be conducted or overseen by a licensed physician.

**Answer:**      Admit any procedure would be conducted by a team member with appropriate training and experience. Such procedure would be conducted by a team

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 15

member permitted to conduct such a procedure within the team member's scope of practice.

318. Admit or deny that a Central-Line execution would potentially use the jugular vein.

  **Answer:**      Admit.

319. Admit or deny that a Central-Line execution would potentially use the femoral vein.

  **Answer:**      Admit.

320. Admit or deny that a Central-Line execution would potentially use the subclavian vein.

  **Answer:**      Admit.

321. Admit or deny that the Medical Team is practicing the use of a Central Line.

  **Answer:**      Deny.

322. Admit or deny that a Central Line would be placed at an execution by, or with the supervision of, a medically licensed physician.

  **Answer:**      Defendant Tewalt admits IDOC will use an appropriately licensed and credentialed volunteer to insert a central line. Defendant Tewalt further admits insertion of a central line is within that person's scope of practice. So far, the volunteer who will place the central line has not been given a designation.

323. Admit or deny that any attempt by IDOC to set a Central Line or use a Cut-Down Procedure at a future execution would be visible to the execution witnesses in accordance with *Cal. First Am. Coal. v. Woodford*, 299 F.3d 868 (9th Cir. 2002), and *Assoc. Press v. Otter*, 682 F.3d 821 (9th Cir. 2012).

  **Answer:**      Defendant Tewalt admits a central line procedure would be visible via a closed-circuit camera as approved by *California First Amendment Coalition v. Woodford*.

324.   Admit or deny that Defendant Tewalt described the setting of a Central Line to the Idaho legislature on February 29, 2024 as "a surgical procedure."

**Answer:**   Admit.

325.   Admit or deny that Defendant Tewalt suggested to the Idaho legislature on February 29, 2024, that the Medical Team is unqualified to set Central Lines at an execution.

**Answer:**   Defendant Tewalt admits the IDOC Medical Team has not been regularly training to insert a central line during their regular monthly execution training. Defendant Tewalt admits the IDOC Medical Team was not prepared to insert a central line on February 28, 2024. Defendant Tewalt denies he suggested the Medical Team was unqualified to administer SOP 135. Defendant Tewalt admits he provided information to the Legislature based upon his information and belief that the theater presented by the execution chamber as it existed on February 28, 2024, was not appropriate to insert a central line in Mr. Creech.

326.   Admit that M1[2] has regularly conducted the insertion of Central Lines in their professional practice for more than one year.

**Answer:**   M1 remains vacant.

327.   Admit or deny that M2 has regularly conducted the insertion of Central Lines in their professional practice for more than one year.

**Answer:**   Defendant Tewalt admits Medical Team members M2-M7 are familiar with the insertion of a central line. Defendant Tewalt denies that Medical Team members M2-M7 will insert a central line. Rather, Defendant Tewalt admits IDOC will use an

_____

[2] Defendants have indicated that M1 is vacant.  Mr. Pizzuto poses RFAs about M1 in the event the position has been filled.  If M1 becomes filled, Defendants have an obligation to supplement their discovery responses to answer every request previously made regarding M1.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 17

appropriately licensed and credentialed volunteer to insert a central line. Defendant Tewalt further admits insertion of a central line is within that person's scope of practice. So far, the volunteer who will place the central line has not been given a designation.

328. Admit or deny that M3 has regularly conducted the insertion of Central Lines in their professional practice for more than one year.

    **Answer:**    See answer to RFA 327.

329. Admit or deny that M4 has regularly conducted the insertion of Central Lines in their professional practice for more than one year.

    **Answer:**    See answer to RFA 327.

330. Admit or deny that M5 has regularly conducted the insertion of Central Lines in their professional practice for more than one year.

    **Answer:**    See answer to RFA 327.

331. Admit or deny that M6 has regularly conducted the insertion of Central Lines in their professional practice for more than one year.

    **Answer:**    See answer to RFA 327.

332. Admit or deny that M7 has regularly conducted the insertion of Central Lines in their professional practice for more than one year.

    **Answer:**    See answer to RFA 327.

333. Admit or deny that M1 has medical training in setting Central Lines.

    **Answer:**    M1 remains vacant.

334. Admit or deny that M2 has medical training in setting Central Lines.

    **Answer:**    See answer to RFA 327.

335. Admit or deny that M3 has medical training in setting Central Lines.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 18

**Answer:**    See answer to RFA 327.

336.   Admit or deny that M4 has medical training in setting Central Lines.

**Answer:**    See answer to RFA 327.

337.   Admit or deny that M5 has medical training in setting Central Lines.

**Answer:**    See answer to RFA 327.

338.   Admit or deny that M6 has medical training in setting Central Lines.

**Answer:**    See answer to RFA 327.

339.   Admit or deny that M7 has medical training in setting Central Lines.

**Answer:**    See answer to RFA 327.

340.   Admit or deny that M1 is licensed to set Central Lines in a medical setting.

**Answer:**    M1 remains vacant.

341.   Admit or deny that M2 is licensed to set Central Lines in a medical setting.

**Answer:**    Defendant Tewalt objects to this RFA as the term "medical setting" is not defined. Defendant Tewalt admits that Medical Team members M2-M7 hold the credentials RN (M4 and M5) or EMT/Paramedic (M2, M3, M6, M7) as previously disclosed in response to Interrogatory 8. Defendant Tewalt denies that Medical Team members M2-M7 will insert a central line. Rather, Defendant Tewalt admits IDOC will use an appropriately licensed and credentialed volunteer to insert a central line. Defendant Tewalt further admits insertion of a central line is within that person's scope of practice. So far, the volunteer who will place the central line has not been given a designation.

342.   Admit or deny that M3 is licensed to set Central Lines in a medical setting.

**Answer:**    See answer to RFA 341.

342.   Admit or deny that M4 is licensed to set Central Lines in a medical setting.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 19

**Answer:**     See answer to RFA 341.

343.   Admit or deny that M5 is licensed to set Central Lines in a medical setting.

**Answer:**     See answer to RFA 341.

344.   Admit or deny that M6 is licensed to set Central Lines in a medical setting.

**Answer:**     See answer to RFA 341.

345.   Admit or deny that M7 is licensed to set Central Lines in a medical setting.

**Answer:**     See answer to RFA 341.

346.   Admit or deny that M1 has been involved in an execution where a Central Line was set.

**Answer:**     M1 remains vacant.

347.   Admit or deny that M2 has been involved in an execution where a Central Line was set.

**Answer:**     Deny.

348.   Admit or deny that M3 has been involved in an execution where a Central Line was set.

**Answer:**     Deny.

349.   Admit or deny that M4 has been involved in an execution where a Central Line was set.

**Answer:**     Deny.

350.   Admit or deny that M5 has been involved in an execution where a Central Line was set.

**Answer:**     Deny.

351.   Admit or deny that M6 has been involved in an execution where a Central Line was set.

**Answer:**     Deny.

352.   Admit or deny that M7 has been involved in an execution where a Central Line was set.

**Answer:**     Deny.

353.   Admit or deny that IDOC will potentially attempt to execute Mr. Pizzuto by firing squad.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 20

9 116809

**Answer:**     Defendant Tewalt admits Idaho Code § 19-2716 requires IDOC to administer an execution by firing squad if lethal injection is not available. At this time, lethal injection is available, so IDOC does not intend to carry out the execution of Mr. Pizzuto by firing squad.

354.   Admit or deny that IDOC has begun constructing a facility for the firing squad.

**Answer:**     Deny.

355.   Admit or deny that IDOC intends to carry out firing-squad executions in the room that served as the Execution Chamber during the Creech Execution.

**Answer:**     Defendant Tewalt admits IDOC will renovate F Block to provide for the alternate methods of execution of lethal injection and firing squad. The execution chamber will be renovated but will remain the execution chamber for both methods of execution.

356.   Admit or deny that an independent actor (outside of IDOC and authorized by the State of Idaho) will conduct a full review into the Creech Execution.

**Answer:**     Deny.

357.   Admit or deny that Defendants will refrain from carrying out another execution until an independent review takes place in the sense described in the previous RFA.

**Answer:**     Deny.

358.   Admit or deny that Defendants will refrain from carrying out another execution until a written report is made public by IDOC or an independent actor authorized by the State of Idaho describing what happened in the Creech Execution.

**Answer:**     Deny.

359.   Admit or deny that any revised version of SOP 135 will be approved by the Board of Correction before it goes into effect.

Defendants' Responses to Plaintiff's Eleventh Set of Requests for Admission – Page 21

**Answer:**      Deny. Director Tewalt has the statutory authority to determine the procedures to be used in any execution. I.C. § 19-2716(6).

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 10th day of June 2024.

Signed: /s/ Josh Tewalt
Josh Tewalt


## CERTIFICATE OF SERVICE

I certify that on this 10th day of June 2024, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org


/s/ Kristina M. Schindele
Kristina M. Schindele