*Gerald Ross Pizzuto, Jr. v. Josh Tewalt,* Case No. 1:21-cv-00359-BLW
Submitted in Support of Seventh Motion to Compel Discovery

# EXHIBIT 5

**(Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission, *Pizzuto v. Tewalt*, Case No. 1:21-cv-359, Sept. 3, 2024)**

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | CASE NO. 1:21-cv-00359-BLW |
| Plaintiff, | ) | |
| | ) | DEFENDANTS' RESPONSES TO |
| v. | ) | PLAINTIFF'S TWELFTH SET OF |
| | ) | REQUESTS FOR ADMISSION |
| **JOSH TEWALT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Tewalt, Valley, and Neville, by and through their attorneys of record, the Idaho Attorney General's Office, hereby respond to Plaintiff's Twelfth Set of Requests for Admission.

Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission – Page 1

09 117986

Defendants Tewalt, Valley and Neville deny each and every allegation contained in Plaintiff's Twelfth Set of Requests for Admission unless specifically and expressly admitted herein.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendants Tewalt, Valley and Neville object to any instructions, requests, or procedures set forth in Plaintiff's Twelfth Set of Requests for Admission that are contrary to the Federal Rules of Civil Procedure. Defendants Tewalt, Richardson and Neville will respond to these requests in accordance with the Federal Rules of Civil Procedure

**Objections**

Defendants Tewalt, Valley, and Neville object to Plaintiff's Twelfth Set of Requests for Admission as they pertain to the February 28, 2024, attempt to execute Thomas Eugene Creech. The circumstances Mr. Creech and IDOC staff and team members encountered on February 28, 2024, were unique to Mr. Creech. These issues are not relevant to the *as applied* Eighth Amendment method of execution challenge Plaintiff has filed. Mr. Creech's medical condition is different from Plaintiff's condition. Notwithstanding this objection, Defendants Tewalt, Valley, and Neville will answer these requests to the extent they apply to IDOC's implementation of SOP 135. 02.01.001, including the Execution Chemicals Preparation and Administration document ("Chemicals Protocol").

Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission – Page 2

**Requests for Admission**

360.    Admit or deny that the New Execution Drugs were made by the same manufacturer as the Old Execution Drugs.

**Answer:**    Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, **manufactures**, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity that manufactured the execution chemicals in IDOC's possession. Defendant Tewalt asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who manufactured the execution chemicals.

Defendant Tewalt acknowledges the Court recently issued an order directing Defendants to provide certain information related to IDOC's source of execution chemicals. Defendants filed an appeal from this order. Defendant Tewalt acknowledges that the information requested in this RFA may be subject to disclosure and reserves the right to amend this response following the appellate court's decision on the order to disclose.

Defendant Tewalt objects to disclosure of any information that could lead to the identity of IDOC's source of execution chemicals or the manufacturer of those chemicals. IDOC will provide a certificate of analysis to document the results of scientific testing completed on the execution chemicals to be used in Plaintiff's execution, detail the process and materials used during the manufacturing process, confirm compliance with regulatory and quality standards, and establish

Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission – Page 3

09 117988

the quality and safety of the execution chemicals. Defendant Tewalt asserts any connection between the manufacturer or manufacturers of the execution chemicals IDOC has lawfully acquired increases the risk of disclosure of IDOC's source and the manufacturer of execution chemicals. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's *as applied* method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources.

361. Admit or deny that you would use drugs at an execution Manufactured by a company that opposed the use of its products in executions.

   **Answer:** Defendant Tewalt admits that IDOC has lawfully acquired pentobarbital, that the agency will administer lawfully acquired pentobarbital in a lawful execution, and the manufacturer's opinion is immaterial to IDOC's lawful acquisition and use of pentobarbital in a lawful execution.

362. Admit or deny that a Central Line procedure would be audible to witnesses through the closed-circuit system you described in your answer to RFA 323.

   **Answer:** Defendant Tewalt admits.

363. Admit or deny that the New Execution Drugs have an expiration date on or after November 1, 2025.

   **Answer:** Defendant Tewalt denies.

364. Admit or deny that at future executions the drugs will be administered from the Chemical Room using a delivery pump.

**Answer:** Defendant Tewalt objects to RFA 364 as the term "delivery pump" is not defined. To the extent Plaintiff means the chemical will be administered via some mechanism, Defendant Tewalt denies the same.

365. Admit or deny that the Central Line volunteer referred to in the defendants' response to RFA 322 has been selected.

   **Answer:** Defendant Tewalt admits.

366. Admit or deny that the construction of the facility for the use of the Central Line is complete.

   **Answer:** Defendant Tewalt denies as certain equipment has not been delivered.

367. Admit or deny that the Central Line volunteer referred to in the defendants' response to RFA 322 has participated in a Central Line execution in the past.

   **Answer:** Defendant Tewalt denies.

368. Admit or deny that the Central Line volunteer referred to in the defendants' response to RFA 322 is a medical doctor.

   **Answer:** Defendant Tewalt admits.

369. Admit or deny that Defendant Valley has medical training.

   **Answer:** Defendant Valley denies. Defendant Tewalt defers to Defendant Valley's response.

370. Admit or deny that Defendant Valley has a medical degree.

   **Answer:** Defendant Valley denies. Defendant Tewalt defers to Defendant Valley's response.

371. Admit or deny that Defendant Valley has medical expertise.

**Answer:** Defendant Valley denies. Defendant Tewalt defers to Defendant Valley's response.

372. Admit or deny that Defendant Valley has pharmaceutical training.

**Answer:** Defendant Valley denies. Defendant Tewalt defers to Defendant Valley's response.

373. Admit or deny that Defendant Valley has a pharmaceutical degree.

**Answer:** Defendant Valley denies. Defendant Tewalt defers to Defendant Valley's response.

374. Admit or deny that Defendant Valley has pharmaceutical expertise.

**Answer:** Defendant Valley denies. Defendant Tewalt defers to Defendant Valley's response.

375. Admit or deny that M1 is the Medical Team Leader.

**Answer:** Defendant Tewalt denies.

376. Admit or deny that M2 is the Medical Team Leader.

**Answer:** Defendant Tewalt denies.

377. Admit or deny that M3 is the Medical Team Leader.

**Answer:** Defendant Tewalt admits.

378. Admit or deny that M4 is the Medical Team Leader.

**Answer**: Defendant Tewalt denies.

379. Admit or deny that M5 is the Medical Team Leader.

**Answer:** Defendant Tewalt denies.

380. Admit or deny that M6 is the Medical Team Leader.

**Answer:** Defendant Tewalt denies.

381. Admit or deny that M7 is the Medical Team Leader.

    **Answer:** Defendant Tewalt denies.

382. Admit or deny that the members of the Medical Team are screened to determine whether they have any connection to the criminal proceedings associated with inmates they may execute.

    **Answer:** Defendant Tewalt admits.

383. Admit or deny that there is a range of temperature at which the Old Execution Drugs are supposed to be kept.

    **Answer:** Defendant Tewalt admits the manufacturer refers to the USP Controlled Room Temperature. The manufacturer recommends the Old Execution Drugs be stored between 20 degrees Celsius/68 degrees Fahrenheit and 25 degrees Celsius/77 degrees Fahrenheit. The manufacturer approves brief excursions between 15 degrees Celsius/59 degrees Fahrenheit and 30 degrees Celsius/86 degrees Fahrenheit.

384. Admit or deny that IDOC has received a package insert or other document indicating the temperature range at which the Old Execution Drugs are supposed to be kept.

    **Answer:** Defendant Tewalt admits.

385. Admit or deny that there is a range of temperature at which the New Execution Drugs are supposed to be kept.

    **Answer:** Defendant Tewalt admits the manufacturer refers to the USP Controlled Room Temperature. The manufacturer recommends the New Execution Drugs be stored between 20 degrees Celsius/68 degrees Fahrenheit and 25 degrees Celsius/77 degrees Fahrenheit. The manufacturer approves brief excursions between 15 degrees Celsius/59 degrees Fahrenheit and 30 degrees Celsius/86 degrees Fahrenheit.

Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission – Page 7

386. Admit or deny that IDOC has received a package insert or other document indicating the temperature range at which the New Execution Drugs are supposed to be kept.

    **Answer:** Defendant Tewalt admits.

387. Admit or deny that the appropriate temperature range for the Old Execution Drugs to be stored at is 68 to 77 degrees Fahrenheit.

    **Answer:** *See* Response to RFA 383.

388. Admit or deny that the appropriate temperature range for the New Execution Drugs to be stored at is 68 to 77 degrees Fahrenheit.

    **Answer:** *See* Response to RFA 385.

389. Admit or deny that the Old Execution Drugs have remained within the recommended temperature range since they entered IDOC's possession.

    **Answer:** Defendants Tewalt and Valley admit the temperature log, which has been disclosed to Plaintiff, speaks for itself.

390. Admit or deny that the New Execution Drugs have remained within the recommended temperature range since they entered IDOC's possession.

    **Answer:** Defendants Tewalt and Valley admit the temperature log for the New Execution Drugs, which has been disclosed to Plaintiff, speaks for itself.

391. Admit or deny that the air conditioning and/or cooling system at IMSI has been functioning at full strength from June 1, 2024 to the Present.

    **Answer:** Defendant Tewalt objects to RFA 391 as the term "full strength" is not defined. Defendant Valley objects to RFA 391 as the term "full strength" is not defined. Defendants Tewalt and Valley admit the state of Idaho has been subjected to high temperatures from June 1, 2024, to

the present. Defendants Tewalt and Valley admit IMSI's air conditioning has been in operation during this time period.

392. Admit or deny that the air conditioning and/or cooling system in the Warden's office at IMSI has been functioning at full strength from June 1, 2024 to the Present.

**Answer:** Defendant Tewalt objects to RFA 392 as the term "full strength" is not defined. Defendant Valley objects to RFA 392 as the term "full strength" is not defined. Defendants Tewalt and Valley admit the state of Idaho has been subjected to high temperatures from June 1, 2024, to the present. Defendants Tewalt and Valley admit the air conditioning in the IMSI Warden's office has been in operation during this time period.

393. Admit or deny that there have been outages in the air conditioning and/or cooling system at IMSI from June 1, 2024 to the Present.

**Answer:** Defendant Tewalt objects to RFA 393 as the term "outages" is not defined. Defendant Valley objects to RFA 393 as the term "outages" is not defined. Defendants Tewalt and Valley admit IMSI has suffered at least one brief episode where the facility lost power during this time period. Defendants Tewalt and Valley admit the backup generators were in operation during the power outage.

394. Admit or deny that there have been outages in the air conditioning and/or cooling system in the Warden's office at IMSI from June 1, 2024 to the Present.

**Answer:** Defendant Tewalt objects to RFA 394 as the term "outages" is not defined. Defendant Valley objects to RFA 394 as the term "outages" is not defined. Defendants Tewalt and Valley admit IMSI has suffered at least one brief episode where the facility lost power during this time period. Defendants Tewalt and Valley admit the backup generators were in operation during the power outage.

Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission – Page 9

395. Admit or deny that the Old Execution Drugs have been in the Warden's office at IMSI from June 1, 2024 to the Present except for when they were moved for the attempted execution of Mr. Creech on February 28, 2024.

    **Answer:** Defendants Tewalt and Valley admit.

396. Admit or deny that the New Execution Drugs have been in the Warden's office at IMSI from June 1, 2024 to the Present.

    **Answer:** Defendants Tewalt and Valley admit.

397. Admit or deny that the Old Execution Drugs have been refrigerated from June 1, 2024 to the Present except for when there were moved in connection with the attempted execution of Mr. Creech on February 28, 2024.

    **Answer:** Defendants Tewalt and Valley deny.

398. Admit or deny that the New Execution Drugs have been refrigerated from June 1, 2024 to the Present.

    **Answer:** Defendants Tewalt and Valley deny.

399. Admit or deny that the Old Execution Drugs have been tested between June 1, 2024 and the Present.

    **Answer:** Defendant Tewalt denies.

400. Admit or deny that the New Execution Drugs have been tested between June 1, 2024 and the Present.

    **Answer:** Defendant Tewalt denies.

401. Admit or deny that there have been multiple days from June through August 2024 when the Old Execution Drugs were stored at a temperature higher than the recommended range.

**Answer:** Defendants Tewalt and Valley admit the temperature log for the Old Execution Drugs, which has been disclosed to Plaintiff, speaks for itself. Defendants Tewalt and Valley deny the Old Execution Drugs have been stored at a temperature higher than 77 degrees Fahrenheit.

402. Admit or deny that there have been multiple days from June through August 2024 when the New Execution Drugs were stored at a temperature higher than the recommended range.

**Answer:** Defendants Tewalt and Valley admit the temperature log for the New Execution Drugs, which has been disclosed to Plaintiff, speaks for itself. Defendants Tewalt and Valley deny the New Execution Drugs have been stored at a temperature higher than 77 degrees Fahrenheit.

403. Admit or deny that the temperature around the Old Execution Drugs has been measured every day since they entered IDOC's possession.

**Answer:** Defendants Tewalt and Valley admit the temperature log for the old Execution Drugs, which has been disclosed to Plaintiff, speaks for itself.

404. Admit or deny that the temperature around the New Execution Drugs has been measured every day since they entered IDOC's possession.

**Answer:** Defendants Tewalt and Valley admit the temperature log for the New Execution Drugs, which has been disclosed to Plaintiff, speaks for itself.

405. Admit or deny that the temperature around the Old Execution Drugs has been logged every day.

**Answer:** *See* Response to RFA 403.

406. Admit or deny that the temperature around the New Execution Drugs has been logged every day.

**Answer:** *See* Response to RFA 404.

407. Admit or deny that during the July 2024 heat wave additional steps were taken to ensure the Old Execution Drugs remained within the required temperature range.

    **Answer:** Defendant Tewalt denies.

408. Admit or deny that during the July 2024 heat wave additional steps were taken to ensure that the New Execution Drugs remained within the required temperature range.

    **Answer:** Defendant Tewalt denies.

409. Admit or deny that the emails contained in Exhibit 1 are authentic.

    **Answer:** Defendant Tewalt admits he has no reason to dispute the authenticity of the emails contained in Exhibit 1.

410. Admit or deny that the letter dated February 22, 2019 and included in Exhibit 1 was sent to Director Tewalt.

    **Answer:** Defendant Tewalt denies that the letter was sent to him by Hikma Pharmaceuticals. Defendant Tewalt admits he has no reason to dispute that he received the email from Jared Larsen forwarding the letter sent by Hikma Pharmaceuticals to Governor Brad Little.

411. Admit or deny that the letter dated February 22, 2019 and included in Exhibit 1 was reviewed by Director Tewalt.

    **Answer:** Defendant Tewalt admits he does not recall reviewing the letter sent to Governor Brad Little by Hikma Pharmaceuticals.

412. Admit or deny that you discussed with Jared Larsen the letter dated February 22, 2019 and included in Exhibit 1.

    **Answer:** Defendant Tewalt admits he does not recall discussing the letter sent to Governor Brad Little by Hikma Pharmaceuticals with Jared Larsen.

413. Admit or deny that you discussed with other individuals in the Governor's office, apart from Jared Larsen, the letter dated February 22, 2019 and included in Exhibit 1.

    **Answer:** Defendant Tewalt admits he does not recall discussing the letter sent to Governor Brad Little by Hikma Pharmaceuticals with other individuals in the Governor's office.

414. Admit or deny that you discussed with other IDOC employees the letter dated February 22, 2019 and included in Exhibit 1.

    **Answer:** Defendant Tewalt admits he does not recall discussing the letter sent to Governor Brad Little by Hikma Pharmaceuticals with IDOC employees.

415. Admit or deny that you are aware that Hikma has placed controls on its products to ensure they are not used in executions.

    **Answer:** Defendant Tewalt denies.

416. Admit or deny that you are aware that Sagent has placed controls on its products to ensure they are not used in executions.

    **Answer:** Defendant Tewalt denies.

417. Admit or deny that you are aware that Akorn has placed controls on its products to ensure they are not used in executions.

    **Answer:** Defendant Tewalt denies.

    DATED this 3rd day of September 2024.

    Signed: /s/ Josh Tewalt
    Josh Tewalt

Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission – Page 13

09 117998

**Defendant Valley's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Twelfth Set of Requests for Admission unless specifically addressed separately herein.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 3rd day of September 2024.

Signed: /s/ Randy Valley
Randy Valley

**Defendant Neville's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Twelfth Set of Requests for Admission unless specifically addressed separately herein.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 3rd day of September 2024.

Signed: /s/ Liz Neville
Liz Neville

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of September 2024, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org

/s/ Kristina M. Schindele
Kristina M. Schindele

Defendants' Responses to Plaintiff's Twelfth Set of Requests for Admission – Page 14

09 117999