RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110, Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756, Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD R. PIZZUTO,<br><br>            Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, et al.,<br><br>            Defendants. | Case No. 1:21-cv-359-BLW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SEVENTH MOTION TO COMPEL** |

COME NOW Defendants, by and through their undersigned counsel, and hereby submit

this Opposition to Plaintiff's Seventh Motion to Compel as follows:

### INTRODUCTION

The Federal Rules provide a presumptive cap of twenty-five interrogatories per party.  Fed.

R. Civ. P. 33(a)(1).  The parties herein agreed to allow up to twenty-five interrogatories.  (Dkt. 41,

p. 4; *see also* Dkt. 21, p. 4).  Nevertheless, on August 3, 2023, Pizzuto served Defendants with his

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SEVENTH MOTION TO COMPEL -
1**

Fifth Set of Interrogatories (Nos. 23 through 31), and on May 10, 2024, Pizzuto served his Sixth Set of Interrogatories (Nos. 32 through 37).[1]  (*See* 4th Decl. Smith, Exs. A, B).  Defendants properly objected to these interrogatories on various grounds.  Pizzuto now seeks an exception to the Discovery Order and Rule 33 to compel Defendants to respond to Interrogatories Nos. 32, 35, and 36.  The Court should deny Pizzuto's request because Pizzuto cannot establish a particularized showing for needing the interrogatories and the interrogatories exceed Rule 26(b)(1)'s scope.

## LEGAL STANDARD

"[A] party requesting additional interrogatories must make a 'particularized showing' as to why additional discovery is necessary."  *Stephenson v. Clendenin*, No. 2:22-CV-01521-DAD-JDP (PC), 2024 WL 2924687, at *1 (E.D. Cal. May 14, 2024) (citing *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn. 1999) (collecting sources)); *accord, e.g., Montar-Morales v. Pickering*, No. C20-776-TSZ-MLP, 2021 WL 4851033 (W.D. Wash. Sept. 13, 2021); *see also Forster v. Clendenin*, No. 1:22-CV-01191-NODJ-CDB (PC), 2024 WL 2786772, at *2 (E.D. Cal. May 30, 2024) (explaining that this showing is only lessened to "good cause" in the context of *pro se* litigants (collecting sources)).

If a party makes a particularized showing, the Court then analyzes whether leave to serve additional interrogatories is warranted under Rule 26(b)(2).  *Stephenson*, 2024 WL 2924687, at *1.  Under Rule 26(b)(2) the Court "must limit the frequency or extent of discovery" if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

[1] Defendants have also responded to 417 Requests for Admission to date.  (4th Decl. Smith, ¶ 14, Ex. E).

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SEVENTH MOTION TO COMPEL - 2**

## ARGUMENT

As a general matter, the Court should deny Pizzuto's request because there is no need to exceed twenty-five interrogatories in this case. Pizzuto has lodged various interrogatories which were impermissible under the Rules of Civil Procedure. (*See, e.g.,* Dkt. 88 (discussing Interrogs. Nos. 3, 4, 7, 8, and 15)). The strategic choice to lodge these interrogatories correspondingly limited Pizzuto's ability to serve others. Similarly, Pizzuto has chosen to use many of his discovery requests to gather information for Thomas Creech's Eighth Amendment case, 1:20-cv-114-AKB, instead of saving those requests for Pizzuto's own claim. Pizzuto cannot make a particularized showing to exceed the Parties' agreed upon limit or the Federal Rule's presumptive cap.

Notwithstanding the foregoing general reason to deny the Motion, Pizzuto's request regarding the three at-issue interrogatories should be denied for the following reasons:

### 1. Interrogatory No. 32

Pizzuto cannot make a particularized showing as to why he needs the information asked for in Interrogatory No. 32. When a death warrant is entered for Pizzuto (after the current stay is lifted), Pizzuto will know what the then-applicable version of SOP 135 will be. Neither Defendants' timeline for publication of the next version of SOP 135 nor the revision processes are of any use to Pizzuto—particularly because he may be executed under a subsequent version. Further, such involvement would be overly broad and unduly intrusive under the PLRA's needs-narrowness-intrusiveness test. *See* 18 U.S.C. § 3626; *see also Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1071 (9th Cir. 2010) (The "core concern of the intrusiveness inquiry [is] whether the district court has 'enmeshed [itself] in the minutiae of prison operations,' beyond what is necessary to vindicate plaintiffs' federal rights."). And contrary to Pizzuto's implicit assertion, he does not have a right to consult on the revisions.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SEVENTH MOTION TO COMPEL - 3**

Notwithstanding, Interrogatory No. 32 exceeds Rule 26(b)(1)'s scope.  As explained above, the interrogatory is unduly burdensome, disproportionate to Pizzuto's needs, and seeks irrelevant information.  And because, on its face, the interrogatory is seeking identification information of the people involved in the revision process, it is also unduly burdensome as it is directly asking for the people/entities "involved in preparing for . . . or administering the death penalty in Idaho." (Dkt. 88, p. 5; Dkt. 123; *see also* I.C. § 19-2716A).  Further, this interrogatory is vague, compound, and contains multiple distinct subparts.

The Court should deny Pizzuto's request with respect to Interrogatory No. 32.

**2.   Interrogatory No. 35**

Pizzuto cannot establish a particularized showing as to why he needs the information requested in Interrogatory No. 35.  On its face, this interrogatory is solely focused on the claims of Thomas Creech, who is involved in an entirely separate case (as the Court explained in its Order Denying Consolidation, Dkt. 137).  Pizzuto's execution will comply with the applicable version of SOP 135 in effect at that time.  Further, Pizzuto already has the information requested in this interrogatory by nature of Defendants' responses to Requests for Admission Nos. 313 and 314. (*See* 4th Decl. Smith, Exs. C, D).

Further, the interrogatory exceeds Rule 26(b)(1)'s scope.  The information sought is not relevant and is disproportionate to Pizzuto's needs.  Pizzuto's Second Amended Complaint—filed after Interrogatory No. 35 was served—does not contain any allegations about dopamine. Pizzuto's one claim is directly solely at the use of pentobarbital at his execution.  (*See* Dkt. 153, p. 17).  Whether Creech was or was not given dopamine is not probative to any claim involved in this litigation, and the interrogatory is duplicative of Requests for Admission Nos. 313 and 314. For the same reasons, the interrogatory is unduly burdensome.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SEVENTH MOTION TO COMPEL - 4**

The Court should deny Pizzuto's request with respect to Interrogatory No. 35.

### 3. Interrogatory No. 36

Pizzuto cannot establish a particularized showing as to why he needs the information requested in Interrogatory No. 36.  This information is, again, focused on Creech's claims and Creech's February 28, 2024, execution attempt.  Further, because IDOC has an obligation to utilize qualified and competent personnel in all parts of an execution, there is no need for the information in the first place.  *See, e.g., Nooner v. Norris*, 594 F.3d 592, 604 (8th Cir. 2010) ("[I]t is imperative for the State to employ personnel who are properly trained to competently carry out each medical step of the [lethal injection] procedure." (citation omitted)); *see also Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009) ("government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith . . ..").  Indeed, this interrogatory is directed at potential human error or negligence during an execution, but neither negligence nor human error can establish a method-of-execution claim.  *See Baze v. Rees*, 553 U.S. 35, 107 (2008) (J. Thomas with whom J. Scalia join in concurring); *Workman v. Bredesen*, 486 F.3d 896, 907 (6th Cir. 2007).  For the same reasons, the information exceeds Rule 26(b)(1)'s scope as it is irrelevant, disproportionate to Pizzuto's needs, and unduly burdensome.  Indeed, Pizzuto already has the information by nature of Defendants' responses to Requests for Admission Nos. 322 through 352.  (4th Decl. Smith, Exs. C, D).  Further, because it is asking for the specific title and credentials of medical professionals, as well as where/when they were taught, trained, and employed, the information is so individualized it will result in these individual's identities being uncovered—which would be unduly burdensome, and forcing Defendants to provide the information would require them to violate or act contrary to Idaho law, *see* I.C. § 19-2716A.

The Court should deny Pizzuto's request with respect to Interrogatory No. 36.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SEVENTH MOTION TO COMPEL -
5**

DATED this 13th day of September, 2024.

MOORE ELIA KRAFT & STACEY, LLP


*/s/ Tanner J. Smith*
Tanner J. Smith
Attorneys for Defendants


OFFICE OF THE ATTORNEY GENERAL


*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jonah J. Horwitz
Christopher M. Sanchez
Federal Defender Services of Idaho
702 W. Idaho St., Ste. 900
Boise, Idaho 83702

Stanley J. Panikowski
DLA Piper LLP
401 B St., Ste. 1700
San Diego, CA 92101

*Attorneys for Plaintiff*

☐ U.S. Mail, postage prepaid
☐ Hand Delivered
☐ Overnight Mail
☐ Facsimile Transmission
☒ E-Mail: Jonah_horwitz@fd.org,
Christopher_m_sanchez@fd.org,
stanley.panikowski@dlapiper.com


*/s/ Tanner J. Smith*
Tanner J. Smith


**DEFENDANTS' OPPOSITION TO PLAINTIFF'S SEVENTH MOTION TO COMPEL -**
**6**