# Exhibit A

Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900, Boise, ID 83702
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:   Jonah_Horwitz@fd.org; Christopher_M_Sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700; Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1650 Market Street, Suite 500, Philadelphia, PA 19103
Telephone: (215) 656-2438
ECF: sarah.kalman@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | CASE NO. 1:21-cv-00359-BLW |
| Plaintiff, | |
| | **Plaintiff's Fifth Set of Interrogatories** |
| v. | |
| **JOSH TEWALT, et al.,** | |
| Defendants. | |

Plaintiff's Fifth Set of Interrogatories – Page 1

**Plaintiff's Fifth Set of Interrogatories**

Plaintiff Gerald Ross Pizzuto, Jr., hereby requests, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that Defendants answer the Interrogatories set forth below in accordance with the following Definitions and Instructions. A response is due within thirty days of service.

**Definitions**

1. The term "Defendants" means the defendants in this action, including their current or former officials, managers, employees, agents, attorneys, representatives, contractors, subcontractors, and/or other persons acting on their behalf.

2. The term "IMSI" refers to the Idaho Maximum Security Institution.

3. The term "Interrogatory" or "Interrogatories" means the individual or collective requests set forth below.

4. The term "IDOC" refers to the Idaho Department of Correction.

5. The term "SOP 135" refers to version 4.0 of Standard Operating Procedure 135.02.01.001, which IDOC posted to its website on March 30, 2021.

6. The term "their" means "his," "her," or "their."

**Instructions**

1. In answering the Interrogatories, furnish all information that is known or available to you regardless of whether this information is possessed directly by you or your agents, employees, representatives or other persons acting or appearing to act on your behalf, and, unless privileged, by your attorneys.

Plaintiff's Fifth Set of Interrogatories – Page 2

2. These Interrogatories are directed equally at Defendant Josh Tewalt and Defendant Tim Richardson.[1] Defendants should clarify who is responding to each Interrogatory and whether they have different responses or the same responses.

3. Each Interrogatory listed below shall be continuing in nature and shall be modified or supplemented to include any additional information, knowledge or data that is later discovered by you or your agents. If you do not have all the information that you need to make a complete response to an Interrogatory, provide all of the information that you do have, state that your information is incomplete, identify the information you would need to make a complete response, and provide a supplemental response when you obtain more information.

4. Each Interrogatory, including all subparts, must be answered separately, fully and completely. If you do not respond to part of an Interrogatory as objectionable, respond to the remaining parts of the Interrogatory to which you do not object.

5. Where information is not produced because of a claim of privilege, the information required by Rule 26 of the Federal Rules of Civil Procedure shall be provided.

6. If, in responding to any Interrogatory, you encounter any ambiguities, your response shall set forth the matter deemed ambiguous and the construction used in responding.

---

[1] Tim Richardson is automatically substituted into this case as a defendant in place of Tyrell Davis. *See* Dkt. 13 at 1 n.1. Responses to these Interrogatories should therefore be made by Defendants Tewalt and Richardson.

Plaintiff's Fifth Set of Interrogatories – Page 3

7. If, in responding to any Interrogatory, you are choosing to provide information only for a certain time period and to exclude information falling outside of that time period, Defendants should so state and indicate the time period they are using.

**Interrogatories**

23. Describe in detail the inquiry that is done by IDOC into the licensures and certifications of the medical team members.

24. Identify the individual or individuals tasked with obtaining medical equipment for use in executions now that Ross Castleton has retired.

25. Describe the qualifications of the person or persons who provide the "technical assistance" and perform the "technical review" described on page 25 of SOP 135.

26. Explain how the Administrative Team reviews "the condemned person's physical and historical characteristics" as provided on page 25 of SOP 135.

27. IDOC's execution training agendas indicate that supplies are inventoried and expiration dates are checked. *See, e.g.*, IDOC document 12329. Please list and describe what items are inventoried and what items' expiration dates are checked as part of the trainings, and please provide the expiration dates that were determined at the most recent training.

28. IDOC document 6061 is an email from Ross Castleton to Timothy Richardson and Amanda Gentry, dated October 21, 2021. The email indicates that "someone will be observing our medical team training." Please identify the name and position of the person who was planning on observing the training.

29. In response to Request for Admission 50, you indicated that you would keep a temperature log of the space in which the Execution Drugs will be kept at IMSI, and that you will provide the log to undersigned counsel. Please describe which different spaces at IMSI the

temperature log will be used at, when it will be used, and when the log will be provided to undersigned counsel.

30. Describe the process by which Professional Compounding Centers of America was selected as the testing laboratory for the drugs used in the Paul Rhoades execution in 2011 and the Richard Leavitt execution in 2012, including what kind of due diligence—if any—IDOC did to determine the organization's reliability, its regulatory track record, etc.

31. Identify by name, (if applicable) rank, and profession the individuals who served on the medical team for the 2011 execution of Mr. Rhoades and the 2012 execution of Mr. Leavitt.

DATED this 3rd day of August 2023.

/s/ Jonah J. Horwitz
Jonah J. Horwitz
Christopher M. Sanchez
Federal Defender Services of Idaho

/s/ Stanley J. Panikowski
Stanley J. Panikowski
Sarah E. Kalman
DLA PIPER LLP (US)

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August 2023, I served the foregoing document by email on opposing counsel at the following addresses:

Kristina M. Schindele
krschind@idoc.idaho.gov

/s/ Jonah J. Horwitz
Jonah J. Horwitz

Plaintiff's Fifth Set of Interrogatories – Page 5