Exhibit B

Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900,
Boise, ID 83702
Telephone: (208) 331-5530
Facsimile: (208) 331-5559
ECF:   Jonah_Horwitz@fd.org;
       Christopher_M_Sanchez@fd.org

Stanley J. Panikowski, California Bar No. 224232
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700, San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
ECF: stanley.panikowski@dlapiper.com

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
1650 Market Street, Suite 500
Philadelphia, PA 19103
Telephone: (215) 656-2438
ECF: sarah.kalman@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | **CASE NO. 1:21-cv-00359-BLW** |
| Plaintiff, | ) | |
| | ) | **Plaintiff's Sixth Set of Interrogatories** |
| v. | ) | |
| **JOSH TEWALT, et al.,** | ) | |
| Defendants. | ) | |

**Plaintiff's Sixth Set of Interrogatories**

Plaintiff Gerald Ross Pizzuto, Jr., hereby requests, pursuant to Rule 33 of the Federal Rules of Civil Procedure, that Defendants answer the Interrogatories set forth below in accordance with the following Definitions and Instructions. A response is due within thirty days of service.

**Definitions**

1. The term "Central Line" has the same meaning as in the form entitled "Execution Chemicals Preparation and Administration" that is available on IDOC's website at http://forms.idoc.idaho.gov/WebLink/0/edoc/982043/Execution%20Chemicals%20Preparation%20and%20Administration.pdf.

2. The term "Creech Execution" refers to the attempt to execute Thomas Creech on February 28, 2024.

3. The term "Defendants" means the defendants in this action, including their current or former officials, managers, employees, agents, attorneys, representatives, contractors, subcontractors, and/or other persons acting on their behalf.

4. The term "IMSI" refers to the Idaho Maximum Security Institution.

5. The term "Interrogatory" or "Interrogatories" means the individual or collective requests set forth below.

6. The term "IDOC" refers to the Idaho Department of Correction.

7. The term "Medical Team" is used in the same sense as in SOP 135.

8. The term "New Execution Drugs" refers to chemicals that you obtained on or after February 28, 2024.

9. The term "SOP 135" refers to version 4.0 of Standard Operating Procedure 135.02.01.001, which IDOC posted to its website on March 30, 2021.

10. The term "their" means "his," "her," or "their."

**Instructions**

1. In answering the Interrogatories, furnish all information that is known or available to you regardless of whether this information is possessed directly by you or your agents, employees, representatives or other persons acting or appearing to act on your behalf, and, unless privileged, by your attorneys.

2. These Interrogatories are directed equally at Defendant Josh Tewalt and Defendant Tim Richardson.[1]  Defendants should clarify who is responding to each Interrogatory and whether they have different responses or the same responses.

3. Each Interrogatory listed below shall be continuing in nature and shall be modified or supplemented to include any additional information, knowledge or data that is later discovered by you or your agents.  If you do not have all the information that you need to make a complete response to an Interrogatory, provide all of the information that you do have, state that your information is incomplete, identify the information you would need to make a complete response, and provide a supplemental response when you obtain more information.

---

[1] Tim Richardson is automatically substituted into this case as a defendant in place of Tyrell Davis.  *See* Dkt. 13 at 1 n.1.  Responses to these Interrogatories should therefore be made by Defendants Tewalt and Richardson.

Plaintiff's Sixth Set of Interrogatories – Page 3

4. Each Interrogatory, including all subparts, must be answered separately, fully and completely. If you do not respond to part of an Interrogatory as objectionable, respond to the remaining parts of the Interrogatory to which you do not object.

5. Where information is not produced because of a claim of privilege, the information required by Rule 26 of the Federal Rules of Civil Procedure shall be provided.

6. If, in responding to any Interrogatory, you encounter any ambiguities, your response shall set forth the matter deemed ambiguous and the construction used in responding.

7. If, in responding to any Interrogatory, you are choosing to provide information only for a certain time period and to exclude information falling outside of that time period, Defendants should so state and indicate the time period they are using.

## Interrogatories

32. Describe the anticipated timeline for the revision of SOP 135, as well as the plan and process for consulting on the revisions. Please include details not limited to: which kinds of professionals will be consulted, whether independent experts will be reviewing the protocol, and whether independent experts will be reviewing the details of the Creech Execution.

33. Provide all disclosable information about any New Execution Drugs in IDOC's possession, including but not limited to their quantity, expiration date(s), the type of container(s) they are in, the process and materials used during the manufacturing/compounding process, compliance with regulatory and quality standards, the quality and safety of the execution chemicals, and so forth.

34. Describe the status of the pentobarbital that IDOC placed in a disposal bag, as noted in Defendants' response to Request for Admission 220, including whether it is in a separate container within the bag and if so what type of container.

35. Explain what, if anything, occurred at or in preparation for the Creech Execution with respect to dopamine, including but not limited to whether there was an attempt to administer it, how much was attempted to be administered or actually administered, for what purpose it was used or considered, and so forth.

36. Describe any efforts related to the renovation of IMSI's execution facilities undertaken after February 28, 2024 or contemplated for the future, including but not limited to the purpose and nature of the work, the anticipated timeline for its completion, and so forth.

37. Outline all experience, qualifications, training, licensure, certifications, and so forth that each member of the Medical Team has with respect to Central Lines, in the medical and/or execution settings.

DATED this 10th day of May 2024.

/s/ Jonah J. Horwitz
Jonah J. Horwitz

/s/ Christopher M. Sanchez
Christopher M. Sanchez
Federal Defender Services of Idaho

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2024, I served the foregoing document by email on opposing counsel at the following addresses:

Kristina M. Schindele
krschind@idoc.idaho.gov

Mary Karin Magnelli
kmagnell@idoc.idaho.gov

Michael Elia
mje@melawfirm.net

/s/ Jonah J. Horwitz
Jonah J. Horwitz