*Gerald Ross Pizzuto, Jr. v. Josh Tewalt,* Case No. 1:21-cv-00359-BLW
Submitted in Support of Reply in Support of
Motion for Additional Interrogatories

# EXHIBIT 1



**STATE OF IDAHO**

OFFICE OF THE ATTORNEY GENERAL

RAÚL LABRADOR

*Via email*

October 10, 2024

Jonah J. Horwitz
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900
Boise, Idaho 83702

RE:   *Gerald Pizzuto, Jr. v. Tewalt et al*, Case No. 1:21-cv-359

Dear Jonah,

I write to respond to your May 10, 2023, correspondence requesting supplemental discovery.

Defendants continue to object to supplemental productions requested that relate solely to the execution of Thomas Creech. The facts and circumstances presented in *Pizzuto v. Tewalt* are distinct and unrelated to Thomas Creech. To the extent you seek additional records related to ongoing discovery in *Pizzuto v. Tewalt,* Defendants have provided additional records. This document identifies the responsive documents previously disclosed in response to your requests.

Your specific questions and Defendants' responses follow:

1. All documents generated or obtained in connection with IDOC's order for, acquisition of, receipt of, transportation of, and storage of the New Execution Drugs, including but not limited to receipts, purchase orders, DEA forms, expiration dates, chain-of-custody logs, and so forth.

   RESPONSE: IDOC provided documents on or about February 28, 2024, March 1, 2024, April 19, 2024, and May 29, 2024. These documents were associated with specific requests for production in a supplemental response sent May 29, 2024.

   Since the Supplemental Response to Request for Supplemental Discovery Responses dated May 29, 2024, Defendants have provided additional documents on August 7, 2024 and August 19, 2024. These latter disclosures did not include documents responsive to acquisition of, receipt of, or transportation

of chemicals identified as New Execution Drugs. The 8/7/24 disclosures contained temperature logs for both sets of chemicals. The 8/19/24 disclosures contained updated temperature logs for both sets of chemicals. Defendants will supplement this response with updated temperature logs from and after August 19, 2024.

2. All communications with the supplier or distributor of the New Execution Drugs, including but not limited to emails, memos, notes of calls, and so forth.

   RESPONSE: Upon information and belief, IDOC does not have any written communications with the supplier or distributor of the chemicals identified as New Execution Drugs.

3. All communications with any manufacturers of the New Execution Drugs.

   RESPONSE: Upon information and belief, IDOC does not have any written communications with the manufacturer of the chemicals identified as New Execution Drugs.

   To the extent IDOC has received communications from manufacturers of pentobarbital, Defendants object to disclosure of the same under this request for production. Disclosure of any communication from a manufacturer of pentobarbital creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Any such communication would be subject to withholding or redaction pursuant to Idaho Code § 19-2716A as incorporated in Federal Rule of Civil Procedure 26(b). IDOC submits disclosure of a written communication from **a manufacturer of pentobarbital** under this request for disclosure is likely to identify **the manufacturer** of chemical in IDOC's possession as a disclosure under this specific request would identify the party to the communication as **the manufacturer of pentobarbital in IDOC's possession**. Disclosure poses an undue burden on Defendants given the effect disclosure of the identity of the manufacturer of the execution chemicals identified as New Execution Drugs would have on the Department's ability to carry out an execution.

4. All documents obtained from the source of the New Execution Drugs.

   RESPONSE: Upon information and belief, IDOC has not received any documents from the Department's source of chemicals identified as New Execution Drugs.

5. All documents generated or obtained in connection with testing performed on the New Execution Drugs, including but not limited to any certificates of analysis.

RESPONSE: As previously indicated, IDOC does not have the Certificate of Analysis for the chemicals identified as New Execution Drugs. IDOC confirmed testing had been completed on the chemicals identified as New Execution Drugs. As required by IDOC's execution protocol, at least three days before a scheduled execution, the Administrative Team will obtain technical assistance from a qualified individual who will examine the chemicals to be administered as well as review chemical test results and the certificate of analysis for the execution chemicals.

6. The package inserts and photos of labels of the New Execution Drugs.

RESPONSE: Defendants object to providing photos of the labels of the chemicals identified as the New Execution Drugs as disclosure will identify the manufacturer of the chemicals. Identification of the manufacturer creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Any such disclosure would violate Idaho Code § 19-2716A. Idaho Code § 19-2716A informs the undue burden analysis incorporated in Federal Rule of Civil Procedure 26(b).

With respect to the package insert, as noted in Defendant's 2/16/24 Further Response to RFP Number 1, Defendants object to disclosure of the package insert for the chemicals identified as the New Execution Drugs.

The package insert will identify the manufacturer of the chemicals identified as the New Execution Drugs. IDOC has inspected the package insert for the chemicals identified as the New Execution Drugs. The package insert is formatted and appears in such a specific way that even when redacted, the insert can be compared to inserts that are readily available on the internet. The specific format and appearance of the package insert can be used to identify the manufacturer. Defendants submit disclosure of any of this information would lead to the identification of the source of the chemicals identified as the New Execution Drugs. Disclosure of the package insert would violate Idaho Code § 19-2716A. Idaho Code § 19-2716A informs the undue burden analysis incorporated in Federal Rule of Civil Procedure 26(b). Disclosure would lead to the identification of the source of execution chemicals. Defendants submit disclosure would create an undue burden and jeopardize the Department's ability to carry out an execution. This undue burden on the Department's legitimate business activity is a basis for denial of production under Federal Rule of Civil Procedure 26(b). In addition, disclosure is not relevant to Mr. Pizzuto's method of execution claim and is disproportional to the needs of the case. The package insert does not provide information relevant to reliability, sterility or potency of the execution chemical. Defendants have already provided responses to requests for admission addressing storage conditions of the chemicals identified as the New Execution Drugs.

7. All cash logs and expense logs related to the acquisition of the New Execution Drugs.

   RESPONSE: Defendants provided an updated cash log on or about April 19, 2024. Defendants will supplement this response with an updated cash log covering expenditures since March 29, 2024.

Regards,

*Kristina M. Schindele*

Kristina M. Schindele
Deputy Attorney General
Idaho Department of Correction