Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho, 702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:  Jonah_Horwitz@fd.org; Christopher_M_Sanchez@fd.org

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | CASE NO. 1:21-cv-00359-BLW |
| Plaintiff, | **PLAINTIFF'S EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER AND REQUEST FOR EXPEDITED RESPONSE AND CONSIDERATION** |
| v. | |
| **JOSH TEWALT, et al.,** | |
| Defendants. | |

For the reasons that follow, undersigned counsel for Plaintiff Gerald Ross Pizzuto, Jr. respectfully ask the Court to modify the protective order in this case, *see* Dkts. 81, 83, 117, such that Thomas Eugene Creech is permitted to publicly file the deposition transcript of Warden Tim Richardson in connection with his own method-of-execution case. Given the exigencies occasioned by Mr. Creech's imminent execution, as detailed further below, counsel further respectfully request that the Court order the defendants to respond to this motion by midnight on today's date (October 31, 2024) and issue an order by the end of the next day (November 1) if at all possible. *See* Dist. Idaho Loc. Civ. R. 6.1.

MOTION TO MODIFY PROTECTIVE ORDER – Page 1

It is well-established that "district courts have inherent authority to grant a motion to modify a protective order where good cause is shown." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009). Good cause is present here.

On April 14, 2023, this Court adopted a protective order that was jointly proposed by the parties. *See* Dkt. 83. The protective order sets forth a process for discovery materials to be designated confidential or attorney eyes only. *See* Dkt. 81 at 2. This can include deposition testimony. *See id.* at 3. However, should either party determine discovery materials were inappropriately designated as confidential, that party—after conferring in good faith with the opposing party to resolve the issue—may request relief from this Court. *See id.* at 5. The protective order further establishes that deposition transcripts are to be considered confidential in their entirety for thirty days so that the parties can consider how to make their designations. *See id.* at 8.

On undersigned counsels' request, this Court modified the protective order on February 16, 2023. *See* Dkt. 117. That modification allowed Mr. Creech's "counsel, experts, and agents to access all discovery materials obtained in this action for purposes of litigating *Creech v. Tewalt et al.*, 1:20-cv-114." Dkt. 117 at 3. Undersigned counsel will henceforth refer to those proceedings as "the Creech Lethal-Injection Case."[1]

---

[1] Undersigned counsel represent Mr. Pizzuto, the sole plaintiff, in the present case. Their office, through other attorneys, is handling the Creech Lethal-Injection Case.

MOTION TO MODIFY PROTECTIVE ORDER – Page 2

Since that modification, Mr. Pizzuto has conducted a deposition of Tim Richardson, who was the Warden of the Idaho Maximum Security Institute ("IMSI") from 2021 to June 2024. As Warden, Mr. Richardson was deeply involved in the lead-up to both the scheduled November 2023 execution for Mr. Creech and the botched attempt to put him to death at IMSI on February 28, 2024.

The Richardson deposition occurred on October 18, 2024. Undersigned counsel have since obtained a transcript of the deposition. Certain portions of that transcript were marked confidential by the court reporter because questions were asked of Mr. Richardson regarding exhibits that had been marked as confidential. Undersigned counsel have reviewed the transcript and do not believe anything in the transcript raises legitimate confidentiality concerns. The undersigned emailed opposing counsel to request that Mr. Creech be able to publicly file an unredacted version of the deposition transcript in those proceedings.[2] Opposing counsel informed the undersigned that the defendants opposed the filing of the unredacted transcript. Indeed, opposing counsel indicated that they objected to any further exhibits being introduced by Mr. Creech, despite the fact that the defendants provided key disclosures to him only after he moved for a preliminary injunction.

---

[2] To the extent it is necessary, undersigned counsel requests that the Court take judicial notice of any filings in the *Creech* case referenced here. *See* Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 743 n.6 (9th Cir. 2006).

MOTION TO MODIFY PROTECTIVE ORDER – Page 3

Having reached an impasse, undersigned counsel now request that this Court modify the protective order to permit the public filing of the unredacted transcript in Mr. Creech's case.[3]

As is evident from the document itself, the portions of the transcript that the court reporter marked as confidential do not actually refer to confidential material.[4] Simply put, nothing in the transcript is personal, private, sensitive, or proprietary in nature, nor does it jeopardize the interests of the defendants. As such, the "confidential" portions of the transcript have been unnecessarily marked as such. Additionally, it should be noted that undersigned counsel seek only to allow Mr. Creech to file the transcript itself, not any of the exhibits discussed during the deposition that were marked as confidential. Therefore, this Court should modify the protective order to allow Mr. Creech full use of the unredacted transcript of the Richardson deposition.

As Mr. Creech has already been given access to the discovery materials in the instant case, *see* Dkt. 117, the Court need not wade into the question of whether and how the transcript should be relied on by the judge presiding over the Creech Lethal-Injection Case. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132–33 (9th Cir. 2003) (explaining the court that issued the protective order "makes only a

---

[3] In consideration of the need for haste, Mr. Pizzuto respectfully asks the Court not to enforce the requirement of a telephonic meet and confer and any other technical formalities that may not have been satisfied here.

[4] On today's date, Mr. Pizzuto is filing both the redacted and unredacted versions of the transcript with the Court under seal so that it may review them while ruling on the present motion.

MOTION TO MODIFY PROTECTIVE ORDER – Page 4

rough estimate of relevance" and "must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits"). Instead, undersigned counsel respectfully suggest that the instant motion can and should be granted solely on the ground that the defendants lack any legitimate confidentiality concerns about the contents of the transcript. *See Phillips ex rel. Estates of Byrd v. GMC*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (discussing the default principle that "the public can gain access to litigation documents and information produced during discovery"). The same result is supported by the fact that there is a significant interest in such information being public so that citizens "can determine whether lethal injections are fairly and humanely administered." *First Am. Coal. of Ariz. v. Ryan*, 938 F.3d 1069, 1076 (9th Cir. 2019). However, given the emergency nature of this motion and the expedited timeline, undersigned counsel will briefly address the relevance of the contents of the transcript with respect to Mr. Creech's case.

Like Mr. Pizzuto, Mr. Creech has raised an Eighth Amendment challenge to his execution based in part on concerns about the reliability of the State's drugs. *See* Creech Lethal-Injection Case, Dkt. 167 at 23–26. The transcript of Mr. Richardson's deposition speaks directly to the defendants' carelessness with the handling of lethal injection drugs. For example, there is discussion in the transcript about how, after the Idaho Department of Correction (IDOC) obtained drugs to use in Mr. Creech's execution, prison staff improperly placed the chemicals in a refrigerator for approximately *six weeks*, when they were supposed to be kept at room temperature according to the unequivocal instructions on the packaging. In moving for a

MOTION TO MODIFY PROTECTIVE ORDER – Page 5

preliminary injunction in his own case, Mr. Creech has in part relied upon IDOC's mistaken refrigeration of the drugs. *See* Creech Lethal-Injection Case, Dkt. 165-1 at 16.[5] Whether or not these particular drugs are going to be used in the upcoming execution (a question that is entirely unclear at present based on IDOC's lack of transparency), the Department's serious errors in storing lethal-injection chemicals within the last year would remain relevant. For if the defendants are so incompetent as to ignore packaging instructions that any layperson would follow and mistakenly refrigerate execution drugs for nearly two months, it surely raises concerns about their ineptitude more generally, which contributes to the unconstitutional risk of severe pain being inflicted on Mr. Creech on November 13. *See* Dkt. 123 at 15 (explaining how information about drug reliability is for the most part relevant in the present proceedings under the "quite low" standard that applies).

Undersigned counsel recognize that the protective order allows Mr. Creech to file the transcript under seal in his case. *See* Dkt. 117 at 3. Nevertheless, that is an inadequate solution, for it will create needless complications regarding what statements Mr. Creech is permitted to make in his briefing about the deposition testimony, since his own submissions will of course be public. Such complications will make the execution litigation in his case, which is already complicated and highly

---

[5] Because the refrigeration issue is discussed in Mr. Creech's preliminary-injunction papers based on non-confidential information, it is appropriate for it to be addressed in the present public filing. *See* Creech Lethal-Injection Case, Dkt. 165-1 at 16. Undersigned counsel are on today's date filing under seal both the unredacted and the redacted versions of the Richardson deposition transcript.

MOTION TO MODIFY PROTECTIVE ORDER – Page 6

compressed, even more unwieldy, and will prevent Mr. Creech's counsel from focusing all of their energy on presenting the Court with the information it needs to accurately resolve the issues. It is also worth noting that similar deposition transcripts are routinely filed in other cases raising comparable claims. *See, e.g.*, *In re Ohio Execution Protocol Litig.*, S.D. Ohio, No. 2:11-cv-1016, Dkt. 1073-4. There is no basis for treating the present case differently.

In sum, because there are no legitimate confidentiality issues in play, and because it is plainly relevant to claims in Mr. Creech's case, the undersigned respectfully petition this Court to modify its protective order and allow it to be filed publicly in those proceedings. In the alternative, undersigned counsel respectfully ask the Court to at least allow Mr. Creech to publicly file the redacted version of the transcript in his case.

Finally, the undersigned will briefly address the question of timing. Mr. Creech's latest death warrant was signed on October 16. After assembling his evidence, which included two new expert reports, Mr. Creech filed his renewed motion for a preliminary injunction on October 26. *See* Creech Lethal-Injection Case, Dkt. 165.[6] This Court ordered the defendants to respond to the motion by 5 PM on October 31, i.e., today's date. *See id.*, Dkt. 166 at 4. Mr. Creech's reply in support of his renewed motion for a preliminary injunction is due two days from now, on Saturday,

---

[6] As the Court knows, the small office representing Mr. Creech is also simultaneously handling two other end-stage proceedings related to his death sentence and execution.

MOTION TO MODIFY PROTECTIVE ORDER – Page 7

November 2. *See id.* After the reply is submitted, the preliminary-injunction request will be ripe for the Court to decide it. Therefore, the November 2 reply may be the last opportunity for Mr. Creech to present evidence in support of a preliminary injunction. It is therefore necessary for him to have permission before then so that he can prepare the argument regarding the transcript in his reply by the deadline. For those reasons, undersigned counsel respectfully ask the Court to order the defendants to respond to the present motion by midnight on today's date (October 31, 2024) and issue an order by the end of the next day (November 1) if at all possible. *See* Dist. Idaho Loc. Civ. R. 6.1. Undersigned counsel advise the Court that they will consider whether to file a reply in support of the present motion after receiving the defendants' response. However, recognizing the time constraints, undersigned counsel are not asking that the Court set a deadline for a reply or for it to wait for one before ruling on the motion.

Respectfully submitted this 31st day of October 2024.

>*/s/ Jonah J. Horwitz*
>Jonah J. Horwitz
>Christopher M. Sanchez
>Federal Defender Services of Idaho
>
>*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 31st day of October 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
krschind@idoc.idaho.gov

Mary Karin Magnelli
kmagnell@idoc.idaho.gov

Michael Elia
mje@melawfirm.net

                              */s/ L. Hollis Ruggieri*
                              L. Hollis Ruggieri