RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.**, Plaintiff, v. **JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **RANDY VALLEY**, Warden, Idaho Maximum Security Institution, in his official capacity, and **LIZ NEVILLE**, Deputy Chief of Prisons, in her official capacity, Defendants. | Case No. 1:21-cv-359-BLW  DEFENDANTS' RESPONSE TO PIZZUTO'S EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER [DKT. 161] |

Pursuant to Dist. Idaho Loc. Civ. R. 7.1(c), Defendants file their response to Pizzuto's Emergency Motion to Modify Protective Order filed October 31, 2024. (Dkt. 161). The Court entered an order that Defendants file their response no later than midnight October 31, 2024. (Dkt. 163).

**DEFENDANTS' RESPONSE TO PIZZUTO'S EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER [DKT. 161] - 1**

Defendants affirm the Court issued a Protective Order, (Dkt. 83), pursuant to the parties' stipulation, (Dkt. 81). On February 16, 2024, the Court entered an order modifying the protective order. (Dkt. 117). The Court recognized various facts, including:

- Pizzuto has challenged his method of execution in the instant case;
- Creech has challenged his method of execution in a separate case, 1:20-cv-00114;
- Pizzuto and Creech are represented by attorneys from the Capital Habeas Unit of the Federal Defender Services of Idaho; and
- the Protective Order, (Dkt. 83), "governs the handling of materials obtained through discovery that are deemed confidential and for 'attorney's eyes only.'"

(Dkt. 117, pp. 2-3). The Court then modified the Protective Order:

> The Court will … modify the Protective Order (Dkt. 83) to permit Creech's counsel, experts, and agents to access all discovery materials obtained in this action for purposes of litigating *Creech v. Tewalt et al.*, 1:20-cv-00114. The Protective Order (Dkt. 83) will otherwise remain in full effect and, accordingly, will continue to prohibit the disclosure of material designated confidential or for 'attorney's eyes only' to third parties, *except* as authorized by this Order. In the event that any materials subject to the Protective Order (Dkt. 83) are submitted to the Court in Creech's Case, such materials shall be filed under seal.

(*Id.* at 3). Pizzuto now seeks relief from the Protective Order as modified to permit Creech to "publicly file the deposition transcript of Warden Tim Richardson…." (Dkt. 161, p. 1).

### A. The Court should deny Pizzuto's requested relief as release would create an undue burden on Defendants.

#### 1. The Court should deny the request as the deposition transcript is not final.

Warden Richardson was deposed on October 18, 2024—two days after Creech's current death warrant was entered by the Idaho state court judge. Pizzuto acknowledges the Protective Order provides the parties up to 30 days from the deposition date to designate testimony confidential or attorney's eyes only and treats deposition transcripts in their entirety as confidential

**DEFENDANTS' RESPONSE TO PIZZUTO'S EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER [DKT. 161] - 2**

for 30 days. (*See* Dkt. 161, p. 2; Dkt. 81, pp. 8-9). Pizzuto does not state when he received the deposition. Defendants received the deposition transcripts on October 25, 2024.[1]

Also, Federal Rule of Civil Procedure 30(e)(1) provides that the deponent must be allowed 30 days after being notified that the transcript is available to review the transcript, identify changes, and provide reasons for requesting those changes. Warden Richardson has not had an opportunity to review his deposition transcript. The purpose of the read and sign requirement is to allow the deponent the opportunity to correct any misstatements or errors which may have been said at a deposition. Particularly where the deposition was taken by Pizzuto's attorney, who is also counsel for Creech in other cases, and the deposition was taken while an active death warrant was issued for Creech, the read and sign element of the deposition is crucial. The purpose of a deposition is to narrow issues and pin down specific responses. In fact, here, Pizzuto states that Creech wants

---

[1] Undersigned Counsel for Defendants acknowledge Ms. Schindele received the transcripts by email on October 25. Judge Snow has been assigned to Creech's pending federal court cases. Creech filed renewed motions for a preliminary injunction and administrative stay in his method of execution case, 1:20-cv-00114, on Saturday, October 26 at 4:34 p.m. and 4:25 p.m. respectively. Creech also filed renewed motions for a preliminary injunction, administrative stay, and expedited discovery in a separate case, 1:24-cv-00066, on October 22, 2024. Counsel for Defendants herein also represent the Idaho Commission of Pardons and Parole in 1:24-cv-00066. The Court entered expedited briefing in 1:24-cv-00066 requiring responses to be filed by October 30, at 5:00 pm. The Court entered expedited briefing in 1:20-cv-00114 requiring responses to be filed by October 31, at 5:00 pm. Additionally, the Court entered an order directing Defendants to file an answer or responsive pleading to Creech's Third Amended Complaint in 1:20-cv-00114 by Friday, November 1, at 5:00 pm. Defendants ask this Court to take judicial notice under Federal Rule of Evidence 201 of the following specific documents filed in Creech's pending cases: 1:24-cv-00066, Dkts. 53-69; 1:20-cv-00114, Dkts. 162-171. Defendants acknowledge Pizzuto's counsel requested a stipulation to permit Creech to file the unredacted transcript of Warden Richardson's deposition by email on October 29 and requested a response by October 30. Pizzuto's counsel did not identify any portion of the deposition transcript Creech sought to use or the relevance of the information to Creech's claims. Defendants responded, objecting to the public filing of the deposition. Defendants also preserved their objections to the filing of supplemental information in support of pending motions Creech filed in 1:20-cv-00114. Defendants have no objection to the Court waiving further meet and confer requirements in connection with Pizzuto's request herein. *See* Dkt. 161, p. 4 n. 3.

**DEFENDANTS' RESPONSE TO PIZZUTO'S EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER [DKT. 161] - 3**

to offer Warden Richardson's deposition transcript to speak to exact temperatures that Warden Richardson was asked to recall from memory. The right to read and sign is of utmost importance to permit Warden Richardson to verify the accuracy by reference to the documentary evidence—the temperature logs. *See, e.g., Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225-1226 (9th Cir. 2005) (Rule 30(e) is to be used to correct not contradict proposed deposition testimony). It would be improper to defenestrate Rule 30(e)(1) here.

      2.    <u>The Court should deny the request because the requested release is overly broad.</u>

Pizzuto asks the Court to declare the entire transcript non-confidential and authorize its release to Creech for public use. Defendants object to this overly broad request. While Pizzuto has asked that Creech be permitted to lodge the entire transcript unredacted, the subjects of testimony Pizzuto actually raises in his motion are narrow—storage conditions of IDOC's execution chemical in October and November 2023. Further, Pizzuto has only briefed his claimed temperature issue. Because Pizzuto has not argued that the entire transcript is probative of any claimed issue or proffered sufficient justification to permit Creech to lodge the entire transcript unsealed, providing Creech the broad relief Pizzuto requests is improper.

      3.    <u>The Court should deny the request based on the status of Creech's motions</u>.

The limited relevance Pizzuto has identified is narrowed further given the reality that Creech has already submitted his motions and supporting materials. Neither the Federal Rules nor Local Rules permit Creech to now submit or rely on additional evidence. For example, Local Rule 7.1(b)(2) provides:

> The moving party must serve and file with the motion affidavits required or permitted by Federal Rule of Civil Procedure 6(c), declarations submitted in accordance with 28 U.S.C. § 1746, copies of all photographs, documentary evidence and other supporting materials on which the moving party intends to rely.

Based on the rules governing motion practice, Creech's authority to supplement his reply, especially with information known to him at the time he filed his motions, is questionable.

While Local Rule 7.1(b)(3) provides a moving party the ability to file a reply brief, it does not allow for the submission of new evidence. This limitation makes sense furthers the administration of justice. For if a party is permitted to support its reply with additional evidence, what is to keep a moving party from hiding the ball in the first place, leaving the other party without an opportunity to respond?  Pizzuto is asking this Court to issue an order opining that Creech can submit evidence in support of his reply which the defendants will not have an proper opportunity or mechanism to respond to; particularly because the motions in that case are being expedited. This would be improper.

As even Pizzuto acknowledges (Dkt. 161, p. 6), Creech is permitted to file the entire the transcript under seal in case number 1:20-cv-00114 for the Court to analyze (which is the only set of eyes that are pertinent to his pending motions); there is no reason to permit submission of the entire transcript unsealed. In fact, upon information and belief, Creech received the deposition transcript no later than October 25, 2024. He could have filed Warden Richardson's deposition under seal at the time he filed his renewed motion for a preliminary injunction in case number 1:20-cv-00114. He could have supplemented his supporting documentation, or sought leave to do so, at any time prior to defendants' responsive pleading deadline.

And while Pizzuto argues that not providing Creech with the relief Pizzuto asks for "will prevent Mr. Creech's counsel from focusing all of their energy on presenting the Court with the information it needs to accurately resolve the issues," (Dkt. 161, p. 7), that statement overlooks the fact that denying Pizzuto the requested relief will not change whether Judge Snow can see or consider all of the arguments and evidence; it only affects whether non-parties can see the unread

and unsigned transcript. Indeed, because the Court permits the filing of confidential information under seal, Pizzuto's arguments are unavailing.

Use of the transcript under these circumstances creates an undue burden on Defendants.

### B. If the Court permits use of the deposition transcript, Pizzuto's request should be narrowly construed, and release should be subject to a protective order.

Modification of a protective order is committed to the issuing court's discretion:

> "[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment,'" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "Under Rule 26, however, '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Fed. R. Civ. P. 26(c)(1)).
>
> Additionally, "a district court has broad discretion in deciding whether to modify protective orders." *Lahrichi v. Lumera Corp.*, 433 F. App'x 519, 521 (9th Cir. 2011); *see also Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995).

*J.R. Simplot Company v. McCain Foods USA, Inc.*, 2019 WL 2745730, 1:16-cv-00449-DCN (D. Idaho July 1, 2019).

Pizzuto asks this Court to exercise its discretion to permit him to publicly file the entirety of Warden Richardson's deposition transcript. Pizzuto asks the Court to refrain from addressing the relevance of the information to Creech's claims. (Dkt. 161, p. 4). Pizzuto's reliance on *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), is overstated. The Ninth Circuit made it clear that "[t]he court that issued the order is in the best position to make the relevance assessment for it presumably is the only court familiar with the contents of the protected discovery." *Id.* at 1132. The appellate court then clarified that the issuing court conducts a "rough estimate of relevance", but "must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits." *Id.* at 1132-33.

Relevance does not end the inquiry regarding disclosure. The Ninth Circuit recognized that modification of a protective order to permit disclosure to a nonparty could continue "under the same restrictions on use and disclosure contained in the original protective order." *Id.* at 1133. This Court should certainly consider the relevance of the information sought to be released and publicly filed, especially where Creech has received access to significant amounts of information disclosed to Pizzuto that is useful in his method of execution case based on the Court's modified Protective Order in this case. To assist with the relevance inquiry, the Court should consider "the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Stokes v. Life Ins. Co. of North America*, 2009 WL 8397036, CIV-06-0411-S-LMB, * 1 (D. Idaho August 31, 2009) (citation omitted).

Defendants object to release of any part of the deposition transcript. However, based on Pizzuto's enunciated relevancy to Creech's case, Defendants limit the remainder of this response to the portions of the transcript, redacted and unredacted, related to the purpose identified by Pizzuto in his motion.

Specifically, Pizzuto claims the deposition testimony is relevant to the reliability of IDOC's execution chemicals as it speaks to Warden Richardson's "handling of lethal injection drugs." (Dkt. 161, p. 5). Pizzuto then narrows the relevant testimony to storage of the execution chemicals for approximately six weeks in October and November 2023. (*Id.* at 5-6). Defendants strongly dispute Pizzuto's claims that IDOC staff acted carelessly or incompetently. Conversely, Defendants acknowledge that the chemicals were refrigerated during the identified period but contest the impact of refrigeration on the efficacy and reliability of the execution chemicals.

Pizzuto and Creech are aware that the chemicals were refrigerated in October and November 2023 based on discovery responses in this case, including the temperature log and Defendant Tewalt's admission. On October 16, 2024, Defendant Tewalt provided the following response:

> Request for Admission 418. Admit or deny that the Old Execution Drugs were refrigerated between October 11, 2023 and November 27, 2023.
>
> Answer: Defendant Tewalt admits the temperature log for the Old Execution Drugs, which has been disclosed to [Pizzuto], speaks for itself. Based on information and belief, Defendant Tewalt admits the Old Execution Drugs were refrigerated during the time period noted.

Creech filed a copy of the temperature log in support of his motion for a preliminary injunction in case number 1:20-cv-00114. *See Creech v. Pizzuto et al.*, 1:20-cv-00114, Dkt. 165-5. Creech's expert in his method of execution case reviewed discovery propounded in this case and offered opinions concerning IDOC's storage conditions and temperature logs for the execution chemical. *See, e.g.,* 1:20-cv-00114, Dkt. 165-4, p. 1, ¶3. Based on the information admitted, provided, and/or acknowledged as true by Defendant Tewalt, Pizzuto overstates the importance and relevance of Warden Richardson's deposition testimony to Creech's claims.

Defendants have reviewed the redacted and unredacted transcripts. Defendants further note that, prior to the start of the deposition, the parties agreed to mark certain portions of the transcript as confidential. Defendants further note that Pizzuto identified areas of inquiry for the court reporter to treat confidentially pending review by the parties. Based on Defendants' review of the transcripts, Defendants direct the Court's attention to the following portions of the transcripts[2] for consideration under Pizzuto's claimed relevancy to Creech's claims:

---

[2] Defendants have not summarized or described the content of the deposition testimony as the transcripts remain under seal at this time. *See* Dkt. 162.

**DEFENDANTS' RESPONSE TO PIZZUTO'S EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER [DKT. 161] - 8**

| Unredacted Transcript: | Redacted Transcript: |
|---|---|
| p.51, l.12 – p.52, l. 6 | p.107, l.18 – p.108, l.5 |
| p.54, ln.10-15 | p.112, ln.20-22 |
| p.58, l.19 – p.60, l.21 | p.113, l.10 – p.114, l.25 |
| p.60, l.23 – p. p.62, l.19 | |
| p.62, l.20 – p.64, l.2 | |
| p.64, l.4 | |
| p.65, l.10 – p.67, l.25 | |
| p.68, ln.1-20 | |
| p.68, l.21 – p. 74, l.12 | |
| p.85, l.10 – p.86, l.10 | |

Defendants ask the Court to deny Pizzuto's motion to modify the Protective Order issued in this matter. (*See* Dkts. 81, 83 and 117). If the Court determines it is appropriate to release Warden Richardson's deposition testimony, Defendants respectfully request the Court limit release to the portions of the transcript that address the storage of IDOC's execution chemicals and/or the temperature of the execution chemicals. Defendants ask the Court to issue a specific protective order as follows: Creech may only file the identified portions of the transcript related to storage conditions and temperatures; Creech must file such portions under seal in 1:20-cv-00114; and Creech must file those portions with a specific notice that the transcript has not been reviewed by the deponent.

CONCLUSION

Defendants object to the release of any of the deposition testimony. Alternatively, if the Court authorizes release to Creech for his use, Defendants request an order limiting use to the portions identified above related to storage and temperature, require the transcript be filed under

seal, and direct Creech to notify Judge Snow that the deponent has not reviewed the transcript for misstatements or errors.

    Respectfully submitted October 31, 2024.

               MOORE ELIA & KRAFT, LLP

               */s/ Tanner J. Smith*
               Tanner J. Smith
               Attorneys for Defendants

               OFFICE OF THE ATTORNEY GENERAL

               */s/ Kristina M. Schindele*
               Kristina M. Schindele
               Deputy Attorney General
               Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I certify that on this 31st day of October 2024, I caused to be served a true and correct copy of the foregoing via CM/ECF Electronic Notification:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org

               /s/ Kristina M. Schindele
               Kristina M. Schindele