Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
Federal Defender Services of Idaho, 702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF:  Jonah_Horwitz@fd.org; Christopher_M_Sanchez@fd.org

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>**JOSH TEWALT, et al.,**   )<br>   )<br>   Defendants.   )<br>_____   )<br>   ) | CASE NO. 1:21-cv-00359-BLW<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION TO MODIFY PROTECTIVE ORDER [DKT. 161]** |

Recognizing the Court's need for expedited briefing, Mr. Pizzuto files this short reply in support of his motion to modify the protective order. *See* Dkt. 161.

First, and most importantly, the defendants do not even attempt to suggest that anything in the transcript is sensitive or confidential. They offer no argument that there is a single piece of information that Mr. Richardson testified to that would burden any secrecy interest the Idaho Department of Correction (IDOC) has. That omission is sufficient, standing alone, for the Court to grant the motion.

Second, the defendants' concern about the transcript not being final is easily addressed through less extreme measures than barring the public filing of the document. Specifically, as the defendants themselves suggest, the Court can order

REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER – Page 1

that the transcript be filed with a notice indicating that Mr. Richardson has not yet reviewed it for potential errors. Undersigned counsel have no objection to such an instruction. Furthermore, if there are errors in the transcript, IDOC—for whom Mr. Richardson still works—can without difficulty inform the Court in the Creech Lethal-Injection case. In all events, these are not bases to prohibit the public filing of the transcript.

On the same subject, it is incorrect for the defendants to contend that Mr. Creech wishes to use the transcript "to speak to exact temperatures that Warden Richardson was asked to recall from memory." Dkt. 164 at 4. As discussed in more detail below, the transcript is relevant to the improper-storage issue not because of any specific temperatures—which the logs themselves presumably reflect. Rather, it is relevant because it goes to how and why the drugs were refrigerated at all. There is no reason to suppose Mr. Richardson misspoke on that topic, and at any rate he can clarify to the Court in the Creech Lethal-Injection Case if need be.

Third, the defendants have no authority for the proposition that only the portions of the transcript upon which Mr. Creech will explicitly rely should be filed publicly. The default rule is that all materials filed in federal court are made publicly. *See* Dkt. 161 at 5. It is an exception to the rule when parties wish for matters to be filed under seal. IDOC has the obligation, under the protective order and under general litigation principles, of explaining what should remain secret. It has not done so. Thus, it is appropriate for the entire transcript to be filed publicly.

REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER – Page 2

Fourth, the defendants cite no law to support their view that it is impermissible for a party to submit exhibits in support of a reply. The local rule they reference does not address the question one way or another. *See* Dkt. 164 at 4–5. As the Court knows, exhibits are routinely attached to replies in support of preliminary-injunction motions. There is nothing improper about this common practice. Indeed, it is remarkable that the defendants would, yesterday afternoon, file two significant new declarations in their effort to defeat a preliminary injunction while simultaneously insisting that Mr. Creech is somehow prohibited from responding with his own evidence. *See* Creech Lethal-Injection Case, Dkts. 171-2, 171-3. Contrary to the defendants' view, they have ample remedies if they object to any such evidence, including seeking permission to file sur-replies, moving to strike, and so on. Those are all matters for the Court in the Creech Lethal-Injection Case to consider, if necessary—they are not justifications for denying the motion to modify the protective order.

Fifth, the defendants maintain that Mr. Creech should have sought permission earlier. As they themselves acknowledge, there is fast-moving litigation imposing substantial burdens on everyone involved, *see* Dkt. 164 at 3 n.1, so that kind of rigid framework is ill-suited to the proceedings. The defendants also overlook the extent to which their own filings yesterday make the Richardson transcript even more essential to the Creech Lethal-Injection Case. Yesterday, the defendants filed a declaration from the current warden of the Idaho Maximum Security Institution, Randy Valley. *See* Creech Lethal-Injection Case, Dkt. 171-3. The declaration is at

REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER – Page 3

odds with Mr. Richardson's testimony in key respects. Because the transcript is still under seal, undersigned counsel will not describe the conflict in detail. However, they encourage the Court to juxtapose the two documents to see where they diverge. *Compare id.* at 6, *with* Richardson Deposition Trans. at 59.[1] This discrepancy between two consecutive wardens in two sworn statements is exactly the kind of contradiction that bears directly on the Creech Lethal-Injection Case. Mr. Creech should be allowed to emphasize IDOC's contradictory accounts in questioning the competence the Department bring to execution preparedness, which is the heart of his claim. The defendants have no basis for trying to keep those contradictions from the public.

Sixth, the defendants appear to suggest that counsel require the Court's permission to file the transcript *under seal* in the Creech Lethal-Injection Case. *See* Dkt. 164 at 9. That is wrong. The Court has already expressly allowed the parties to file such documents under seal in the Creech Lethal-Injection Case. *See* Dkt. 117 at 3. What the Court can do, as a compromise if it does not grant Mr. Pizzuto's motion in full, is to allow him to file the *unredacted* portions of the transcript publicly in the Creech Lethal-Injection Case rather than the entire document. Undersigned counsel respectfully reiterate that alternative request for relief, in the event the Court does not permit them to file the full transcript publicly.

Respectfully submitted this 1st day of November 2024.

---

[1] The passage at issue was not redacted, so it is available in both version of the transcript that were filed under seal yesterday.

REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDER – Page 4

                          */s/ Jonah J. Horwitz*
                          Jonah J. Horwitz
                          Christopher M. Sanchez

                          *Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
krschind@idoc.idaho.gov

Mary Karin Magnelli
kmagnell@idoc.idaho.gov

Michael Elia
mje@melawfirm.net

                          */s/ L. Hollis Ruggieri*
                          L. Hollis Ruggieri