UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity, TIMOTHY RICHARDSON, Warden, Idaho Maximum Security Institution, in his official capacity, <br><br> Defendants. | Case No. 1:21-cv-00359-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is plaintiff Gerald Ross Pizzuto, Jr.'s Emergency Motion to Modify Protective Order (Dkt. 161). Pizzuto seeks to modify the protective order to allow Thomas Eugene Creech to publicly file the deposition transcript of Warden Tim Richardson in connection with his own method-of-execution case. *See Creech v. Tewalt*, 1:20-cv-114. For the reasons described below, the Court will decline to consider this motion on an emergency basis, and will not permit public filing of the Richardson deposition until both the parties and the Court have had an adequate opportunity to consider the confidentiality issues raised by Pizzuto's motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Pizzuto and Creech are both inmates on Idaho's death row with pending as-applied method-of-execution challenges. In Pizzuto's case, the parties stipulated to a protective order that gave broad latitude to designate information as "confidential" or "attorneys eyes only." Dkt. 81, 83. In February of this year, the Court modified the protective order to allow Creech's attorneys full access to Pizzuto's discovery materials. Dkt. 117. Any such materials subject to the protective order must be filed under seal if submitted to the Court in Creech's case.

On October 18, 2024, Pizzuto's counsel conducted a deposition of Tim Richardson, who was the Warden of the Idaho Maximum Security Institute from 2021 to June 2024. In this position, Mr. Richardson was involved in the failed attempt to execute Creech on February 28, 2024. Importantly, the parties' protective order provides that depositions will be sealed for a period of 30 days so that the parties will have the opportunity to review them and make permanent confidentiality designations.

Idaho obtained another death warrant for Creech on October 16, 2024, and now plans to execute him on November 13, 2024. Creech filed an emergency motion for preliminary injunction on October 26. *Creech v. Tewalt*, 1:20-cv-114, Dkt. 165. Defendants responded on October 31, and Creech's reply brief is due by November 2. Creech seeks to publicly file the unredacted transcript of Mr.

MEMORANDUM DECISION AND ORDER - 2

Richardson's deposition, but the transcript is currently sealed because the parties have not had the 30-day period provided by the protective order to make their designations of confidential materials. Nor has Mr. Richardson had the 30-day period provided by Rule 30(e)(1) to review and correct his deposition.

Because of the time restrictions facing counsel for Mr. Creech, Pizzuto now asks the Court to lift the "confidential" designation, even though Richardson's depositions are not final, and the parties have not had the opportunity to review and determine what portions of the deposition are subject to their agreed upon protective order.

## ANALYSIS

The openness of the legal process is essential to the American system of justice. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569-70 (1980). Litigation documents and materials produced in discovery are "presumptively public," and the party opposing disclosure must show good cause to justify a protective order. *San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999); *see* Fed. R. Civ. P. 26(c)(1). That party must demonstrate that disclosure will result in "specific prejudice or harm," and the court then "balances the public and private interests to decide whether a protective order is necessary. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (2002). Death penalty cases can pose a unique challenge in this regard. On one hand, much

MEMORANDUM DECISION AND ORDER - 3

information is highly sensitive and can jeopardize state law enforcement interests. *See In re Mo. Dep't of Corrections*, 839 F.3d 732, 736-37 (8th Cir. 2016). On the other, the public has a strong interest in accessing information to determine "whether lethal injections are fairly and humanely administered." *First Am. Coal. of Ariz. v. Ryan*, 938 F.3d 1069, 1076 (9th Cir. 2019).

The Court fully intends to apply this rigorous standard to the question of whether all or part of the Richardson deposition should be made public as part of the Creech proceeding. However, the emergency nature of Pizzuto's motion precludes that. And, the Court is not persuaded that Creech's situation requires immediate action without the opportunity for both the parties and the Court to carefully consider the important and competing considerations which are inherently part of a decision whether to seal part of a court proceeding from public view. If there is a need to refer to the Richardson deposition in the brief due on November 2, it is always possible to file an addendum under seal containing the arguments that relate to the confidential materials. While this is a minor imposition, it is necessary to ensure that the Court "gets it right" in making the important decision of whether the deposition should remain under seal.

However, the Court is mindful of the time restraints in the Creech case. In view of those restraints, the Court will shorten the time for Richardson to file any corrections he wishes to make to his deposition, and the time which the parties

**MEMORANDUM DECISION AND ORDER - 4**

have under the protective order to designate materials which they feel are confidential and should not be made available to the public.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Emergency Motion to Modify Protective Order (Dkt. 161) will be **DEFERRED.**

2. The existing Protective Order (Dkt. 81, 83, 117) is modified so that the time for Mr. Richardson to review and correct his deposition, and for the parties to file designations of confidential materials as provided for in the parties' protective order will be shortened to **November 8, 2024.**

DATED: November 1, 2024

B. Lynn Winmill
U.S. District Court Judge