RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE, ELIA, KRAFT & STACEY, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRIC COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| GERALD R. PIZZUTO,<br>    Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, et al.,<br>    Defendants. | Case No. 1:21-cv-359-BLW<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION FOR MEDICAL TEAM LEADER AND CENTRAL LINE VOLUNTEER** |

COME NOW, Defendants Josh Tewalt, Randy Valley, and Liz Neville ("Defendants"), by and through their counsel of record, and hereby submit this Memorandum in Support of their Motion to Vacate Notices of Deposition for Medical Team Leader and Central Line Volunteer. Alternatively, Defendants seek a protective order limiting the scope of issues and addressing the

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 1**

manner of conducting any deposition.

## INTRODUCTION

Plaintiff has issued notices to depose two confidential execution team members, namely the volunteer tasked with establishing venous access through a central line during Plaintiff's execution, if necessary, and the leader of IDOC's medical team. *See* Declaration of Kristina M. Schindele (Schindele Decl.), Exhs. A, B. Defendants move to quash the notices; alternatively, Defendants request the Court issue a protective order regarding both the scope and manner for conducting any deposition of the Department's confidential team members.

As the Court is aware, the disclosure of the identities of confidential team members will impede the Department's ability to carry out executions. *See, e.g., Glossip v. Gross*, 576 U.S. 863, 869-71 (2015). Defendants have provided significant information to Plaintiff during discovery regarding the qualifications and training of the confidential team members as well as the procedures to be used during Plaintiff's execution. Consequently, Defendants seek an order vacating the depositions to protect the identities of IDOC's confidential team members from being discovered. *See Agster v. Maricopa Cnty.*, 422 F.3d 836, 838 (9th Cir. 2005) ("Once '[t]he cat is already out of the bag,' it may not be possible to get it back in."). Plaintiff cannot articulate information necessary to his Eighth Amendment method-of-execution claim that he has not or cannot obtain from other sources.[1] Plaintiff's notices pose an undue burden on the confidential

---

[1] The parties stipulated to five (5) depositions per party. *See* Dkt. 41, p. 4. Plaintiff held a deposition of Warden Tim Richardson, formerly a named defendant as he was the warden at the Idaho Maximum Security Institution but is currently assigned to the Mountain View Transformation Center. Plaintiff has not noticed for deposition any of the currently named Defendants. Defendant Tewalt is responsible for determining "the procedures to be used in any execution." I.C. § 19-2716. Defendant Tewalt was present during the February 28, 2024, execution of Thomas Creech, recruiting and appointing the central line volunteer, and revising the execution protocol. Defendant Neville is responsible for monitoring the training and qualifications of the confidential team

team members and IDOC. The notices must be vacated.

## LEGAL STANDARD

"Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed 'except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (citations omitted). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A party seeking discovery bears the initial burden of demonstrating relevance of the requested discovery. *See, e.g., Vondra v. City of Billings*, No. CV-22-30-BLG-KLD, 2023 WL 6880148, at *7 (D. Mont. Oct. 18, 2023) ("It is generally accepted that the scope of discovery permitted under Rule 45 is the same as that permitted under Federal Rule of Civil Procedure 26(b)."); *Apple Inc. v. Wi-LAN Inc.*, No. 14CV2235-DMS (BLM), 2017 WL 11680855, at *2 (S.D. Cal. Nov. 28, 2017) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the requirements of Rule 26."). The broad right to discovery "is based on the general principle that litigants have a right to every man's evidence, and wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."

The confidential team members are not parties to this action. In the absence of privilege, a non-party can be "compelled to produce evidence regarding any matter 'relevant to the subject

---

members responsible for establishing venous access and administering execution chemicals during Plaintiff's execution. Defendant Valley is the current Warden at IMSI. He is responsible for monitoring the Escort Team's training and qualifications. The information Plaintiff seeks from the confidential team members is readily available from alternate sources; those sources do not risk the Department's ability to carry out a lawfully ordered execution through identification of a team member.

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 3**

matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th 1993) (citing Fed. R. Civ. P. 26(b)(1)). "This broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Id.* (citing *United States v. Bryan*, 339 U.S. 323, 331 (1950)). However, Plaintiff must take reasonable steps to avoid imposing an undue burden on a non-party, who receive heightened protections from courts. *See, e.g., United States v. Columbia Broad Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982) (nonparty should not bear extraordinary costs of producing discovery that party may need to litigate case).

## ARGUMENT

1. **Plaintiff's notices to depose confidential team members should be quashed because the depositions would be unduly burdensome to the confidential team members, Plaintiff cannot demonstrate that the information sought is relevant to his *as applied* Eighth Amendment method-of-execution claim, and the requests are disproportionate to his needs.**

Pizzuto has asserted an *as-applied* Eighth Amendment method-of-execution claim, alleging that an execution by pentobarbital is unconstitutional because of his specific health conditions and has asserted that IDOC should instead execute him via firing squad. (*See generally* Dkt. 13). While the notices are silent as to the proposed scope of questioning of the confidential team members, Defendants understand Plaintiff intends to inquire into the following areas: 1) education, training, and experience of the confidential team members; 2) events that took place on February 28, 2024, during the attempted execution of Thomas Creech; and 3) IDOC's current execution protocol, including the use of central line intravenous access. Further, Defendants understand the only effort Plaintiff intends to make to maintain confidentiality of the team members is by use of an anonymized moniker.

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 4**

      A. <u>The noticed depositions are unduly burdensome to the deponents, IDOC, and Defendants.</u>

If the Court denies Defendants' Motion to vacate these noticed depositions, the confidential team members will be required to appear for a deposition. The notices are silent as to the manner of taking of the deposition, stating only that they will be taken pursuant to the Federal Rules of Civil Procedure. *See* Schindele Decl., Exhs. A, B. Federal Rule of Civil Procedure 30(b)(3)(A) provides that deposition "testimony may be recorded by audio, audiovisual, or stenographic means." Further, Rule 30(b)(5)(B) prohibits a deponent's appearance from being distorted. Based on Plaintiff's notice, then, IDOC's confidential team members have been noticed to appear for depositions where their faces and voices may be recorded. Such procedures violate the interests of these third parties, the Department, and the public in the confidentiality of IDOC's execution team members.

The noticed depositions will necessarily disclose the identities of confidential team members who are third parties not before the Court. IDOC is statutorily required to maintain the confidentiality of these team members. *See* I.C. § 19-2716A. The Court has previously determined that Plaintiff is not entitled to know these people's identities. *See* Dkts. 88; 123. Once known, this information cannot be clawed back. As the Fifth Circuit has explained:

> The harm to third parties is not the admission of adverse evidence at trial (an error potentially correctable for a party on retrial), but the disclosure of their confidential and sensitive information without full access to appellate review. Third parties have no power to control the course of litigation nor any influence over appeal from a final judgment.

*Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019) (discussing confidential and sensitive information responsive to third party subpoena). "Secrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). It is not acceptable that the identities of the

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 5**

confidential team members will be known only to Plaintiff's counsel, their agents, and the officer authorized to administer oaths and take the deposition. The team members' identities must remain inviolate – they have been assured of such confidentiality by the State of Idaho. *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020) ("When a citizen is assured via a state statute that his identity will be protected if, at some great physical and economic risk to himself, he provides a service to the state, that promise should not be lightly discarded."). This Court has already determined that the identities of IDOC's execution team members would "seriously harm [Defendants'] interests in enforcing Idaho's death penalty laws." Dkt. 88, p. 23 (citation omitted). On their face, these notices create an undue burden on Defendants by exposing the faces and voices of the confidential team members.

Similarly, Plaintiff's potential inquiries into the specific education, qualifications, experience, and training of the Medical Team Leader and Central Line Volunteer create a grave risk of disclosure of their identities. These confidential team members maintain licenses and/or certifications with the State of Idaho. Information concerning where they work will lead to their employers, which will in turn disclose their identities. Such failure to maintain the confidentiality of IDOC's team members jeopardizes the Department's ability to carry out an execution.

> B. The noticed depositions will not produce evidence relevant to Plaintiff's *as applied* method-of-execution claim and any usefulness is disproportionate to Plaintiff's needs in the case.

Defendants acknowledge this information may be *useful* to Plaintiff. The utility of the information is of limited relevance to Plaintiff's claims, though. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. "Proportionality focuses on the marginal utility of the discovery sought." *U.S. v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2017 WL 11532929, at *4 (C.D. Cal. Jan. 5, 2017) (citing *In re Methyl Tertiary Butyl Ether*

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 6**

*Prod. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D. N.Y. 2016) (internal quotation marks and citation omitted)). The right to discovery is not limitless.

> The 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality." The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense [] but eliminate unnecessary or wasteful discovery. This requires active involvement of federal judges to make decisions regarding the scope of discovery.

*Id.* (citing *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. Jan. 11, 2016) (citation omitted)).

The information to be obtained from deposing IDOC's confidential team members is very useful if the purpose is to ferret out the identities of those team members. The relevance of the information to be garnered by such in-depth inquiries, however, is far outweighed by the burden imposed on Defendants and the team members. IDOC's execution protocol requires the Department to confirm the qualifications of its team members and ensure they train at least 10 times a year. *See* Schindele Decl., Exh. D. Additional information about the background, education, and experience of the proposed deponents offers little assistance to Plaintiff in his efforts to demonstrate that IDOC's execution protocol will cause him superadded pain.

Defendants acknowledge the Court can issue a protective order to protect the team members' identities or at least decrease the risk of disclosure. However, the notices should still be quashed because the other information that could be obtained from these witnesses is of limited import in this Eighth Amendment case, unduly burdens Defendants, and is disproportionate to Plaintiff's needs.

The sought-after evidence bears little relevance to Plaintiff's *as applied* method-of-execution claim. To assert an Eighth Amendment method of execution claim, Plaintiff must

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 7**

establish, at minimum, two things: (1) that IDOC's chosen method imposes a substantial risk of serious harm to that plaintiff individually; and (2) that there exists a feasible, readily implemented alternative which significantly reduces a substantial risk of severe pain to that plaintiff, and that IDOC has refused to adopt the alternative without a legitimate penological reason.[2] *Bucklew v. Precythe*, 587 U.S. 119, 134 (2019). Both prongs are individualized inquiries. Plaintiff has previously conceded such. (Dkt. 119-1, p. 5 (acknowledging that his claim is premised on his "individual health concerns").

The noticed depositions of the Medical Team Leader and the Central Line Volunteer will offer no evidence related to Plaintiff's medical issues. Likewise, these confidential team members will shed no light on the question whether lethal injection using pentobarbital will result in superadded pain to Plaintiff. While the Medical Team Leader was present on February 28, 2024, and attempted to insert peripheral intravenous catheters into the veins of Thomas Creech, such information bears little weight on the risk that Plaintiff will experience superadded pain during his own execution. The condition of Plaintiff's veins is separate and distinct from Creech's physical condition. The fact that the team was unable to establish two peripheral IV sites, precipitating Defendant Tewalt's decision to halt Creech's execution, provides little assistance to Plaintiff in

---

[2] Plaintiff has not alleged and cannot demonstrate that Defendants adopted IDOC's execution protocol with the intent or purpose to cause Plaintiff superadded pain during his execution. Defendants submit the Eighth Amendment requires such evidence. Two Supreme Court Justices have opined that an *as applied* method of execution claim requires evidence that the state intended its method to inflict superadded pain. *See Baze v. Rees*, 553 U.S. 35, 94-107 (2008) (plurality opinion) (Thomas, J., joined by Scalia, J., concurring)); *Glossip v. Gross*, 576 U.S. 863, 894–95 (2015) (Scalia, J., joined by Thomas, J., concurring); *id.* at 899–900 (Thomas, J., joined by Scalia, J., concurring); *Bucklew v. Precythe*, 587 U.S. 119, 135 (2019); *id.* at 151 (Thomas, J., concurring). Arguably, Justices Thomas and Scalia correctly apply the Eighth Amendment in this context because they, unlike *Baze*'s plurality, account for the subjective component of an Eighth Amendment injury. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (the Eighth Amendment is only implicated if there is a wanton infliction of pain).

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 8**

proving his claims. *See Bucklew v. Lombardi*, 2017 WL 11683573, *1 (W.D. Mo. April 11, 2017) (information about team members' training and experience and confidential depositions of members in other cases was not relevant to the issues raised by Bucklew because he did not claim that "administering chemicals in a different way [] will diminish the risk of pain and suffering" posed by the effect of the intended chemical on his specific medical condition).

To the extent Plaintiff seeks to develop testimony about the medical team's difficulties in establishing peripheral IV access in Creech, such evidence provides negligible support for Plaintiff's *as applied* Eighth Amendment claim. Defendants adamantly deny any allegation that the medical team's difficulty in establishing Creech's peripheral IV access support an inference that IDOC failed to comply with SOP 135 or the United States Constitution. While team members' efforts were not successful, IDOC halted further attempts to establish IV access to comply with constitutional requirements, preserve Creech's dignity, and ensure the solemnity of the proceedings. Even if team members made a mistake, a single mistake does not rise to the level of an Eighth Amendment violation. *See Baze v. Rees*, 553 U.S. 35, 50 (2008) (("[A]n isolated mishap alone does not violate the Eighth Amendment, because such an event, while regrettable, does not suggest cruelty or a 'substantial risk of serious harm.'" (citation omitted)); *Jackson v. Danberg*, 594 F.3d 210, 225-226 (3rd Cir. 2010) ("Even assuming that [condemned person] suffered great pain during his botched execution, however, does not preclude summary judgment for Delaware, as *Baze* left no room for doubt that a single instance of mistake does not suffice to demonstrate a substantial risk of serious harm."); *Cooey v. Strickland*, 589 F.3d 210, 224 & n.3 (6th Cir. 2009) (difficulty in accessing the veins of a different condemned person, which resulted in cessation of that execution attempt, coupled with prisoner's speculation that he would experience similar circumstances, does not render a protocol unconstitutional or support an Eighth Amendment

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 9**

claim).

Similarly, the proposed deponents can provide limited testimony related to the current version of SOP 135, including the use of central line venous access. These team members are not responsible for drafting the execution protocol. Rather, Defendant Tewalt is statutorily entrusted with the authority and duty to determine execution procedures. I.C. § 19-2716. While the Central Line Volunteer may insert a central line, such a procedure is constitutionally sound. The mere use of a central line does not support Plaintiff's Eighth Amendment *as applied* claim.[3] IDOC recognizes that it must utilize qualified and competent professionals in every part of the administration of its execution protocol. *Nooner v. Norris*, 594 F.3d 592, 604 (8th Cir. 2010) ("[I]t is imperative for the State to employ personnel who are properly trained to competently carry out each medical step of the [lethal injection] procedure." (quoting *Clemons v. Crawford*, 585 F.3d 1119, 1128 (8th Cir. 2009), and *Taylor v. Crawford*, 487 F.3d 1072, 1084 (8th Cir. 2007)). Thus, SOP 135 requires that the person inserting a central line be a "[m]edically-licensed physician," and "[h]ave current central venous line catheter placement proficiency." *See* Schindele Decl., Exh. D, pp. 23-24.

It is difficult to credit Plaintiff's efforts to depose these confidential team members as an effort to gather evidence relevant to his *as applied* Eighth Amendment claim where the deponents possess limited information or facts essential to the elements of Plaintiff's claim. The proposed deponents do not provide medical care to Plaintiff. They did not draft the execution protocol. Rather, they have information related to their personal experience in establishing peripheral (Team Leader) and central line (Central Line Volunteer) IV access. This information, while of limited

---

[3] To the extent Plaintiff contends central line IV access is unconstitutional on its face, he has not raised such a claim.

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 10**

help to Plaintiff, accompanies significant risk of identification. Plaintiff's claim of superadded pain does not rely upon the qualifications of these confidential team members. The utility of the information to be obtained compared to the burden on Defendants demonstrates the disproportionality of interests on balance.

The information to be garnered during the noticed depositions is of limited relevance to Plaintiff's claim, creates an undue burden on Defendants, and is disproportionate to Plaintiff's needs. The notices must be vacated.

**2. Plaintiff's notices to depose confidential team members should be quashed because Plaintiff can obtain any relevant information through other means and/or sources.**

The Court must limit discovery if "the discovery sought … can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2(C)(i)). Plaintiff can seek the same or similar information that may be gleaned from IDOC's confidential team members from other sources. Defendant Neville is present for medical team trainings. She verifies the qualifications of medical team members. Defendant Tewalt is responsible for determining execution procedures. He and Defendant Neville drafted IDOC's execution protocol. *See* Declaration of Liz Neville ("Neville Decl."). Defendants have provided Plaintiff with copies of medical team training sessions as well as the notes kept during the February 28, 2024, attempt to establish IV access in Creech. *Id.* Defendants have retained an expert to review IDOC's execution protocol and review the Department's intended IV access[4] procedures. *Id.* Plaintiff has not exhausted the avenues available to obtain information relevant to his claim. *See*

---

[4] Expert disclosures have not yet been made in this case. But Plaintiff has received a copy of a declaration from Defendants' expert, Dr. Alvin Paul Perry, in *Creech v. Tewalt,* 1:20-cv-000114-GMS, Dkt. 171-2. Pursuant to Federal Rule of Evidence 201, Defendants respectfully request the Court take judicial notice of the filing and contends of the declaration, which provides notice of the areas of inquiry conducted by Dr. Perry.

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 11**

*Bybee Farms LLC v. Snake River Sugar Co.*, 2008 WL 820186, *2 (E.D. Wash. March 26, 2008) (deposition notice of counsel quashed in part where information sought was available through depositions of Defendants' employees).

3. **Alternatively, if the Court is inclined to permit the depositions, Defendants respectfully request the Court issue a protective order governing the manner and scope of those depositions.**

Federal Rule of Civil Procedure 30(d)(3) provides that the Court "may limit [the deposition's] scope and manner as provided in Rule 26(c). …" In turn, rule 26(c) provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A)   forbidding the disclosure or discovery;
> (B)   specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C)   prescribing a discovery method other than the one selected by the party seeking discovery; forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (D)   forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E)   designating the persons who may be present while the discovery is conducted;
> (F)   requiring that a deposition be sealed and opened only on court order;
> ….

A burden on "state actors' ability to perform executions" has been recognized as "good cause" for entering a protective order. *See In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 238 (6th Cir. 2016) (collecting cases); *see also Morales v. Tilton*, 2006 WL 3953137, *1 (N.D. Cal. Sept. 14, 2006) (protective order shielded "the name, address, date and place of birth, Social Security number, rank, job description (to the extent that it is not directly related to being a member of the execution team), race, color, religion, ethnicity, sex, age, sexual orientation, gender, physical description, and any other identifying information of any member of the execution team…"); *but see Morales v. Woodford*, 2006 WL 1646106, *1 (N.D. Cal. June 9, 2006) (department ordered to disclose names of execution team to plaintiff's investigator with scope of use and disclosure

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 12**

governed by protective order).

If the Court declines to vacate the deposition notices, Defendants respectfully request the Court issue a protective order. Specifically, Defendants ask for the following terms:

> 1. The Medical Team Leader and Central Line Volunteer will remain at an undisclosed remote location during the entirety of any deposition.
> 2. Any deposition of the Medical Team Leader and Central Line Volunteer will be limited to an audio-only deposition. The Medical Team Leader will appear via telephone or video with the camera turned off. The deposition will not be recorded. The deposition will be recorded by a stenographer.
> 3. Prior to any deposition of IDOC's confidential team members, Defendants will provide a declaration from Deputy Chief Neville concerning compliance with SOP 135's requirements for the qualifications of the Medical Team Leader and the Central Line Volunteer.
> 4. Scope of questions for the Medical Team Leader: the Medical Team's compliance with the execution protocol set forth in SOP 135, including training requirements, rehearsal requirements, execution procedures, and consultation with the Administrative Team regarding the equipment necessary to carry out an execution.
> 5. Scope of questions for the Central Line Volunteer: the Central Line Volunteer's consultation with the Administrative Team, if any; and the Central Line Volunteer's process steps for inserting central line venous access.

*See King v. Parker*, 2020 WL 4883014, *11 (M.D. Tenn. July 20, 2020) (court approved "precautions to preserve the anonymity of individuals involved in the execution process, whereby such individuals 'testified anonymously behind a screen at the hearing and [were not] identified by name in [the Court's] opinion.".) (alterations in original and citation omitted). Defendants submit anonymous monikers is not sufficient to protect against disclosure of identities. Rather, Plaintiff should be directed to focus on the requirements of SOP 135. Questions about where IDOC's confidential team members work, their positions, work history, and licensing/certification history, will lead to the disclosure of their identities. IDOC will confirm that the confidential team members are in good standing with state and federal licensing/certifying boards before any execution. Such information satisfies Plaintiff's need to know the team members' qualifications.

With respect to scope of the depositions, Defendants ask for an order rejecting any effort

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 13**

to inquire into the circumstances of the Medical Team Leader's attempts to gain peripheral IV access to Creech on February 28, 2024. These efforts have no bearing on Plaintiff's *as applied* Eighth Amendment claim given 1) Creech's specific circumstances differ from Plaintiff's; and 2) IDOC is prepared to proceed with central line IV access if Plaintiff's physical condition will not support peripheral IV access. The Medical Team Leader will not place a central line. The Medical Team Leader's efforts to gain access to Creech's veins bear limited import to Plaintiff's claim that the use of pentobarbital will cause superadded pain given his unique medical condition. This line of inquiry will produce no information helpful to Plaintiff; its primary effect is to embarrass or harass IDOC's confidential team members.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court vacate the deposition notices of IDOC's confidential team members.

Respectfully submitted this 30th day of December 2024.

MOORE ELIA KRAFT & STACEY, LLP

*/s/ Tanner J. Smith*
Tanner J. Smith
Attorneys for Defendants

OFFICE OF THE ATTORNEY GENERAL

*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorneys for Defendants

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 14**

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 30th day of December 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jonah J. Horwitz<br>Christopher M. Sanchez<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Ste. 900<br>Boise, Idaho 83702<br><br>Stanley J. Panikowski<br>DLA Piper LLP<br>401 B St., Ste. 1700<br>San Diego, CA 92101<br><br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ Electronic service: Jonah_horwitz@fd.org<br>Christopher_m_sanchez@fd.org<br>stanley.panikowski@dlapiper.com |

            */s/ Kristina M. Schindele*
            Kristina M. Schindele

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE NOTICES OF DEPOSITION - 15**