*Gerald Ross Pizzuto v. Josh Tewalt,* Case No. 1:21-cv-359-BLW
Filed in Support of Plaintiff's Response to
Motion to Vacate Notices of Deposition [Dkt. 175]

# EXHIBIT 3

**(Defendants' Responses to Plaintiff's Fourteenth Set of Requests for Admission, Dec. 26, 2024)**

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSH TEWALT, et al.,**<br><br>Defendants. | **CASE NO. 1:21-cv-00359-BLW**<br><br>**Defendants' Responses to Plaintiff's Fourteenth Set of Requests for Admission** |

    Defendants Tewalt, Valley, and Neville, by and through their attorneys of record, the Idaho Attorney General's Office, hereby respond to Plaintiff's Twelfth Set of Requests for Admission.

Defendants' Responses to 14th RFAs – Page 1

Defendants Tewalt, Valley and Neville deny each and every allegation contained in Plaintiff's Thirteenth Set of Requests for Admission unless specifically and expressly admitted herein.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendants Tewalt, Valley and Neville object to any instructions, requests, or procedures set forth in Plaintiff's Fourteenth Set of Requests for Admission that are contrary to the Federal Rules of Civil Procedure. Defendants Tewalt, Valley and Neville will respond to these requests in accordance with the Federal Rules of Civil Procedure.

### Requests for Admission

469.  Admit or deny that IDOC obtained execution drugs in October 2023 (i.e., the First Set of Execution Drugs).

   **Defendant Tewalt's Response:** Admit.

470.  Admit or deny that IDOC obtained execution drugs in February 2024 (i.e., the Second Set of Execution Drugs).

   **Defendant Tewalt's Response:** Admit.

471.  Admit or deny that IDOC obtained execution drugs in October 2024 (i.e., the Third Set of Execution Drugs).

   **Defendant Tewalt's Response:** Admit.

472.  Admit or deny that the Third Set of Execution Drugs have an expiration date.

   **Defendant Tewalt's Response:** Admit.

473.  Admit or deny that you know the expiration date for the Third Set of Execution Drugs.

Defendants' Responses to 14th RFAs – Page 2

09 120508

**Defendant Tewalt's Response:** Admit.

474. Admit or deny that the expiration date for the Third Set of Execution Drugs is in February 2025.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Admit.

475. Admit or deny that the expiration date for the Third Set of Execution Drugs is earlier than February 2025.

    **Defendant Tewalt's Response:** See response to RFA 474.

476. Admit or deny that the expiration date for the Third Set of Execution Drugs is later than February 2025.

    **Defendant Tewalt's Response:** See response to RFA 474.

477. Admit or deny that the expiration date for the Third Set of Execution Drugs is different than the expiration date for the First Set of Execution Drugs.

    **Defendant Tewalt's Response:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, **manufactures**, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity that manufactured the execution chemicals in IDOC's possession. Defendant Tewalt asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who manufactured the execution chemicals.

Defendants' Responses to 14th RFAs – Page 3

Defendant Tewalt acknowledges the Court recently issued an order directing Defendants to provide certain information related to IDOC's source of execution chemicals. Defendants filed an appeal from this order, which remains pending before the Ninth Circuit. Defendant Tewalt acknowledges that the information requested in this RFA may be subject to disclosure and reserves the right to amend this response following the appellate court's decision on the order to disclose.

Defendant Tewalt objects to disclosure of any information that could lead to the identity of IDOC's source of execution chemicals or the manufacturer of those chemicals. Defendant Tewalt specifically objects to disclosing any information that could confirm or dispel that the manufacturer of the October 2023 chemical is or is not the same manufacturer of the October 2024 chemical. IDOC has provided true and correct copies of certificates of analysis to document the results of scientific testing completed on the October 2023 and the October 2024 execution chemicals. Some of these chemicals will be used in Plaintiff's execution; the COA for each set of chemicals details the process and materials used during the manufacturing process, confirms compliance with regulatory and quality standards, and establishes the quality and safety of the execution chemicals.

Defendant Tewalt asserts any connection between the manufacturer or manufacturers of the execution chemicals IDOC has lawfully acquired at different times and continues to maintain in its possession increases the risk of disclosure of IDOC's source and the manufacturer of execution chemicals. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's *as applied* method-of-execution claim and disproportionate to his needs

in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources.

478. Admit or deny that IDOC returned the Second Set of Execution Drugs to the supplier.

**Defendant Tewalt's Response:** Admit.

479. Admit or deny that IDOC returned the Second Set of Execution Drugs to the Manufacturer.

**Defendant Tewalt's Response:** See response to RFA 478.

480. Admit or deny that IDOC returned the Second Set of Execution Drugs because they were expired.

**Defendant Tewalt's Response:** Admit.

481. Admit or deny that IDOC returned the Second Set of Execution Drugs on October 24, 2024.

**Defendant Tewalt's Response:** Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC returned the February 2024 execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of this specific date would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

Defendant Tewalt objects, citing Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1), because disclosure of the date that the February 2024 execution chemicals were returned to IDOC's supplier could lead to disclosure of the identity of the

Defendants' Responses to 14th RFAs – Page 5

09 120511

source of the chemical. Further, the burden imposed by disclosure of this specific date far outweighs the limited benefit disclosure would provide.

482. Admit or deny that the Second Set of Execution Drugs expired in October 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

483. Admit or deny that the Second Set of Execution Drugs expired in September 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Admit.

484. Admit or deny that the Second Set of Execution Drugs expired in August 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

485. Admit or deny that the Second Set of Execution Drugs expired in July 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

486. Admit or deny that the Second Set of Execution Drugs expired in June 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

487. Admit or deny that the Second Set of Execution Drugs expired in May 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

488. Admit or deny that the Second Set of Execution Drugs expired in April 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

489. Admit or deny that the Second Set of Execution Drugs expired in March 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

490. Admit or deny that the Second Set of Execution Drugs expired in February 2024.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Denied.

491. Admit or deny that when Defendant Tewalt responded to RFA 290 on June 10, 2024, he was referring to what is called here the Second Set of Execution Drugs.

**Defendant Tewalt's Response:** Admit that Defendant Tewalt was referencing the execution chemicals obtained in February 2024, which Plaintiff refers to as Second Set of Execution Drugs.

492. Admit or deny that the expiration date for the Second Set of Execution Drugs was on the packaging for the chemicals.

    **Defendant Tewalt's Response:** Admit.

493. Admit or deny that an IDOC employee looked at the expiration date on the packaging for the Second Set of Execution Drugs when they were acquired.

    **Defendant Tewalt's Response:** To the best of my knowledge and belief, admit.

494. Admit or deny that an IDOC employee looked at the expiration date for the Second Set of Execution Drugs between when they were acquired and September 30, 2024.

    **Defendant Tewalt's Response:** Admit.

495. Admit or deny that an IDOC employee informed at least one other individual within the Department of the expiration date on the packaging for the Second Set of Execution Drugs when they were acquired.

    **Defendant Tewalt's Response:** Admit.

496. Admit or deny that a physical inspection of the Second Set of Execution Drugs revealed an irregular appearance, i.e., discoloration, visible particulates, or cloudiness.

    **Defendant Tewalt's Response:** Deny.

497. Admit or deny that the Second Set of Execution Drugs were returned because of their irregular appearance, as the phrase "irregular appearance" is used in the preceding RFA.

    **Defendant Tewalt's Response:** Deny. The February 2024 execution chemicals were returned because they were expired.

Defendants' Responses to 14th RFAs – Page 7

498. Admit or deny that Defendant Tewalt's June 10, 2024 response to RFA 290 was mistaken.

    **Defendant Tewalt's Response:** See supplemental response to RFA 290. Admit.

499. Exhibit 1 is a COA that the defendants have disclosed and described as associated with the First Set of Execution Drugs. Exhibit 2 is a COA that the defendants have disclosed and described as associated with the Third Set of Execution Drugs. Admit or deny that Exhibit 1 is identical to Exhibit 2.

    **Defendant Tewalt's Response:** Admit the two Certificates of Analysis speak for themselves.

500. Admit or deny that Exhibit 2 is a copy of Exhibit 1.

    **Defendant Tewalt's Response:** Admits that the Certificate of Analysis produced by IDOC for the October 2024 execution chemicals is the true and accurate copy of the COA for those chemicals. Deny.

501. Admit or deny that the results listed in Exhibit 2 were generated at the same time as the results listed in Exhibit 1.

    **Defendant Tewalt's Response:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, **manufactures**, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity that manufactured the execution chemicals in IDOC's possession. Defendant Tewalt asserts

disclosure of the requested information specifically seeks information about the identity of a person or entity who manufactured the execution chemicals.

Defendant Tewalt acknowledges the Court recently issued an order directing Defendants to provide certain information related to IDOC's source of execution chemicals. Defendants filed an appeal from this order, which remains pending before the Ninth Circuit. Defendant Tewalt acknowledges that the information requested in this RFA may be subject to disclosure and reserves the right to amend this response following the appellate court's decision on the order to disclose.

Defendant Tewalt objects to disclosure of any information that could lead to the identity of IDOC's source of execution chemicals or the manufacturer of those chemicals. Defendant Tewalt specifically objects to disclosing any information that could confirm or dispel that the manufacturer of the October 2023 chemical is or is not the same manufacturer of the October 2024 chemical. IDOC has provided true and accurate certificates of analysis to document the results of scientific testing completed on the October 2023 _and_ the October 2024 execution chemicals. Some of these chemicals will be used in Plaintiff's execution; the COA for each set of chemicals details the process and materials used during the manufacturing process, confirms compliance with regulatory and quality standards, and establishes the quality and safety of the execution chemicals.

Defendant Tewalt asserts any connection between the manufacturer or manufacturers of the execution chemicals IDOC has lawfully acquired at different times and continues to maintain in its possession increases the risk of disclosure of IDOC's source and the manufacturer of execution chemicals. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk

Defendants' Responses to 14th RFAs – Page 9

creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources.

502. Admit or deny that you have in your possession a COA for the Second Set of Execution Drugs.

   **Defendant Tewalt's Response:** Deny.

503. Admit or deny that you once had in your possession a COA for the Second Set of Execution Drugs.

   **Defendant Tewalt's Response:** See supplemental response to RFA 307.

504. Admit or deny that you have access to a COA for the Second Set of Execution Drugs.

   **Defendant Tewalt's Response:** Upon my information and belief, IDOC's supplier may have access to a Certificate of Analysis for the February 2024 execution chemicals. Deny that IDOC has access to such document.

505. Admit or deny that you have seen a COA for the Second Set of Execution Drugs.

   **Defendant Tewalt's Response:** See supplemental response to RFA 307.

506. Admit or deny that the COA for the Second Set of Execution Drugs is identical to the COA for the First Set of Execution Drugs.

   **Defendant Tewalt's Response:** Defendant Tewalt objects as this RFA is duplicative of RFA 499. See response to RFA 499.

507. Admit or deny that the Third Set of Execution Drugs was Manufactured.

   **Defendant Tewalt's Response:** Admit.

508. Admit or deny that the Third Set of Execution Drugs was Manufactured by a company listed in the Orange Book.

**Defendant Tewalt's Response:** Admit the pentobarbital acquired in October 2024 complies with all federal regulatory requirements, including FDA requirements.

Defendant Tewalt admits the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations is commonly referred to as the Orange Book. Defendant Tewalt specifically objects to answering this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, **manufactures**, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from which IDOC acquired execution chemicals and/or any person or entity who manufactured the execution chemicals. Defendant Tewalt asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who manufactured the execution chemicals. Defendant Tewalt asserts answering this RFA creates an undue burden on IDOC, especially where the burden on Defendants, IDOC and the State of Idaho is disproportionate to Plaintiff's needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources. A response to this RFA will narrow the possible manufacturer of the October 2024 execution chemicals and lead to the unlawful identification of IDOC's source of execution chemical.

Defendants' Responses to 14th RFAs – Page 11

09 120517

Notwithstanding the objections noted herein, Defendant Tewalt admits that the manufacturer of the February 2024 execution chemicals is listed in the FDA's Orange Book

509. Admit or deny that the Third Set of Execution Drugs was Manufactured by a company listed in the Orange Book as approved to Manufacture pentobarbital.

    **Defendant Tewalt's Response:** Defendant objects as this RFA is duplicative of RFA 508. See response to RFA 508.

510. Admit or deny that the phrase "Residual Solvent Information" on Exhibit 1 refers to testing performed on the API of pentobarbital sodium.

    **Defendant Tewalt's Response:** Defendant does not have sufficient information to admit or deny this statement. Defendant denies the same.

511. Admit or deny that the phrase "Residual Solvent Information" on Exhibit 2 refers to testing performed on the API of pentobarbital sodium.

    **Defendant Tewalt's Response:** Defendant does not have sufficient information to admit or deny this statement. Defendant denies the same.

512. Admit or deny that the phrase "Residual Solvent Information" on Exhibit 1 refers to testing performed on pentobarbital sodium in powder form.

    **Defendant Tewalt's Response:** Defendant does not have sufficient information to admit or deny this statement. Defendant denies the same.

513. Admit or deny that the phrase "Residual Solvent Information" on Exhibit 2 refers to testing performed on pentobarbital sodium in powder form.

    **Defendant Tewalt's Response:** Defendant does not have sufficient information to admit or deny this statement. Defendant denies the same.

514.  Admit or deny that Exhibit 1 shows the results of testing performed on pentobarbital sodium as a Finished Drug Product.

**Defendant Tewalt's Response:** Based on my information and belief, admit.

515.  Admit or deny that Exhibit 2 shows the results of testing performed on pentobarbital sodium as a Finished Drug Product.

**Defendant Tewalt's Response:** Based on my information and belief, admit.

516.  Admit or deny that Chad Page signed, initialed, and dated the purchase order for the Third Set of Execution Drugs.

**Defendant Tewalt's Response:** Admit.

517.  Admit or deny that the Third Set of Execution Drugs was purchased on October 24, 2024.

**Defendant Tewalt's Response:** Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC purchased the October 2024 execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of this specific date would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

Defendant Tewalt objects, citing Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1), because disclosure of the date that the October 2024 execution chemicals were purchased could lead to disclosure of the identity of the source of the

Defendants' Responses to 14th RFAs – Page 13

chemical. Further, the burden imposed by disclosure of this specific date far outweighs the limited benefit disclosure would provide.

518. Admit or deny that the Third Set of Execution Drugs was purchased on October 25, 2024.

   **Defendant Tewalt's Response:** Defendant Tewalt objects to this RFA. Idaho Code § 19-2716A prohibits the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the date that IDOC purchased the October 2024 execution chemicals could lead to the identity of the source of execution chemicals. Defendant Tewalt asserts disclosure of this specific date would create an undue burden on the IDOC and interfere with the agency's duty to carry out a lawfully imposed death sentence.

   Defendant Tewalt objects, citing Idaho Code 19-2716A and Federal Rule of Civil Procedure 26(b)(1), because disclosure of the date that the October 2024 execution chemicals were purchased could lead to disclosure of the identity of the source of the chemical. Further, the burden imposed by disclosure of this specific date far outweighs the limited benefit disclosure would provide.

519. Admit or deny that an IDOC employee had by October 19, 2023 physically inspected the First Set of Execution Drugs to ensure the liquid appeared appropriate, i.e., clear, without obvious discoloration, and free of visible particulates.

   **Defendant Tewalt's Response:** Defendant Tewalt objects to Plaintiff's definition of "appropriate." Notwithstanding said objection, based on my information and belief, I admit

Defendants' Responses to 14th RFAs – Page 14

an IDOC staff member observed the glass containers containing the October 2023 Execution Chemical and confirmed that the seals were intact and the container was free of any defect.

520. Admit or deny that an IDOC employee had by February 28, 2024, physically inspected the First Set of Execution Drugs to ensure the liquid appeared appropriate in the sense that the word "appropriate" is used in the preceding RFA.

**Defendant Tewalt's Response:** Defendant Tewalt objects to Plaintiff's definition of "appropriate." Notwithstanding said objection, based on my information and belief, I admit an IDOC staff member observed a medical professional inspect the glass containers and the October 2023 Execution Chemicals. The medical professional confirmed they were free of visible signs of impurity and that the seals on the containers remained intact. The medical professional examined the labels on the containers and confirmed the chemicals matched the chemicals referenced on the Certificate of Analysis.

521. Admit or deny that an IDOC employee had by February 28, 2024 physically inspected the Second Set of Execution Drugs to ensure the liquid appeared appropriate as the word "appropriate" is used in RFA 519.

**Defendant Tewalt's Response:** Defendant Tewalt objects to Plaintiff's definition of "appropriate." Notwithstanding said objection, based on my information and belief, I admit an IDOC staff member observed the glass containers containing the February 2024 Execution Chemical and confirmed that the seals were intact and the container was free of any defect. Further, Defendant Tewalt objects to further questions about the February 2024 Execution Chemical as these chemicals will not be used in an execution in Idaho.

522. Admit or deny that an IDOC employee had by November 6, 2024 physically inspected the First Set of Execution Drugs to ensure the liquid appeared appropriate as the word "appropriate" is used in RFA 519.

    **Defendant Tewalt's Response:** Defendant Tewalt objects to Plaintiff's definition of "appropriate." Notwithstanding said objection, see Responses to RFAs 519 or 520.

523. Admit or deny that an IDOC employee had by November 6, 2024, physically inspected the Third Set of Execution Drugs to ensure the liquid appeared appropriate as the word "appropriate" is used in RFA 519.

    **Defendant Tewalt's Response:** Defendant Tewalt objects to Plaintiff's definition of "appropriate." Notwithstanding said objection, based on my information and belief, I admit an IDOC staff member observed the glass containers containing the October 2024 Execution Chemical and confirmed that the seals were intact and the container was free of any defect.

524. Admit or deny that there is a temperature log for the Third Set of Execution Drugs.

    **Defendant Tewalt's Response:** Admit. Warden Valley is maintaining a single temperature log for all execution chemical currently in IDOC's possession. The execution chemical has been secured in the same place in Warden Valley's office.

525. Admit or deny that you have disclosed to Mr. Pizzuto a temperature log for the Third Set of Execution Drugs.

    **Defendant Tewalt's Response:** Based on my information and belief, admit. If not, IDOC will disclose an updated temperature log as soon as possible.

526. Admit or deny that you continued to track the temperature for the Second Set of Execution Drugs after October 24, 2024.

Defendants' Responses to 14th RFAs – Page 16

09 120522

**Defendant Tewalt's Response:** Deny that IDOC continued to log temperatures for the February 2024 execution chemicals after the chemicals were returned to the supplier. Defendant Tewalt objects to this RFA to the extent it seeks to confirm the specific date the February 2024 execution chemicals left the custody of IDOC staff and were returned to the supplier. See the response to RFA Number 481 and 517. The objections contained in those two responses are incorporated herein.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of December 2024.

Signed: /s/ Josh Tewalt
Josh Tewalt

**Defendant Valley's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Fourteenth Set of Requests for Admission. To the extent I have personal knowledge of the questions posed in the RFAs, I agree with Defendant Tewalt's responses. I am not familiar with or responsible for acquisition of execution chemicals. I do not have sufficient information to answer any of those RFAs.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of December 2024.

Signed: /s/ Randy Valley
Randy Valley

**Defendant Neville's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Fourteenth Set of Requests for Admission. To the extent I have personal knowledge of the questions posed in the RFAs, I agree with Defendant Tewalt's responses.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 26th day of December 2024.

                                                  Signed: /s/ Liz Neville
                                                  Liz Neville

### CERTIFICATE OF SERVICE

I certify that on this 26th day of December 2024, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org

                                                  /s/ Kristina M. Schindele
                                                Kristina M. Schindele