UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity, TIMOTHY RICHARDSON, Warden, Idaho Maximum Security Institution, in his official capacity,<br><br>  Defendants. | Case No. 1:21-cv-00359-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's Seventh Motion to Compel Discovery and for Leave to Serve Additional Interrogatories (Dkt. 155). For the reasons described below, the Court will partly grant and partly deny the motion.

## BACKGROUND

The facts of this case are familiar and need not be repeated here in detail. Plaintiff Gerald Ross Pizzuto, Jr. brought this lawsuit in 2021 to challenge the Idaho Department of Correction's (IDOC) plan to execute him using pentobarbital. He argues that pentobarbital execution is unconstitutionally cruel and unusual as

**MEMORANDUM DECISION AND ORDER - 1**

applied to him due to his various medical conditions and systemic flaws with IDOC execution protocols.

Discovery commenced in October 2022 and was originally scheduled to conclude in January 2023. These deadlines were repeatedly extended due to the parties' need to litigate a myriad of discovery conflicts. One of those conflicts is currently before the Ninth Circuit, and this Court has stayed the litigation deadlines, as well as the underlying Discovery Order, until the disposition of the appeal. *See* Dkt. 150. In the meantime, discovery disputes have continued to accumulate, some related to the order on appeal and some posing their own novel questions. The IDOC's unsuccessful attempt to execute Thomas Creech on February 28, 2024, using the same execution protocols at issue here, has added another layer of factual complexity to Pizzuto's case.

The current dispute concerns Pizzuto's interrogatories. Under the parties' stipulated discovery plan, and consistent with Federal Rule of Civil Procedure 33(a)(1), each party is permitted twenty-five interrogatories. The Court previously granted Pizzuto leave to serve an additional two interrogatories. Then, in May 2024, Pizzuto served his Sixth Set of Interrogatories, which are now at issue. After Defendants objected, Pizzuto moved to compel a response to Interrogatory Nos. 32, 35, and 36. Pizzuto also seeks leave to serve an additional fifteen interrogatories related to Creech's attempted execution.

MEMORANDUM DECISION AND ORDER - 2

Complicating things, there seems to be a mix-up with the interrogatory numbers. Defendants' response to the Sixth Set of Interrogatories refers to Interrogatory No. 34 as No. 33, and the subsequent numbers are each off by one. *See* Ex. 1, Dkt. 155-2. Pizzuto's Motion to Compel, in turn, uses Defendants' numbering rather than that of the original interrogatories, while Defendants' response brief draws from both sets of numbers. This has resulted in a misalignment between the parties' briefing. Based on the original interrogatory numbers—which this opinion will utilize going forward—Pizzuto seeks to compel a response to Interrogatory Nos. 32, 36, and 37, while Defendants address Nos. 32, 35, and 37.

These concern, respectively, the revision of the IDOC's execution protocol (No. 32), the use of dopamine at Creech's execution (No. 35), the renovation of the execution facilities (No. 36), and the execution team's experience with central lines (No. 37). Specifically, the interrogatories state:

> 32. Describe the anticipated timeline for the revision of SOP 135, as well as the plan and process for consulting on the revisions. Please include details not limited to: which kinds of professionals will be consulted, whether independent experts will be reviewing the protocol, and whether independent experts will be reviewing the details of the Creech Execution.

> 35. Explain what, if anything, occurred at or in preparation for the Creech Execution with respect to dopamine, including but not limited to whether there was an attempt to administer it, how much was attempted to be administered or actually administered, for what purpose it was used or considered, and so forth.

**MEMORANDUM DECISION AND ORDER - 3**

> 36. Describe any efforts related to the renovation of IMSI's execution facilities undertaken after February 28, 2024 or contemplated for the future, including but not limited to the purpose and nature of the work, the anticipated timeline for its completion, and so forth.
>
> 37. Outline all experience, qualifications, training, licensure, certifications, and so forth that each member of the Medical Team has with respect to Central Lines, in the medical and/or execution settings.

Ex. B at 4-5, Dkt. 156-3.

Defendants objected to each as "beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans." *Id.* Defendant Tewalt also objected under Rule 26(b)(1) "on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case." *Id.* Defendants also oppose Pizzuto's request for fifteen additional interrogatories.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 33, a party is presumptively restricted to twenty-five interrogatories. The aim of this limitation "is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device." Fed. R. Civ. P. 33, advisory committee notes to 1993 amendments. Thus, "[l]eave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). The moving party, however, must "make a 'particularized

**MEMORANDUM DECISION AND ORDER - 4**

showing' as to why additional discovery is necessary." *Stephenson v. Clendenin*, No. 2:22-CV-01521-DAD, 2024 WL 2924687, at *1 (E.D. Cal. May 14, 2024) (quoting *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

Rule 26(b)(1), in turn, provides a list of factors for courts to consider in this analysis. These include the importance of the issues at stake in the case; the amount in controversy; the parties' relative access to relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit. Conversely, discovery must be limited under Rule 26(b)(2) if "unreasonably cumulative or duplicative" or if the party "has had ample opportunity to obtain the information." Ultimately, after reviewing these factors, the Court has discretion to determine whether a party has justified the additional interrogatories. *See Schuman v. IKON Office Sols., Inc.*, 232 Fed. Appx. 659, 664 (9th Cir. 2007).

## ANALYSIS

Discovery in this case has been underway for more than two years. During that time, the factual underpinnings to Pizzuto's case have changed significantly due to events at the IDOC. In particular, the attempt to execute Creech in February 2024 and the subsequent changes to Idaho's execution protocol have materially

**MEMORANDUM DECISION AND ORDER - 5**

altered the evidence that Pizzuto needs to make his case. Pizzuto obviously could not have anticipated the importance of this information in advance. Nor, given the frequent deadline changes, could he be expected to have strategically reserved interrogatories in case such developments occurred.

Against this backdrop, Pizzuto has shown a particularized need to serve Interrogatory Nos. 32, 36, and 37. The Court is not persuaded, however, that fifteen further interrogatories are warranted.

1. Interrogatory No. 32

Interrogatory No. 32 is about the IDOC's revisions to its execution protocol. Pizzuto challenges the IDOC's plan to execute him, so changes to the protocol obviously bear on his claim. For example, the process for revising the execution protocol could provide information about the IDOC's ability to address the sorts of vein access complications that occurred at Creech's attempted execution, and which could potentially cause Pizzuto severe pain. As far as the other Rule 26(b) factors: the issue at stake is Pizzuto's possible torturous death; his access to information has been significantly limited by IDOC secrecy interests; the burden on Defendants of providing the information here is minimal; the discovery is not duplicative; and Pizzuto could not have acquired this information earlier because he only learned of the revision process in April 2024.

**MEMORANDUM DECISION AND ORDER - 6**

Defendants respond that Interrogatory No. 32 is not relevant because Pizzuto may be executed under a different version of this protocol. "May" does a great deal of work in this argument, and it is not up to the task. The IDOC's execution protocol is being litigated right now. That the protocol could hypothetically change in the future does not render the current version irrelevant. To adopt this principle would effectively prevent the litigation of method-of-execution claims until the eleventh hour, placing needless strain on judicial resources and impeding the thoughtful resolution of these challenging cases. The Court declines to endorse such an approach.

As a result, the Court will grant Pizzuto leave to serve Interrogatory 32 and compel Defendants to respond.

2. **Interrogatory No. 35**

Interrogatory No. 35 seeks information about the administration of dopamine during Creech's execution. But, as explained above, Pizzuto does not actually seek to compel a response to this interrogatory. It is obvious from the content of the Motion to Compel that Interrogatory No. 36 is the one at issue. *See Pl.'s Brief Regarding Leave to Serve Additional Interrogs.* at 2, 4-5, Dkt. 155-1. The error appears to stem from Defendants' misnumbering of the interrogatory responses, which cascaded into the briefing. *See* Ex. 1, Dkt. 155-2. Therefore, the Court will disregard this interrogatory.

**MEMORANDUM DECISION AND ORDER - 7**

### 3. Interrogatory No. 36

Interrogatory No. 36 concerns the renovation of the execution facilities after Creech's attempted execution. Here again, the numbering of the interrogatories is a problem. Pizzuto refers to this as Interrogatory No. 35 but clearly briefs No. 36. Defendants, on the other hand, refer to Interrogatory No. 36 but appear to brief No. 37. *See Defs' Opp'n to Pl.'s Seventh Mot. to Compel* at 5, Dkt. 156. The Court is uncertain why the parties did not try to resolve this obvious misunderstanding. But, because the error originated with Defendants, and because Defendants could easily have detected and addressed the problem, the Court will rule on Interrogatory No. 36 based on existing briefing.

This information is highly relevant because the physical layout of the execution chamber is a component of Pizzuto's claim. The renovation is a recent development, so Pizzuto could not have sought this information earlier. And as with Interrogatory No. 32, the other Rule 26(b) factors weigh in Pizzuto's favor: the issues are gravely important, Pizzuto has limited access to information, and the burden on Defendants is minimal. Accordingly, the Court finds that there is good cause to serve Interrogatory No. 36 and will compel Defendants to respond.

### 4. Interrogatory No. 37

Interrogatory No. 37 addresses the Medical Team's experience with central lines. Potential complications with a central line execution are an explicit aspect of

**MEMORANDUM DECISION AND ORDER - 8**

Pizzuto's complaint, making the information quite relevant. This is another area impacted by the attempt to execute Creech, so Pizzuto did not previously have a full opportunity to obtain the information. The remaining Rule 26(b) factors also favor Pizzuto for the reasons already explained.

Defendants contend that Pizzuto does not need this information "because IDOC has an obligation to utilize qualified and competent personnel in all parts of an execution." *Defs' Opp'n to Pl.'s Seventh Mot. to Compel* at 5, Dkt. 156. This is silly. Defendants cannot defeat Pizzuto's claim that their execution procedures will violate the Constitution by pointing out that they have an obligation to follow the Constitution. And the substantive merits of Pizzuto's prospective Eighth Amendment arguments are not at issue here. The question is not whether he has a winning constitutional claim, but whether he has shown good cause for additional discovery. He has, and the Court will compel Defendants to respond to Interrogatory No. 37.

5. **Leave to Serve Fifteen Additional Interrogatories**

Finally, Pizzuto seeks to serve an additional fifteen interrogatories "on any factual areas implicated by the events of February 28, 2024 or those that flowed from them." *Pl.'s Brief in Supp. of Mot. for Additional Interrogs.* at 5, Dkt. 155-1. He does not describe the specifics of the interrogatories sought but argues that Creech's botched execution has necessitated substantial additional discovery and

**MEMORANDUM DECISION AND ORDER - 9**

that this approach will avoid "piecemeal litigation." *Id.* Defendants object that this brief explanation fails the "particularized showing" requirement of Rule 33.

First off, it is not entirely clear what a "particularized showing" entails. The standard is somewhat higher than "good cause"—which governs requests for additional interrogatories by pro se plaintiffs—but the Court has not found any case law suggesting that a party must go so far as to provide proposed interrogatories. *See Forster v. Clendenin*, No. 1:22-cv-01191, 2024 WL 2786772, at *2 (E.D. Cal. May 30, 2024). The point of Rule 33's presumptive cap is to prevent discovery abuses, not to block parties from obtaining necessary information. *Id.* As the Advisory Committee explained, "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories." Fed. R. Civ. P. 33, advisory committee notes to 1993 amendments.

Nonetheless, the Court concludes that Rule 33(a)(1) requires represented parties to provide a specific justification for each additional interrogatory. This need not be a full draft of the interrogatory, but the Court must have sufficient information to weigh the Rule 26(b) factors with particularity. For example, a party must explain the specific subject matter—not just a general topic—and the reasons why a particular number of additional interrogatories are needed. This approach reflects the principles of discovery articulated in Rule 26 and the broader imperative to obtain the "just, speedy, and inexpensive" resolution of legal actions.

*See* Fed. R. Civ. P. 1.

Evaluated by this standard, Pizzuto has not justified fifteen additional interrogatories. Creech's botched execution and the resulting developments at the IDOC do warrant further discovery, and that is why the Court granted leave to serve Interrogatory Nos. 32, 36, and 37. But, it is impossible to evaluate the need for fifteen more interrogatories without any details about what they would contain. This lack of information also renders it impossible for Defendants to determine the burden such queries would pose. Further, while the Court shares Pizzuto's desire to avoid piecemeal litigation, allowing such a broad and vague expansion to discovery will simply defer, rather than prevent, further conflicts.

For these reasons, the Court will deny Pizzuto's request for leave to serve fifteen additional interrogatories.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Seventh Motion to Compel Discovery and for Leave to Serve Additional Interrogatories (Dkt. 155) is **GRANTED IN PART and DENIED IN PART**, as follows.

    a. Plaintiff is **GRANTED** leave to serve Interrogatory Nos. 32, 36, and 37, and Defendants are ordered to respond.

b. Plaintiff's request for leave to serve an additional fifteen interrogatories is **DENIED**.

DATED: January 22, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 12