*Gerald Ross Pizzuto, Jr. v. Josh Tewalt,* Case No. 1:21-cv-359-BLW
Submitted in Support of Eighth Motion to Compel Discovery

# EXHIBIT 1

# DECLARATION OF JONAH J. HORWITZ

I, Jonah J. Horwitz, mindful of the penalties of perjury, declare as follows:

1. I am a person over eighteen years of age and competent to testify.

2. For more than ten years, I have worked as an attorney with the Capital Habeas Unit of Federal Defender Services of Idaho (CHU). Currently, I am the Assistant Chief of the CHU.

3. I represent Plaintiff Gerald Ross Pizzuto, Jr. in this action.

4. In compliance with Local Rule 37.1, I had a meet-and-confer phone call with opposing counsel on March 17, 2025 to discuss the discovery disputes at issue in today's motion to compel.

5. The following four paragraphs describe the March 17 call.

6. First, I clarified the term "previous version of the protocol," as that phrase is used in Interrogatory 44. Specifically, I explained to opposing counsel that the language in the interrogatory refers to the version of Idaho's execution protocol (Standard Operating Procedure Control Number 135.01.01.001) that was in effect prior to the adoption of the current iteration, which was approved on October 11, 2024.

7. Second, the parties discussed the breadth of Interrogatory 47, which deals in part with the regulatory history of the laboratory that generated the certificates of analysis (COAs) upon which IDOC has relied. Opposing counsel indicated that they were concerned that the interrogatory did not include a period of time for which Mr. Pizzuto was requesting regulatory information. I advised opposing counsel that we would be satisfied with a search for regulatory violations reaching back three years.

8. Third, during the same colloquy, I explained to opposing counsel that the "bodies" referenced in Interrogatory 47 described any agency that might license a drug-testing laboratory.

9. Fourth, the parties were not able to resolve the discovery disputes.

10. I asked the Court on March 18, 2025 for guidance on how to resolve the discovery dispute. In an email sent the same day, the Court authorized Mr. Pizzuto to file a combined motion for additional interrogatories and to compel on the dispute described above without any need for mediation.

DECLARATION OF JONAH J. HORWITZ - 1

11. On January 24, 2024, my office first received a COA from IDOC for execution drugs it had obtained. To my knowledge, only two such COAs have been produced to my office by IDOC.

12. My office first received a temperature log on August 7, 2024 that reflected the refrigeration of what has been referred to in discovery as the First Set of Execution Drugs.

13. To the best of my knowledge, all of the documents attached to Mr. Pizzuto's memorandum in support of his motion to compel, filed on today's date (hereinafter "Memorandum") are true and correct copies of the records they purport to be.

14. The documents attached to the Memorandum as Exhibits 3, 4, 5, 6, 7, and 10 are true and correct copies of records provided by the defendants in discovery to my office.

15. The document attached as Exhibit 12 to the Memorandum is a true and correct copy of a record provided to me by the Indiana Attorney General's Office in connection with a subpoena seeking pentobarbital-related information from that state's department of correction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of March 2025, at Boise, Idaho.

*/s/ Jonah J. Horwitz*
Jonah J. Horwitz