# EXHIBIT 3

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | **CASE NO. 1:21-cv-00359-BLW** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **Defendants' Responses to Plaintiff's** |
| v. | ) | **Thirteenth Set of Requests for** |
| | ) | **Admission** |
| **JOSH TEWALT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Tewalt, Valley, and Neville, by and through their attorneys of record, the Idaho

Attorney General's Office, hereby respond to Plaintiff's Twelfth Set of Requests for Admission.

Defendants' Responses to 13th RFAs – Page 1

09 118186

Defendants Tewalt, Valley and Neville deny each and every allegation contained in Plaintiff's Thirteenth Set of Requests for Admission unless specifically and expressly admitted herein.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendants Tewalt, Valley and Neville object to any instructions, requests, or procedures set forth in Plaintiff's Thirteenth Set of Requests for Admission that are contrary to the Federal Rules of Civil Procedure. Defendants Tewalt, Richardson and Neville will respond to these requests in accordance with the Federal Rules of Civil Procedure.

**Objections**

Defendants Tewalt, Valley, and Neville object to Plaintiff's Thirteenth Set of Requests for Admission as they pertain to the February 28, 2024, attempt to execute Thomas Eugene Creech. The circumstances Mr. Creech and IDOC staff and team members encountered on February 28, 2024, were unique to Mr. Creech. These issues are not relevant to the *as applied* Eighth Amendment method of execution challenge Plaintiff has filed. Mr. Creech's medical condition is different from Plaintiff's condition. Notwithstanding this objection, Defendants Tewalt, Valley, and Neville will answer these requests to the extent they apply to IDOC's implementation of SOP 135.02.01.001, including the Execution Chemicals Preparation and Administration document ("Chemicals Protocol").

Defendants' Responses to 13th RFAs – Page 2

**Requests for Admission**

418.   Admit or deny that the Old Execution Drugs were refrigerated between October 11, 2023 and November 27, 2023.

   **Answer:**     Defendant Tewalt admits the temperature log for the Old Execution Drugs, which has been disclosed to Plaintiff, speaks for itself. Based on information and belief, Defendant Tewalt admits the Old Execution Drugs were refrigerated during the time period noted.

419.   Admit or deny that the Old Execution Drugs were refrigerated between October 12, 2023 and November 27, 2023.

   **Answer:**     See response to RFA 418.

420.   Admit or deny that the Old Execution Drugs were refrigerated between October 13, 2023 and November 27, 2023.

   **Answer:**     See response to RFA 418.

421.   Admit or deny that the certificate of analysis filed in this case as Dkt. 116-3 was prepared before October 13, 2023.

   **Answer:** See response to RFA 198. Defendant Tewalt admits the Old Execution Drugs in the custody of the IDOC have a Certificate of Analysis that pre-dates October 13, 2023.

422.   Admit or deny that the certificate of analysis filed in this case as Dkt. 116-3 was prepared before November 27, 2023.

   **Answer:** See response to RFA 421.

423.   Admit or deny that whenever the Temperature Logs reflect a temperature below 43 degrees it indicates that the Old Execution Drugs were refrigerated.

09 118188

**Answer:** Defendant Tewalt admits the temperature log for the Old Execution Drugs, which has been disclosed to Plaintiff, speaks for itself. Based on information and belief, Defendant Tewalt admits that entries reflecting a temperature below 43 degrees indicates the Old Execution Drugs were refrigerated.

424. Admit or deny that refrigerating the Old Execution Drugs violated the instructions on the package insert.

**Answer:** Defendant Tewalt denies the package insert mentions or prohibits refrigeration. See also response to RFA 385, in which Defendant Tewalt admits the package insert refers to the USP Controlled Room Temperature.

425. Admit or deny that it was inappropriate to refrigerate the Old Execution Drugs.

**Answer:** Defendant Tewalt objects to this RFA as Plaintiff has not defined the word "inappropriate". Notwithstanding this objection Defendant Tewalt denies any inference that IDOC's storage conditions from October 11, 2023 to November 27, 2023 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

426. Admit or deny that it was a mistake to refrigerate the Old Execution Drugs.

09 118189

**Answer:** Defendant Tewalt objects to this RFA as Plaintiff has not defined the word "mistake". Notwithstanding this objection Defendant Tewalt denies any inference that IDOC's storage conditions from October 11, 2023 to November 27, 2023 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

427. Admit or deny that refrigerating the Old Execution Drugs created a risk of degradation.

**Answer:** Defendant Tewalt denies. See also response to RFA 426 and 427.

428. Admit or deny that refrigerating the Old Execution Drugs created a risk of reduced potency.

**Answer:** Defendant Tewalt denies. See also response to RFA 426 and 427.

429. Admit or deny that refrigerating the Old Execution Drugs created a risk of reduced effectiveness.

**Answer:** Defendant Tewalt denies. See also response to RFA 426 and 427.

430. Admit or deny that the Old Execution Drugs have not been tested between August 19, 2023 and the Present.

**Answer:** See response to RFA 229.

Defendants' Responses to 13th RFAs – Page 5

431.    Admit or deny that the Old Execution Drugs have not been tested between November 27, 2023 and the Present.

**Answer:** See response to RFAs 229 and 430.

432.    Admit or deny that the Old Execution Drugs were above the recommended storage temperature on June 5, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 5, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on June 5, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

433.    Admit or deny that the New Execution Drugs were above the recommended storage temperature on June 5, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 5, 2024 affects the reliability of the New Execution Drugs. Defendant

09 118191

Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on June 5, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

434.   Admit or deny that the Old Execution Drugs were above the recommended storage temperature on June 6, 2024.

**Answer:**      Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 6, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on June 6, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

Defendants' Responses to 13th RFAs – Page 7

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

435.   Admit or deny that the New Execution Drugs were above the recommended storage temperature on June 6, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 6, 2024 affects the reliability of New Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on June 5, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

436.   Admit or deny that the Old Execution Drugs were above the recommended storage temperature on June 7, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 7, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling

09 118193

guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on June 7, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

437.    Admit or deny that the New Execution Drugs were above the recommended storage temperature on June 7, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 7, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on June 7, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

09 118194

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

438.  Admit or deny that the Old Execution Drugs were above the recommended storage temperature on June 8, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 8, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on June 8, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

439.  Admit or deny that the New Execution Drugs were above the recommended storage temperature on June 8, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 8, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling

09 118195

guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on June 8, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

440.    Admit or deny that the Old Execution Drugs were above the recommended storage temperature on June 9, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 9, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on June 9, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

09 118196

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

441.    Admit or deny that the New Execution Drugs were above the recommended storage temperature on June 9, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 9, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on June 9, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

442.    Admit or deny that the Old Execution Drugs were above the recommended storage temperature on June 10, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 10, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling

Defendants' Responses to 13th RFAs – Page 12

09 118197

guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on June 10, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

443. Admit or deny that the New Execution Drugs were above the recommended storage temperature on June 10, 2024.

Answer: Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on June 10, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on June 10, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

09 118198

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

444.  Admit or deny that the Old Execution Drugs were above the recommended storage temperature on July 31, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on July 31, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on July 31, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

445.  Admit or deny that the New Execution Drugs were above the recommended storage temperature on July 31, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on July 31, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling

Defendants' Responses to 13th RFAs – Page 14

09 118199

guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on July 31, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

446.    Admit or deny that the Old Execution Drugs were above the recommended storage temperature on August 1, 2024.

Answer: Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 1, 2024, affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on August 1, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

09 118200

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

447.   Admit or deny that the New Execution Drugs were above the recommended storage temperature on August 1, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 1, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on August 1, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

448.   Admit or deny that the Old Execution Drugs were above the recommended storage temperature on August 2, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 2, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling

Defendants' Responses to 13th RFAs – Page 16

guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on August 2, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

449.    Admit or deny that the New Execution Drugs were above the recommended storage temperature on August 2, 2024.

Answer: Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 2, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on August 2, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

09 118202

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

450.    Admit or deny that the Old Execution Drugs were above the recommended storage temperature on August 3, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 3, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on August 3, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

451.    Admit or deny that the New Execution Drugs were above the recommended storage temperature on August 3, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 3, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling

09 118203

guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on August 3, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

452.    Admit or deny that the Old Execution Drugs were above the recommended storage temperature on August 4, 2024.

Answer: Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 4, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on August 4, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

09 118204

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

453.    Admit or deny that the New Execution Drugs were above the recommended storage temperature on August 4, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 4, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on August 4, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

454.    Admit or deny that the Old Execution Drugs were above the recommended storage temperature on August 5, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 5, 2024 affects the reliability of the Old Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling

09 118205

guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the Old Execution Drugs were outside USP-approved excursion temperatures on August 5, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

455.   Admit or deny that the New Execution Drugs were above the recommended storage temperature on August 5, 2024.

**Answer:** Defendant Tewalt admits the temperature log, which has been disclosed to Plaintiff, speaks for itself. Defendant Tewalt denies any inference that IDOC's storage conditions on August 5, 2024 affects the reliability of the New Execution Drugs. Defendant Tewalt understands that United States Pharmacopeia (USP) storage and handling guidelines for the chemicals at issue - Pentobarbital Sodium Injection - clearly state that temperature fluctuations are acceptable and expected. Defendant Tewalt denies the New Execution Drugs were outside USP-approved excursion temperatures on August 5, 2024. Further, upon information and belief, storage temperatures can range dramatically without product damage to the chemical. Additionally, IDOC's execution protocol requires IDOC secure a technical review of the chemicals and protocol at least three days before the scheduled execution date, which includes a physical examination of the chemicals to be

Defendants' Responses to 13th RFAs – Page 21

administered during the execution. The required technical review will ensure the glass containers have not been damaged and the chemicals are not visibly altered.

456.    Admit or deny that if IDOC uses a Central Line it will attempt to complete the execution in a room that witnesses will only be able to see through a closed-circuit television.

**Answer:** Defendant Tewalt admits.

457.    Admit or deny that if IDOC uses a Central Line it will, after the IV is set, move the inmate back to a room that the witnesses can see without a closed-circuit television before the lethal drugs are administered.

**Answer:** Defendant Tewalt admits.

458.    Admit or deny that if IDOC uses a Central Line it will record whatever video is taken of the execution.

**Answer:** Defendant Tewalt denies.

459.    Admit or deny that if IDOC uses a Central Line it will make available to undersigned counsel the recording of whatever video is taken of the execution.

**Answer:** Defendant Tewalt denies.

460.    Admit or deny that if IDOC uses a Central Line it will indefinitely preserve the recording of whatever video is taken of the execution.

**Answer:** Defendant Tewalt denies.

461.    Admit or deny that if IDOC uses a Central Line it will record audio from the execution.

**Answer:** Defendant Tewalt denies.

462.    Admit or deny that if IDOC uses a Central Line it will make available to undersigned counsel the audio recording from the execution.

**Answer:** Defendant Tewalt denies.

Defendants' Responses to 13th RFAs – Page 22

463.    Admit or deny that if IDOC uses a Central Line it will indefinitely preserve the audio recording from the execution.

   **Answer:** Defendant Tewalt denies.

464.    Admit or deny that the thermometer used to create the Temperature Logs is calibrated.

   **Answer:** Defendant Tewalt denies.

465.    Admit or deny that the thermometer used to create the Temperature Logs stores past temperature readings.

   **Answer:** Defendant Tewalt denies.

466.    Admit or deny that the letter from Hikma to Governor Little dated February 22, 2019, and attached to Mr. Pizzuto's twelfth set of requests for admission was, at some point between February 22, 2019 and the Present, reviewed by Defendant Tewalt.

   **Answer:** Defendant Tewalt admits he briefly reviewed the letter in responding to Plaintiff's twelfth set of requests for admission.

467.    Admit or deny that the letter from Hikma referred to in the previous RFA indicates that Hikma has placed controls on its products to ensure that they are not used in executions.

   **Answer:** Defendant Tewalt admits the correspondence speaks for itself and uses the words "certain controls". Defendnat denies any further knowledge about the letter, its contents, or the "controls".

468.    Admit or deny that the individual who has volunteered to set the Central Line is a member of the Medical Team.

   **Answer:** Admit the volunteer tasked to insert central line venous access has now been designated a member of the Medical Team.

09 118208

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 17th day of October 2024.

Signed: /s/ Josh Tewalt
Josh Tewalt

**Defendant Valley's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Thirteenth Set of Requests for Admission.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of October 2024.

Signed: /s/ Randy Valley
Randy Valley

**Defendant Neville's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Thirteenth Set of Requests for Admission.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of October 2024.

Signed: /s/ Liz Neville
Liz Neville

## **CERTIFICATE OF SERVICE**

I certify that on this 17th day of October 2024, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org


/s/ Kristina M. Schindele
Kristina M. Schindele