*Gerald Ross Pizzuto, Jr. v. Josh Tewalt,* Case No. 1:21-cv-359-BLW
Submitted in Support of Eighth Motion to Compel Discovery

# EXHIBIT 4

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | **CASE NO. 1:21-cv-00359-BLW** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Defendants' Responses to Plaintiff's** |
| v. | ) | **Fifteenth Set of Requests for** |
| | ) | **Admission** |
| **JOSH TEWALT, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Tewalt, Valley, and Neville, by and through their attorneys of record, the Idaho

Attorney General's Office, hereby respond to Plaintiff's Twelfth Set of Requests for Admission.

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 1

09 120974

Defendants Tewalt, Valley and Neville deny each and every allegation contained in Plaintiff's Fifteenth Set of Requests for Admission unless specifically and expressly admitted herein.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendants Tewalt, Valley and Neville object to any instructions, requests, or procedures set forth in Plaintiff's Fifteenth Set of Requests for Admission that are contrary to the Federal Rules of Civil Procedure. Defendants Tewalt, Valley and Neville will respond to these requests in accordance with the Federal Rules of Civil Procedure.

**Requests for Admission**

527.    Admit or deny that the portion of the First Set of Execution Drugs remaining in IDOC's possession after February 28, 2024 is now expired.

**Defendant Tewalt's Response:** Admit.

528.    Admit or deny that the Third Set of Execution Drugs is now expired.

**Defendant Tewalt's Response:** Admit.

529.    Admit or deny that the portion of the First Set of Execution Drugs remaining in IDOC's possession after February 28, 2024 have been disposed of.

**Defendant Tewalt's Response:** Deny.

530.    Admit or deny that the Third Set of Execution Drugs have been disposed of.

**Defendant Tewalt's Response:** Deny.

531.    Admit or deny that the portion of the First Set of Execution Drugs remaining in IDOC's possession after February 28, 2024 have been returned to the supplier.

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 2

**Defendant Tewalt's Response:** Deny.

532.   Admit or deny that the Third Set of Execution Drugs have been returned to the supplier.

    **Defendant Tewalt's Response:** Deny.

533.   Admit or deny that the First Set of Execution Drugs has an expiration date for a particular day rather than a month.

    **Defendant Tewalt's Response:** Admit.

534.   Admit or deny that the Third Set of Execution Drugs has an expiration date for a particular day rather than a month.

    **Defendant Tewalt's Response:** Admit.

535.   Admit or deny that IDOC would use expired chemicals at an execution.

    **Defendant Tewalt's Response:** Deny.

536.   Admit or deny that the First Set of Execution Drugs was not tested after the creation of the COA that Defendants have disclosed to FDSI in connection with the First Set.

    **Defendant Tewalt's Response:** Admit.

537.   Admit or deny that the Third Set of Execution Drugs was not tested after the creation of the COA that Defendants have disclosed to FDSI in connection with the Third Set.

    **Defendant Tewalt's Response:** Admit.

538.   Admit or deny that IDOC has obtained a Fourth Set of Execution Drugs.

    **Defendant Tewalt's Response:** Deny.

539.   Admit or deny that the Central Line Volunteer was previously designated to serve as the Rescue Doctor under the Prior Protocol.

    **Defendant Tewalt's Response:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 3

undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person serves as the on-site physician as well as any member of the escort team or medical team. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the on-site physician or a confidential team member. Defendant Tewalt asserts disclosure of the requested information specifically seeks information about the identity of a person who serves as the on-site physician and/or a confidential team member.

Defendant Tewalt objects to disclosure of any information that could lead to the identity of the on-site physician and/or a confidential team member. Defendant Tewalt specifically objects to disclosing any information that could confirm or dispel any information regarding the identity of these statutorily designated confidential persons, including information or inferences that the on-site physician is or is not the same person as the central line volunteer.

Defendant Tewalt asserts the information requested increases the risk of disclosure of IDOC's on-site physician and/or central line volunteer. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting these confidential persons.

Defendant Tewalt also objects to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the terms "designated,"

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 4

"previously designated," "serve," and "under" are undefined and subject to multiple reasonable interpretations as used.

Subject to and without waiving the foregoing objections, deny.

540. Admit or deny that IDOC currently has a Rescue Doctor.

**Defendant Tewalt's Response:** Admit.

541. Admit or deny that the Central Line Volunteer has attended Execution Trainings.

**Defendant Tewalt's Response:** Admit.

542. Admit or deny that the Central Line Volunteer is invited to Execution Trainings.

**Defendant Tewalt's Response:** *See* Response to RFA 541. To the extent this RFA is different from RFA 541, admit.

543. Admit or deny that IDOC documents the Central Line Volunteer's presence at Execution Trainings.

**Defendant Tewalt's Response:** Admit.

544. Admit or deny that IDOC has obtained execution drugs Manufactured by a company that opposes the use of its products in executions.

**Defendant Tewalt's Response:** Defendant Tewalt objects to RFA 544 under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of these confidential persons or

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 5

entities. Defendant Tewalt asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution.

Defendant Tewalt objects to disclosure of any information that could lead to the identity of a person or entity that compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt specifically objects to disclosing any information that could confirm or dispel any information regarding the identity of these statutorily designated confidential persons or entities, including information or inferences that the person or entity is or is not the same person or entity that has communicated with IDOC, Defendnat Tewalt, or any other Idaho official or agency.

Defendant Tewalt asserts the information requested increases the risk of disclosure of a person or entity that compounded, synthesized, tested, sold, supplied, manufactured, stored, transported, procured, dispensed, or prescribed the chemicals or substances for use in an execution. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources.

Defendant Tewalt also objects to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the terms "obtained" and

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 6

"opposes" are undefined and subject to multiple reasonable interpretations as used in RFA 544.

545.    Admit or deny that M1 is the Central Line Volunteer.

**Defendant Tewalt's Response:** I am not responsible for documenting the attendance of the central line volunteer at trainings. I defer to Deputy Chief of Prisons Liz Neville for response.

**Defendant Neville's Response**: Admit.

546.    Admit or deny that a prescription was issued in connection with the First Set of Execution Drugs.

**Defendant Tewalt's Response:** Deny.

547.    Admit or deny that a prescription was issued in connection with the Second Set of Execution Drugs.

**Defendant Tewalt's Response:** Deny.

548.    Admit or deny that a prescription was issued in connection with the Third Set of Execution Drugs.

**Defendant Tewalt's Response:** Deny.

549.    Admit or deny that the Medical Team Leader is paid more for Execution Trainings than the other members of the Medical Team.

**Defendant Tewalt's Response:** Admit.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March 2025.

Signed: /s/ Josh Tewalt
Josh Tewalt

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 7

**Defendant Valley's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Fifteenth Set of Requests for Admission. To the extent I have personal knowledge of the questions posed in the RFAs, I agree with Defendant Tewalt's responses. I am not familiar with or responsible for acquisition of execution chemicals. While I attend trainings, I am not responsible for documenting medical team attendance at the trainings. I do not have sufficient information to answer any of those RFAs.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March 2025.

Signed: /s/ Randy Valley
Randy Valley

**Defendant Neville's Response**: I defer to Defendant Tewalt for responses to Plaintiff's Fifteenth Set of Requests for Admission. To the extent I have personal knowledge of the questions posed in the RFAs, I agree with Defendant Tewalt's responses. I have specifically answered RFA 545.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March 2025.

Signed: /s/ Liz Neville
Liz Neville

09 120981

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 11th day of March 2025, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org


<u>/s/ Kristina M. Schindele</u>
Kristina M. Schindele

Defendants' Responses to Plaintiff's Fifteenth Set of Requests for Admission – Page 9

09 120982