*Gerald Ross Pizzuto, Jr. v. Josh Tewalt,* Case No. 1:21-cv-359-BLW
Submitted in Support of Eighth Motion to Compel Discovery

# EXHIBIT 6

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,**<br>　　　Plaintiff,<br>v.<br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity,<br>　　　Defendants. | Case No. 1:21-cv-359-DCN<br><br>DEFENDANTS RESPONSES TO PLAINTIFF'S SEVENTH SET OF INTERROGATORES |

　　　Defendants by and through their attorneys of record, the Idaho Attorney General's Office, pursuant to Federal Rule of Civil Procedure 33, hereby respond to the Plaintiff's Seventh Set of Interrogatories.

Defendants' Response to Plaintiff's Seventh Set of Interrogatories – Page 1

**09 120961**

General Objection

Defendants object to Plaintiff's Seventh Set of Interrogatories in their totality. In the Discovery Plan and Amended Discovery Plan, the parties agreed to limit the number of discovery tools to 25 Interrogatories per party. *See* Dkt. 21, p.4, ¶ IV(a) and Dkt. 41, p.4, ¶ IV(a). Plaintiff has not sought leave to serve interrogatories 38 through 48. The Court granted in part and denied in part Plaintiff's first motion for leave to serve additional interrogatories, directing Defendants to answer two additional interrogatories. *See* Dkt. 97, p. 9. Defendants answered the additional interrogatories as ordered by the Court. The Court then granted in part and denied in part Plaintiff's Seventh Motion to Compel Discovery and for Leave to Serve Additional Interrogatories, directing Defendants to answer three additional interrogatories. *See* Dkt. 178, p. 11. Defendants answered the additional interrogatories as ordered by the Court.

Defendants request a meet and confer conference to address the specific Interrogatories below.

**Interrogatories**

38. Describe every piece of equipment IDOC has obtained or plans to obtain to carry out a Central Line execution.

    **Defendants' Response**: Defendants object to Interrogatory 38 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Defendants also object to this interrogatory as it is overbroad. And Defendants object to this interrogatory as it is vague, ambiguous, and subject to being misconstrued because its

Defendants' Response to Plaintiff's Seventh Set of Interrogatories – Page 2

09 120962

use of the terms "describe" and "equipment" are undefined and subject to multiple reasonable interpretations.

Defendants also object to this interrogatory as it may lead to the disclosure of the identity of the source or manufacturer of IDOC's execution supplies. Defendants submit Idaho Code § 19-2716A(4) requires IDOC staff keep the identities of such persons or entities confidential. This statutory mandate informs IDOC's undue burden analysis as disclosure impedes the Department's ability to carry out an execution and interferes with its statutory and constitutional duties to carry out lawfully imposed death sentences. The limited relevance to Plaintiff's claims is greatly outweighed by the harm and risk of harm to IDOC.

39. Describe in detail what led the First Set of Execution Drugs to be placed in—and removed from—a refrigerator, including an explanation of why the drugs were refrigerated, why they were taken out of the refrigerator, why those two events took place on the dates when they did, who was involved in both decisions, and so forth.

    **Defendants' Response**: Defendants object to Interrogatory 39 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Defendants also object to this interrogatory to the extent the information is protected by the work product and/or attorney-client privileges. Defendants also object to this interrogatory to the extent it calls for an expert opinion, which requires specialized knowledge, skill, experience, training, or education. *See* Fed. R. Civ. P. 702.

Defendants' Response to Plaintiff's Seventh Set of Interrogatories – Page 3

Finally, Defendants object to the Interrogatory as the question is overbroad, exceeds the scope of Plaintiff's claims, and is not relevant to the issues raised in Plaintiff's *as applied* Eighth Amendment Claim as the execution chemicals that IDOC obtained in October 2023 (identified by Plaintiff as First Set of Execution Drugs) will not be used in Plaintiff's execution.

40. Define your understanding of the term "brief excursions" as that phrase is used in your responses to RFAs 383 and 385, which should include but not be limited to an explanation of how long a time period can fall under that label, an account of what sources and information your understanding is based on, and so forth.

**Defendants' Response**: Defendants object to Interrogatory 40 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Defendants also object to this interrogatory to the extent it calls for an expert opinion, which requires specialized knowledge, skill, experience, training, or education. *See* Fed. R. Civ. P. 702. Defendants also object to this interrogatory as premature to the extent it calls for the disclosure of experts, which are not yet due.

Defendants also object to this interrogatory because it contains compound, conjunctive, or disjunctive questions. Defendants also object to this interrogatory to the extent the information is protected by the work product and/or attorney-client privileges. Defendants also object to this interrogatory as it is vague and uncertain in its use of the term "and so forth."

Defendants' Response to Plaintiff's Seventh Set of Interrogatories – Page 4

Finally, Defendants object to the Interrogatory as the question is overbroad, exceeds the scope of Plaintiff's claims, and is not relevant to the issues raised in Plaintiff's *as applied* Eighth Amendment Claim as the execution chemicals that IDOC obtained in October 2023 (identified by Plaintiff as First Set of Execution Drugs) will not be used in Plaintiff's execution.

41. Describe in detail every step IDOC has taken to obtain execution drugs after it secured the Third Set of Execution Drugs.

    **Defendants' Response**: Defendants object to Interrogatory 41 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. See Dkts. 21, 41. Defendant also objects to this Interrogatory as it is overbroad. In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

    Finally, Defendants object to this Interrogatory as the question may lead to the disclosure of the identity of the source or manufacturer of IDOC's execution chemicals. Defendants submit Idaho Code § 19-2716A(4) requires IDOC staff keep the identities of such persons or entities confidential. This statutory mandate informs IDOC's undue burden analysis as disclosure impedes the Department's ability to carry out an execution and interferes with its statutory and constitutional duties to carry out lawfully imposed death sentences. The limited relevance to Plaintiff's claims is greatly outweighed by the harm and risk of harm to IDOC.

42. Explain in detail why Defendant Tewalt provided an incorrect expiration date when he responded to RFA 290 on June 10, 2024.

Defendants' Response to Plaintiff's Seventh Set of Interrogatories – Page 5

09 120965

**Defendants' Response**: Defendants object to Interrogatory 42 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Defendants also object to this interrogatory to the extent the information is protected by the work product and/or attorney-client privileges. Finally, Defendants object to the Interrogatory as the question is not relevant to the issues raised in Plaintiff's *as applied* Eighth Amendment Claim as the execution chemicals that IDOC obtained in or about February 2024 (identified by Plaintiff as Second Set of Execution Drugs) will not be used in Plaintiff's execution.

43. Explain in detail why Defendant Tewalt incorrectly indicated that he had obtained a certificate of analysis for the Second Set of Execution Drugs when he responded to RFA 307 on June 10, 2024.

    **Defendants' Response**: Defendants object to Interrogatory 43 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Defendants also object to this interrogatory to the extent the information is protected by the work product and/or attorney-client privileges. Finally, Defendants object to this Interrogatory as the question is not relevant to the issues raised in Plaintiff's *as applied* Eighth Amendment Claim as the execution chemicals that IDOC obtained in or about

09 120966

February 2024 (identified by Plaintiff as Second Set of Execution Drugs) will not be used in Plaintiff's execution.

44. Explain in detail why SOP 135 removed from the previous version of the protocol the requirement that a physician be available to revive the inmate if necessary.

    **Defendants' Response**: Defendants object to Interrogatory 44 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. Defendants also object to this interrogatory as its use of the term "previous version of the protocol" is undefined and subject to multiple reasonable interpretations. In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

45. Provide any disclosable information about M1, including when they received that designation, their professional background and qualifications, etc.

    **Defendants' Response**: Defendants object to Interrogatory 45 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. See Dkts. 21, 41. Defendants also object to this interrogatory as the terms "disclosable," "professional background," and "qualifications" are undefined and subject to multiple reasonable interpretations.

    Defendants further object to this interrogatory to the extent it is overbroad and not reasonably confined in scope. Defendants also object to this interrogatory as it asks for confidential information and implicates the privacy interests of third parties.

    The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any member of the medical team. Defendants object to disclosure of any

information that could lead to the identification of a confidential team member. Defendants assert disclosure of the requested information specifically seeks information about the identity of a confidential team member. Defendants object to disclosure of any information that could lead to the identity of a confidential team member.

Defendants assert the information requested increases the risk of disclosure of a confidential team member. This identity is expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its confidential team members.

In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

46. Provide any disclosable information about who is referred to with the handwritten designation "RD" on the Training Agenda dated February 15, 2024, and disclosed by Defendants in discovery, including their designation on the Medical Team, if there is one, their role in executions, their professional background, and so on.

   **Defendants' Response**: Defendants object to Interrogatory 46 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. Defendants also object to this interrogatory as the terms "disclosable" and "professional background" are undefined and subject to multiple reasonable interpretations. Defendants further object to this interrogatory to the extent it is overbroad and not reasonably confined

in scope. Defendants also object to this interrogatory as it is vague and uncertain in its use of the term "and so forth." Defendants also object to this interrogatory as it asks for confidential information and implicates the privacy interests of third parties.

The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person who serves as the on-site physician or any member of the escort team or medical team. Defendants object to disclosure of any information that could lead to the identification of the confidential persons. Defendants assert disclosure of the requested information specifically seeks information about the identity of a confidential person. Defendants object to disclosure of any information that could lead to the identity of a confidential person.

Defendants assert the information requested increases the risk of disclosure of a confidential person. This identity is expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting confidential persons.

In addition, Defendant Tewalt objects to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case.

47. Describe the licensing and certification status of the laboratory that generated the certificates of analysis that you have produced to FDSI, including but not limited to what bodies (if any) they are accredited with, what accreditations they possess, their regulatory

Defendants' Response to Plaintiff's Seventh Set of Interrogatories – Page 9

histories, what due diligence you have done into their licensure and regulatory histories, and so forth.

**Defendants' Response**: Defendants object to Interrogatory 47 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. Defendants also object to this interrogatory as the terms "licensing and certification status," "due diligence," "certificates of analysis," "histories," and "bodies" are undefined and subject to multiple reasonable interpretations. Defendants also object to this interrogatory as it is overbroad and not sufficiently confined in scope. Defendants also object to this interrogatory as it contains compound, conjunctive, or disjunctive questions. Defendants also object to this interrogatory as it is vague and uncertain in its use of the term "and so forth." Defendants also object to this interrogatory as it asks for confidential information and implicates the privacy interests of third parties

In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Finally, Defendants object to this Interrogatory as the question may lead to the disclosure of the identity of the source or manufacturer of IDOC's execution chemicals. Defendants submit Idaho Code § 19-2716A(4) requires IDOC staff keep the identities of such persons or entities confidential. This statutory mandate informs IDOC's undue burden analysis as disclosure impedes the Department's ability to carry out an execution and interferes with its statutory and constitutional duties to carry out lawfully imposed death sentences. The limited relevance to Plaintiff's claims is greatly outweighed by the harm and risk of harm to IDOC.

Defendants' Response to Plaintiff's Seventh Set of Interrogatories – Page 10

09 120970

Finally, Defendants object to the Interrogatory as the information requested is not relevant to the issues raised in Plaintiff's *as applied* Eighth Amendment Claim as the execution chemicals that IDOC obtained in October 2023 and October 2024 (identified by Plaintiff as First Set of Execution Drugs and Third Set of Execution Drugs) will not be used in Plaintiff's execution.

48. Explain in detail how you came into possession of the certificates of analysis that you have produced to FDSI, including but not limited to who provided them to you, their recipient(s), when they were provided, the method(s) of transmission, and so forth.

    **Defendants' Response**: Defendants object to Interrogatory 48 as it is beyond the scope of Federal Rule of Civil Procedure 33(a)(1) and the parties' Discovery Plans. *See* Dkts. 21, 41. Defendants also object to this interrogatory as it is overbroad. Defendants also object to this interrogatory as it contains compound, conjunctive, or disjunctive questions. Defendants also object to this interrogatory as it is vague and uncertain in its use of the term "and so forth." Defendants also object to this interrogatory as it asks for confidential information and implicates the privacy interests of third parties. Defendants also object to this interrogatory as it is vague, ambiguous, and subject to being misconstrued because the term "method(s) of transmission" is undefined and subject to multiple reasonable interpretations.

    In addition, Defendants object to this Interrogatory under Federal Rule of Civil Procedure 26(b)(1), on grounds that the Interrogatory creates an undue burden on the IDOC, is not relevant to Plaintiff's claims, and is not proportional to the needs of the case. Finally, Defendants object to this Interrogatory as the question may lead to the disclosure of the identity of the source or manufacturer of IDOC's execution. Defendants submit Idaho Code

§ 19-2716A(4) requires IDOC staff keep the identities of such persons or entities confidential. This statutory mandate informs IDOC's undue burden analysis as disclosure impedes the Department's ability to carry out an execution and interferes with its statutory and constitutional duties to carry out lawfully imposed death sentences. The limited relevance to Plaintiff's claims is greatly outweighed by the harm and risk of harm to IDOC. Finally, Defendants object to the Interrogatory as the information requested is not relevant to the issues raised in Plaintiff's *as applied* Eighth Amendment Claim as the execution chemicals that IDOC obtained in October 2023 and October 2024 (identified by Plaintiff as First Set of Execution Drugs and Third Set of Execution Drugs) will not be used in Plaintiff's execution.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March 2025.

Signed: /s/ Josh Tewalt
Josh Tewalt

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March 2025.
Signed: /s/ Randy Valley
Randy Valley

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March 2025.
Signed: /s/ Liz Neville
Liz Neville

CERTIFICATE OF SERVICE

    I certify that on this 11th day of March 2025, I caused to be served a true and correct copy of the foregoing via email service as follows:

    Jonah J. Horwitz: Jonah_Horwitz@fd.org
    Christopher M. Sanchez: Christopher_M_Sanchez@fd.org

    /s/ Kristina M. Schindele
    Kristina M. Schindele