Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho Street, Suite 900, Boise, ID 83702-8929
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF: jonah_horwitz@fd.org
       christopher_m_sanchez@fd.org

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 500, Philadelphia, PA 19103-7301
Telephone: (215) 656-2438; Facsimile: (215) 656-3301
ECF: sarah.kalman@dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | ) | CASE NO. 1:21-cv-00359-BLW |
| Plaintiff, | ) ) | **RESPONSE TO MOTION TO SEAL** |
| v. | ) | **[DKT. 188]** |
| | ) | |
| **JOSH TEWALT, et al.,** | ) | |
| | ) | |
| Defendants. | ) ) ) | |

Disregarding the "strong presumption in favor of access to court records," *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), the defendants ask the Court to seal a list of discovery requests that are already overwhelmingly public on the basis of a protective order that plainly does not make the information confidential and without explaining why a single answer is sensitive. *See generally* Dkt. 188-1. The defendants' motion is due to be denied.

To begin, the motion to seal takes a perplexing approach to the supposed problem the Idaho Department of Correction (IDOC) is ostensibly trying to remedy. The problem, according to the

RESPONSE TO MOTION TO SEAL – Page 1

defendants, is that the discovery requests Mr. Pizzuto has served "can be used to identify IDOC's execution chemical source." *Id.* at 2. Yet the solution the defendants have crafted is to generate their own list of those requests and file them under seal. What the defendants oddly neglect to mention is that most of these same requests and responses are *already* publicly available in court filings. This case is the largest repository of them. *See, e.g.*, Dkts. 54-19; 82-7, 102-6, 102-7, 102-8, 125-1, 141-3, 148-2, 155-4, 155-6, 177-3. The filings just cited were all made by Mr. Pizzuto. But the defendants have also filed publicly in this Court their own discovery responses. *See* Dkt. 156-4. The defendants did the same thing, at a greater volume, in the Ninth Circuit. *See Pizzuto v. Tewalt*, 9th Cir., No. 24-2275, Dkt. 5.3 at 135–44, 205–23.[1] Other discovery responses from the defendants in this case appear in separate proceedings in the District of Idaho. *See Creech v. Tewalt*, No. 1:20-cv-114, Dkts. 175-1, 175-2, 175-3, 175-10. Still more responses are on federal district court dockets in Indiana and Tennessee. *See Pizzuto v. Tewalt*, S.D. Ind., No. 1:24-mc-052, Dkts. 11-5, 11-6; *Pizzuto v. Tewalt*, M.D. Tenn., No. 3:25-mc-003, Dkt. 8-3.[2] If the defendants truly believe there is a risk arising from discovery responses being made public, they should move

---

[1] To the extent it is necessary, Mr. Pizzuto respectfully asks the Court to take judicial notice of any filings from other proceedings referenced here. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] Because the defendants have only included requests for admission (RFAs) in the document they ask to be sealed, *see* Dkt. 188-2, Ex. A, Mr. Pizzuto likewise limits the citations above to RFAs. However, the defendants' mistaken view that "[t]he protective order makes discovery confidential," Dkt. 188-1 at 2, would apply to documentary productions, depositions, and responses to interrogatories as well. Mr. Pizzuto therefore observes that many of those materials, like the responses to the RFAs, have been filed publicly by both parties over many months and in multiple actions. For example, on September 1, 2023, the defendants publicly filed a number of responses they had made to different sets of interrogatories. *See* Dkts. 92-2–8. Mr. Pizzuto has done the same. *See* Dkts. 82-3, 90-1, 155-2. In addition, the defendants publicly filed at the Ninth Circuit documents they disclosed pursuant to requests for production. *See Pizzuto v. Tewalt*, 9th Cir., No. 24-2275, Dkt. 5.3 at 34, 188.

RESPONSE TO MOTION TO SEAL – Page 2

in all of those cases for the pertinent filings to be sealed. Creating a new list of the same information and filing it under seal does nothing to redress their purported injury.

By acquiescing in (and sometimes affirmatively assenting to) the public filing of the numerous documents summarized above, the defendants have waived any entitlement they might now have to sealing. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential [the information] may have been beforehand, subsequent to publication it was confidential no longer . . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."); *Fleming v. Escort, Inc.*, No. CV 09-105-S-BLW, 2013 WL 1290418, at *4 (D. Idaho Mar. 27, 2013), *aff'd*, 774 F.3d 1371 (Fed. Cir. 2014) (denying a motion to seal where the "matters were discussed on the record during the public trial, and no attempt was made . . . at that time to seal the proceedings or otherwise protect the information from disclosure"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012) (rebuffing motions to seal a transcript because the parties had "already voluntarily let the cat out of the bag, and this Court is unwilling, let alone able, to undo what is already done").[3]

The defendants' reliance upon the protective order is misplaced. Without citation, the defendants assert that "[t]he protective order makes discovery confidential and limits its availability only to Pizzuto and his counsel." Dkt. 188-1 at 2. Presumably the reason the defendants do not reference a page number here is because the protective order says nothing of the sort. The protective order allows the defendants to *designate* certain discovery responses confidential. *See* Dkt. 81 at 2 (defining "confidential information," in the relevant provision, as "any document or

---

[3] Unless otherwise noted, all internal quotation marks are omitted, all emphasis is added, and all citations are cleaned up.

RESPONSE TO MOTION TO SEAL – Page 3

information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY"). Under the protective order, it is only when documents have been "designated by either Party as CONFIDENTIAL" that they "shall not be disclosed to the general public." *Id.* at 3. The defendants were thus empowered by the protective order to denominate any of their responses to RFAs as confidential. *See, e.g.*, *Mann v. DAL Global Servs., LLC*, No. 1:20-cv-2957, 2021 WL 11719793, at *2 (N.D. Ga. Nov. 9, 2021) (describing how the defendant marked responses to certain RFAs as confidential). If they had done so, Mr. Pizzuto would not have publicly filed the responses in court without first seeking leave, as required by the protective order. *See id.* at *5. Indeed, the defendants have marked a number of documents confidential, and Mr. Pizzuto has accordingly not filed them publicly. For example, when Mr. Pizzuto believed that a deposition transcript ought to be filed publicly during a period of time in which it was sealed under the protective order, he asked the defendants to consent and—when they declined—sought the Court's permission, as called for by the protective order. *See* Dkt. 161. To allow the Court to resolve that dispute, Mr. Pizzuto filed the deposition transcript under seal. *See* Dkt. 162. That is how the confidentiality process works under the protective order.

The defendants have chosen not to avail themselves of that process in responding to Mr. Pizzuto's RFAs. In serving their responses, the defendants did not suggest that a single one of their 549 RFA responses were confidential. *See generally* Dkt. 188-2.[4] The defendants have spent two years (*see* Dkt. 82-7) declining to invoke a protective order they stipulated to (*see* Dkt. 81 at 10)

---

[4] A handful of RFA responses object to the question at issue on confidentiality grounds, *see, e.g.*, Dkt. 188-2 at 152, but a statement that there will be no response is obviously not the same thing as a statement that a response will be given in a confidential manner. In the former scenario, there is nothing sensitive about the text, since the purportedly confidential information was withheld.

RESPONSE TO MOTION TO SEAL – Page 4

and in that time have not labeled a single RFA response confidential. Apparently, they have now woken up and regretted those two years of silence. Nevertheless, the defendants' regrets do not change the plain language of the protective order they agreed to.[5]

Had the defendants wished for a protective order covering all discovery, they should have asked for such language. *See, e.g.*, *Constand v. Cosby*, 229 F.R.D. 472, 473 (E.D. Pa. 2005) (discussing a case in which a litigant requested a protective order that would have "preclude[d] the parties from disclosing any information learned in discovery to anyone other than the parties themselves"). Instead, the defendants accepted a more conventional protective order, which enables the parties to designate items "confidential" on a case-by-case basis. *See Richard Wolf Med. Instruments Corp. v. Dory*, 130 F.R.D. 389, 390 (N.D. Ill. 1990), *aff'd*, No. 90-1460, 1991 WL 16197 (Fed. Cir. Feb. 6, 1991) (per curiam) (describing a protective with "standard provisions allowing each party to designate certain material[s] as 'confidential'"). When the defendants did so, they ensured the case would follow the default principle that "the public can gain access to litigation documents and information produced during discovery." *Phillips ex rel. Estates of Byrd v. GMC*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The defendants' suggestion to the Court that it should assume all discovery is confidential would flip that rule on its head for no reason.

Although the defendants' historical conduct in accepting the public filings and refusing to use the protective order is more than enough of a foundation to deny their motion, they also fall well short on the merits. "Historically, courts have recognized a general right to inspect and copy

---

[5] To be clear, Mr. Pizzuto is not implying that any confidentiality designation by the defendants of the RFA responses would be proper or that he would agree with it. In fact, Mr. Pizzuto does not believe it would be appropriate for the defendants to mark any RFA response as confidential and he reserves the right to challenge such designations if they are made. Mr. Pizzuto's point here is only that there is an established process for the defendants to assert the confidentiality of their RFA responses and they have bypassed it.

RESPONSE TO MOTION TO SEAL – Page 5

public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption." *Id.* The defendants do not recognize that burden, let alone grapple with it. *See generally* Dkt. 188-1. Standing alone, that omission is fatal to the defendants' motion. *See Rosales v. Idaho Dep't of Health & Welfare*, No. 1:19-cv-426, 2020 WL 2841776, at *2 (D. Idaho June 1, 2020) (denying a request to seal where the movant did not present "any caselaw or other legal authority" to justify such a ruling).

Rather than engaging with their burden, the defendants simply declare without any elaboration that the information at issue "will be used to identify IDOC's source and manufacturer of execution chemical." Dkt. 188-1 at 2. As this Court well knows, that is the same theory the defendants have been advancing to support their myriad objections to discovery requests. The defendants have mostly lost that battle, with their most recent defeat coming at the hands of a unanimous Ninth Circuit panel. *See Pizzuto v. Tewalt*, 131 F.4th 1070 (9th Cir. 2025). The panel held that IDOC could not escape the discovery requests at issue because it had "provided no concrete examples of when identification occurred previously based on information like the information Plaintiff requested here and has failed to articulate why this information, in particular, would lead to identifying the State's supplier." *Id.* at 1086. It cannot possibly be the case that the defendants' 75-plus pages of briefing in the Ninth Circuit were inadequate to trigger the secrecy they wished for while their conclusory two-and-a-half page, citation-free motion to seal is up to the task. The defendants' preferred outcome would also engender a striking discrepancy between the questions they have refused to answer on secrecy grounds versus those they have voluntarily responded to. Under the Ninth Circuit's opinion, the defendants were wrong about the secrecy interest they had in answering certain requests. Yet the defendants would have the Court believe

public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption." *Id.* The defendants do not recognize that burden, let alone grapple with it. *See generally* Dkt. 188-1. Standing alone, that omission is fatal to the defendants' motion. *See Rosales v. Idaho Dep't of Health & Welfare*, No. 1:19-cv-426, 2020 WL 2841776, at *2 (D. Idaho June 1, 2020) (denying a request to seal where the movant did not present "any caselaw or other legal authority" to justify such a ruling).

Rather than engaging with their burden, the defendants simply declare without any elaboration that the information at issue "will be used to identify IDOC's source and manufacturer of execution chemical." Dkt. 188-1 at 2. As this Court well knows, that is the same theory the defendants have been advancing to support their myriad objections to discovery requests. The defendants have mostly lost that battle, with their most recent defeat coming at the hands of a unanimous Ninth Circuit panel. *See Pizzuto v. Tewalt*, 131 F.4th 1070 (9th Cir. 2025). The panel held that IDOC could not escape the discovery requests at issue because it had "provided no concrete examples of when identification occurred previously based on information like the information Plaintiff requested here and has failed to articulate why this information, in particular, would lead to identifying the State's supplier." *Id.* at 1086. It cannot possibly be the case that the defendants' 75-plus pages of briefing in the Ninth Circuit were inadequate to trigger the secrecy they wished for while their conclusory two-and-a-half page, citation-free motion to seal is up to the task. The defendants' preferred outcome would also engender a striking discrepancy between the questions they have refused to answer on secrecy grounds versus those they have voluntarily responded to. Under the Ninth Circuit's opinion, the defendants were wrong about the secrecy interest they had in answering certain requests. Yet the defendants would have the Court believe

that they somehow have a *stronger* secrecy stake in information that they *willingly* disclosed, which is the vast majority of the content in their list of RFAs. *See generally* Dkt. 188-2. That makes no sense.

Finally, and on top of everything else, the defendants' request is extraordinarily overbroad. They supposedly fear that the RFA responses "can be used to identify IDOC's execution chemical source." Dkt. 188-1 at 2. Nevertheless, they do not explain how a single one of the actual RFAs at issue would do so. Many of those RFAs have nothing whatsoever to do with the source. The very first RFA concerns telephone access for Mr. Pizzuto's counsel at an execution. *See* Dkt. 188-2 at 4.[6] RFA 127 asks whether IDOC will issue a firing-squad protocol. *See id.* at 38. Another RFA queries whether Defendant Valley has pharmaceutical training. *See id.* at 106. Numerous other RFAs likewise have no connection to sourcing questions. It is inappropriate to seal material based on a party's "cursory and general statement that the" information is secret without "any explanation why" the specific "information is confidential," since "applications to file under seal based on . . . blanket assertions are strongly disfavored." *VBS Distribution, Inc. v. Nutrivita Labs, Inc.*, No. 16-1553, 2018 WL 9946319, at *3 (C.D. Cal. May 7, 2018); *see Roundtree v. Chase Bank USA, N.A.*, No. C13-239, 2013 WL 6729582, at *1 (W.D. Wash. Dec. 18, 2013) ("A motion to seal must be narrowly tailored."). The far-fetched nature of the defendants' motion is best summed up by the fact that they are now asking the Court to seal a response about phone access in RFA 1 that IDOC never marked confidential and that became public nearly 900 days ago. *See* Dkt. 54-19 at 2–3. That approach is as far removed from the "strong presumption in favor of access to court

---

[6] Pin-cites to Dkt. 188-2 use the PDF page numbers.

RESPONSE TO MOTION TO SEAL – Page 7

records," *Foltz*, 331 F.3d at 1135, as one could imagine. For that reason, among many others, the motion to seal, Dkt. 188, is inadequate.

If their motion to seal is denied, the defendants ask "that the Court allow them to claw the material back so that it does not become an accessible public record." Dkt. 188-1 at 3. As with the rest of the motion, no authority is invoked for this alternative remedy. Where a motion to seal is denied, a court considers the information at issue and, if it "finds nothing that contains any potentially sensitive information," it "directs that the" material "be filed on the public docket." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226, 2024 WL 4554641, at *2 (E.D.N.Y. Sept. 29, 2024). As noted above, the vast majority of the RFA responses under consideration here are already public. Furthermore, the only RFAs in the list that include a substantive response despite a confidentiality objection are there because this Court rejected the defendants' secrecy argument and compelled them to answer. *See, e.g.*, Dkts. 88, 123, 178. When parties move to seal records based on theories like the defendants', it is typically done under Federal Rule of Civil Procedure 26(c), which safeguards litigants "from annoyance, embarrassment, oppression, or undue burden or expense." *See, e.g.*, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The Rule 26(c) framework is the one that the defendants have used in their unsuccessful discovery objections to the RFAs. *See Pizzuto*, 131 F.4th at 1085. In other words, the defendants' presumed justification for secrecy in their motion to seal is the one that has already failed. It follows that they have no valid reason for clawing the RFA responses back and keeping them from the public. Thus, the Court should deny the request and order the material filed publicly, along with the motion and the memorandum in support, the sealing of which the defendants have not even attempted to justify.

DATED this 24th day of April 2025.

RESPONSE TO MOTION TO SEAL – Page 8

/s/ *Jonah J. Horwitz*
Jonah J. Horwitz
Christopher M. Sanchez
Federal Defender Services of Idaho

/s/ Sarah E. Kalman
Sarah E. Kalman
DLA PIPER LLP (US)

COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
kscchind@idoc.idaho.gov

Mary Karin Magnelli
kmagnell@idoc.idaho.gov

Michael J. Elia
mje@melawfirm.net

Tanner J. Smith
tanner@melawfirm.net

/s/ L. Hollis Ruggieri
L. Hollis Ruggieri

RESPONSE TO MOTION TO SEAL – Page 9