RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110, Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756, Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., | CASE NO. 1:21-cv-00359-BLW |
| Plaintiff, | JOINT PROPOSAL TO RESET SCHEDULING ORDER AND DISCOVERY DEADLINES |
| v. | |
| BREE DERRICK,[1] et al., | |
| Defendants. | |

Through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 16(b)(4), the parties hereby stipulate to reset the scheduling order and discovery

---

[1] Josh Tewalt resigned from being IDOC's Director, effective April 4, 2025. Bree Derrick has been appointed as IDOC's Director. Under Federal Rule of Civil Procedure 25(d), Ms. Derrick is automatically substituted as a party in this case.

JOINT PROPOSAL TO RESET SCHEDULING ORDER
AND DISCOVERY DEADLINES – Page 1

deadlines as by order of the Court. *See* Dkt. 186, p. 2 (the parties must file a joint proposal to reset deadlines no later than seven days after the Ninth Circuit's mandate issues).

The Court ordered certain disclosures in Dkt. 123. Defendants appealed that order, *see* Dkt. 130, and sought a stay of the disclosure order. *See* Dkt. 139. The Court granted the stay and suspended discovery deadlines pending the conclusion of the appeal. *See* Dkt. 150. In the initial order, the Court directed the parties to file a joint proposal to reset discovery and scheduling order deadlines within seven days of resolution of the appeal. *See id.* at 11. The Court thereafter clarified that "a decision resolving the Defendants' appeal," *see id.*, was intended to refer to the date the Ninth Circuit issued its mandate. *See* Dkt. 186. The Ninth Circuit issued its mandate on May 22, 2025.

The parties are actively engaged in ongoing discovery. Certain discovery disputes exist that require litigation and potentially mediation, a process that is in progress, *see, e.g.*, Dkts. 183, 187, 190 (Eighth Motion to Compel). Plaintiff has noticed a deposition for Defendant Liz Neville for July 16, 2025. Plaintiff had noticed up the depositions of two of IDOC's confidential execution team members, namely the Central Line Volunteer and the Medical Team Leader. Defendants have filed a motion for a protective order regarding the way these depositions should be conducted. *See* Dkt. 193. The parties contemplate the depositions will be rescheduled after the Court addresses Defendants' request for a protective order. *See* Dkt. 194 (parties agreed to vacate the scheduled depositions).

The parties specifically stipulate that the joint proposal submitted herein is appropriate given the present status of Plaintiff's execution, including the preliminary injunction that the Court entered in *Pizzuto v. Tewalt*, Case No. 1:23-cv-081, Dkt. 31.

By way of this joint proposal, the parties agree that each party retains and preserves any right or remedy available to it under the Federal Rules of Civil Procedure. The parties agree that any delays related to the parties' attempts to informally resolve discovery disputes will not be used as evidence to argue against either party's diligence in conducting discovery related to the disputed issues, limit either party's right to move the Court for relief as appropriate, or to prejudice either party in any way.

By entry of this joint proposal, Defendants do not make any representation or concession regarding the possible reissuance of a death warrant in *State v. Pizzuto,* Idaho County Case No. CR-1985-22075, or the Idaho Department of Correction's ability to carry out an execution. Defendants retain all defenses and arguments related to their transparency and diligence in the defense of this case. And Plaintiff reserves the right to seek expedited discovery and whatever other measures become necessary if a new death warrant is signed.

Therefore, based on the foregoing, the parties respectfully request that the Court enter an order modifying the discovery and dispositive motion deadlines as follows:

- Cut-off for factual discovery and deadline for Plaintiff's expert disclosures: Tuesday, September 2, 2025.

- Deadline for Defendants' expert disclosures: Monday, September 8, 2025.

- Deadline for Plaintiff's disclosure of rebuttal experts: Monday, September 22, 2025.

- Cut-off for all expert discovery: Monday, October 6, 2025.

- Dispositive motion deadline: Friday, October 31, 2025.

DATED this 28th day of May 2025.

*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorney for Defendants

*/s/ Jonah J. Horwitz*
Jonah J. Horwitz
Federal Defender Services of Idaho
Attorney for Plaintiff