RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110, Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756, Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD R. PIZZUTO,<br><br>    Plaintiff,<br><br>vs.<br><br>BREE DERRICK, et al.,<br><br>    Defendants. | Case No. 1:21-cv-359-BLW<br><br>**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br>**[Dkt. 193]** |

COME NOW Defendants, by and through undersigned counsel, and hereby submit their Reply in Support of Motion for a protective order as follows:

### ARGUMENT

Defendants have requested a protective order limiting the number of persons present during the depositions of IDOC's confidential execution team members and permitting the use of voice modulating equipment. Defendants' motion should be granted.

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 1**

**1. Defendants' motion is timely.**

Plaintiff contends Defendants waived their requests for a protective order. (Dkt. 196, pp. 3-8). Defendants previously asked the Court to quash the notices; alternatively, Defendants asked the Court to permit IDOC's confidential witnesses to appear remotely and limit the scope of questions. (Dkt. 175). The Court denied Defendants' motion to quash and request to limit the scope of questions, but recognized Defendants' "legitimate points about maintaining the anonymity of the execution team members." (Dkt. 181, p.6).

While the motion to quash was pending, the parties filed a notice regarding the depositions of the confidential team members. (*See* Dkt. 176). In that notice, Defendants specifically reserved their right to object to "the form or manner of any notice of deposition or amended notice of deposition that is not addressed in the Court's order on Defendants' motion to vacate." (*See id.* at 2). On April 30, 2025, Plaintiff communicated his intent to take the confidential team member depositions with his "team" from the Federal Defender Services of Idaho. (Dkt. 193-3, ¶ 4). Defendants promptly objected to the presence of any "employees, investigators, agents, or anyone other than counsel and the court reporter during the deposition[s] of the confidential volunteer and medical team leader." (*Id.*). Defendants conferred with Plaintiff in good faith, but the parties were not able to reach a resolution. Defendants filed the instant motion on May 14, 2025.

Plaintiff makes much of the fact that the deposition of Warden Tim Richardson, held in October 2024, somehow placed Defendants on notice that Plaintiff would insist on the attendance of his "team" at the deposition of confidential team members.[1] This insistence continues even though

---

[1] Plaintiff held the deposition of Warden Randy Valley on April 16, 2025 – three months after the joint notice regarding the confidential witnesses. At that deposition, Plaintiff's FDSI "team" included even more people than those present at the October 2024 deposition. Defendants submit they were not on notice of who would be present during the confidential team member depositions at the time of their prior motion based on the attendance of FDSI staff at two other depositions – one held before Defendants filed their motion and one after.

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 2**

Defendants reserved the right to object to the manner of conducting the confidential depositions in a notice filed in January 2025 – a reservation Plaintiff expressly acknowledged. This motion, filed two weeks after receiving notice that Plaintiff intended to include a room full of staff from the Federal Defenders' office during the deposition, is hardly untimely.

Plaintiff relies on several cases for the proposition that subsequent motions touching on the same subject matter are improper. Plaintiff's reliance on these cases is misplaced and can easily be distinguished. For example, in *Karpenski v. Am. Gen. Life Cos.*, No. C12-1569, 2013 WL 3191878, (W.D. Wash. June 20, 2013), the plaintiff filed a motion to address the status of documents the defendants marked "confidential" and defendants filed a response addressing the same issue – the confidentiality of the documents in question. *Id.* at 4. While that motion was pending, defendants filed a separate motion for a protective order regarding the confidentiality of the same documents for the same reasons set out in their responsive pleading. *Id.* The Court determined that the substantially identical motion was redundant and an improper attempt to "gain[] two more 'bites at the apple'" because "[t]heir arguments were heard the first time, and the documents remain under seal until the Court has an opportunity to rule on plaintiff's motion." *Id.*

Similarly, *Robinson v. Ergo Solutions, LLC*, 4 F.Supp.3d 181 (D.D.C. 2014), is readily distinguishable. The district court, addressing the defendant's third motion to set aside its default, noted that the defendant's motion contained a "frustrating, troubling, and ultimately unexplained contradiction", *id.* at 185, and concluded the defendant was "on thin ice in making new arguments related to personal jurisdiction after filing several previous motions on the very same issue." *Id.* at 186.

Finally, Defendants are not seeking reconsideration of the Court's prior protective order.[2]

---

[2] Plaintiff asserts that Defendants should have requested voice-modulation in the earlier motion. Defendants acknowledge that one of the cases cited in their reply, *Nance v. Oliver*, 1:20-cv-00707-JPB, Dkt. 132-19 (N.D. Ga. May 16, 2025), involved deposition conditions like those Defendants were

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 3**

(Dkt. 196, pp. 6-7). Rather, Defendants are seeking relief separate and distinct from the issues raised in the earlier motion, and the parties clearly contemplated that additional issues might occur related to the depositions. This Court has previously recognized that interlocutory orders are not "carved in stone"; rather, the Court should be right while also moving the case forward. *Planned Parenthood of the Great Northwest and the Hawaiian Islands v. Wasden*, 564 F.Supp.3d 895, 901 (D. Idaho 2021). Defendants do not ask the Court to alter or change its prior order. Defendants request an order protecting its confidential team members as witnesses based on new information. *See Solis v. Laborer's Intern. Union of N. Amer.*, 775 F.Supp.2d 1191, 1216 (2010) (court granted motion for a protective order in part, with leave to file an additional protective order if circumstances changed); *Abarca v. Merck Co., Inc.*, 1:07-cv-0388 OWW DLB, 2009 WL 2390583, *6 (E.D. Cal. August 3, 2009) (court issued protective order precluding deposition, without prejudice to a subsequent request for the deposition based on additional information). Defendants are not engaging in frivolous attempts to delay the proceedings. Defendants are exercising their expressly reserved right to challenge the manner of carrying out the depositions to protect the identity of IDOC's confidential team member witnesses.

Defendants note that Plaintiff has acknowledged the parties' express reservation of the right to challenge the manner of conducting the deposition but claims that the reservation is limited to issues specifically stated on the face of the notice of deposition. (Dkt. 196, at 7). Plaintiff's position is unreasonable – because Plaintiff did not identify his intended manner of conducting the deposition

---

seeking. That order was cited by Plaintiff in his response to Defendants' motion. (*See* Dkt. 180, p.7). Then, Defendants located an earlier order in that case citing voice modulation. (*See id.*). However, discovery in method-of-execution cases is extensive. Like this Court, courts in other jurisdictions grapple with on-going disputes. In March 2025, a Mississippi district court approved voice modulation. *Jordan v. Cain*, 3:15-CV-295-HTW-LGI, 2025 WL 895829, *3 (S.D. Miss. March 24, 2025). (*See also* Dkt. 193-1, at 9 (citing *Cain*)). States continue to protect sources of execution chemicals and confidential team members while condemned persons seek as much information as possible regarding their executions. The disagreement between the Department and Plaintiff, resulting in friction between the parties in this litigation, is that experienced in multiple cases throughout the United States. Discovery disputes are common, and courts' responses are varied.

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 4**

on the face of the notice, Defendants cannot object to any later-identified specifics. Taken to its natural conclusion, Plaintiff's position is that Defendants' express reservation is toothless and committed to Plaintiff's whims. Plaintiff determines the contents of his notice of deposition. The parties discussed and were able to resolve other circumstances surrounding the manner of conducting the deposition, including the place to be held and the exchange of exhibits. Plaintiff, unbeknownst to Defendants, intended to include several staff members in the depositions. Once known to Defendants, Defendants sought protection for their witnesses.

Plaintiff put Defendants on notice of his intent to have his FDSI "team" present at the confidential team member depositions on April 30. Defendants diligently attempted to resolve the matter and then promptly sought protection under Federal Rule of Civil Procedure 26(c) when those attempts failed. The Court should grant Defendants' Motion.

**2. Defendants' proposed protective order decreases the risk of possible disclosure of IDOC's confidential team members.**

Plaintiff claims the need for the presence of FSDI investigators during the deposition is "great". (Dkt. 96, pp. 8-9). Plaintiff contends the investigators are especially necessary given the "highly technical" nature of the topics of the depositions of IDOC's Central Line Volunteer and Medical Team Leader. (*Id.* at 9). Defendants respectfully dispute Plaintiff's claim that the investigators are necessary.[3] Plaintiff has not identified any relevant expertise or training for the investigators. Rather, he relies upon the investigators' knowledge of the record in this case – knowledge that is readily available to counsel before the deposition. Plaintiff's counsel was very well prepared before the December 2023 and April 2024 depositions with several pages of pre-drafted questions. Defendants are

---

[3] Counsel for the parties are not witnesses, but officers of the court. Plaintiff's counsel contends the investigators crafted hundreds of questions for the attorney's use during the prior depositions. Counsel's declaration is not clear if counsel is averring that the investigators provided assistance by crafting these questions before or during the depositions.

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 5**

not attempting to impede FDSI investigators from assisting counsel to prepare, pre-draft questions, or assist during the depositions. Defendants are asking the Court to limit the investigators' access to the confidential witnesses

Plaintiff's attempts to distinguish Defendants' cases are unavailing. The question before the Court is whether the information sought to be protected – namely the identities of IDOC's confidential team members – is best served by the restrictions requested. *See Oakley Inc. v. Grangeville*, 336 F.R.D. 191 (D. Idaho 2020) (expert was excluded from deposition because of the risk of exposure created by the information to be discussed during the deposition); *Laul v. Los Alamos Nat'l Lab's*, No. Civ. 16-1017 JAP/KBM, 2017 WL 5129002 (D.N.M. Nov. 3, 2017) (plaintiff excluded based on his conduct towards deponent and where he can consult with and assist in pre-deposition preparations). IDOC's confidential witnesses have voiced concerns about appearing at a deposition where more than the minimal persons are present. Plaintiff's query regarding why counsel can be present is a non-sequitur – counsel must be present because the Court ordered the depositions.

Additionally, Plaintiff objects to the reliability of Deputy Chief Neville's declaration containing her representations of her discussions with IDOC's confidential witnesses. They do not, however, challenge Deputy Chief Neville's reliability. She submitted her declaration under the penalty of perjury. She is accountable to the Court for her statements. Plaintiff claims Defendants must produce evidence of the risk of harm, then complains that the evidence produced is hearsay. The alternative – statements signed by confidential witnesses with an "x" or pseudonym – bear no additional indicia of reliability. IDOC's confidential team members have made it clear that they are aware of and have relied upon Idaho's statutory right to confidentiality. They are concerned about discovery of their identities. Defendants respectfully ask this Court to consider the statements of the witnesses for the purposes for which they were offered – to show their present intentions to cooperate with the depositions and request for additional protection.

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 6**

Finally, Plaintiff cites various cases addressing voice modulation. Defendants acknowledge that voice modulation is not favored. However, in the death penalty context, courts have exercised unique and unusual methods to permit plaintiffs to gather information while protecting the states' respective rights and responsibilities. Defendants have cited two courts that have ordered voice modulation under the exact circumstances presented herein. *See* FN 2, *supra*. Because of the specific risk of harm posed by identification of IDOC's confidential team members, the request for voice modulation is a reasonable restriction.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue a protective order limiting the persons allowed to be present at Plaintiff's deposition of IDOC's confidential execution team members to two of Plaintiff's attorneys, Defendants' counsel, and the court reporter transcribing the deposition. Defendants also respectfully request that the Court permit the Central Line Volunteer and Medical Team Leader to use voice modulating equipment at their deposition or any other similar proceeding.

DATED this 10th day of June 2025.

MOORE ELIA KRAFT & STACEY, LLP

*/s/ Tanner J. Smith*
Tanner J. Smith
Attorneys for Defendants

OFFICE OF THE ATTORNEY GENERAL

*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorneys for Defendants

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 7**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jonah J. Horwitz<br>Christopher M. Sanchez<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Ste. 900<br>Boise, Idaho 83702<br><br>Stanley J. Panikowski<br>Sarah E. Kalman<br>DLA Piper LLP<br>401 B St., Ste. 1700<br>San Diego, CA 92101<br><br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ E-Mail: Jonah_horwitz@fd.org, Christopher_m_sanchez@fd.org, stanley.panikowski@dlapiper.com; sarah.kalman@dlapiper.com |

                                          */s/ Kristina M. Schindele*
                                          Kristina Schindele

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER - 8**