UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., <br><br> Plaintiff, <br><br> v. <br><br> JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity, TIMOTHY RICHARDSON, Warden, Idaho Maximum Security Institution, in his official capacity, <br><br> Defendants. | Case No. 1:21-cv-00359-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

      Before the Court is Defendants' Motion for a Protective Order (Dkt. 193). The motion concerns the upcoming depositions of two confidential execution personnel, the Medical Team Leader and Central Line Volunteer. Defendants seek a protective order allowing the deponents to use voice modulating equipment and prohibiting the presence of investigators from the Federal Defender Service of Idaho (FDSI). The Court will deny the motion.

      The Court addressed the logistics of these depositions several months ago, *see* Dkt. 181, and will not rehash the background here. At that time, the Court declined to quash the depositions but ordered them to take place remotely and only

MEMORANDUM DECISION AND ORDER - 1

by audio to preserve the deponents' anonymity. Defendants now argue that these measures are insufficient and that the witnesses could be recognized by their voices. Additionally, if FDSI investigators attend the depositions, they could supposedly use their investigatory skills to ferret out the witnesses' identities. Neither concern is availing.

District courts have significant discretion to prohibit or limit discovery. *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988). For "good cause," the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by restricting the scope of discovery or forbidding the disclosure altogether. Fed. R. Civ. P. 26(c)(1). This decision requires the court to balance the requesting party's need for the evidence against the harm that disclosure may have on the objecting party. *See* Dkt. 88 at 19.

First, although the Court will not reject the motion as untimely, it is frustrating that Defendants did not raise these concerns in February, when they initially challenged the deposition notices. Discovery in this case has been exceptionally long and contentious. While the Court certainly does not fault Defendants for zealously protecting execution personnel, the piecemeal motion practice that occurred here is a poor use of everyone's resources.

Turning to the merits, Defendants have not shown that the current deposition

logistics pose an undue burden. The Court will start with the request for voice modulation technology. As noted previously, it is fairly easy to imagine that the witnesses could be identified if depositions occurred in person. *See* Dkt. 181 at 6. Recognition by voice is a different matter entirely. Defendants have not pointed to a single instance where an anonymous witness has been identified from the sound of their voice. To the contrary, other courts have allowed the depositions of execution team witnesses without any voice modulation, and those depositions apparently did not lead to the witnesses' identification. *See Martin v. Ward*, No. 1:18-cv-4617, Dkt. 90, at 5-6 (N.D. Ga. May 11, 2022); *In re: Ohio Execution Protocol*, No. 2:11-cv-1016, Dkt. 2431-4 (S.D. Ohio Aug. 30, 2019). Further, the fact that Defendants did not request this relief the first time they objected to the depositions undercuts the claim that voice modulation is so critical.

On the other side of the ledger, voice modulation technology would place a burden on Pizzuto's attorneys, who have an interest in assessing the witnesses' demeanor and tone. *See Edwards v. Thomas*, No. 4:19-cv-4018, 2021 WL 8316970, at *2 (W.D. Ark. Nov. 18, 2021). Partly for this reason, depositions are presumptively in person under Rule 30(b)(4), and courts have particularly enforced this preference with key witnesses. *See Pruco Life Insurance Co. v. California Energy Development Inc.*, No. 3:18-cv-02280, 2021 WL 5043289, at *3 (S.D. Cal. Oct. 29, 2021). In this case, there are overriding reasons to require the deposition

to take place remotely, but voice modulation would add a needless layer of distortion with no corresponding benefit.

The objection to the investigators' attendance is even more puzzling. The Court does not understand why their presence is such a concern. Although it could technically heighten the chance that Pizzuto's team somehow identifies the witnesses, the increase is so marginal as to be meaningless. Defendants' arguments suggest that the FDSI investors have a truly fearsome reputation, but the Court doubts that even the most talented investigator could use their memory of an anonymous voice to track down that witness. Beyond conclusory statements and bare speculation, Defendants have not provided any explanation of how this could plausibly occur. In short, there is no evidence, beyond the witnesses' unsubstantiated fears, that harm will result from the investigators' presence.

Thus, Defendants have not established an undue burden from the current deposition logistics. The depositions of the Medical Team Leader and Central Line Volunteer should proceed in their current form. Absent extenuating circumstances, any further challenges will be rejected as untimely.

## ORDER

**IT IS HEREBY ORDERED** that Defendants' Motion for a Protective Order (Dkt. 193) is **DENIED.**

**MEMORANDUM DECISION AND ORDER - 4**

DATED: July 1, 2025



_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**