Case 1:21-cv-00359-BLW    Document 208-3    Filed 08/20/25    Page 1 of 8

*Gerald Ross Pizzuto, Jr. v. Josh Tewalt*, U.S. Dist. Ct. No. 1:21-cv-359-BLW
Submitted in Support of Memorandum in Support of Motion to Modify Scheduling Order [Dkt. 198]

# EXHIBIT 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| Gerald Ross Pizzuto, Jr. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:21-cv-359-BLW |
| Josh Tewalt, et al. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Okland Construction

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment "A"

| Place: 101 S. Capitol Blvd., #504<br>Boise, ID 83702 | Date and Time:<br>07/21/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/20/2025

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ Jonah J. Horwitz |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Gerald Ross Pizzuto, Jr. _____, who issues or requests this subpoena, are:
Jonah J. Horwitz, 702 W. Idaho St., Ste. 900, Boise, ID 83702, jonah_horwitz@fd.org, 208-331-5530

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-359-BLW

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Okland Construction on *(date)* 06/20/2025.

☑ I served the subpoena by delivering a copy to the named person as follows: via email to Tim Conde, Tim Conde@okland.com on *(date)* 06/20/2025; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 06/20/2025

/s/ Jonah J. Horwitz
*Server's signature*

Jonah J. Horwitz
*Printed name and title*
Federal Defender Services of Idaho
Capital Habeas Unit
702 W. Idaho St., Ste. 900
Boise, ID 83702  Tel: 208-331-5530
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-cv-00359-BLW   Document 208-3   Filed 08/20/25   Page 4 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT "A"

# ATTACHMENT A

# DEFINITIONS AND INSTRUCTIONS

1. "YOU" and "YOUR" shall refer collectively to the Okland Construction, as well as any of its officers, agents or agencies, representatives, attorneys and/or any PERSON or entity acting on their behalf.

2. "COMMUNICATIONS" shall mean the recorded transfer of information of any kind in writing, at any time or place, and under any circumstances whatsoever, including without limitation recorded conversations, voice messages, voicemail, instant messages, letters, memoranda, electronic mail, text messages, facsimiles, telegrams, applications, notes, summaries, photographs, video, audio tapes, electronic or magnetic media, as well as the transfer of any DOCUMENT from one person to another.

3. "DOCUMENT" shall have the broadest possible meaning pursuant to the Federal Rules of Evidence and Fed. R. Civ. P. 34 and includes, without limitation, (a) all originals; (b) all copies which are different in any way from the originals; and (c) all drafts (whether printed, filed, recorded or reproduced by hand) of all written matter, however produced or reproduced, including, but not limited to, all writings, contracts, policy statements, manuals, telephone messages, checks, correspondence, letters, electronic mail or email messages, text messages, telegrams, notes, mailgrams, minutes, agendas, memoranda, reports, studies, invoices, notices, permits, schedules, computer entries, forecasts, project analyses, working papers, charts, expense account reports, ledgers, logs, journals, financial statements, statements of accounts, calendars, appointment books, diaries, drawings, graphs, photographs, sound recordings, materials stored on electronic media such as computer discs or hard drives, blueprints, or any other tangible things.

4. "IDOC" shall mean the Idaho Department of Correction.

5. "PERSON" shall mean natural persons, proprietorships, corporations, companies, state or federal agencies or other government entities, partnerships, trusts, joint ventures, groups, associations, and organizations.

6. "PRESENT" shall mean the date on which you are conducting the latest search to gather the material to respond to this subpoena.

7. "PLAINTIFF" shall refer to Gerald Ross Pizzuto, Jr.

8. "REGARDING" shall mean, in addition to its customary and usual meaning, addressing, concerning, discussing, pertaining to, reflecting, constituting, supporting, evidencing, stating, showing, analyzing, evaluating, summarizing, recording, memorializing, disputing, relating to, and referring to.

9. All terms used herein shall be construed in an ordinary common-sense manner, and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

10. The form(s) in which electronically stored information ("ESI") is to be produced is as follows:

(a) E-mail, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata (e.g., author, recipient(s), "cc" recipient(s), "bcc" recipient(s), date and time of creation and receipt, date and time of modification, etc.) and substantive metadata (e.g., the substance of changes, etc.), with all attachments for production. PLAINTIFF reserves the right to request native format production for ESI. Upon request, YOU shall produce specific DOCUMENTS (identified by Bates number or range) in original native electronic format.

(b) Dynamic files (e.g., databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available.

(c) For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless PLAINTIFF specifically agrees to a different form for production.

11. If any responsive DOCUMENT has been destroyed, lost, discarded, or otherwise disposed of, the responding party must provide a log identifying each such DOCUMENT as completely as possible, and the responding party must provide, at a minimum, the following information on each such DOCUMENT, to the extent known: (a) date of disposal, loss, discarding, or destruction; (b) manner of disposal, discarding, or destruction; (c) reason for disposal, discarding,

or destruction; (d) the PERSON(S) authorizing disposal, discarding, or destruction; and (e) the PERSON(S) disposing of, discarding, or destroying each such DOCUMENT.

12. If any DOCUMENT is withheld or redacted because of a claim of privilege or work product, or pursuant to any purported privacy or confidentiality doctrine, the responding party must provide a privilege log with the information required by Federal Rule of Civil Procedure 26(b)(5) concurrent with the responding party's responses. At a minimum, the log must contain the following: "(a) the attorney and client involved; (b) the nature of the document (i.e., letter, memorandum); (c) all persons or entities shown on the document to have received or sent the document; (d) all persons or entities known by [the responding party] to have been furnished the document or informed of its substance; and (e) the date the document was generated, prepared or dated." *Dole v. Milonas*, 889 F.2d 885, 888 n.3 (9th Cir. 1991).

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All DOCUMENTS generated between January 1, 2023 and the PRESENT REGARDING any work that YOU performed or contemplated performing for IDOC at any of its properties or institutions, including but not limited to COMMUNICATIONS with IDOC and other individuals and entities in Idaho.