*Gerald Ross Pizzuto, Jr. v. Josh Tewalt*, U.S. Dist. Ct. No. 1:21-cv-359-BLW
Submitted in Support of Memorandum in Support of Motion to Modify Scheduling Order [Dkt. 198]

# EXHIBIT 15

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| Gerald Ross Pizzuto, Jr.<br>*Plaintiff*<br>v.<br>Josh Tewalt, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 1:21-cv-359-BLW<br>)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Soundscape Engineering

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment "A"

| Place: 3711 N. Ravenswood Ave., Ste. 104<br>Chicago, IL 60613 | Date and Time:<br>07/21/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/20/2025

            *CLERK OF COURT*
                                                            OR
                                                                            /s/ Jonah J. Horwitz
    _____              _____
       *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Gerald Ross Pizzuto, Jr., who issues or requests this subpoena, are:
Jonah J. Horwitz, 702 W. Idaho St., Ste. 900, Boise, ID 83702, jonah_horwitz@fd.org, Tel: 208-331-5530

                    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-359-BLW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Soundscape Engineering
on *(date)* 06/20/2025.

☑ I served the subpoena by delivering a copy to the named person as follows: DERRICK HACKETT- SENIOR FULFILLMENT SPECIALIST - 208 S. LASALLE ST., CHICAGO, IL
on *(date)* 06/20/2025 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 6/20/25

*Pedro Alfaro*
Server's signature

PEDRO ALFARO - FDP INVESTIGATOR
Printed name and title

55 E. MONROE ST. CHICAGO, IL
Server's address

Additional information regarding attempted service, etc.:

# ATTACHMENT "A"

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

1. "YOU" and "YOUR" shall refer collectively to the Soundscape Engineering, as well as any of its officers, agents or agencies, representatives, attorneys and/or any PERSON or entity acting on their behalf.

2. "COMMUNICATIONS" shall mean the recorded transfer of information of any kind in writing, at any time or place, and under any circumstances whatsoever, including without limitation recorded conversations, voice messages, voicemail, instant messages, letters, memoranda, electronic mail, text messages, facsimiles, telegrams, applications, notes, summaries, photographs, video, audio tapes, electronic or magnetic media, as well as the transfer of any DOCUMENT from one person to another.

3. "DOCUMENT" shall have the broadest possible meaning pursuant to the Federal Rules of Evidence and Fed. R. Civ. P. 34 and includes, without limitation, (a) all originals; (b) all copies which are different in any way from the originals; and (c) all drafts (whether printed, filed, recorded or reproduced by hand) of all written matter, however produced or reproduced, including, but not limited to, all writings, contracts, policy statements, manuals, telephone messages, checks, correspondence, letters, electronic mail or email messages, text messages, telegrams, notes, mailgrams, minutes, agendas, memoranda, reports, studies, invoices, notices, permits, schedules, computer entries, forecasts, project analyses, working papers, charts, expense account reports, ledgers, logs, journals, financial statements, statements of accounts, calendars, appointment books, diaries, drawings, graphs, photographs, sound recordings, materials stored on electronic media such as computer discs or hard drives, blueprints, or any other tangible things.

4. "IDOC" shall mean the Idaho Department of Correction.

5. "PERSON" shall mean natural persons, proprietorships, corporations, companies, state or federal agencies or other government entities, partnerships, trusts, joint ventures, groups, associations, and organizations.

6. "PRESENT" shall mean the date on which you are conducting the latest search to gather the material to respond to this subpoena.

7.  "PLAINTIFF" shall refer to Gerald Ross Pizzuto, Jr.

8.  "REGARDING" shall mean, in addition to its customary and usual meaning, addressing, concerning, discussing, pertaining to, reflecting, constituting, supporting, evidencing, stating, showing, analyzing, evaluating, summarizing, recording, memorializing, disputing, relating to, and referring to.

9.  All terms used herein shall be construed in an ordinary common-sense manner, and not in a hyper-technical, strained, overly literal, or otherwise restrictive manner.

10. The form(s) in which electronically stored information ("ESI") is to be produced is as follows:

(a) E-mail, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata (e.g., author, recipient(s), "cc" recipient(s), "bcc" recipient(s), date and time of creation and receipt, date and time of modification, etc.) and substantive metadata (e.g., the substance of changes, etc.), with all attachments for production. PLAINTIFF reserves the right to request native format production for ESI. Upon request, YOU shall produce specific DOCUMENTS (identified by Bates number or range) in original native electronic format.

(b) Dynamic files (e.g., databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available.

(c) For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless PLAINTIFF specifically agrees to a different form for production.

11. If any responsive DOCUMENT has been destroyed, lost, discarded, or otherwise disposed of, the responding party must provide a log identifying each such DOCUMENT as completely as possible, and the responding party must provide, at a minimum, the following information on each such DOCUMENT, to the extent known: (a) date of disposal, loss, discarding, or destruction; (b) manner of disposal, discarding, or destruction; (c) reason for disposal, discarding,

or destruction; (d) the PERSON(S) authorizing disposal, discarding, or destruction; and (e) the PERSON(S) disposing of, discarding, or destroying each such DOCUMENT.

12. If any DOCUMENT is withheld or redacted because of a claim of privilege or work product, or pursuant to any purported privacy or confidentiality doctrine, the responding party must provide a privilege log with the information required by Federal Rule of Civil Procedure 26(b)(5) concurrent with the responding party's responses. At a minimum, the log must contain the following: "(a) the attorney and client involved; (b) the nature of the document (i.e., letter, memorandum); (c) all persons or entities shown on the document to have received or sent the document; (d) all persons or entities known by [the responding party] to have been furnished the document or informed of its substance; and (e) the date the document was generated, prepared or dated." *Dole v. Milonas*, 889 F.2d 885, 888 n.3 (9th Cir. 1991).

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All DOCUMENTS generated between January 1, 2023 and the PRESENT REGARDING any work that YOU performed or contemplated performing for IDOC at any of its properties or institutions, including but not limited to COMMUNICATIONS with IDOC and other individuals and entities in Idaho.