*Gerald Ross Pizzuto, Jr. v. Josh Tewalt*, U.S. Dist. Ct. No. 1:21-cv-359-BLW
Submitted in Support of Memorandum in Support of Motion to Modify Scheduling Order [Dkt. 198]

# EXHIBIT 18

RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,** | **CASE NO. 1:21-cv-00359-BLW** |
| Plaintiff, | |
| v. | **Defendant Neville's Responses to Plaintiff's Sixteenth Set of Requests for Admission** |
| **BREE DERRICK, et al.,** | |
| Defendants. | |

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 1

Defendants Derrick, Valley, and Neville, by and through their attorneys of record, the Idaho Attorney General's Office, hereby respond to Plaintiff's Sixteenth Set of Requests for Admission.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendants Derrick, Valley and Neville object to any instructions, requests, or procedures set forth in Plaintiff's Sixteenth Set of Requests for Admission that are contrary to the Federal Rules of Civil Procedure. Defendants Derrick, Valley and Neville will respond to these requests in accordance with the Federal Rules of Civil Procedure

### Requests for Admission

550.   Admit or deny that the firing squad will be Automated in Idaho.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "automated," as defined by Plaintiff as a "process whereby technology is used such that a human being does not pull the trigger of a firearm" is subject to multiple reasonable interpretations as used.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I have reviewed and defer to Defendant Derrick's response.

551.   Admit or deny that IDOC has begun drafting a protocol for the firing squad.

**Defendant Neville's Response:** I have reviewed and defer to Defendant Derrick's response.

552.   Admit or deny that IDOC has begun renovating the execution facilities to allow for the use of the firing squad.

**Defendant Neville's Response:** I have reviewed and defer to Defendant Derrick and Defendant Valley's responses.

553.   Admit or deny that IDOC is installing a camera in the "medical team room" pursuant to *AP v. Tewalt*, --- F. Supp. 3d ----, 2025 WL 1237762 (D. Idaho Apr. 29, 2025).

**Defendant Neville's Response:** I have reviewed and defer to Defendant Derrick's response.

554.   Admit or deny that the Packaging for the First Set of Execution Drugs indicates that they were prepared for veterinary use.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the terms "indicates" and "prepared" are undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response. Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

555.   Admit or deny that the Packaging for the Second Set of Execution Drugs indicated that they were prepared for veterinary use.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the terms "indicated" and "prepared" are undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response. Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

556.    Admit or deny that the Packaging for the Third Set of Execution Drugs indicates that they were prepared for veterinary use.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the terms "indicates" and "prepared" are undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response. Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 4

557. Admit or deny that the Packaging for the First Set of Execution Drugs describes where they were Manufactured.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "describes" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

558. Admit or deny that the Packaging for the Second Set of Execution Drugs described where they were Manufactured.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "described" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information to admit or deny this request.

559. Admit or deny that the Packaging for the Third Set of Execution Drugs describes where they were Manufactured.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "describes" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

560. Admit or deny that the Packaging for the First Set of Execution Drugs indicates that they were Manufactured in the United States.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "indicates" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 6

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

561.  Admit or deny that the Packaging for the Second Set of Execution Drugs indicated that they were Manufactured in the United States.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "indicated" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information to admit or deny this request.

562.  Admit or deny that the Packaging for the Third Set of Execution Drugs indicates that they were Manufactured in the United States.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "indicates" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading,

and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

563. Admit or deny that the Packaging for the First Set of Execution Drugs indicates that they were Manufactured outside the United States.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "indicates" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

564. Admit or deny that the Packaging for the Second Set of Execution Drugs indicated that they were Manufactured outside the United States.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "indicated" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including

boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information to admit or deny this request.

565.    Admit or deny that the Packaging for the Third Set of Execution Drugs indicates that they were Manufactured outside the United States.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the term "indicates" is undefined and subject to multiple reasonable interpretations as used. Defendants object to this request as the term "packaging" as defined as "any physical material associated with the drugs, including boxes, labels, package inserts, and so forth" is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued. Defendants object to this request as the term "packaging" as defined is a compound question, not subject to a single response.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I do not have sufficient information upon which to admit or deny this request and deny the same.

566.    Admit or deny that IDOC ensured that the laboratory which produced the COA attached hereto as Exhibit 1 used USP testing standards.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the terms "ensured" and "used" are undefined and subject to multiple reasonable interpretations as used.

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 9

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I have reviewed and defer to Defendant Derrick's response.

567. Admit or deny that IDOC ensured that the laboratory which produced Exhibit 1 used USP testing standards for each test listed in the document.

Defendants object to this request as it is vague, ambiguous, confusing, misleading, and/or subject to being misconstrued because the terms "ensured" and "used" are undefined and subject to multiple reasonable interpretations as used.

Notwithstanding this objection, Defendant Neville responds:

**Defendant Neville's Response:** I have reviewed and defer to Defendant Derrick's response.

568. Admit or deny that IDOC was in possession of the purchase order attached hereto as Exhibit 2 prior to October 10, 2023.

**Defendant Neville's Response:** Admit.

569. Admit or deny that IDOC was in possession of the purchase order attached hereto as Exhibit 2 between October 2, 2023 and October 10, 2023.

**Defendant Neville's Response:** Admit.

570. Admit or deny that IDOC generated the purchase order attached hereto as Exhibit 2 prior to October 10, 2023.

**Defendant Neville's Response:** Admit.

571. Admit or deny that the purchase order attached hereto as Exhibit 2 was signed by the "Vendor" prior to October 10, 2023.

**Defendant Neville's Response:** Defendant Neville objects to RFA 571 under Federal Rule of Civil Procedure 26(b)(1). Defendant Neville asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville objects to disclosure of any information that could lead to the identification of these confidential persons or entities. Defendant Neville asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution.

Defendant Neville objects to disclosure of any information that could lead to the identity of a person or entity that compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville specifically objects to disclosing any information that could confirm or dispel any information regarding the identity of these statutorily designated confidential persons or entities, including information or inferences regarding the person or entity that picked up, acquired, or transported the execution chemical and/or the person who provided, sold, or delivered the execution chemical.

Defendant Neville asserts the information requested increases the risk of disclosure of a person or entity that compounded, synthesized, tested, sold, supplied, manufactured, stored, transported, procured, dispensed, or prescribed the chemicals or substances for use

in an execution. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources.

572.    Admit or deny that the purchase order attached hereto as Exhibit 2 was signed by Liz Neville.

**Defendant Neville's Response:** Admit.

573.    Admit or deny that the purchase order attached hereto as Exhibit 2 was signed by Liz Neville prior to October 10, 2023.

**Defendant Neville's Response:** Admit.

574.    Admit or deny that the purchase order attached hereto as Exhibit 2 was signed by the other IDOC witness (the one that is not Liz Neville) prior to October 10, 2023.

**Defendant Neville's Response:** Admit.

575.    Admit or deny that the purchase order attached hereto as Exhibit 2 was signed by Josh Tewalt.

**Defendant Neville's Response:** Admit.

576.    Admit or deny that the purchase order attached hereto as Exhibit 2 was signed by Chad Page.

**Defendant Neville's Response:** Deny.

577.    Admit or deny that the purchase order attached hereto as Exhibit 3 was signed by Liz Neville.

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 12

**Defendant Neville's Response:** Admit.

578. Admit or deny that the purchase order attached hereto as Exhibit 3 was signed by Josh Tewalt.

    **Defendant Neville's Response:** Deny.

579. Admit or deny that the purchase order attached hereto as Exhibit 3 was signed by Chad Page.

    **Defendant Neville's Response:** Admit.

580. Admit or deny that the purchase order attached hereto as Exhibit 4 was signed by Liz Neville.

    **Defendant Neville's Response:** Admit.

581. Admit or deny that the purchase order attached hereto as Exhibit 4 was signed by Josh Tewalt.

    **Defendant Neville's Response:** Deny.

582. Admit or deny that the purchase order attached hereto as Exhibit 4 was signed by Chad Page.

    **Defendant Neville's Response:** Admit.

583. Admit or deny that the text highlighted in Exhibit 5 relates to the purchase of execution drugs.

    **Defendant Neville's Response:** Admit.

584. Admit or deny that IDOC made a payment in exchange for the First Set of Execution Drugs prior to October 10, 2023.

    **Defendant Neville's Response:** Defendant Neville objects to RFA 571 under Federal Rule of Civil Procedure 26(b)(1). Defendant Neville asserts the subject of this RFA creates

an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville objects to disclosure of any information that could lead to the identification of these confidential persons or entities. Defendant Neville asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution.

Defendant Neville objects to disclosure of any information that could lead to the identity of a person or entity that compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville specifically objects to disclosing any information that could confirm or dispel any information regarding the identity of these statutorily designated confidential persons or entities, including information or inferences regarding the person or entity that picked up, acquired, or transported the execution chemical and/or the person who provided, sold, or delivered the execution chemical.

Defendant Neville asserts the information requested increases the risk of disclosure of a person or entity that compounded, synthesized, tested, sold, supplied, manufactured, stored, transported, procured, dispensed, or prescribed the chemicals or substances for use in an execution. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 14

where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources

585.    Admit or deny that IDOC made a payment to the "Vendor" associated with Exhibit 3 prior to October 10, 2023.

**Defendant Neville's Response:** Defendant Neville objects to RFA 571 under Federal Rule of Civil Procedure 26(b)(1). Defendant Neville asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville objects to disclosure of any information that could lead to the identification of these confidential persons or entities. Defendant Neville asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution.

Defendant Neville objects to disclosure of any information that could lead to the identity of a person or entity that compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville specifically objects to disclosing any information that could confirm or dispel any information regarding the identity of these statutorily designated confidential persons or entities, including information or inferences regarding

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 15

the person or entity that picked up, acquired, or transported the execution chemical and/or the person who provided, sold, or delivered the execution chemical.

Defendant Neville asserts the information requested increases the risk of disclosure of a person or entity that compounded, synthesized, tested, sold, supplied, manufactured, stored, transported, procured, dispensed, or prescribed the chemicals or substances for use in an execution. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources

586.  Admit or deny that IDOC paid a total of $50,000 in exchange for the First Set of Execution Drugs prior to October 10, 2023.

**Defendant Neville's Response:** Defendant Neville objects to RFA 571 under Federal Rule of Civil Procedure 26(b)(1). Defendant Neville asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville objects to disclosure of any information that could lead to the identification of these confidential persons or entities. Defendant Neville asserts disclosure of the requested information specifically seeks information about the identity of a person or entity who compounds, synthesizes,

tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution.

Defendant Neville objects to disclosure of any information that could lead to the identity of a person or entity that compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Neville specifically objects to disclosing any information that could confirm or dispel any information regarding the identity of these statutorily designated confidential persons or entities, including information or inferences regarding the person or entity that picked up, acquired, or transported the execution chemical and/or the person who provided, sold, or delivered the execution chemical.

Defendant Neville asserts the information requested increases the risk of disclosure of a person or entity that compounded, synthesized, tested, sold, supplied, manufactured, stored, transported, procured, dispensed, or prescribed the chemicals or substances for use in an execution. These identities are expressly protected by state law and incorporated into Federal Rule of Civil Procedure 26. Such risk creates an undue burden on IDOC, especially where disclosure is immaterial to the claims raised in Plaintiff's as applied method-of-execution claim and disproportionate to his needs in this litigation. Plaintiff's interest in disclosure is outweighed by the State's interest in protecting its execution chemical sources.

Notwithstanding the above objection, Defendant Neville admits the total payment for the October 2023 execution chemical, referred to as "First Set of Execution Drugs", was $50,000.00.

587.    Admit or deny that IDOC has a version of Exhibit 3 that includes a date.

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 17

**Defendant Neville's Response:** Deny.

588. Admit or deny that IDOC has a version of Exhibit 4 that includes a date in the upper-right corner after the typewritten word "Date."

**Defendant Neville's Response:** Deny.

589. Admit or deny that IDOC Communicated with Rising Pharmaceuticals between January 1, 2023 and the Present.

**Defendant Neville's Response**: I defer to Defendant Derrick's response and concur with her objections.

590. Admit or deny that IDOC Communicated with BPI Labs between January 1, 2023 and the Present.

**Defendant Neville's Response**: I defer to Defendant Derrick's response and concur with her objections.

591. Admit or deny that IDOC Communicated with Hikma Pharmaceuticals between January 1, 2023 and the Present.

**Defendant Neville's Response**: I defer to Defendant Derrick's response and concur with her objections.

592. Admit or deny that IDOC Communicated with Sagent Pharmaceuticals between January 1, 2023 and the Present.

**Defendant Neville's Response**: I defer to Defendant Derrick's response and concur with her objections.

593. Admit or deny that the Packaging for the First Set of Execution Drugs indicates that the drugs were Manufactured by one company for another company.

**Defendant Neville's Response**: I defer to Defendant Derrick's response and concur with her objections.

594.   Admit or deny that the Packaging for the Second Set of Execution Drugs indicated that the drugs were manufactured by one company for another company.

**Defendant Neville's Response**: I defer to Defendant Derrick's response and concur with her objections.

595.   Admit or deny that the Packaging for the Third Set of Execution Drugs indicates that the drugs were Manufactured by one company for another company.

**Defendant Neville's Response**: I defer to Defendant Derrick's response and concur with her objections.

596.   Admit or deny that the text after "Project" in Exhibit 1 is a unique identifier for a laboratory.

**Defendant Neville's Response**: I do not have sufficient information to admit or deny this request.

597.   Admit or deny that the text after "Project" in Exhibit 1 is a unique identifier for a Manufacturer.

**Defendant Neville's Response**: I do not have sufficient information to or deny this request.

598.   Admit or deny that the text after "Specification" in Exhibit 1 is a unique identifier for a laboratory.

**Defendant Neville's Response**: I do not have sufficient information to admit or deny this request.

599.   Admit or deny that the text after "Specification" in Exhibit 1 is a unique identifier for a Manufacturer.

**Defendant Neville's Response**: I do not have sufficient information to admit or deny this request.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 17th day of July 2025.

Signed: /s/ Liz Neville
Liz Neville

Defendant Neville's Responses to Sixteenth Set of Requests for Admission – Page 20

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 17th day of July 2025, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org


<u>/s/ Kristina M. Schindele</u>
Kristina M. Schindele

*Gerald Ross Pizzuto, Jr. v. Josh Tewalt, et. al*
USDC No. 1:21-cv-00359-BLW
Plaintiff's Sixteenth Set of Requests for Admission

# EXHIBIT 5

**(Screenshot from Transparency Idaho Website)**

