*Gerald Ross Pizzuto, Jr. v. Josh Tewalt*, U.S. Dist. Ct. No. 1:21-cv-359-BLW
Submitted in Support of Memorandum in Support of Motion to Modify Scheduling Order [Dkt. 198]

# EXHIBIT 23

**RAÚL LABRADOR**
**ATTORNEY GENERAL OF DAHO**

**KARIN MAGNELLI, ISB #6929**
Lead Deputy Attorney General, Idaho Department of Correction

**KRISTINA M. SCHINDELE, ISB #6090**
Deputy Attorneys General, Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2095
Facsimile: (208) 327-7485
E-mail: kmagnell@idoc.idaho.gov
         krschind@idoc.idaho.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR.,<br>Plaintiff,<br>v.<br>**JOSH TEWALT**, Director, Idaho Department of Correction, in his official capacity, **TIM RICHARDSON**, Warden, Idaho Maximum Security Institution, in his official capacity,<br>Defendants. | Case No. 1:21-cv-359-DCN<br><br>DEFENDANT TEWALT'S RESPONSES TO PLAINTIFF'S SEVENTH REQUEST FOR ADMISSIONS |

Defendant Tewalt, by and through his attorney of record, the Idaho Attorney General's Office, hereby respond to Plaintiff's Seventh Request for Admissions. Defendant Tewalt denies each and every allegation contained in Plaintiff's Seventh Request for Admissions unless specifically and expressly admitted herein.

Discovery in this matter is ongoing; therefore, Defendants do not possess complete information at the present time. Defendants reserve the right to supplement or amend any or all

Defendant Tewalt's Response to Plaintiff's Seventh Set of Requests for Admission – Page 1

the responses contained herein once they have had an opportunity to complete discovery in this action.

Defendant Tewalt objects to any instructions, requests, or procedures set forth in Plaintiff's Seventh Request for Admissions that are contrary to the Federal Rules of Civil Procedure. Defendant Tewalt will respond to these requests in accordance with the Federal Rules of Civil Procedure.

Defendant Tewalt responds he is responsible for implementing Idaho Code § 19-2716 as revised and determining the procedures to be used in an execution. Defendant Tewalt further responds he and whomever he designates are responsible for locating a source for execution chemicals and acquiring chemicals. Defendant Richardson is responsible for taking possession of execution chemicals once they arrive on IDOC premises until he releases the execution chemicals to the medical team leader. Defendant Tewalt is in the best position to respond to Plaintiff's Seventh Request for Admissions.

## Requests for Admission

173. Admit or deny that the Execution Drugs are in liquid form.

    **Defendant Tewalt Answer:** Admit.

174. Admit or deny that the Execution Drugs were made in America.

    **Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of the requested information could lead to the identity of the source of execution chemicals.

       Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

175. Admit or deny that the Execution Drugs were made outside of America.

       **Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals.

       Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

176. Admit or deny the Execution Drugs have an expiration date.

       **Defendant Tewalt Answer:** Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

177. Admit or deny that the expiration date is thirty-six months.

       **Defendant Tewalt Answer**: See Response to RFA 176.

178. Admit or deny that the expiration date is twenty-four months.

       **Defendant Tewalt Answer:** See Response to RFA 176.

179. Admit or deny that the expiration date is twelve months.

       **Defendant Tewalt Answer**: See Response to RFA 176.

180. Admit or deny that the Execution Drugs have a beyond-use date.

   **Defendant Tewalt Answer:** Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

181. Admit or deny that the beyond-use date is three months or less.

   **Defendant Tewalt Answer:** See response to RFA 180.

182. Admit or deny that the beyond-use date is one month or less.

   **Defendant Tewalt Answer**: See response to RFA 180.

183. Admit or deny that the Execution Drugs have a shelf life.

   **Defendant Tewalt Answer**: Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

184. Admit or deny that the shelf life is thirty-six months.

   **Defendant Tewalt Answer**: See response to RFA 183.

185. Admit or deny that the shelf life is twenty-four months.

   **Defendant Tewalt Answer**: See response to RFA 183.

186. Admit or deny that the shelf life is twelve months or fewer.

   **Defendant Tewalt Answer**: See response to RFA 183.

187. Admit or deny that the Execution Drugs are in a vial or vials.

   **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA as he does not know what Plaintiff means by a "vial". Defendant Tewalt admits the execution chemical is stored in a glass container or vessel.

188. Admit or deny that the Execution Drugs are in a bottle or bottles.

    **Defendant Tewalt Answer**: Defendant Tewalt objects to this RFA as he does not know what Plaintiff means by a "bottle". Defendant Tewalt admits the execution chemical is stored in a glass container or vessel; Defendant Tewalt admits he would describe the container as a glass bottle.

189. Admit or deny that the Execution Drugs came with a package insert.

    **Defendant Tewalt Answer**: Admit.

190. Admit or deny that the Execution Drugs came from a veterinary source.

    **Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals.

    Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

191. Admit or deny that the Execution Drugs came from a hospital.

    **Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals.

    Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals,

details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

192. Admit or deny that the Execution Drugs came from a domestic source.

**Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals.

Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

193. Admit or deny that the Execution Drugs came from a foreign source.

**Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals.

Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

194. Admit or deny that the Execution Drugs were sold by a wholesaler/distributor.

**Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule

of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislator enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals.

Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

195. Admit or deny that the Execution Drugs were sold by a pharmacy.

**Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals.

Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

196. Admit or deny that the Execution Drugs were imported.

**Defendant Tewalt Answer:** Defendant Tewalt objects to this RFA under Federal Rule of Civil Procedure 26(b)(1). Defendant Tewalt asserts the subject of this RFA creates an undue burden on the IDOC and interferes with the agency's duty to carry out a lawfully imposed death sentence. The Idaho Legislature enacted Idaho Code § 19-2716A to prohibit the disclosure of the identities of any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports, procures, dispenses, or prescribes the chemicals or substances for use in an execution. Defendant Tewalt objects

to disclosure of any information that could lead to the identification of the person or entity from whom IDOC acquired execution chemicals. Defendant Tewalt asserts disclosure of this information could lead to the identity of the source of execution chemicals. Defendant Tewalt specifically admits that IDOC complied with all state and federal statutes and regulations in its efforts to acquire the execution chemicals currently in the custody of the Department.

Notwithstanding the above objection, Defendant Tewalt denies IDOC imported anything.

197. Admit or deny that the Execution Drugs were manufactured.

**Defendant Tewalt Answer**: Admit.

198. Admit or deny that the Execution Drugs were tested prior to October 12, 2023.

**Defendant Tewalt Answer**: Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals. The Certificate of Analysis pre-dates October 12, 2023.

199. Admit or deny that the Execution Drugs have been tested for stability.

**Defendant Tewalt Answer**: Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

200. Admit or deny that the Execution Drugs have been tested for extended stability.

**Defendant Tewalt Answer**: Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

201. Admit or deny that the Execution Drugs have been tested for sterility.

**Defendant Tewalt Answer**: Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of

Analysis establishes the quality and safety of the execution chemicals.

202. Admit or deny that the Execution Drugs have been tested for potency.

**Defendant Tewalt Answer**: Defendant Tewalt specifically admits that the execution chemicals have a Certificate of Analysis which documents the results of scientific testing completed on the chemicals, details the process and materials used during manufacturing, and confirms compliance with regulatory and quality standards. The Certificate of Analysis establishes the quality and safety of the execution chemicals.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

DATED this 10th day of January 2024.

Signed: /s/ Josh Tewalt
Josh Tewalt

### CERTIFICATE OF SERVICE

I certify that on this 10th day of January 2024, I caused to be served a true and correct copy of the foregoing via email service as follows:

Jonah J. Horwitz: Jonah_Horwitz@fd.org
Christopher M. Sanchez: Christopher_M_Sanchez@fd.org
Stanley J. Panikowski: stanley.panikowski@dlapiper.com
Sarah E. Kalman: sarah.kalman@dlapiper.com

/s/ Kristina M. Schindele
Kristina M. Schindele