*Gerald Ross Pizzuto, Jr. v. Josh Tewalt*, U.S. Dist. Ct. No. 1:21-cv-359-BLW
Submitted in Support of Memorandum in Support of Motion to Modify Scheduling Order [Dkt. 198]

# EXHIBIT 24

# FEDERAL DEFENDER SERVICES OF IDAHO

| NICOLE OWENS | MARK ACKLEY | DEBORAH A. CZUBA | STEVEN RICHERT |
|---|---|---|---|
| FEDERAL DEFENDER | FIRST ASSISTANT | CAPITAL HABEAS UNIT | POCATELLO TRIAL UNIT |

December 15, 2022

Kristina M. Schindele
Deputy Attorney General, Idaho Department of Correction
Sent via email

Re:   Summary of phone call in *Pizzuto v. Tewalt*, D. Idaho, No. 1:21-cv-359-DCN

Tina:

I am writing this letter to summarize our meet-and-confer phone call yesterday.

It is my understanding that you agreed during the call to the following:

1. You will draft a stipulation agreeing to extend all of the discovery deadlines ninety days from the dates currently in effect. *See* Dkts. 41–43. In the stipulation, you will include language indicating that the filing does not imply any promises by Defendants about when a new death warrant might issue. We will review the stipulation after it is drafted and may add language clarifying that our agreement should not be read to preclude us from seeking more expedited discovery if a new death warrant does issue or similar caveats. After the parties have agreed on the contents of the stipulation, it will be filed with the Court.

2. We will draft a letter to Kade Allred, Chief Judge Nye's clerk, laying out the discovery disputes that the parties believe are ready for the Court to address in the informal mediation process, as required by the scheduling order. You will have an opportunity to review the letter and suggest any changes. We will then send the letter to Mr. Allred.

3. We asked you to provide more clarity and specificity on what information Defendants are withholding on the basis of Idaho Code § 19-2716A. For example, Defendants have answered a number of discovery requests with language indicating that they object "to the extent that" disclosure would violate the statue. With respect to those requests and others like them, we requested that you detail what information exists that is being withheld. You indicated that you will review your discovery responses and try to provide the clarity we desire, whether it be through a privilege log or otherwise.

BOISE TRIAL UNIT
702 W. IDAHO ST., STE. 1000
BOISE, IDAHO 83702
(208) 331-5500
FAX (208) 331-5525

CAPITAL HABEAS UNIT
702 W. IDAHO ST., STE. 900
BOISE, IDAHO 83702
(208) 331-5530
FAX (208) 331-5559

POCATELLO TRIAL OFFICE
757 NORTH 7TH AVENUE
POCATELLO, IDAHO 83201
(208) 478-2046
FAX (208) 478-6698

Ms. Kristina Schindele
Page 2

4. We discussed the possibility of Defendants providing at least some information about their pursuit of execution drugs, while recognizing their position that § 19-2716A may prevent them from answering the relevant requests in full. For example, we asked whether Director Tewalt might be able to respond to Interrogatory 15 with a statement that he contacted an unnamed individual in an unnamed location to ask about a particular execution drug that he would name. That is to say, we posed a hypothetical in which Defendant Tewalt might state something along the lines of, "I called a person in another state to inquire about whether the person could make midazolam available to Idaho for an execution." You indicated that you would follow up with Director Tewalt to ascertain whether any such responses can be offered.

5. You agreed at our request to supplement any discovery response within thirty days of when the new information arises.

6. You indicated that you were in the process of drafting a protective order. It is our understanding that once the protective order is entered you will promptly begin disclosing any discovery material that you believe is covered by its terms. You indicated that you hoped to circulate a draft protective order to us by the end of this week. This was not discussed during the phone call, but if you are unable to complete the draft by the end of this week, please send us a draft protective order no later than December 28, 2022.

7. Request for Production (RFP) 8 seeks all documents relating to the personnel who will be involved in executing Mr. Pizzuto, including members of the administrative, escort, and medical teams, such as employment history and criminal records. You indicated that you would consider whether you are willing to provide anonymized data in response to the request and that you would let us know your position once you had settled upon one. You further indicated that you will continue to make inquiries into the possibility of providing documentation relating to criminal-history checks. With respect to our request for personnel records for the administrative team, you have provided applications to IDOC and resumes for certain individuals. However, you have not done so for Defendant Tewalt or Chad Page. On the phone, you indicated that you would continue to search for those documents and would ask additional staff at IDOC to assist. We will expect to receive an update about your efforts.

8. Our second set of RFPs, served October 28, 2022, seeks a number of emails from various individuals. Your most recent supplemental response to the RFPs, provided on December 9, 2022, did not indicate what searches were used to generate the disclosed emails. During our phone call yesterday, you indicated that you would provide those terms. You also indicated that

Defendants would continue to run additional searches and would be providing more emails in rolling responses over the next few days. Further, you explained that it is your intent to provide all attachments to all emails that you disclose, unless the material is being withheld under a claimed privilege. Finally, you indicated that you would be providing us with answers from your IT department to the questions we have asked about the search process in your office.

9. You indicated that you would prepare and provide a privilege log describing all of the withheld material, including each redaction. This was not discussed on the call, but we request—in light of how far along the discovery process is—that you send us a current privilege log no later than January 9, 2023, and that you continue to update the privilege log as discovery progresses.

10. We asked in our request for inspection, served October 14, 2022, that you set the lighting at the same brightness as it would be during an execution. On the phone call, you indicated that you believed the relevant lights only had one setting and no dimmer function. You indicated that you would confirm whether that was the case and let us know.

11. Earlier in the case, we served a notice of deposition for the medical team leader. The deposition has been canceled so that it can be re-scheduled. During the phone call, you indicated that you would discuss with your clients the possibility of the deposition occurring with measures in place to safeguard the witness's identity, and that you would update us on your thoughts. In the meantime, you indicated that you had no objection to the parties bringing the question to the Court as part of the informal mediation process.

If you wish to clarify any of the above, please let us know. Thank you.

Sincerely,

/s/ Jonah J. Horwitz

Jonah J. Horwitz
Assistant Federal Defender

Cc'd by email:

All counsel of record
Karin Magnelli