*Gerald Ross Pizzuto, Jr. v. Josh Tewalt*, U.S. Dist. Ct. No. 1:21-cv-359-BLW
Submitted in Support of Memorandum in Support of Motion to Modify Scheduling Order [Dkt. 198]

# EXHIBIT 25



**STATE OF IDAHO**
OFFICE OF THE ATTORNEY GENERAL
RAÚL R. LABRADOR

TO: Jonah Horwitz
FROM: Kristina Schindele
DATE: October 23, 2023
RE: Defendants' Response to Plaintiff's Requests for Information Regarding the Execution Chemical and Chemical Supplier in *Pizzuto v. Tewalt*, Case No. 1:21-cv-0359

Defendants have considered Plaintiff's requests for information regarding the chemicals to be used during Plaintiff's execution. Please note that these responses supplement Defendants' responses to Plaintiff's Second Set of Requests for Admission Nos. 29 through 82. Defendants incorporate any objections contained in their Responses to the Second Set of RFAs, served on or about February 22, 2023. Defendants specifically incorporate their objections based on Idaho Code § 19-2716A and incorporated into the limitation on reasonable discovery under Federal Rule of Civil Procedure 26(c).

Defendants note that most of Plaintiff's questions relate to compounded pentobarbital. With that in mind, Defendants provide the following responses:

1. Recipe or formulation used by the Compounding Pharmacy to compound the Execution Drugs

   RESPONSE: If compounded chemical is acquired, IDOC agrees to provide the recipe, meaning identification of the specific chemicals included in the compounded chemical. To the extent Plaintiff is requesting the formulation, IDOC objects to further disclosure. IDOC submits potency testing will address any questions related to formulation.

2. Expiration dates of all ingredients used in compounding the Execution Drugs

   RESPONSE: If compounded chemical is acquired, IDOC agrees to provide expiration dates for ingredients, subject to any objections pursuant to the undue burden articulated in Idaho Code § 19-2716A and incorporated into Federal Rule of Civil Procedure 26(c)'s limit on discovery. IDOC will need to verify whether the expiration date may lead to identification of the source.

3. A description of the Compounding Pharmacy's experience in aseptic technique and complex parental formulations

RESPONSE: If compounded chemical is acquired, IDOC submits sterility testing of the compounded substance is adequate to address relevant issues. IDOC would be willing to confirm that the pharmacy has documented compliance with any state licensing board's aseptic technique requirements. For example, Idaho requires documentation of annual sterility training and semi-annual sampling testing.

4. A list of the equipment the Compounding Pharmacy has on hand, i.e., pH meter, laboratory balance, and filter integrity system

   RESPONSE: IDOC objects to this request as it does not specifically identify and limit the inquiry to what equipment would be relevant to confirm potency and sterility.

5. Usage logs and procedures describing maintenance, cleaning, and calibration of each piece of equipment used for compounding the Execution Drugs

   RESPONSE: IDOC objects to this request. If a compounded chemical is acquired, IDOC agrees to provide documentation that potency and sterility testing was completed, while protecting the identity of the chemical supplier. IDOC submits disclosure of information likely to identify a chemical supplier is unduly burdensome as articulated by the Idaho Legislature in Idaho Code § 19-2716A and incorporated into Federal Rule of Civil Procedure 26(c)'s limit on discovery.

6. Description of the storage conditions for the ingredients used to compound the Execution Drugs

   RESPONSE: IDOC objects to this request as this information is not necessary to ensure potency and sterility of any compounded chemical.

7. Compounding logs associated with the compounding of the Execution Drugs

   RESPONSE: If compounded chemical is acquired, IDOC agrees to provide logs, subject to any objections pursuant to the under burden articulated by the Idaho Legislature in Idaho Code § 19-2716A and incorporated into Federal Rule of Civil Procedure 26(c)'s limit on discovery. Specifically, IDOC objects to disclosure of information likely to lead to disclosure of the identity of the chemical supplier such as staff names and lot numbers.

8. Criteria used by the Compounding Pharmacy to determine the beyond-use date for the Execution Drugs

   RESPONSE: If compounded chemical is acquired, IDOC agrees to provide a statement of compliance with Idaho regulations and/or United States Pharmacopeia chapter 797 requirements regarding beyond-use dates.

9. Master formulation worksheet related to the compounding of the Execution Drugs

RESPONSE: *See* response to question 1.

10. Documentation of quality control procedures related to the compounding of the Execution Drugs

    RESPONSE: IDOC objects to this request. If compounded chemical is acquired, IDOC submits testing certifying potency and sterility is sufficient to address quality control procedures.

11. Temperature log of the space in which all ingredients of the Execution Drugs are kept at the Compounding Pharmacy

    RESPONSE: If compounded chemical is acquired, IDOC agrees to request this information from the supplier.

12. Humidity log of the storage room in which all ingredients of the Execution Drugs are kept at the Compounding Pharmacy

    RESPONSE: IDOC objects to this request.

13. Temperature log of the space in which the Execution Drugs will be kept at IMSI

    RESPONSE: If compounded chemical is acquired, IDOC agrees to provide the temperature log of the chemical maintained by the IMSI Warden.

14. Humidity log of the space in which the Execution Drugs will be kept at IMSI

    RESPONSE: IDOC objects to this request. Specifically, Idaho state law and regulations do not require a humidity log to be maintained.

15. Manufacturer of the API for the Execution Drugs

    RESPONSE: IDOC submits disclosure of information likely to identify a chemical supplier is unduly burdensome as articulated by the Idaho Legislature in Idaho Code § 19-2716A and incorporated into Federal Rule of Civil Procedure 26(c)'s limit on discovery. If compounded chemical is acquired, IDOC objects to release of this information as it may lead to the identification of the chemical supplier.

16. Country where the API manufacturer is located

    RESPONSE: IDOC objects to this request. IDOC has no control over the importation of API. IDOC understands API is regularly imported from outside the United States. IDOC submits testing for potency and sterility will protect against issues related to acquisition of API.

17. Regulatory history of the manufacturer of the API for the Execution Drugs

    RESPONSE: IDOC objects to this request.

18. Certificate of analysis for the API related to the Execution Drugs

    RESPONSE: If compounded chemical is acquired, IDOC agrees to provide this documentation.

19. Certificate of analysis for the excipients involved in making the Execution Drugs
    RESPONSE: If compounded chemical is acquired, IDOC agrees to request this documentation and provide it if available.

20. Bubble point test results for the filter used in compounding the Execution Drugs

    RESPONSE: IDOC objects to this request. If compounded chemical is acquired, IDOC submits testing for potency and sterility will protect the reliability of the chemical. IDOC understands that bubble testing tests any filter to ensure that the filter is working and what should be getting filtered out. Idaho statutory and regulatory law do not require such bubble testing.

21. Results of independent quality testing done on the API for the Execution Drugs

    RESPONSE: If compounded chemical is acquired, IDOC agrees to provide any individual testing available from the supplier. IDOC understands independent testing may not be necessary depending on the amount of API acquired by the supplier. If independent testing is not required, IDOC will not request such testing.

22. Testing described at pages 2–3 of SOP 135

    RESPONSE: If compounded chemical is acquired, IDOC agrees to provide documentation of testing IDOC obtains from the supplier to comply with the Director's obligations under SOP 135. IDOC further agrees to provide documentation of testing IDOC obtains, if any.

23. Chemical test results for the Execution Drugs

    RESPONSE: *See* response to question 22.

24. Testing Laboratory's certificate of analysis for the Execution Drugs

    RESPONSE: *See* response to question 22.

25. High Precision Liquid Chromatography (HPLC) validation record in connection with testing of the Execution Drugs

>RESPONSE: IDOC objects to this request. Neither Idaho statutory or regulatory law nor United States Pharmacopeia require HPLC.

26. Chromatography, including system suitability and calibration curves, in connection with testing of the Execution Drugs

    RESPONSE: *See* response to question 22. To the extent Plaintiff is requesting some documentation beyond the test results, IDOC objects.

27. Qualifications of any personnel involved in the testing of the Execution Drugs

    RESPONSE: IDOC objects to this request.

28. Regulatory records reflecting any history of regulatory violations at the Testing Laboratory

    RESPONSE: IDOC objects to this request. If a compounded chemical is acquired, IDOC submits the current certification or accreditation of any laboratory involved in testing is sufficient to safeguard reliability of the chemical by demonstrating potency and sterility.

29. Whether the Testing Laboratory is an independent laboratory or a state facility

    RESPONSE: If compounded chemical is acquired, IDOC agrees to identify whether the testing is conducted by a state or independent laboratory.

30. Results of the equipment assessment described on page 25 of SOP 135

    RESPONSE: IDOC agrees to confirm staff's assessment of equipment pursuant to SOP 135.