UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., | Case No. 1:21-cv-00359-BLW |
| Plaintiff, | **ORDER** |
| v. | |
| BREE DERRICK, Director, Idaho Department of Correction, in her official capacity; TIMOTHY RICHARDSON, Warden, Idaho Maximum Security Institution, in his official capacity; LIZ NEVILLE, Chief of Prisons, Idaho Department of Corrections, in her official capacity, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Modify Scheduling Order (Dkt. 198). Plaintiff Gerald Ross Pizzuto, Jr., asks the Court to extend the fact discovery deadline from September 2, 2025, to July 2, 2026. The Court agrees that an extension is warranted, but not an extension of ten months. As explained in more detail below, the Court will grant an extension until December 1, 2025.

A court's scheduling order "may only be modified upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted). To establish good cause, the party

ORDER - 1

seeking modification must show the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

In May of this year, after this Court lifted the stay, the parties agreed to a factual discovery deadline of September 2, 2025. Pizzuto now wants to extend this by ten months due primarily to conflicts over recent depositions and subpoenas. But Pizzuto was aware of many of these challenges back in May, when the parties set the current deadlines. At that point, Defendants had already filed their second motion for a protective order regarding the depositions. Pizzuto knew the depositions would need to be rescheduled again and presumably took that into account when agreeing to new deadlines. Dkt. 197 at 2. The Court even raised the possibility of expedited briefing, but counsel indicated that this was unnecessary due to the scheduling stipulation. This all weighs against a deadline extension.

The most recent discovery conflicts, however, do constitute good cause. Defendants apparently objected on secrecy grounds to almost every question asked at the recent deposition of the central line volunteer, and Pizzuto plans to file a motion to compel once the transcript is finalized. Additionally, Defendants

ORDER - 2

recently filed a motion to quash and for a protective order related to third party subpoenas for information about F Block renovations. Both matters constitute delay outside of Pizzuto's control. *See Hathaway v. Jefferson County*, No. 4:23-cv-00254-BLW, 2024 WL 4766256 (D. Idaho Nov. 13, 2024). They will likely take a several months to resolve, creating good cause for a corresponding extension of the litigation deadlines. But there is no reason to push things ten months out, and even Pizzuto's counsel initially proposed an extension of only three months.

Next, Defendants argue that if the Court modifies the discovery deadline, it should also extend the time between the parties' expert disclosures. Currently, Defendants' experts disclosures are due six days after Plaintiffs' disclosures. Defendants indicate that this is no longer enough time but do not explain why. The Court agrees that six days is an unusually short gap. In the absence of further information, however, the Court cannot find good cause to modify the timing—especially because the request appears contingent on an unrelated deadline change.

Finally, both parties have used their memoranda to rehash several years of discovery disputes and blame each other for delays. Although discovery has been long and contentious, neither side can be faulted for its zealous and sometimes creative advocacy. The discovery issues presented in this case are unusually difficult and high-stakes, and the many modifications to the scheduling order reflect these challenges. At the same time, we are reaching a point where

extensions become harder to justify. The Court agrees with Defendants that this phase of the litigation needs to conclude sooner rather than later. For any further discovery disputes, the Court will likely order expedited briefing to ensure that the current deadlines can remain in place.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to Modify Scheduling Order (Dkt. 198) is **GRANTED IN PART** and **DENIED IN PART**. The deadlines set out in the Scheduling Order are modified as follows:

Fact discovery and Plaintiff's expert disclosures: December 1, 2025

Defendants' expert disclosures: December 8, 2025

Plaintiff's disclosure of rebuttal experts: December 22, 2025

Expert discovery cut-off: January 5, 2026

Dispositive motion deadline: January 30, 2026

DATED: August 29, 2025

_____
B. Lynn Winmill
U.S. District Court Judge