*Gerald Ross Pizzuto, Jr. v. Bree Derrick, et al.*, U.S. Dist. Ct. No. 1:21-cv-359-BLW
Submitted in Support of Notice Regarding Redacted Filings

# EXHIBIT 2

## DECLARATION OF JONAH J. HORWITZ

I, Jonah J. Horwitz, mindful of the penalties of perjury, declare as follows:

1. I am a person over eighteen years of age and competent to testify.

2. Since this case's inception, I have been lead counsel for Plaintiff Gerald Ross Pizzuto, Jr. in my capacity as an attorney with the Capital Habeas Unit (CHU) of Federal Defender Services of Idaho.

3. As such, I have primary responsibility for handling discovery-related matters on behalf of Mr. Pizzuto.

4. In connection with the present case, I deposed the central-line volunteer on August 6, 2025, a date chosen collectively by the parties in consultation with one another.

5. It is the parties' longstanding agreement that, when opposing counsel objects on secrecy grounds to a question posed at a deposition, Mr. Pizzuto is entitled to later file a motion to compel an answer and—if the motion is granted—the deposition will be re-opened.

6. 

7. 

8. A transcript of the deposition of the central-line volunteer was distributed on August 19, 2025. The central-line volunteer has thirty days from that date to make corrections to the transcript before it is finalized.

9. 

10. 

DECLARATION OF JONAH J. HORWITZ - 1



11. The medical-team leader's deposition is scheduled for August 22, 2025, a date agreed upon by the parties.

12. A deposition of Liz Neville was scheduled for July 16, 2025. The deposition was then postponed at the request of opposing counsel. It was moved to September 5, 2025, a date agreed upon by the parties.

13. In connection with this case, I caused to be served subpoenas on the Indiana Department of Correction (INDOC) and the Tennessee Department of Correction (TDOC). Both Departments eventually filed motions to quash.

14. In the subsequent litigation, I have only obtained a single extension—of twenty-one days—on any deadline, in the Indiana litigation.

15. The only records INDOC has given me that would potentially shed light on the reliability of Indiana's execution drugs is a document that counsel for the Department has characterized as a set of certificates of analysis (COAs). However, every single word on every single page of the COAs is redacted. I have engaged in a series of emails and phone conversations with counsel for INDOC about whether the Department can provide me with at least some substantive information from the COAs. Counsel for INDOC has repeatedly asked me if he can have more time to discuss the matter with his client, which I have agreed to allow. Currently, I am waiting to hear back from counsel for INDOC on the results of his latest conversation with his client.

16. In the Tennessee litigation, a federal magistrate judge granted TDOC's motion to quash on July 15, 2025. I filed a motion asking the district judge to review the magistrate's order on July 23, 2025. With my consent, TDOC obtained an extension on its response to my motion for review and then filed by the new deadline of August 20, 2025.

17. In June 2025, subpoenas were served at my direction on four companies: Okland Construction; Cator, Ruma and Associates; Elevatus Architecture; and Soundscape Engineering.

18. Cator Ruma and Soundscape provided records in response to the subpoena by their initial July 2025 deadlines.

DECLARATION OF JONAH J. HORWITZ - 2

19. Those records, which were not given any confidentiality designations, indicate that all four of the subpoenaed companies have been involved in the current renovations of Idaho's execution facilities.

20. Neither Okland nor Elevatus has yet provided material responsive to the subpoenas. Both companies asked me if I would allow for additional time for them to consider the confidentiality interests implicated by the subpoenas, and I agreed to do so.

21. Most recently, Elevatus informed me that, at IDOC's request, it would not produce records in response to the subpoena until the defendants' forthcoming motion for a protective order regarding such material is adjudicated.

22. I was not aware that the defendants made arrangements in March 2023 for execution drugs until they produced an unredacted purchase order to me on June 5, 2025.

23. After the unredacted purchase order was produced, I began asking opposing counsel for a version that was signed and that displayed the March 4, 2023 date. According to my records, I first made that request in a June 16, 2025 phone call with opposing counsel. Since then, I have followed up with opposing counsel on the request several times by email. As of today's date, opposing counsel have not provided to me a version of the purchase order that is signed and that displays the March 4, 2023 date. Instead, opposing counsel have advised me that they have been unable to locate such a document.

24. Opposing counsel did produce to me a purchase order with the date partially redacted. That date appears to indicate May 4, 2025. I have asked opposing counsel to explain this date and, as of yet, I have not received such an explanation.

25. On August 13, 2025, I emailed the Court to advise it that the parties disagreed about whether the discovery deadlines should be extended. Court staff permitted Mr. Pizzuto to file today's motion to modify the scheduling order.

26. As lead counsel for Mr. Pizzuto, I personally receive all discovery produced in this case and the related litigation. The discovery material attached to the memorandum in support of the motion to modify the scheduling order, filed on today's date, all represents true and correct copies of the records at issue.

DECLARATION OF JONAH J. HORWITZ - 3

All of the other documents attached to today's memorandum are, to the best of my knowledge, true and correct copies of what they purport to be.

27. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 20th day of August 2025, at Boise, Idaho.

/s/ Jonah J. Horwitz
Jonah J. Horwitz

DECLARATION OF JONAH J. HORWITZ - 4