RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110, Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756, Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD R. PIZZUTO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BREE DERRICK, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-359-BLW<br><br>**NINTH DECLARATION OF TANNER SMITH** |

　　　　I, Tanner Smith, hereby declare under penalty of perjury of the law of the United States of America that the following is true and correct:

　　　　1.　　I reside in Ada County, Idaho. I am over the age of eighteen years and am competent to testify as to the matters set forth herein. I am one of the attorneys for Defendants in this action. I make this Declaration based on my own personal knowledge of the facts set forth herein.

**NINTH DECLARATION OF TANNER SMITH - 1**

2. On March 11, 2024, Plaintiff's counsel sent Defendants' counsel a letter asking about potential areas where Defendants' discovery responses may need supplementation following Mr. Creech's February 28, 2024, execution attempt. A true and correct copy of this letter was filed with the Court as Dkt. 214-1.

3. Item 14 in Plaintiff's letter asked for "All documents related to any maintenance done or changes made in the execution chamber, including electrical, audio/visual, structural, and so forth."

4. Defendants responded to Plaintiff's March 11, 2024, correspondence via a letter on May 29, 2024. A true and correct copy of Defendants' response was filed with the Court as Dkt. 214-2.

5. Defendants responded to Plaintiff's request item no. 14 as follows:

> RESPONSE: After a diligent search, Defendants have not located responsive documents. If responsive documents are located, this response will be supplemented. Defendants have contracted and commenced construction changes in F Block. *See* documents attached entitled Contract #005 for 2022064 IDOC_Female Prison, Medical Annex & Sewage Lagoon and 2024.04.15 Medical Exam Room Renovation Estimate. Defendants have provided page 1 of a document entitled DPW Project No22064 Change Order 1. Defendants object to release of schematics associated with the construction based on safety and security of the institution. Defendants specifically assert disclosure of the schematics will create an undue burden on Defendants, IDOC and the State of Idaho under Federal Rule of Civil Procedure 26(b)(1). Defendants propose alternative discovery options to providing the schematics.

6. Plaintiff never disputed the validity of these objections with Defendants or Defendants' counsel. Plaintiff also never reached out to the Court for a potential discovery mediation regarding this objection, and did not otherwise move to compel this information.

**NINTH DECLARATION OF TANNER SMITH - 2**

7.        Sometime around June 2025[1] Plaintiff subpoenaed Elevatus Architecture, Okland Construction, Soundscape Engineering, and Cator Ruma & Associates Co. in connection with this case.

8.        On August 14, 2025 (after learning from Elevatus Architecture that Plaintiff was trying to use third-party subpoenas to obtain blueprints, schematics, and other similar documents regarding IDOC's prisons), I sent Plaintiff's counsel a letter outlining IDOC's objections to Plaintiff's attempts to obtain IDOC's prison blueprints and schematics. IDOC pointed out that state law prohibits the disclosure of prison blueprints and schematics, that disclosing such information is unduly burdensome for creating unnecessary safety and security risks, that courts in the Ninth Circuit have held that prison blueprints should not be disclosed in litigation, and that IDOC objected to Plaintiff's attempts to obtain prison blueprints and schematics before he served the subpoenas. A true and correct copy of this letter was filed with the Court as Dkt. 214-4.

9.        In that letter there was a request stating:

> If you have received any responses of any kind from these companies, please forward those responses to us at your earliest convenience. Please inform us immediately if you received responses from any company with any material related to blueprints or schematics of IDOC's prisons.

10.        Counsel for Plaintiff and Defendants had a meet and confer phone call to discuss IDOC's August 14, 2025 objection on August 18, 2024. Present on the call were Jonah Horwitz, Karin Magnelli, and myself. Mr. Horwitz did not provide any indication that he or Plaintiff had received or were in possession of any responsive materials from any of the contractors.

---

[1] In my Eighth Declaration (Dkt. 214), I inadvertently stated that Plaintiff sent out the third-party subpoenas in June 2024. That was an error. Plaintiff's notice of intent to serve the subpoenas was provided to Defendants on June 19, 2025.

**NINTH DECLARATION OF TANNER SMITH - 3**

11. As Defendants were finalizing their Objection and Motion to Quash and for Protective Order ("Objection") (which was filed as Dkts. 211–214 on August 27, 2025), Plaintiff's counsel emailed Defendants' counsel a link to Plaintiff's supplemental production. This email and Plaintiff's accompanying cover letter was received on August 26, 2025 at 2:27 p.m. The materials Plaintiff produced were bates stamped as FDSI3592–FDSI6058. A true and correct copy of the cover letter describing the supplemental production is attached hereto as **Exhibit 1**.

12. The materials provided from Plaintiff's counsel were responses from Cator Ruma & Associates and Soundscape Engineering. Both contractors produced cover letters with their production. Soundscape Engineering's cover letter is dated July 18, 2025, and Cator Ruma & Associates' cover letter is dated July 21, 2025. These cover letters are believed to indicate the day the materials were provided to Plaintiff. True and correct copies of the cover letters are attached as **Exhibit 5**.

13. Defendants initially had technical difficulties downloading the materials Plaintiff sent on August 27, 2025, believed to be due to the large size of the files.

14. Defendants were not able to access the materials until mid-day August 28, 2025, after Defendants filed their Objection. I am the person who first analyzed the materials. Immediately upon review of the materials, I saw that most of the files contained blueprints, schematics, and other documents detailing the specifics of IDOC's prisons and the identities of the companies whose products may be used in IDOC's facilities.

15. I sent Plaintiff's counsel IDOC's objection to his and his client's possession of IDOC's prison blueprints, schematics, and specifications on August 28, 2025 via email. A true and correct copy of the objection is attached hereto as **Exhibit 2**.

16.      Counsel for Plaintiff and Defendants had a meet and confer phone call to discuss the IDOC's August 28, 2025 objection on August 29, 2024 via Microsoft Teams. Present on the call were Jonah Horwitz, Kristina Schindele, and myself. Counsel discussed the matter but were not able to reach a consensus on what to do with the material. The parties agreed that Defendants' could move the Court for relief.

17.      I emailed the Court's Clerk, Ms. Rosemary Ardman, on August 29, 2025, asking for permission to move forward with formal motion practice. The request also asked for expedited briefing and for the Court's guidance on what to do with the material pending resolution of the matter. A true and correct copy of this correspondence is attached hereto as **Exhibit 3**. A true and correct copy of the email chain with Ms. Ardman is attached hereto as **Exhibit 4**.

DATED this 3rd day of September, 2025.

                               MOORE ELIA KRAFT & STACEY, LLP

                               */s/ Tanner J. Smith*
                               Tanner J. Smith
                               Attorneys for Defendants

**NINTH DECLARATION OF TANNER SMITH - 5**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 3rd day of September, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jonah J. Horwitz<br>Christopher M. Sanchez<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Ste. 900<br>Boise, Idaho 83702<br><br>Stanley J. Panikowski<br>DLA Piper LLP<br>401 B St., Ste. 1700<br>San Diego, CA 92101<br><br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ E-Mail: Jonah_horwitz@fd.org,<br>Christopher_m_sanchez@fd.org,<br>stanley.panikowski@dlapiper.com, |

                                                */s/ Sara Yerby*
                                                Sara Yerby

**NINTH DECLARATION OF TANNER SMITH - 6**