Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, Idaho Bar No. 12070
FEDERAL DEFENDER SERVICES OF IDAHO
702 W. Idaho Street, Suite 900, Boise, ID 83702-8929
Telephone: (208) 331-5530; Facsimile: (208) 331-5559
ECF: jonah_horwitz@fd.org
      christopher_m_sanchez@fd.org

Sarah E. Kalman, Pennsylvania Bar No. 325278
(admitted *pro hac vice*)
DLA PIPER LLP (US)
One Liberty Place
1650 Market Street, Suite 500, Philadelphia, PA 19103-7301
Telephone: (215) 656-2438; Facsimile: (215) 656-3301
ECF: sarah.kalman@us.dlapiper.com

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.,** ) | **CASE NO. 1:21-cv-359-BLW** |
| ) | |
| Plaintiff, ) | **REDACTED SECOND BRIEF** |
| v. ) | **REGARDING CONFIDENTIALITY** |
| ) | **DESIGNATIONS TO CENTRAL** |
| **BREE DERRICK**, Director, Idaho Dept. of ) | **LINE VOLUNTEER'S** |
| Correction, et al. ) | **DEPOSITION TRANSCRIPT** |
| ) | |
| Defendants. ) | |
| ) | |

Because the defendants wish to hide from the world substantial swaths of information of

public interest, Plaintiff Gerald Ross Pizzuto, Jr. respectfully asks the Court to order that a version

of the central line volunteer's deposition transcript be filed publicly without the redactions outlined

in Part II of this brief, and that Dkts. 207-1 and 207-4 be made available to the public.

**I.     Legal Standard**

The protective order in this case allows either party to designate deposition testimony as

confidential. *See* Dkt. 81 at 3. Mr. Pizzuto has explained in previous filings why he does not believe

REDACTED SECOND BRIEF RE: CONFIDENTIAL DESIGNATIONS – Page 1

the defendants handled the confidentiality designations to the central line volunteer's deposition in compliance with the protective order. *See, e.g.*, Dkt. 257. However, the Court subsequently called for further negotiations between the parties on the matter, *see* Dkt. 260, and the defendants then submitted revised confidentiality designations, *see* Dkt. 263. Although Mr. Pizzuto maintains his earlier position, he accepts for purposes of the present brief that the revised confidentiality designations were done in a procedurally proper fashion under the Court's orders.

That being the case, Mr. Pizzuto suggests that the pending dispute is best resolved under the clause in the protective order allowing either party to "petition the Court for relief" if they conclude that opposing counsel "has inappropriately designated information as confidential." Dkt. 81 at 5 (capitalization altered).[1] Thus, Mr. Pizzuto will contend below that the defendants have inappropriately designated the transcript lines at issue as confidential.

"The confidentiality of materials covered by protective orders is governed by Federal Rule of Civil Procedure 26(c)." *Gonzales v. City of San Jose*, No. 19-cv-8195, 2020 WL 4430799, at *2 (N.D. Cal. July 31, 2020). Under Rule 26(c)(1), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "As a general rule, the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop*, 661 F.3d 417, 424 (9th Cir. 2011). Therefore, the party opposing disclosure "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). To Mr. Pizzuto's knowledge, the only legally viable theory that would potentially apply to the deposition and justify

---

[1] Unless otherwise indicated, all internal quotations marks are omitted, all emphasis is added, and all citations are cleaned up.

redactions is if it exposes sensitive execution-related information. For that type of dispute, this Court and the Ninth Circuit have established that the test to use is whether the information at issue "would, to a reasonable degree of certainty, identify any person or entity involved in preparing for, supplying drugs for, or administering the death penalty in Idaho." *Pizzuto v. Tewalt*, 136 F.4th 855, 860 (9th Cir. 2025); *accord id.* at 870. In applying the test, it is not enough for the defendants to "speculate" about how an identity might be revealed. *Id.* at 871. Rather, the defendants must offer "concrete examples of when identification occurred previously based on information" of the same kind. *Id.* That obligation helps advance the public's compelling interest in learning about executions so that citizens "can determine whether lethal injections are fairly and humanely administered." *First Am. Coal. of Ariz. v. Ryan*, 938 F.3d 1069, 1076 (9th Cir. 2019).

Mr. Pizzuto recognizes the order from November 2025 stating that "the threshold for sealing material is much lower than the reasonable degree of certainty test that the Court has employed for secrecy objections." Dkt. 249 at 9. Nevertheless, the Court there was interpreting the clause in the protective order *automatically* sealing deposition transcripts for thirty days. *See* Dkt. 81 at 8–9. There is no automatic sealing provision at play now.[2] Moreover, in the context of this litigation, there is no meaningful distinction between the defendants' effort to seal materials and their campaign to withhold information in discovery. When the defendants attempt to seal documents, they do so on the same basis as when they refuse to turn them over in discovery, namely, because the information supposedly "can and will be used to identify" execution-related individuals. Dkt. 188-1 at 2. It is logical to use the same standard here as the Court has to settle

---

[2] Mr. Pizzuto understands the Court to have effectively rejected the defendants' contention that the central line volunteer's deposition transcript is sealed in its entirety pursuant to a stipulation by the parties, *see* Dkt. 258 at 2, since it called for briefing on the specific revised confidentiality objections, *see* Dkt. 265. Consequently, Mr. Pizzuto does not take up that point here.

REDACTED SECOND BRIEF RE: CONFIDENTIAL DESIGNATIONS – Page 3

the many discovery disputes in the case: whether the information at issue "would, to a reasonable degree of certainty, identify any person or entity involved in preparing for, supplying drugs for, or administering the death penalty in Idaho." *Pizzuto*, 136 F.4th at 860.

## II.   Argument

Mr. Pizzuto now turns to the specific passages whose redaction he is opposing. He will address those passages by category in three sections: 1) questions that the defendants objected to on confidentiality grounds; 2) certain discussions about executions; and 3) ██████████

██████████████████

### A. Objected-to questions

First, it is inappropriate to redact any questions where the defendants objected on confidentiality grounds and directed the witness not to answer, as there are by definition no legitimate secrecy interests associated with those portions of the transcript. *See, e.g.,* Tr. at 13.[3]

None of those redactions are justifiable. When the defendants objected to questions on secrecy grounds, the witness was directed by counsel not to answer. With respect to every citation above, the witness followed that instruction. *See, e.g., id.* The whole purpose of those objections was for the defendants to protect their right under Rule 26 to safeguard "any information that could lead to the identification of" execution-related individuals. *Id.* at 6. And that purpose was accomplished, since the witness did not respond. It follows as a matter of course that these exchanges do not "to a reasonable degree of certainty, identify any person or entity involved in preparing for, supplying drugs for, or administering the death penalty in Idaho." *Pizzuto*, 136 F.4th at 860.

---

[3] Because there are so many such passages, Mr. Pizzuto does not list them here. They are all in the defendants' confidentiality designation. *See* Dkt. 263. Mr. Pizzuto cites the deposition transcript here using the format "Tr. at __."

REDACTED SECOND BRIEF RE: CONFIDENTIAL DESIGNATIONS – Page 4

The only possible rationale for the redactions would be if the *questions* posed by Mr. Pizzuto's counsel somehow included sensitive information. They do not. Indeed, whenever the questioning involved sealed exhibits, the entire exchange was blacked out and Mr. Pizzuto is not contesting those redactions. *See, e.g.*, Tr. at 156–58. For the questions at issue here, Mr. Pizzuto's counsel was asking because they did not know the answer—and they did not learn it. Nor would the public learn anything sensitive from the redactions being lifted. The defendants' implausible view that the public is not entitled to know even what questions are being asked of individuals with important roles in putting people to death in the name of the taxpayers is inconsistent with the "strong presumption in favor of access to court records." *Foltz*, 331 F.3d at 1135.



REDACTED SECOND BRIEF RE: CONFIDENTIAL DESIGNATIONS – Page 5



REDACTED SECOND BRIEF RE: CONFIDENTIAL DESIGNATIONS – Page 8



### III.    Conclusion

In light of the above, Mr. Pizzuto respectfully asks the Court lift the redactions identified above and to make Dkts. 207-1 and 207-4 available to the public.

DATED this 13th day of March 2026.

/s/ Jonah J. Horwitz
Jonah J. Horwitz
Christopher M. Sanchez
FEDERAL DEFENDER SERVICES OF IDAHO

/s/ Sarah E. Kalman
Sarah E. Kalman
DLA PIPER LLP (US)

*Attorneys for Plaintiff Gerald Ross Pizzuto, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March 2026, I emailed the foregoing document to the following:

Kristina Schindele                    Michael J. Elia
kscchind@idoc.idaho.gov               mje@melawfirm.net

Mary Karin Magnelli                   Tanner J. Smith
kmagnell@idoc.idaho.gov               tanner@melawfirm.net

/s/ L. Hollis Ruggieri
L. Hollis Ruggieri