RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.**,<br>        Plaintiff,<br><br>v.<br><br>**BREE DERRICK**, Director, Idaho Department of Correction, in her official capacity, **RANDY VALLEY**, Warden, Idaho Maximum Security Institution, in his official capacity, and **LIZ NEVILLE**, Deputy Chief of Prisons, in her official capacity,<br>        Defendants. | Case No. 1:21-cv-359-BLW<br><br>DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING CONFIDENTIALITY DESIGNATIONS IN CENTRAL LINE VOLUNTEER TRANSCRIPT |

Pursuant to the Court's Order, Defendants provide this supplemental briefing regarding the parties' unresolved confidentiality disputes with respect to the Central Line Volunteer's deposition transcript. *See* Dkt. 265.

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 1**

BACKGROUND

At the commencement of the Central Line Volunteer's deposition, the parties stipulated that the entire deposition was confidential pursuant to the parties' protective order. *See* pages 1 and 2 of the transcript. The stipulation was reiterated mid-deposition. *See Tr.*, p. 134, Ls. 9-19; *see also* 12th Decl. Smith, ¶ 3. At the time the deposition was taken, Defendants, and the witness, understood that the transcript would remain confidential and subject to attorneys' eyes only and court review. Additionally, Defendants crafted a "confidentiality objection" to use in response to specific questions that Defendants were concerned could identify the Central Line Volunteer. By agreement of the parties, counsel directed the witness not to respond; the "confidentiality objection" was used to identify and preserve issues that could be raised in a motion to compel. *See* Tr., p. 8, Ls. 7-11. Plaintiff has not filed a motion to compel a response to any specific question.

Defendants reasonably relied upon the plain language of the parties' stipulated protective order, which provides, "*Any information, whether revealed in deposition testimony … shall not be disclosed* to the general public, the press, or the news media." Dkt. 81, p.3. Defendants also relied upon and understood Plaintiff to have stipulated that the entire deposition and its transcript would remain confidential based on counsel's stipulation at the deposition, as reflected in the court reporter's notation that the transcript was confidential under the protective order as stipulated.

Subsequently, Plaintiff objected to the continued designation of the entire transcript as confidential. The Court directed the parties to participate in informal mediation, which was held on January 21, 2026. The parties then exchanged communications regarding content-specific confidentiality designations, resolved some disputes, and provided a joint status report to the Court on February 20, 2026. Dkt. 264. The Court directed the parties to file supplemental briefs and

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 2**

authorized Defendants to file the transcript under seal. Dkt. 265. Defendants have applied redactions to provisions to which Plaintiff did not object and highlighted the disputed designations.

Defendants relied upon Plaintiff's confidentiality stipulation. To the extent that the Court finds that the entire deposition is not covered by the Protective Order and the parties' stipulation during the confidential deposition, Defendants provide good faith and legitimate penological reasons for the disputed confidentiality designations. Plaintiff and the Court have access to the entire transcript. Defendants establish a compelling reason to preclude public disclosure of the disputed information. The Court should affirm Defendants' confidentiality designations.

ARGUMENT

Access to the designated confidential information unduly burdens Defendants and their grave and serious obligation to carry out lawfully ordered executions. But Plaintiff's right to discovery under Federal Rule of Civil Procedure 26 is *not* before the Court. Rather, the issue before the Court concerns disclosure and public dissemination of information that Plaintiff and the Court already possess. Defendants reasonably relied upon Plaintiff's stipulation that the deposition would remain confidential in its entirety. ███████████████████████████

██████████████████████████████████████████████████

████████████████████████Everyone has accepted the necessary designation and protection of confidential information given the nature of this contentious *as applied* method of execution litigation and the important, contested, and sometimes secret facts necessary for the Court's assessment. The Court should seal the Central Line Volunteer deposition transcript in its entirety. Alternatively, the Court should affirm Defendants' designations.

"A district court may seal its records pursuant to its inherent supervisory power over such documents." *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015) (collecting sources).

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 3**

Rule 5.2 provides that the Court "may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d).

This dispute falls squarely under the terms of the parties' stipulated Protective Order. (Dkts. 81, 83). The Protective Order provides that "[u]nless otherwise ordered by this Court or agreed to by the Parties, all documents containing CONFIDENTIAL and/or ATTORNEYS EYES ONLY designations that are filed with this Court or any other court or agency shall be filed under seal pursuant to Federal and Local Rules of Procedure, including Local Rule 5.3…." (Dkt. 81, p. 5). During the deposition, the parties agreed the deposition would remain confidential in its entirety. *See* 12th Declaration of Tanner Smith (confirming the parties' stipulation at the deposition); *see also* Dkt. 81, p. 9 ("Specific answers during the [confidential witness][1] deposition may be designated as ATTORNEYS EYES ONLY on the record during the deposition and will retain the designation…, subject to the procedures to challenge a designation provided in this Stipulation."). Thereafter, Plaintiff publicly filed the transcript, effectively notifying Defendants that Plaintiff did not consider it confidential in its entirety.

Defendants challenge Plaintiff's treatment of the transcript as non-confidential. However, to resolve disputes over the confidential designation of the entire transcript, Defendants have identified specific provisions of the deposition that must remain confidential and attorneys' eyes only under the Protective Order. *See* Dkt. 81, p. 5, ¶2(e). The Protective Order provides:

> "Confidential Information" means … (c) any personnel or personal information of the current or former contractors of IDOC, (d) *any document or*

---

[1] The Protective Order referred to the Medical Team Leader's deposition. During litigation, Defendants identified the Central Line Volunteer as a second confidential witness. The parties and Court have treated the Medical Team Leader and Central Line Volunteer similarly. Defendants understood the Central Line Volunteer's confidential deposition would also fall under the protections of the stipulation. Additionally, Defendants understood the deposition was stipulated as confidential and attorneys' eyes only on the record of the deposition.

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 4**

> *information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY in accordance with this Stipulation ....*
>
> In some instances, the disclosure of certain information may be of such a highly confidential nature or may encompass important security-related information that it requires greater protection than that afforded to information designated "Confidential." Any such information may be designated by a Disclosing Party as "Attorneys Eyes Only" if, *in the discretion of the Disclosing Party, it is determined in good faith*: (1) to contain non-public information of a ... security ... nature, or to involve or implicate the privacy interests of persons who are not a party to this lawsuit; and (2) that disclosure of such information to the other Party may be unduly detrimental to the interests of [the] third party; ... and/or to facility safety and security.

Dkt. 81, p. 2, ¶1(a) (emphasis added).

Defendants acknowledge the Ninth Circuit has recognized that the public has a limited First Amendment right to "observe and report on the entire [execution] process so that the public can determine whether lethal injections are fairly and humanely administered." *First Amend. Coal. of Ariz. v. Ryan*, 938 F.3d 1069, 1076 (9th Cir. 2019). Plaintiff seeks to expand the limited right to observe an execution to the public's right to confidential information touching on a confidential witness's identity and other private information as well as training details implicating facility safety and security interests. *See* Dkt. 257, p. 5. Plaintiff also relies upon the public nature of litigation as support for his request for relief from the Protective Order. *See* Dkt. 257, pp. 5-6 (citing *In Re Grand Jury Subpoena*, 836 F.2d 1468 (4th Cir. 1988) (quoting *Branzburg v. Hayes*, 408 U.S. 665 (1972) ("[T]he public ... has a right to every man's evidence."; *Phillips ex rel. Estates of Byrd v. GMC*, 307 F.3d 1206 (9th Cir. 2002); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)).

A party opposing disclosure of litigation information may demonstrate good cause for a protective order precluding dissemination. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("[F]ruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public."). District courts have "broad latitude to grant protective

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 5**

orders" that "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." *Phillips*, 307 F.3d at 1211 (internal citations omitted). The Court, pursuant to the parties' stipulation, entered a Protective Order in this matter.

Plaintiff does not contest the propriety of the Court's order under these legal standards but instead challenges Defendants' confidentiality delegations. Plaintiff filed the transcript with the Court, implicating the public's right to access court documents. The Ninth Circuit has recognized two different legal standards to determine the propriety of secrecy of judicial records.

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (2003)). In entering the Protective Order, the Court already determined good cause exists to seal certain records or information produced in discovery. *See id.* (by entering a protective order, the district court "already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.") (citation omitted). General categories of privilege will not establish a compelling reason. *Id.* at 1184. A compelling reason justifies "sealing court records … when such 'court files might … become a vehicle for improper purposes….'" *Yates v. Cheeseburger Restaurants, Inc.*, 2:22-cv-01081-DAD-DB, 2023 WL 5207798, *2 (E.D. Cal. August 14, 2023) (quoting *Kamakana*, 447 F.3d at 1179)).

Plaintiff has not, and indeed cannot, demonstrate that Defendants have acted in bad faith. Defendants have made good faith efforts to weigh the public's interest in assessing IDOC's humane and fair administration of executions by lethal injection against IDOC's interests.

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 6**

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████

Under the terms of the Protective Order, Defendants exercised their discretion to protect confidential information from public dissemination, while disclosing the information to Plaintiff's counsel. Plaintiff even agreed to the transcript being sealed. 12th Decl. Smith, ¶ 3. Defendants now turn to the different categories of confidentiality designations.

a.  Confidentiality objections

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████.

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 7**

b. Execution-related and ██████████ exchanges

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 8**

[REDACTED]

---

[2] As the Court is aware, the Central Line Volunteer has resigned. *See* Dkt. 244-4, ¶ 6. Whatever relevance the former Volunteer's identity had no longer exists. The only purpose for discovering the former Volunteer's identity is to harass the former Volunteer and/or discourage others from participating in the administration of the death penalty.

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 9**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████,

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████

## CONCLUSION

Defendants properly designated confidential information disclosed during the Central Line Volunteer's deposition. Defendants have met the strict compelling reason standard. The Court must affirm Defendants' designations and reject Plaintiff's effort to disseminate information for improper purposes.

Respectfully submitted March 13, 2026.

Attorneys for Defendants

OFFICE OF THE ATTORNEY GENERAL

*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorneys for Defendants

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 10**

# CERTIFICATE OF SERVICE

I certify that on this 13 day of March 2026, I caused to be served a true and correct copy of the foregoing designation to be served by email as follows:

| | |
|---|---|
| Jonah J. Horwitz<br>Christopher M. Sanchez<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Ste. 900<br>Boise, Idaho 83702 | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ E-Mail: Jonah_horwitz@fd.org,<br>Christopher_m_sanchez@fd.org,<br>stanley.panikowski@dlapiper.com |
| Stanley J. Panikowski<br>DLA Piper LLP<br>401 B St., Ste. 1700<br>San Diego, CA 92101 | |

*Attorneys for Plaintiff*

/s/ Kristina M. Schindele
Kristina M. Schindele

**Defendants' Supplemental Briefing Regarding Confidentiality Designations - 11**